## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE )
COMPANY, )
                                    )
         and )
                                    )
PACK AND PROCESS, INC., )
                                    )     Case No. 05-0022 (KAJ)
         Plaintiffs, )
                                    )
v. )
                                    )
MALY YAN, )
                                    )
         Defendant. )

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James W. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

Dated: March 17, 2005                              *Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS                              1

SUMMARY OF ARGUMENT                                             2

CONCISE SUMMARY OF FACTS                                        3

ARGUMENT

      Rule 19 and Related Case Law                             7

      The Argument that Pack & Process is Not a Necessary or
            Indispensable Party is Moot                          8

      Lam Personnel Services, Inc. is Neither a Necessary Nor Indispensable Party    8

      The Underlying Plaintiffs are Neither Necessary Nor Indispensable Parties     10

CONCLUSION                                                     14

## TABLE OF CITATIONS

CASES

Aetna Cas. & Sur. Co. v. Hiller, No. 95-144, 1995 U.S. Dist. LEXIS 7259
(E.D.Pa. May 26, 1995)                                                          8

Century Indem. Co. v. The Pyrites Co., Inc., No. 03-204, 2003 U.S. Dist. LEXIS 17597
(D. Del. Oct. 2, 2003)                                                          13

County of Wyoming v. Erie Lackawanna Ry. Co., 360 F. Supp. 1212 (W.D.N.Y. 1973),
aff'd sub nom., County of Wyoming v. Insurance Co. of N. Am., 512 F.2d 23
(2d Cir. 1975)                                                                  10, 11

Gardiner v. Virgin Islands Water & Power Auth., 145 F.3d 635 (3d Cir. 1998)     7

Johnson Controls, Inc. v. American Motorists Ins. Co., 719 F. Supp. 1459
(E.D. Wis. 1989)                                                                12

Mallalieu-Golder Ins. Agency, Inc. v. Exec. Risk Indem., Inc., 254 F. Supp. 2d 521
(M.D. Pa. 2003)                                                                 7

Park-In Theatres, Inc. v. Paramount-Richards Theatres, Inc., 9 F.R.D. 267 (D. Del. 1949)  1

Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102 (1968)         7

Raytheon Co. v. Continental Cas. Co., 123 F. Supp. 2d 22 (D. Mass. 2000)        8

United States Aircraft Ins. Group v. Dwiggins, L.L.C., No. 03-173,
2004 U.S. Dist. LEXIS 266 (D. Del. Jan. 3, 2004)                                11

Vale Chemical Co. v. Hartford Acci. & Indem. Co., 516 A.2d 684 (Pa. 1986)       13

Western Cas. & Sur. Co. v Beverforden, 93 F.2d 166 (8th Cir. 1937)              12

RULES AND STATUTES

Federal Rule of Civil Procedure 15                                              1

Federal Rule of Civil Procedure 19                                              7

28 U.S.C. § 2201                                                                13

## NATURE AND STAGE OF THE PROCEEDING

This insurance declaratory judgment action was filed on January 14, 2005. On March 16,

2005, an amended complaint was filed, that, among other things, added Pack & Process, Inc.

("Pack & Process") as a plaintiff.[1] It relates to a certain policy of insurance issued by St. Paul

Mercury Insurance Company ("St. Paul") to Pack & Process, a Delaware corporation,[2] and

whether the Policy affords coverage for claims asserted in several actions filed in the

Philadelphia, Pennsylvania Court of Common Pleas arising out of a June 2001 motor vehicle

accident which took place in Delaware. Maly Yan, a Pack & Process employee, was the owner

and operator of the van involved in the accident, which was transporting 19 persons back to their

homes in Pennsylvania, most of whom had been working at Pack & Process's facility in

Delaware.

Maly Yan has moved to dismiss this action, arguing that St. Paul failed to join

indispensable parties pursuant to Federal Rule of Civil Procedure 19. St. Paul's time to respond

to the motion was enlarged by filed stipulation of the parties. (See Exhibit "B").

This is St. Paul's response in opposition to the motion.

