# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE          :
COMPANY                             :
385 Washington Street               :
St. Paul, Minnesota,                :
                                    :
          and                       :
                                    :
                                    :
PACK AND PROCESS, INC.              :
1400 B Street                       : Civil Action No. 05-0022 (KAJ)
Wilmington, DE.                     :
                                    :
          Plaintiffs,               :
                                    :
     v.                             :
                                    :
                                    :
MALY YAN                            :
2007 S. Ninth Street                :
Philadelphia, Pennsylvania,         :
                                    :
          Defendant.                :

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT[1]

Plaintiffs, St. Paul Mercury Insurance Company (hereinafter "St. Paul") and Pack

and Process, Inc. ("Pack and Process"), by and through ~~its~~ their counsel, ~~Christie,~~

~~Pabarue, Mortensen and Young, *A Professional Corporation*~~, Bifferato, Gentilotti &

Biden and Deasey, Mahoney & Bender, Ltd., hereby files this action seeking declaratory

relief pursuant to 28 U.S.C. § 2201, and alleges in support thereof the following:

## THE PARTIES

1.     Plaintiff, St. Paul, is a corporation organized under the laws of the State of

Minnesota, maintaining its principal place of business at 385 Washington Street, St. Paul,

---

[1] Additions to the original Complaint are underscored while deletions thereto are marked with strikethrough. Additionally, an exhibit not included in the original Complaint has been appended hereto.

Date Filed: _3/16/05_
Docket #: _9_

Minnesota.

2.  Plaintiff, Pack and Process, is a corporation organized under the laws of the State of Delaware, maintaining its sole place of business at 1400 B Street, Wilmington, Delaware.

3.  Defendant Maly Yan is an individual adult residing at 2007 South Ninth Street, Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1332, by virtue of the diversity of citizenship of the parties, and because the amount in controversy, exclusive of interest and costs, is alleged to be in excess of $75,000.00.

5.  This action involves the determination of coverage available to defendant under an insurance policy issued by plaintiff St. Paul to Pack & Process, Inc., a Delaware corporation maintaining its principal sole place of business at 3 Boulden Circle, New Castle, Delaware 19720 1400 B Street, Wilmington, Delaware ; and with respect to an auto accident in which defendant was involved, that occurred in Delaware. If coverage is available to defendant under the subject policy -- and plaintiffs submits that it is not -- coverage would exist only be virtue of defendant's employment by Pack & Process, Inc. in Delaware. Thus, defendant has sufficient contacts with the State of Delaware to allow this Court to exercise personal jurisdiction over defendant.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

Specifically, the insurance policy under which the coverage question is presented was issued to the named insured in Delaware, and the auto accident giving rise to the coverage issue presented occurred in Delaware.

7. Declaratory relief in this action will serve the useful purpose of clarifying and settling the legal relations between the parties, and will terminate and afford relief from the uncertainty , insecurity, and actual and substantial controversy giving rise to the present action.

## OPERATIVE FACTS

8. This insurance coverage action arises from an auto accident that occurred on June 18, 2001, on Interstate 495 in Delaware ("Accident"). Upon information and belief, defendant was driving a van in which she was transporting approximately nineteen (19) people. The aAccident resulted in a number of fatalities.

9. Upon information and belief, tThe vehicle being driven by defendant was owned by defendant or her father.

10. As a result of the accident, Ddefendant has been named as a defendant in a number of suits filed by certain of the injured passengers, and by the Estate estates of certain of the deceased passengers (hereinafter the "Underlying Tort Actions").

11. Upon information and belief, iIn June of 2001, defendant was employed by Pack & Process, Inc. in New Castle, Delaware as a Quality Control Line Inspector.

12. Upon information and belief, aAs a Quality Control Line Inspector, defendant:

(a) was not hired by Pack & Process, Inc. to drive a vehicle;

(b) was never paid by Pack & Process, Inc. to drive a vehicle;

(c) was never authorized to drive a vehicle nor to transport other workers on Pack & Process~~, Inc.'s~~'s' behalf;

(d) was never expected to drive a vehicle as part of her employment with Pack & Process~~, Inc.~~; and

(e) was never requested by Pack & Process~~, Inc.~~ to drive a vehicle or to transport workers on its behalf.

13.   ~~Upon information and belief,~~ Most of the passengers in the van involved in the ~~a~~Accident noted above were temporary laborers provided to Pack & Process~~, Inc.~~ by an independent contractor.

14.   As a matter of law, at the time of the subject accident, defendant was not driving the vehicle within the course ~~and~~ or scope of her employment by and with Pack & Process~~, Inc.~~. Nor was the vehicle being used by defendant in the conduct of Pack & Process~~, Inc.'s~~'s' business.

