# EXHIBIT E

CHRISTIE, PABARUE, MORTENSEN AND YOUNG
A Professional Corporation
By: James A. Young, Esq./Garen Meguerian, Esq.
Attorney I.D. Nos. 00213/78588
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103
215-587-1600

Attorneys For:
Defendant,
Pack and Process, Inc.

| UNCHALEE VONG, et al. | : | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
|---|---|---|
| vs. | : | FEBRUARY TERM, 2003 NO. 002882 |
| MALY YAN, et al. | : | |

ATTEST

MAR 1 9 2003

## PRELIMINARY OBJECTIONS OF DEFENDANT, PACK AND PROCESS, INC., TO PLAINTIFFS' COMPLAINT

Defendant, Pack and Process, Inc., a Delaware Corporation, ("P&P"), by and through its attorneys Christie, Pabarue, Mortensen and Young, a Professional Corporation, and hereby submits Preliminary Objections to Plaintiffs' Complaint, and, in support thereof, aver as follows:

### A.  BACKGROUND

1. This personal injury action involves claims for negligence and loss of consortium, filed by Plaintiffs Unchalee Vong, Laurence Vong, and Donkeo Phravichit, arising out of a motor vehicle accident that took place on or about June 18, 2001.

2. According to the Complaint, on or about 4:40 p.m. on June 18, 2001, Plaintiffs Unchalee Vong and Donkeo Phravichit were passengers in a van owned and operated by co-defendant Maly Yan, that collided with a tractor-trailer operated by co-defendant Richard P. Restle, Sr., and owned by co-defendant Motiva Enterprises, L.L.C.

3. According to the Complaint, the collision took place on Interstate 495, near Wilmington, Delaware.

1

4. According to the Complaint, plaintiffs Unchalee Vong and Donkeo Phravichit were contract workers supplied by co-defendant Lam Personnel Services, Inc. ("Lam") to work at Defendant P&P's warehouse in New Castle County, Delaware.

5. According to the Complaint, at the time of the collision, plaintiffs were returning to Philadelphia from P&P's warehouse in New Castle County, Delaware.

6. P&P is a Delaware Corporation, organized and existing under the laws of the State of Delaware, with its sole place of business in New Castle County, Delaware. See Affidavit of Steven A. Ames, at ¶¶ 1 and 4, attached hereto as Exhibit "A."

7. On or before June 18, 2001, P&P's business operations were conducted solely in Delaware, and none were conducted in Pennsylvania. Exhibit A, at ¶ 8.

8. P&P's agreement with Lam, for the provision of a contract labor force, was negotiated, executed, and performed in every respect in New Castle County, Delaware. Exhibit A, at ¶ 11.

9. Plaintiffs commenced this action in or about February 2003, and the Complaint was served on P&P on February 27, 2003.

10. Defendant P&P timely submits these preliminary objections.

B. **PRELIMINARY OBJECTIONS**

### COUNT I.

**Preliminary Objections Pursuant to Pa. R.C.P. Rule 1028(a)(1) – The Court Lacks Personal Jurisdiction Over Defendant Pack and Process, Inc.**

11. Moving defendant hereby incorporates by reference Paragraphs 1 through 10 of these Preliminary Objections as though more fully set forth herein at length.

12. Defendant P&P is a Delaware Corporation, organized and existing under the laws of Delware, with its sole place of business in New Castle County, Delaware.

2

13. Defendant P&P is an out-of-state defendant.

14. Pennsylvania Court may exercise two types of personal jurisdiction over out-of-state defendants: 1) specific jurisdiction based upon specific acts of defendant that give rise to cause of action; 2) general personal jurisdiction based upon defendant's general activity within Pennsylvania.

15. The question of whether a state may exercise specific jurisdiction over a non-resident defendant must be tested against both the state's long-arm statute (here 42 Pa.C.S.A. § 5322) and the due process clause of the fourteenth amendment.

16. The Court cannot exercise specific personal jurisdiction over Defendant P&P.

17. In this case, specific personal jurisdiction over Defendant P&P is not authorized by Pennsylvania's long-arm statute.

18. Even if this Court were to find authorization for specific personal jurisdiction over Defendant P&P under Pennsylvania's long-arm statute, the exercise of jurisdiction over Defendant P&P does not meet constitutional standards of due process.

