# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | : |
| and | : |
| PACK AND PROCESS, INC. | : |
| Plaintiffs, | : |
| v. | : Case No. 05-0022 (KAJ) |
| MALY YAN | : |
| Defendant. | : |

## AFFIDAVIT OF STEVEN A. AMES

On this 15th day of March 2005, Steven A. Ames deposes and says:

    1. I am the President of Pack and Process, Inc. (hereinafter "P&P"), a Delaware Corporation organized and existing under the laws of the State of Delaware.

    2. I am authorized to take this affidavit on behalf of P&P.

    3. P&P is a contract packager with its sole place of business in New Castle County, Delaware. P&P is engaged in the business of packaging consumer goods such as food, health, beauty aid, and household cleaning products.

    4. All of P&P's business facilities, including its corporate office and warehouse, are located in New Castle County, Delaware, and all of P&P's business records relevant to the insurance policy issued by St. Paul Mercury Insurance Company and to the issue of Maly Yan's employment with P&P are located in the State of Delaware.

    5. On and before June 18, 2001, P&P had a contract with Lam Staff, Inc. ("Lam"), acting as an independent contractor, to provide a labor force to work at P&P's warehouse in New Castle County, Delaware, for which Lam was paid a set fee by P&P.

    6. The agreement with Lam was negotiated, executed, and performed in all respects in New Castle County, Delaware.

    7. P&P has not consented to jurisdiction in the state or federal courts of Pennsylvania.

    8. P&P has not carried on a continuous and systematic part of its contract packaging business within Pennsylvania.

    9. On behalf of P&P, I have reviewed the complaint filed in this action by St. Paul Mercury Insurance Company ("St. Paul"). I have also read the Motion to Dismiss filed by Maly Yan in this action, and I submit this affidavit in opposition to that Motion.

    10. P&P fully agrees with the factual and legal assertions contained in St. Paul's complaint.

    11. In particular, P&P agrees with St. Paul's position that (a) the vehicle being driven by Maly Yan at the time of the accident was not a "covered auto" as defined in the Policy, (b) Maly Yan was not a "permitted user" or a "protected person" under the Policy, and (c) Maly Yan is not an insured, additional insured, or otherwise entitled to any benefits under the Policy.

12. P&P further agrees with St. Paul that the Policy affords no coverage under the circumstances presented here – where Maly Yan was not hired by P&P to drive a vehicle; was never paid by P&P to drive a vehicle; was never authorized to drive a vehicle nor to transport other workers on P&P's behalf; was never expected to drive a vehicle as part of her employment with P&P and was never requested by P&P to drive a vehicle or to transport workers on its behalf.

13. P&P further agrees with St. Paul that Maly Yan was not acting in the course or scope of her employment with P&P while driving the van which was involved in the accident on June 18, 2001.

14. The policy of insurance issued to P&P by St. Paul and which is relevant to this action was issued to P&P in Delaware.

I declare, under penalty of perjury, that the foregoing is true and correct.

_____, President
STEVEN A. AMES, PRESIDENT
Pack and Process, Inc. - A Delaware Corporation