IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, and PACK & PROCESS, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-0022 (KAJ) |
| MALY YAN, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR ORDER ENJOINING LATER-FILED ACTION FILED IN THE EASTERN DISTRICT OF PENNSYLVANIA**

NOW COMES plaintiffs St. Paul Mercury Insurance Company and Pack & Process, Inc., by and through their undersigned counsel, and for the reasons more fully set forth in their *Memorandum of Law in Support of their Motion to Enjoin the Later-Filed Action for Declaratory Judgment Filed in the Eastern District of Pennsylvania* filed contemporaneously herewith, move this Court for an Order enjoining the second-filed Pennsylvania declaratory

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

judgment action, as further described in the accompanying memorandum.

Dated: March 17, 2005
      Wilmington, Delaware

BIFFERATO, GENTILOTTI & BIDEN

/s/ Joseph K. Koury
_____
Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James B. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, and PACK & PROCESS, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-0022 (KAJ) |
| MALY YAN, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO ENJOIN THE LATER-FILED ACTION FOR DECLARATORY
JUDGMENT FILED IN THE EASTERN DISTRICT OF PENNSYLVANIA**

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James B. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

Dated: March 17, 2005                              *Attorneys for Plaintiff*

## TABLE OF CONTENTS

| | |
|---|---|
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 3 |
| CONCISE STATEMENT OF FACTS | 4 |
| ARGUMENT | |
|     This Court has the Power to Enjoin a Similar, Later-Filed Action | 5 |
| CONCLUSION | 8 |

TABLE OF CITATIONS

Cases

Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc., 265 F. Supp. 2d 445
    (D. Del. 2003) ..... 5, 6

Crackau v. Lucent Techs., No. 03-1376, 2003 U.S. Dist. LEXIS 24317
    (D.N.J. Nov. 24, 2003) ..... 7

Crosley Corp. v. Hazeltine Corp., 122 F.2d 925 (3rd. Cir. 1941),
    cert. denied, 315 U.S. 813 (1942) ..... 5, 7

Meeropol v. Nizer, 505 F.2d 232 (2nd Cir. 1974) ..... 7

Park-In Theatres, Inc. v. Paramount-Richards Theatres, Inc., 9 F.R.D. 267 (D. Del. 1949) ..... 1

Rexam, Inc. v. USW, No. 03-2998, 2003 U.S. Dist. LEXIS 19495
    (D. Minn. Oct. 30, 2003) ..... 7

Rule and Statutes

Federal Rule of Civil Procedure 15 ..... 1

## NATURE AND STAGE OF THE PROCEEDING

This insurance declaratory judgment action was filed on January 14, 2005. On March 16, 2005, an amended complaint was filed, that, among other things, added Pack & Process, Inc. ("Pack & Process") as a plaintiff. It relates to a certain policy of insurance issued by St. Paul Mercury Insurance Company ("St. Paul") to a Delaware corporation, Pack & Process, and whether the policy affords coverage for claims asserted in several tort actions filed in the Philadelphia, Pennsylvania Court of Common Pleas arising out of a June 2001 motor vehicle accident which took place in Delaware. Maly Yan, a Pack & Process employee, was the owner and operator of the van involved in the accident, which was transporting 19 people back to their homes in Pennsylvania after most of them had finished working at Pack & Process's facility in Delaware.

Maly Yan has moved to dismiss this action, arguing that St. Paul failed to join indispensable parties pursuant to Federal Rule of Civil Procedure 19. Specifically, Maly Yan argues that Pack & Process, Lam Personnel Services, Inc., and plaintiffs in the Pennsylvania state court actions are indispensable parties with whom this Court cannot proceed.

After Maly Yan filed her motion to dismiss, plaintiffs filed an amended complaint in this Action adding Pack & Process as a plaintiff hereto (see Exhibit "A" hereto).[1]

St. Paul's time to respond to the motion was enlarged until and including March 18,

---

[1] As defendant has yet to file an answer or other responsive pleading, St. Paul was permitted to freely amend under Federal Rule of Civil Procedure 15(a) (stating that a party may amend "once as a matter of course at any time before a responsive pleading is served"); see also Park-In Theatres, Inc. v. Paramount-Richards Theatres, Inc., 9 F.R.D. 267, 268 (D. Del. 1949) (stating that although a motion to dismiss may be dispositive of a case, such motion "has not been considered as a responsive pleading[ ]" for Rule15(a) purposes).

2005 by filed stipulation of the parties, which has been approved by this Court. (See Exhibit "B").

## SUMMARY OF ARGUMENT

This action was filed several weeks before defendant Maly Yan and others filed a functionally equivalent declaratory judgment action in the United States District Court for the Eastern District of Pennsylvania (see Exhibit "C" hereto). Because the instant declaratory judgment action was filed first, and because of the close similarity of the facts and issues in the two actions, and Pack & Process's strong ties to, and choice of, this forum, this Court should enjoin the later filed Pennsylvania action. Moreover, none of the persons or entities claimed by defendant Maly Yan to be indispensable here are even necessary to this action, let alone indispensable.

## CONCISE STATEMENT OF FACTS

Plaintiffs hereby incorporate by reference, as if fully set forth herein, the "Concise Statement of Facts" set forth in their contemporaneously-filed brief in opposition to Maly Yan's motion to dismiss.