---

[1]    As defendant has yet to file an answer or other responsive pleading, St. Paul was permitted to freely amend under Federal Rule of Civil Procedure 15(a) (stating that a party may amend "once as a matter of course at any time before a responsive pleading is served"); see also Park-In Theatres, Inc. v. Paramount-Richards Theatres, Inc., 9 F.R.D. 267, 268 (D. Del. 1949) (stating that although a motion to dismiss may be dispositive of a case, such motion "has not been considered as a responsive pleading[ ]" for Rule15(a) purposes).

[2]    A copy of the most relevant sections of the insurance policy – which includes general liability, auto and excess umbrella coverage – is attached hereto as Exhibit "A". The policy is referred to herein as the "Policy."

## SUMMARY OF ARGUMENT

None of the persons or entities claimed by Maly Yan to be indispensable are even necessary to this insurance coverage action, let alone indispensable. Complete relief can be accorded among those already parties hereto.

As a threshold matter, since Pack & Process has recently joined this action by way of amended complaint, Maly Yan's argument that Pack & Process must be joined is now moot.

Lam Personnel Services, Inc. ("Lam") is not a necessary or indispensable party because it is not a named insured or other insured or otherwise involved in the insurance dispute, and because Maly Yan herself apparently does not consider Lam to be indispensable, since she did not name Lam as a party to her later-filed declaratory judgment action in the United States District Court for the Eastern District of Pennsylvania.

Moreover, the plaintiffs in the underlying tort actions pending in Pennsylvania state court are not necessary or indispensable parties herein because, among other things, they are not named insureds or otherwise protected persons under the insurance policy and have no standing to assert claims against St. Paul herein.

Under the first-filed rule, this Court should not only deny Maly Yan's motion to dismiss, but should further issue an order enjoining further prosecution of the later-filed action pending in the United States District Court for the Eastern District of Pennsylania. A separate motion to enjoin that proceeding is being filed contemporaneously with the instant brief.

## CONCISE STATEMENT OF FACTS

### *The Accident*

The amended complaint in this action alleges the following facts. This insurance coverage action arises from an auto accident that occurred on June 18, 2001, on Interstate 495 in Delaware. At the time of the accident, defendant, Maly Yan, was driving a van in which she was transporting approximately nineteen (19) people. See Amended Complaint in this Action, Exhibit "C" at ¶ 7. The van was owned by Maly Yan or her father. Id. at ¶ 8. In June of 2001, Maly Yan was employed by Pack & Process in New Castle, Delaware as a Quality Control Line Inspector. Id. at ¶ 11. Maly Yan, as a Quality Control Line Inspector, was not hired by Pack & Process to drive a vehicle; was never paid by Pack & Process to drive a vehicle; was never authorized to drive a vehicle nor to transport other workers on Pack & Process's behalf; was never expected to drive a vehicle as part of her employment with Pack & Process; and was never requested by Pack & Process to drive a vehicle or to transport workers on its behalf. Id. at ¶ 12. The passengers in the van involved in the accident are believed to have been temporary laborers provided to Pack & Process by an independent contractor. Id. at ¶ 13. The accident resulted in a number of fatalities. The vehicle being driven by defendant was owned by Maly Yan or her father. Id. at ¶ 9.

### *The Underlying Tort Actions*

As a result of the accident, Maly Yan was named as a defendant in a number of Pennsylvania suits filed in the Philadelphia Court of Common Pleas by certain of the injured passengers, and by the estates of certain of the deceased passengers (hereinafter the "Underlying

-3-

Tort Actions"). Id. at ¶ 10.   Several of these nearly identical actions -- each naming Pack & Process (and others) as a defendant, were consolidated in the Philadelphia Court of Common Pleas ("Consolidated Actions").  On January 21, 2004,  the Honorable Mark Bernstein of the Court of Common Pleas issued a series of orders dismissing the Consolidated Actions. See Orders collectively attached hereto as Exhibit "D".   Judge Bernstein's ruling was in connection with the preliminary objections filed by Pack & Process on forum non-conveniens and other grounds.  See copy of preliminary objections, Exhibit "E" hereto.  Judge Bernstein's rulings have been appealed to the Pennsylvania Superior Court, where the matter is currently pending.