15.   ~~Plaintiff~~St. Paul has never issued an insurance policy to defendant.

16.   ~~Plaintiff~~St. Paul issued a policy of insurance, Policy No. CK03800708, to Pack & Process~~, Inc.~~, with an applicable policy period of May 1, 2001 to May 1, 2002 (hereinafter the "Policy").

17.   The Policy contains general liability, auto and excess umbrella coverage with primary limits of $1 million per event and $10 million umbrella, for a total of $11 million.

18.   Attached hereto as Exhibit "A" is a copy of the most relevant pages of the Policy.

19.    As respects the general liability portion of the Policy, defendant does not qualify as an insured or protected person under the terms of the Policy because, among other things, driving the van at the time of the accident  was not "work done within the scope of [her] employment by [Pack and Process]" and because she was not performing "duties related to the conduct of [Pack and Process'] business."  See Exhibit "A", Form 47500 Rev. 1-96, at pp. 5-6 of 22.

20.    Moreover, the "Auto" exclusion in the general liability portion of the Policy (Exhibit "A", Form 47500 Rev. 1-96, at p. 10 of 22) bars coverage for all claims asserted in the Underlying Tort Actions and arising out of the Accident because the Policy does not cover bodily injury, property damage, or medical expenses that result from the ownership, maintenance, use, or operation of any auto owned, operated, rented, leased, or borrowed by any protected person.

21.    As respects the auto coverage contained in the Policy, ~~T~~the vehicle being driven by ~~D~~defendant at the time of the accident was not a "covered auto" as the term is used in ~~the subject~~ that Policy.  (Exhibit "A", Form 4449 Rev. 12-93, at pp. 2 and 4 of 10).

22.    Moreover, under the terms of the auto portion of the Policy, ~~D~~defendant is not a "permitted user" of a "protected person" as those term is used in the ~~subject~~ Policy, so as to give rise to a coverage obligation under the Policy for defendant's liabilities in the Underlying Tort Actions.  (See Exhibit "A", Form 4499 Rev. 12-93, at p. 5 of 10).

23.    As respects the umbrella excess portion of the Policy, defendant does not qualify as a "protected person" and therefore has no coverage under that aspect of the Policy.  (See Exhibit "A", Form 47550 Rev. 3-96, at pp. 2, 6-7 and 9 of 10).

24.    There may be other terms, conditions, provisions or exclusions of the Policy which bar coverage for claims arising out of the Accident.

25.    Pursuant to the terms and conditions of the Policy, defendant is not an insured, additional insured, nor entitled to benefits of coverage.

26.    Plaintiffs seeks a determination by this Court pursuant to 28 U.S.C. § 2201, *et seq.*, that no coverage is available to Ddefendant under the Policy with respect to Ddefendant's liability in the Underlying Tort Actions.

27.    Plaintiffs further seeks a determination by this Court pursuant to 28 U.S.C. § 2201, *et seq.*, that defendant was not acting in the course or scope of her employment at the time of the Accident.

## COUNT I

28.    Plaintiffs repeats and re-alleges paragraphs 1 through ~~19~~27 above as though fully set forth hereunder.

29.    For the reasons set forth above, ~~no coverage is due Defendant~~ there is no coverage available under the Policy, as matter of law, with respect to ~~her liability in the~~ the claims asserted in any of the Underlying Tort Actions.

WHEREFORE, Pplaintiffs, St. Paul Mercury Insurance Company and Pack and Process, Inc., respectfully requests relief from this Court in the form of a declaration pursuant to 28 U.S.C. § 2201, *et seq.*, that Pplaintiff St. Paul has no obligation under the Policy to ~~defend or~~ provide indemnifyty to any party in connection with the Accident or ~~Defendant in~~ the Underlying Tort Actions, and that Maly Yan was not acting in the

course or scope of her employment with Pack and Process at the time of the Accident.

~~CHRISTIE, PABARUE,~~
~~MORTENSEN            and YOUNG~~
~~A~~

~~*Professional Corporation*~~


~~BY:~~

~~Thaddeus J. Weaver~~
~~(Attorney I.D. No. 2790)~~
~~1880 JFK Boulevard, 10th Floor~~
~~Philadelphia, PA 19103~~
~~(215) 587-1600~~


~~Attorneys for Plaintiff St. Paul~~
~~Mercury Insurance Company~~


~~Date:~~
Dated: March 16, 2005
       Wilmington, DE

BIFFERATO, GENTILOTTI & BIDEN

Vincent A. Bifferato, Sr. (#100057)
Ian Connor Bifferato (#3273)
Joseph R. Biden, III (#4203)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, PA 19103-2978
(215) 587-9400

*Attorneys for Plaintiffs*