19. P&P has not established minimum contacts in Pennsylvania.

20. The assertion of personal jurisdiction over Defendant P&P would violate the traditional notions of fair play and substantial justice.

21. P&P's conduct was such that it could not reasonably anticipate being haled into court in Pennsylvania.

22. P&P did not purposefully direct its activities at residents of Pennsylvania.

23. P&P did not avail itself of the privilege of conducting activities within Pennsylvania.

24. P&P did not invoke the benefits and protections of the laws of Pennsylvania.

25. On and before June 18, 2001, Defendant Lam Staff, Inc. (hereinafter "Lam"), acting as an independent contractor agreed to provide a labor force to work at P&P's place of business in New Castle County, Delaware, for which Lam was paid a fee by P&P. Exhibit A, at ¶ 9.

26. The labor force provided by Lam to P&P was comprised entirely of employees of Lam. Exhibit A, at ¶10.

27. The agreement pursuant to which Lam provided a labor force to P&P was negotiated, executed, and performed in all respects in New Castle County, Delaware. Exhibit A, at ¶ 11.

28. The Court cannot exercise general personal jurisdiction over Defendant P&P.

29. P&P has not carried on a continuous and substantial part of its business in Pennsylvania.

30. All of P&P's business facilities, including its corporate office and warehouse are located in New Castle County, Delaware. Exhibit A, at ¶ 5.

31. P&P owns no real or personal property in Pennsylvania, and has no interest in any real or personal property in Pennsylvania. Exhibit A, at ¶ 6.

32. On or before June 18, 2001, and up to and including the date of the signing of this affidavit, P&P had not made any application to any Pennsylvania authority for licensure and had not qualified to transact business in Pennsylvania. Exhibit A, at ¶ 7.

33. On or before June 18, 2001, and up to and including the date of the signing of this affidavit, all of P&P's business operations were conducted in New Castle County, Delaware, and none were conducted in Pennsylvania. Exhibit A, at ¶ 8.

WHEREFORE, moving defendant respectfully requests this Honorable Court to sustain Defendant's Preliminary Objections on the basis of lack of the Court's personal jurisdiction over

4

Defendant P&P, and enter judgment in favor of Defendant Pack and Process, Inc., and against Plaintiffs, together with an award of costs and reasonable counsel fees and any further relief deemed appropriate by the Court.

## COUNT II.

### Preliminary Objections Pursuant to Pa. R.C.P. Rule 1028(a)(3) – Allegations of Negligence Against Pack and Process, Inc. are Insufficient to Sustain a Claim.

34. Moving defendant hereby incorporates by reference Paragraphs 1 through 33 of these Preliminary Objections as though more fully set forth herein at length.

35. Under Pa. R.C.P. 1019, a complaint must set forth a cause of action with sufficient specificity so as to enable a defendant to prepare a proper defense.

36. Plaintiffs' Complaint fails to provide a factual basis for the general allegations set forth in Paragraph 29, subparagraphs (o), (p), (q), (r), (s), (t), (u), (v), (x), (y), (aa), (bb), (cc), (dd), (ee), (ff), (gg), (hh), (ii), (jj), (kk), (ll), (mm), and (nn).

37. The general allegations of negligence in Paragraph 29, subparagraphs (o), (p), (q), (r), (s), (t), (u), (v), (y), (aa), (bb), (cc), (ee), (ff), (gg), (hh), (ii), (ll), (mm) of Plaintiffs' Complaint aver negligence with respect to the operation of a motor vehicle (i.e., "operating said motor vehicle at a high and excessive rate of speed…, failure to yield the right of way… failure to maintain proper lookout…" and cannot apply to Defendant P&P, who could not have been the driver of the vehicle.

38. The general allegations in Paragraph 29 (jj) allege "other acts of negligence that may be ascertained during the course of discovery and/or trial of this matter."

39. The general allegations in Paragraph 29 (kk) allege "failing to prevent injuries to plaintiffs."

5

40. The general allegations in Paragraph 29 (nn) allege "negligence as may be proven from facts now exclusively in the possession of defendants, which may be ascertained after filing of this Complaint."

41. Paragraph 29, subparagraphs (o), (p), (q), (r), (s), (t), (u), (v), (x), (y), (aa), (bb), (cc), (dd), (ee), (ff), (gg), (hh), (ii), (jj), (kk), (ll), (mm), and (nn), set forth general allegations without any factual basis or support in the Complaint.