## ARGUMENT

<u>This Court has the Power to Enjoin a Similar, Later-Filed Action</u>

When reviewing a motion to enjoin a second suit involving the same basic facts, the Court is guided by the Third Circuit's "first-filed" rule, which states that, "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." <u>Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.</u>, 265 F. Supp. 2d 445, 448 (D. Del. 2003) (<u>citing</u> <u>Crosley Corp. v. Hazeltine Corp.</u>, 122 F.2d 925, 929 (3d Cir. 1941) (citations omitted) In <u>Chase Manhattan</u>, this Court further discussed the policies which give rise to the power to enjoin, in pertinent part, as follows:

> The policy underlying [the first-filed] rule is at least two fold and eminently practical. For the benefit of litigants, the party who first brings a controversy into a court of competent jurisdiction for adjudication should ... be free from the vexation of subsequent litigation over the same subject matter ... For the benefit of courts and the public they serve, courts already heavily burdened with litigation with which they must of necessity deal should ... not be called upon to duplicate each other's work involving the same issues and the same parties. ... *The first-filed rule has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases* ... in different federal district courts. ... While the first-filed rule is not a rigid or inflexible rule to be mechanically applied, only in rare or extraordinary circumstances should the first-filed action give way to one filed later. Such circumstances include inequitable conduct, bad faith, or forum shopping.

265 F. Supp.2d at 448 (citations omitted, punctuation removed, emphasis added).

In <u>Chase Manhattan</u>, <u>supra</u>, a declaratory judgment action was filed in this Court by Chase Manhattan Bank, N.A., a Delaware corporation with its principal place of business in Delaware. Later in the same day, the defendant in the Delaware action (UTN) filed a similar action in the United States District Court for the Southern District of New York. Chase moved

this Court to enjoin the later-filed UTN action. This Court granted Chase's motion, thereby precluding UTN from proceeding in New York.

The facts of this action are nearly identical. Plaintiffs here, like the plaintiff in <u>Chase Manhattan</u>, filed their action first. In addition, the insured plaintiff here, like the plaintiff in <u>Chase Manhattan</u>, was a Delaware corporation with its principal (in fact, only) place of business in Delaware. Moreover, as in <u>Chase Manhattan</u>, the facts at issue in the two actions are the same here: both actions arise out of the same automobile accident; both actions seek a declaration of coverage under St. Paul's Policy issued to Pack & Process; and both actions seek to determine the legal relationship between Maly Yan and Pack & Process – specifically, whether she was acting in the course and scope of her employment with Pack & Process at the time of the accident.

A further similarity between <u>Chase Manhattan</u> and this action is the fact that the plaintiffs in both later-filed actions alleged that an indispensable party was missing from the first-filed action, a claim rejected in <u>Chase Manhattan</u>, and which should be rejected here. As more fully briefed by plaintiffs in their opposition to the motion to dismiss – which arguments are incorporated herein by reference – Lam Personnel Services, Inc. and the Pennsylvania tort claimants are neither necessary nor indispensable parties hereto.

Moreover, Maly Yan has not alleged, and cannot properly do so, that the filing of this action was "motivated by inequitable conduct, bad faith or forum shopping", 265 F. Supp.2d at 450. To the contrary, the "choice of forum [by St. Paul and Pack & Process] appears both rational and ... appropriate" (<u>Id.</u>), in that Pack & Process has strong ties to this forum, the policy of insurance was issued by St. Paul to Pack & Process in Delaware, the accident occurred in

Delaware, and although Pack & Process emphatically denies it, Maly Yan alleges that she was acting in the course and scope of her employment with a Delaware corporation, Pack & Process, while driving the van involved in the accident, which took place in Delaware.

Other federal courts have applied the first-filed rule to enjoin similar, later-filed actions. Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 930 (3rd. Cir. 1941), cert. denied, 315 U.S. 813 (1942) ("the federal district court which first obtains jurisdiction may preserve its jurisdiction by injunction"); Meeropol v. Nizer, 505 F.2d 232, 235 (2nd Cir. 1974) ("Where an action is brought in one federal district and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action."); Crackau v. Lucent Techs., No. 03-1376, 2003 U.S. Dist. LEXIS 24317, *26 n.18 (D.N.J. Nov. 24, 2003) (first filed rule gives a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court); Rexam, Inc. v. USW, No. 03-2998, 2003 U.S. Dist. LEXIS 19495, *24 (D. Minn. Oct. 30, 2003) (where competing federal lawsuits present same factual and legal issues, court must apply the first-filed rule unless compelling circumstances dictate otherwise, and a motion to enjoin the later-filed action is appropriate).

It follows from the foregoing that this action must be allowed to proceed to conclusion, while the Pennsylvania action should not go forward.

## CONCLUSION

For the foregoing reasons, St. Paul and Pack & Process respectfully request that this Court enjoin the prosecution of the second-filed Pennsylvania declaratory judgment action so that this action may proceed to a conclusion.

Dated: March 17, 2005
       Wilmington, Delaware

BIFFERATO, GENTILOTTI & BIDEN

*/s/ Joseph K. Koury*
Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James B. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400