*The Intra-Family Action*

One of the Underlying Tort Actions, brought by Yan Thou (individually and as administrator of the estates of Oeurn Mam, deceased, and Navy Yan, deceased), Chan Yan, Thua Son and Chieu Thi Huynh, named only one defendant -- Maly Yan. See Underlying Tort Complaint, Exhibit "F".  Yan Thou, who was injured in the accident, is Maly Yan's father.  Oern Mam, who died in the accident, was Maly Yan's mother.  Navy Yan, who also died in the accident, was Maly Yan's brother.  Chan Yan, who was injured in the accident, is Maly Yan's aunt. Id. at ¶ 38.  This action will be referred to herein as the "Intra-Family Action".  Counsel for plaintiffs in the Intra-Family Action was the Philadelphia law firm Kline & Specter – the same firm involved in representing Maly Yan in the instant action.  See Stipulated Briefing Scheduled filed in this action, Exhibit "B" hereto.

The Intra-Family Action was "tried" non-jury before the Honorable Sandra J. Moss on January 14 and 20, 2005  As the transcripts of the "trial" demonstrate, see Exhibits " G" and "H" hereto, the rules of evidence were essentially suspended during the "trial", as plaintiffs' attorney

was permitted to himself testify as to what non-present witnesses "would say" had they been present, expert reports were admitted into evidence without objection, and no real defense to liability or damages was presented by Maly Yan. See, e.g., Exhibit "G" at 9. At the conclusion of the "trial" on January 20, 2005, Judge Moss assessed damages to each plaintiff, resulting in a total award of $10,228,467.00. See Exhibit "H" at 38-39.

During the" trial", the parties handed up a Stipulation which Judge Moss executed, Exhibit "I" hereto, pursuant to which Maly Yan agreed to, among other things, assign to the plaintiffs her rights to any insurance proceeds to which she may be entitled. Id. at ¶¶ 2(b) and (c). In exchange, plaintiffs waived their right to execute against Maly Yan's personal assets. Id. at ¶ 2(b).

*The Instant Action*

This action was filed on January 14, 2005, prior to Judge Moss assessing damages on January 20, 2005, and before Maly Yan filed her Declaratory Judgment Action in Pennsylvania on February 23, 2005. St. Paul seeks a declaratory judgment that, under a Policy of insurance issued to Pack and Process covering the period May 1, 2001 to May 1, 2002, Maly Yan was not driving a "covered auto" at the time of the Accident, was not a "permitted user" or "protected person", and is not an insured, additional insured, or otherwise entitled to coverage under the Policy. The Policy contained general liability, auto and excess umbrella coverage with primary limits of $1 million per event and $10 million umbrella, for a total of $11 million. See Exhibit "A" and Exhibit "C" at ¶ 17.

This action seeks to resolve all insurance coverage issues presented by all of the Underlying Tort Actions. Exhibit "C" at ¶¶ 19-29. This can be fully accomplished between the

current parties herein, since findings on the "course and scope", "covered auto", "permitted user", and "protected person" issues relate solely to Maly Yan's employment status, and her alleged Pack & Process duties and responsibilities.

As demonstrated by the attached affidavit of Steven Ames (the President of Pack & Process), Pack & Process is a Delaware corporation with its sole place of business in Delaware, and Pack & Process has no operations in Pennsylvania. See Ames Affidavit, Exhibit "L" hereto.