42. Plaintiff's Complaint lacks sufficient specificity to apprise Defendant P&P of the factual basis of the allegations set forth in Paragraph 29, subparagraphs (o), (p), (q), (r), (s), (t), (u), (v), (x), (y), (aa), (bb), (cc), (dd), (ee), (ff), (gg), (hh), (ii), (jj), (kk), (ll), (mm), and (nn).

WHEREFORE, Defendant P&P respectfully requests that this Court strike the general allegations of negligence in Paragraph 29, subparagraphs (o), (p), (q), (r), (s), (t), (u), (v), (x), (y), (aa), (bb), (cc), (dd), (ee), (ff), (gg), (hh), (ii), (jj), (kk), (ll), (mm), and (nn).

## COUNT III.
### Preliminary Objections Pursuant to Pa. R.C.P. Rule 1028(a)(2) – Allegations of Negligence Against Pack and Process, Inc. Fail to Conform to Rule of Court.

43. Moving defendant hereby incorporates by reference Paragraphs 1 through 42 of these Preliminary Objections as though more fully set forth herein at length.

44. Under Pa. R.C.P. Rule 1019, a party is required to plead the material facts upon which a cause of action is based in a concise and summary form.

45. Plaintiffs' Complaint does not contain facts in support of the averments set forth in Paragraph 29, subparagraphs (o), (p), (q), (r), (s), (t), (u), (v), (x), (y), (aa), (bb), (cc), (dd), (ee), (ff), (gg), (hh), (ii), (jj), (kk), (ll), (mm), and (nn).

46. Therefore, Plaintiffs' Complaint fails to conform to law or Rule of Court, as set forth in Pa.R.C.P. Rule 1019.

WHEREFORE, Defendant P&P respectfully requests that this Court strike the general allegations of negligence in Paragraph 29, subparagraphs (o), (p), (q), (r), (s), (t), (u), (v), (x), (y), (aa), (bb), (cc), (dd), (ee), (ff), (gg), (hh), (ii), (jj), (kk), (ll), (mm), and (nn).

## COUNT IV.

### Preliminary Objections Pursuant to Pa. R.C.P. Rule 1028(a)(1) – The Commonwealth Court of Common Pleas, in Philadelphia County is an Improper Forum for this Action.

47. Moving defendant hereby incorporates by reference Paragraphs 1 through 46 of these Preliminary Objections as though more fully set forth herein at length.

48. Pa.R.C.P. Rule 1006(d)(1) grants this Court broad discretion in determining whether or not to grant a petition for change of venue.

49. This action arose out of an accident that occurred in the State of Delaware.

50. Defendant P&P and co-defendant Richard P. Reistle, Sr. are residents of the State of Delaware.

51. Upon information and belief, most of the non-party witnesses, including the state police officers involved in the investigation of the accident, the emergency personnel, and the treating emergency physicians, live and/or work in the State of Delaware.

52. Delaware provides a more convenient forum for the litigation of the dispute arising out of this accident.

53. When the more convenient forum is in a different State, 42 Pa.C.S.A. § 5322(e) rather than providing for an intra-jurisdictional transfer between counties, allows for the termination of litigation in this Commonwealth.

7

WHEREFORE, Defendant P&P respectfully requests that this Court dismiss this action pursuant to 42 Pa.C.S.A. § 5322(e).

## COUNT V.

### Preliminary Objections Pursuant to Pa. R.C.P. Rule 1028(a)(5) – Plaintiffs Unchalee Vong, Laurence Vong, and Donkeo Phravichit are Misjoined in this Action

54. Moving defendant hereby incorporates by reference Paragraphs 1 through 53 of these Preliminary Objections as though more fully set forth herein at length.

55. Pa.R.C.P. Rule 2229(a) permits only plaintiffs whose right of relief arises "out of the same transaction, occurrence, or series of transactions or occurrences" to assert their claims in the same action.

56. Under Pa.R.C.P. Rule 2229(a), Plaintiffs Unchalee Vong, and Laurence Vong should have pursued a distinct claim from Plaintiff Donkeo Phravichit.

WHEREFORE, Defendant P&P respectfully requests that this Court segregate the claims of Unchalee Vong and Laurence Vong, from the claims of Donkeo Phravichit.