*The Later-Filed Eastern District Action*

On February 23, 2005, Maly Yan, along with most, but not all, of the plaintiffs in Consolidated Actions and the Intra-Family Action, filed an action for declaratory judgment against Pack & Process and St. Paul in the United States District Court for the Eastern District of Pennsylvania ("Eastern District Action"). A copy of the complaint in that action is attached hereto as Exhibit "J". Maly Yan alleges in that action that the van involved in the Accident was owned and operated by her. Id. at ¶ 31. Given the "first-filed rule" (among other factors), St. Paul and Pack and Process are filing a motion to dismiss the Eastern District Action or, in the alternative, to transfer that Action to this Court. See copy of motion, Exhibit "K" hereto

**ARGUMENT**

Rule 19 and Related Case Law

Federal Rule of Civil Procedure 19 provides, in pertinent part, that:

(a) **Persons to be Joined if Feasible** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) **Determination by the Court Whenever Joinder Not Feasible.**

If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Whether a party is a necessary or indispensable party under Rule 19 is governed by federal law in diversity cases. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n. 22 (1968). Only if a party cannot be joined under Rule 19(a), does Rule 19(b) come into play. Gardiner v. Virgin Islands Water & Power Auth., 145 F.3d 635, 640 (3d Cir. 1998). If a court does not find that a party is "necessary" to the proceedings under Rule 19(a), the party is,

by definition, not "indispensable" to the action under Rule 19(b). Mallalieu-Golder Ins. Agency,

Inc. v. Exec. Risk Indem., Inc., 254 F. Supp. 2d 521, 525 (M.D. Pa. 2003).

When making a Rule 19 determination, the Court may consider evidence outside of the

pleadings. Raytheon Co. v. Continental Cas. Co., 123 F. Supp. 2d 22, 32 (D. Mass. 2000).

The Argument that Pack & Process is Not a Necessary or Indispensable Party is Moot

Maly Yan argues that Pack & Process is a necessary and indispensable party without

whom this action cannot continue. Since an amended complaint has been filed in this action in

which Pack & Process is now a party plaintiff, see Exhibit "C" hereto, this argument is now

moot. See Aetna Cas. & Sur. Co. v. Hiller, No. 95-144, 1995 U.S. Dist. LEXIS 7259, at *1 n.1

(E.D.Pa. May 26, 1995) (holding that an amended pleading naming an earlier-omitted plaintiff

will moot an earlier-filed 12(b)(7) motion to dismiss based on failure to join an indispensable

party).

Lam Personnel Services, Inc. is Neither a Necessary Nor Indispensable Party

Maly Yan asserts that Lam Personnel Services, Inc. (a/k/a Lam Staffing) ("Lam") is a

necessary and indispensable party. To support this claim -- which is not supported by any case

law -- she asserts that Lam, as her employer, has an interest in the action because Pack &

Process, allegedly, "has always sought to avoid liability by claiming that Maly Yan was working

solely as an agent of Lam Personnel Services, Inc." , thus rendering Lam (and not Pack &

Process) vicariously liable. See Motion to Dismiss, at p. 7.

-8-

Maly Yan's position that Lam was her employer is flatly inconsistent with her own allegations in the Eastern District Action, in which she alleges that "[a]t all times relevant hereto, plaintiff Maly Yan was an employee, servant, or agent *of Pack and Process*, acting within the scope of her employment ... *with Pack & Process*." See Exhibit "J" at ¶ 24 (emphasis added). Maly Yan further alleges in that Action that she "has admitted under oath that she was a *Pack & Process* agent/employee working within the course and scope of her employment at the time of the accident." Id. at ¶ 26 (emphasis added). These blatantly contradictory factual allegations undermine Maly Yan's current argument that Lam must be joined because of its purported status as her employer.

Even if Pack & Process, as alleged, has "always sought to avoid liability by claiming that Maly Yan was working solely as an agent of Lam", this is utterly irrelevant to the issues to be decided in this action. The only question here is whether there is any entitlement to insurance coverage under the Policy, which necessarily entails inquiry into whether Maly Yan was acting in the course and scope of her employment *by Pack & Process*, not by Lam. The Policy was issued to Pack & Process, not to Lam. Thus, even if Maly Yan was working as a Lam employee at the time of the accident, it would not help resolve the question of coverage under Pack & Process's insurance Policy.

Even more persuasive is the fact that Maly Yan – who argues here that Lam is an indispensable party before this Court – has failed to join Lam in the Eastern District Action which she filed. See Complaint in the Eastern District Action, Exhibit "J" hereto. One would think that a party claimed to be indispensable in Delaware would be just as indispensable in Pennsylvania.