Christie, Pabarue, Mortensen and Young
A Professional Corporation

BY: _____
JAMES A. YOUNG, ESQUIRE
GAREN MEGUERIAN, ESQUIRE
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103
215-587-1625/1629

Attorneys for Defendant,
Pack and Process, Inc.

8

CHRISTIE, PABARUE, MORTENSEN AND YOUNG
A Professional Corporation
By: James A. Young, Esq./Garen Meguerian, Esq.
Attorney I.D. Nos. 00213/78588
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103
215-587-1600

Attorneys For:
Defendant,
Pack and Process, Inc.

UNCHALEE VONG, et al.

vs

MALY YAN, et al.

COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY

FEBRUARY TERM, 2003
NO. 002882

## AFFIDAVIT OF STEVEN A. AMES

On this 18th day of March 2003, Steven A. Ames, deposes and says:

1. I am the President of Pack and Process, Inc. (hereinafter "P&P"), a Delaware Corporation – organized and existing under the laws of the State of Delaware.

2. I am authorized to take this affidavit on behalf of P&P.

3. I have been informed that an issue regarding the exercise of personal jurisdiction by the Court of Common Pleas of Philadelphia County over P&P has been raised in a personal injury lawsuit filed against P&P, stemming from a June 18, 2001 motor vehicle accident, which occurred in Delaware.

4. P&P is a contract packager with its sole place of business in New Castle County, Delaware. P&P is engaged in the business of packaging consumer goods such as food, health, beauty aid, and household cleaning products.

5. All of P&P's business facilities, including its corporate office and warehouse are located in New Castle County, Delaware.

1

6. P&P owns no real or personal property in Pennsylvania, and has no interest in any real or personal property in Pennsylvania.

7. On or before June 18, 2001, and up to and including the date of the signing of this affidavit, P&P had not made any application to any Pennsylvania authority for licensure and had not qualified to transact business in Pennsylvania.

8. On or before June 18, 2001, and up to and including the date of the signing of this affidavit, all of P&P's business operations were conducted in New Castle County, Delaware, and none were conducted in Pennsylvania.

9. Although Plaintiff's Complaint alleges that Defendant Lam Personnel Services, Inc., was in the business of providing contract laborers to businesses including P&P, Affiant believes that the Plaintiffs have misidentified Lam Staff, Inc. On and before June 18, 2001, Defendant Lam Staff, Inc. (hereinafter "Lam"), acting as an independent contractor agreed to provide a labor force to work at P&P's warehouse in New Castle County, Delaware, for which Lam was paid a set fee by P&P.

10. The labor force provided by Lam to P&P was comprised entirely of employees of Lam.

11. The agreement pursuant to which Lam provided a labor force to P&P was negotiated, executed, and performed in all respects in New Castle County, Delaware.

12. On and before June 18, 2001, Defendant Maly Yan was an employee of P&P, employed solely as a Packer, and later as a Quality Control Technician in P&P's warehouse in New Castle County, Delaware.

13. Contrary to the allegations of the Complaint, including but not limited to the allegations in Paragraphs 20, 29, and 30 of the Complaint, Defendant Maly Yan was not acting as

2

the agent, servant, or employee, of defendant P&P in transporting passengers, including Plaintiffs to and from P&P's place of business in New Castle County, Delaware

14. Ms. Yan's duties as an employee of P&P did not include the operation of any motor vehicle(s), nor the transportation of any personnel to or from P&P's facilities

15. P&P has not consented to jurisdiction in Pennsylvania

16. P&P has not carried on a continuous and systemic part of its general contract packaging business within Pennsylvania

FURTHER AFFIANT SAYETH NOT.

_____
STEVEN A. AMES, PRESIDENT
Pack and Process, Inc. – A Delaware Corporation

## CERTIFICATE OF SERVICE

I do hereby certify that on the 19th day of March 2003, I caused to be served a true and correct copy of Defendant's Preliminary Objections, by U.S Mail, first class, postage pre-paid, upon the following counsel:

Robert S. Miller, Esquire
Wapner, Newman, Wigrizer & Brecher
115 South 21st Street
Philadelphia, PA 19103-4483

Christie Pabarue Mortensen and Young,
A Professional Corporation

_____
Garen Meguerian
1880 J.F.K. Boulevard, 10th Floor
Philadelphia, PA 19103
Attorney for Defendant
Pack and Process, Inc.