-9-

For the foregoing reasons, Lam is neither necessary nor indispensable to this action.

The Underlying Plaintiffs are Neither Necessary Nor Indispensable Parties

Parties who make claims against an insured simply have no interest sufficient to require

them to be made parties to an action such as this one. An injured person is not a required party in

an action to determine the coverage of an insurance policy. County of Wyoming v. Erie

Lackawanna Ry. Co., 360 F. Supp. 1212, 1215 (W.D.N.Y. 1973), aff'd sub nom., County of

Wyoming v. Insurance Co. of N. Am., 512 F.2d 23 (2d Cir. 1975).

This principle was more recently illustrated by the Honorable Sue L. Robinson of this

Court in United States Aircraft Ins. Group v. Dwiggins, L.L.C., No. 03-173, 2004 U.S. Dist.

LEXIS 266 (D. Del. Jan. 3, 2004). In Dwiggins, coverage for claims arising out of a plane crash

was at issue. The insured, Dwiggins, moved to dismiss the insurer's declaratory judgment action

on the ground that the insurer had failed to join indispensable parties – the Florida tort plaintiffs.

In rejecting this argument, this Court stated its rationale as follows:

> The court concludes that the Florida Claimants are not necessary parties to the
> litigation within the meaning of Rule 19(a). First, **the absence of the Florida
> Claimants does not affect the ability of the court to accord relief** between the
> USAIG, Dwiggins, and BCI. See *Fed. R. Civ. P. 19(a)(1)*. Second, **while the
> Florida Claimants hold a cognizable interest in the outcome of the litigation,
> they are not without means to protect that interest.** See *Fed. R. Civ. P.
> 19(a)(2)*. First, **Dwiggins offers no reason why any of the Florida Claimants
> could not intervene in the present case.** Even if the court does not have personal
> jurisdiction to compel joinder, that is irrelevant to whether the Florida Claimants
> could intervene. Second, regardless of whether the Florida Claimants are formally
> joined as parties, all the facts presently before the court suggest that **the Florida
> Claimants are capable of and are actively protecting their interests in this
> forum as evidenced by the fact that Dwiggins is represented by the same
> attorney that represents the Florida Claimants in the Florida litigation.**
> Third, the **close relationship between the Florida Claimants and Dwiggins is**

-10-

**indisputable.** Dwiggins was an entity created for the purpose of owning, financing and operating an aircraft to the benefit of American Virginia, the employer of each of the Florida Claimants. At least one of the Florida Claimants reportedly has an ownership interest in Dwiggins. **Consequently, while they may not be joined as parties in the case before this court, there are no facts to suggest that their interests are anything but protected.**

Id. at *10-13 (emphasis added).

In the instant case, like Dwiggins, complete relief can be afforded between the party who claims a right to insurance coverage – Maly Yan – and the party claiming that no coverage is available – St. Paul. Also, just like in Dwiggins, this case involves a party (Maly Yan) who is (literally) closely related to the non-parties who claim they must be joined. In fact, those parties include her father, mother, brother and aunt, among others. Moreover, as in Dwiggins, the non-party tort claimants (who are claimed to be indispensable here) are all represented by the same counsel – the law firm of Kline & Specter, i.e., in three of the Underlying Tort Actions in Pennsylvania, and in the Eastern District Action, while at the same time those attorneys are involved in Maly Yan's representation in this action. See e.g., Complaint filed in the Eastern District Action, Exhibit "J" hereto, Complaint in the Intra-Family Action, Exhibit "F" hereto, and Stipulated Briefing Schedule filed in this action, Exhibit "B" hereto (showing Kline & Specter as also representing Maly Yan). Thus, under Dwiggins, the plaintiffs in the Underlying Tort Actions and Intra-Family Action are neither necessary parties nor indispensable parties under Rule 19.

The view that underlying tort claimants are not indispensable parties to an insurance dispute was further illustrated in Johnson Controls, Inc. v. American Motorists Ins. Co., 719 F. Supp. 1459 (E.D. Wis. 1989), a declaratory judgment action arising out of an action filed in

-11-

California state court pertaining to injuries suffered by a plaintiff (Jones) when a battery exploded. A California jury returned a verdict in favor of Jones for $ 3.275 million in compensatory damages and for $ 6.5 million in punitive damages against Johnson Controls ("Johnson"), which had manufactured the battery. Thereafter, Johnson filed an action seeking a declaration of coverage with respect to the punitive damage portion of the verdict rendered against it in the Jones case. The District Court ruled the underlying plaintiff (Jones) was not an indispensable party under Rule 19. It reasoned that the plaintiff was not a party to the insurance contracts, and a determination could be made as to the obligations of the insurers without the plaintiff. Id. at 1465.

Moreover, the Federal Declaratory Judgment Act -- under which St. Paul seeks relief herein -- contains no express requirement that all interested parties must be joined and there is no language from which such requirement could be implied. Western Cas. & Sur. Co. v Beverforden, 93 F.2d 166 (8th Cir. 1937) (if Congress intended that declaratory judgments should only be entered in a case after all interested parties had been joined, it would have inserted provision to that effect).

In light of Maly Yan's later-filed Eastern District Action, St. Paul anticipates that she may seek to argue here that this Court should dismiss or stay this action in favor of her later-filed one in Pennsylvania. Such a result finds no support in the case law. To the contrary, the cases favor St. Paul's position here. For example, Century Indem. Co. v. The Pyrites Co., Inc., No. 03-204, 2003 U.S. Dist. LEXIS 17597 (D. Del. Oct. 2, 2003) is instructive. This Court was faced with "competing" declaratory judgment actions and a motion to dismiss the Delaware action in favor

-12-

of a prior-filed Pennsylvania state court action.[3]  The Court found that the earlier-filed

declaratory judgment action in Pennsylvania had before it all of the truly interested parties (the

insured and its two insurers) and because the parties which allegedly needed to be joined did not,

in fact, require joinder.[4]  Significantly, although the facts of Pyrites were the reverse of those here

– in Pyrites the action in Delaware was later-filed, whereas here St. Paul filed first in Delaware –

the decision stands for the proposition that where a court entertaining an earlier-filed action has

all the necessary parties before it, there is no basis to dismiss the action in favor of a later-filed

action.  Since St. Paul's action in this court was first-filed, and since the Court already has before

it all the parties needed for a complete adjudication, there is no basis to dismiss.

St. Paul further anticipates that Maly Yan may assert that the Eastern District Action is

more comprehensive that this one, since it involves more parties.  However, as explained supra,

the underlying claimants and Lam do not need to participate in the insurance coverage issue

presented.  Moreover, the Eastern District Action would not, as pled, resolve any more issues

than will be resolved here, because the same issues exist in both cases and the addition of parties

---

[3]       The fact that Pyrites involved competing federal and state courts, as opposed to competing federal courts, is not significant for our purposes.

[4]       Under a Pennsylvania Supreme Court case, Vale Chemical Co. v. Hartford Acci. & Indem. Co., 516 A.2d 684 (Pa. 1986), joinder in Pennsylvania state court would have required any underlying claimants against the insured to be joined; since the parties alleged in Pyrites to be necessary to that action did not, in fact, need to be joined because they were not claimants against the insured, this Court found that the Pennsylvania action already contained all parties needed for a proper resolutions of the issues. Id. at *7-9. In the instant case, Vale is inapplicable, because Vale is only relevant to actions brought pursuant to the Pennsylvania Declaratory Judgments Act. Here, St. Paul has sued under the Federal Declaratory Judgements Act, 28 U.S.C § 2201, which does not require joinder of underlying claimants against the insured.

-13-

having nothing to do with the insurance contract or Maly Yan's relationship to Pack & Process, will be mere surplussage.

## CONCLUSION

For the foregoing reasons, St. Paul and Pack & Process respectfully request that defendant Maly Yan's motion to dismiss be denied, and that Maly Yan be ordered to file an answer to the complaint in this action.

Dated: March 17, 2005          BIFFERATO, GENTILOTTI & BIDEN
        Wilmington, Delaware

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James W. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

-14-