# EXHIBIT C

# 1 of 2

SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased, AND CHAN YAN, AND THUA SON, AND CHIEU THI HUYNH, AND BAY THI NGUYEN, UNCHLEE VONG, AND DONKEO PHRAVICHIT, AND KUSTI LEMAN, TJAJAH CHANDRA as mother and legal guardian of LANI CHANDRA and LANI CHANDRA, in her own right, AND ZAIR SHAH, AND KHAN GUL, AND SALIM KHAN, and MOHAMMED SARDAR KHAN as Co-Administrators of the Estate of MOHAMMED AZIM, AND SOLY CHAN, as Administrator of the Estate of LANG KEHM, deceased, a/k/a LANG CHHAY, AND THORN BUN KHEM, as Administrator of the Estate of LAM KHEM, deceased, AND MALY YAN<br><br>v.<br><br>PACK & PROCESS, INC., AND ST. PAUL MERCURY INSURANCE COMPANY | CIVIL ACTION NO. 05-832<br><br>TO: (NAME AND ADDRESS OF DEFENDANT) |

YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)

    Jonathan M. Cohen, Esq.
    1525 Locust Street
    The Nineteenth Floor
    Philadelphia, PA 19102

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date: February 23, 2005 |

(By) Deputy Clerk

*Tashia C. Irving*
Tashia C. Irving

## United States District Court
Eastern District Of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*James T. Giles*
*Chief Judge*

*Michael E. Kunz*
*Clerk of Court*

*Clerk's Office*
*Room 2609*
*Telephone*
(215)597-7704

### NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgement. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. If you decide to consent, <u>your case will receive a date certain for trial</u>.

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trail *de novo* demanded pursuant to Local Rules 53.2 , Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case is referred to a magistrate judge for all further proceedings, including the entry of final judgement, the final judgement shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgement of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

JAMES T. GILES
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

Civ 635(2/99)

**United States District Court**
Eastern District Of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*James T. Giles*
*Chief Judge*

*Clerk's Office*
*Room 2609*
*Telephone*
*(215)597-7704*

*Michael E. Kunz*
*Clerk of Court*

## NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION
### BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgement. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. If you decide to consent, your case will receive a date certain for trial.

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trail *de novo* demanded pursuant to Local Rules 53.2, Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case is referred to a magistrate judge for all further proceedings, including the entry of final judgement, the final judgement shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgement of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

JAMES T. GILES
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

Civ 635(2/99)

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

THE NINETEENTH FLOOR
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102

JOSHUA R. VAN NAARDEN

215-772-1000
FAX: 215-772-1359

February 23, 2005

HAND DELIVERED

Clerk of Court
United States Federal District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street Room 2609
Philadelphia PA 19106

RE: Yah Thou, Individually and as Administrator of the Estates of Oeurn Mam, deceased and Navy Yan, deceased, et al vs. Pack and Process, Inc., et al

Dear Mr. Kunz:

Enclosed pleas find the original and one (1) copy of Plaintiffs' Complaint in the above matter. Also, enclosed please find our check in the amount of $250.00 and a disk with Plaintiffs' Complaint in PDF format.

Kindly file the original Complaint and the disk and return the times-stamped copy and all summonses in the provided envelope.

Thank you for your assistance in this matter.

Very truly yours,

JOSHUA VAN NAARDEN

JVN/ckp
Encls.

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

SUMMONS IN CIVIL ACTION

YAN THOU, Individually and as          :
Administrator of the Estates of Oeurn  :
Mam, Deceased and Navy Yan, Deceased   :
2007 So. 9th Street                    :
Philadelphia, Pennsylvania 19148 , ET ALS
(SEE ATTACHED LIST)                    :

CASE NUMBER: $05-832$

                V .
PACK & PROCESS, INC.                   :          JURY TRIAL DEMANDED
3 Boulden Circle                       :
New Castle, DE 19720                   :
        AND                            :
ST. PAUL MERCURY INSURANCE             :
COMPANY                                :
385 Washington Street                  :
Saint Paul, MN 55102                   :

        TO: [Name and Address of Defendant]

PACK & PROCESS, INC.
3 Boulden Circle
New Castle, DE 19720

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this
Court and serve upon _SHANIN SPECTER, ESQUIRE,JONATHAN M. COHEN, ESQUIRE
or JOSHUA VAN NAARDEN, ESQUIRE,_ an answer to the complaint which is herewith served upon you,
within _____ days after service of this summons upon you, exclusive of the day of service  If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____          _____
CLERK                              DATE

_____
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

SUMMONS IN CIVIL ACTION

YAN THOU, Individually and as      :
Administrator of the Estates of Oeurn   :
Mam, Deceased and Navy Yan, Deceased  :
2007 So. 9th Street                :
Philadelphia, Pennsylvania 19148 , ET ALS
(SEE ATTACHED LIST)               :

CASE NUMBER:

        V

PACK & PROCESS, INC.               :
3 Boulden Circle                   :
New Castle, DE 19720               :
     AND                    :
ST. PAUL MERCURY INSURANCE         :
COMPANY
385 Washington Street              :
Saint Paul, MN 55102               :

JURY TRIAL DEMANDED

    TO: [Name and Address of Defendant]

ST. PAUL MERCURY INSURANCE
COMPANY
385 Washington Street
Saint Paul, MN 55102

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this
Court and serve upon *SHANIN SPECTER, ESQUIRE, JONATHAN M. COHEN, ESQUIRE
or JOSHUA VAN NAARDEN, ESQUIRE,* an answer to the complaint which is herewith served upon you,
within _____ days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____          _____
CLERK                                     DATE


_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT                                        APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2007 South 9th Street, Philadelphia PA 19148   (see list of additional plaintiffs)

Address of Defendant: 3 Boulden Circle , New Castle DE 19720 (see list of additional defendants)

Place of Accident, Incident or Transaction: Wilmington Delaware- auto accident causing deaths and injuries
                                        (Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?                    Yes ☐    No ☒
RELATED CASE, IF ANY:

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                Yes ☐    No ☒

2. Does this case involve the same issue of fact or growout of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                Yes ☐    No ☒

CIVIL: (Place V in ONE CATEGORY ONLY)

A. Federal Question Cases:                          B. Diversity Jurisdiction Cases:

1. ☐ Indemnity Contract. Marine Contract. and All Other Contracts        1. ☒ Insurance Contract and Other Contracts
2. ☐ FELA                                          2. ☐ Airplane Personal Injury
3. ☐ Jones Act-Personal Injury                     3. ☐ Assault, Defamation
4. ☐ Antitrust                                     4. ☐ Marine Personal Injury
5. ☐ Patent                                        5. ☐ Motor Vehicle Personal Injury
6. ☐ Labor-Management Relations                    6. ☐ Other Personal Injury (Please specify)
7. ☐ Civil Rights                                  7. ☐ Products Liability
8. ☐ Habeas Corpus                                 8. ☐ Products Liability - Asbestos
9. ☐ Securities Act(s) Cases                       9. ☐ All other Diversity Cases
10. ☐ Social Security Review Cases                     (Please specify)
11. ☒ All other Federal Question Cases
    (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Jonathan M. Cohen, Esquire _____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2). that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 2-22-05 _____    Jonathan M. Cohen, Esquire _____    69062 _____
                              Attorney-at-Law                        Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2-22-05 _____    Jonathan M. Cohen, Esquire _____    69062 _____
                              Attorney-at-Law                        Attorney I.D. #

CIV. 609 (9.99)

JS-44 (Rev. 3/99)

## CIVIL COVER SHEET

APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I. (a) PLAINTIFFS**

YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased (SEE ATTACHED LIST)

**DEFENDANTS**

PACK & PROCESS, INC. AND
ST. PAUL MERCURY INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff **Philadelphia Co., PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **NEW CASTLE, DELAWARE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Kline & Specter - 1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215)772-1000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Govern'ment Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury — Med. Malpractice | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | | ☐ 450 Commerce ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury P.duct Liability | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination under equal access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS –Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 (specify): Transferred from another district
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 2201 Declaratory Releif and Indemnification
28 U.S.C. Section 1332 Diversity

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND$

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE

DOCKET NUMBER

DATE
2-23-05

SIGNATURE OF ATTORNEY OF RECORD
S/ Jonathan M. Cohen

**FOR OFFICE USE ONLY**

RECEIPT ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG JUDGE ___

YAN THOU, Individually and as :
Administrator of the Estates of Oeurn :
Mam, Deceased and Navy Yan, Deceased :
2007 So. 9th Street :
Philadelphia, Pennsylvania 19148
      AND :
CHAN YAN :
2307 So. 9th Street
Philadelphia, Pennsylvania 19148 :
      AND :
THUA SON :
534 Reed Street :
Philadelphia, PA 19148 :
      AND :
CHIEU THI HUYNH :
402 Tree Street :
Philadelphia, Pennsylvania 19148 :
      AND :
BAY THI NGUYEN :
1530 Beulah Street :
Philadelphia, PA 19147 :
      AND :
UNCHALEE VONG :
642 Wharton Street :
Philadelphia, PA 19147 :
      AND :
DONKEO PHRAVICHIT :
2326 South 7th Street :
Philadelphia, PA 19148 :
      AND :
KUSTI LEMAN :
1641 Hicks Street :
Philadelphia, PA 19145 :
      AND :
TJAJAH CHANDRA as mother and :
legal guardian of LANI CHANDRA and :
LANI CHANDRA, in her own right :
Pademangan 3 Raya :
Gang 1 No. 42 :
RT 02-RW o9 :
Jakarta Timur, Indonesia 14410 :
      AND :
ZAIR SHAH :
2318 S. 7th Street :
Philadephia, PA 19148 :

AND                                    :
KHAN GUL                               :
640 Moyamensing Ave.                   :
Philadelphia, PA 19148                 :
       AND                             :
SALIM KHAN                             :
420 Woodclife Road                     :
Upper Darby, PA 19082 and              :
MOHAMMED SARDAR KHAN as                :
Co-Administrators of the Estate of     :
MOHAMMED AZIM                          :
2408 So. 7th Street         :
Philadelphia , PA 19148                :
       AND                             :
SOLY CHAN, as Administrator of the     :
Estate of LANG KEHM, deceased, a/k/a   :
LANG CHHAY                             :
1918 Newkirk Street                    :
Philadelphia, PA 19145                 :
       AND                             :
THORN BUN KHEM, as Administrator       :
of the Estate of LAM KHEM, deceased    :
4601 Halley Circle                     :
Glen Allen, VA 23060                   :
       AND                             :
MALY YAN                               :
2007 South 9th Street       :
Philadelphia, PA 19148                 :
                                       :
                                       :
       VS.                             :
                                       :
                                       :
PACK & PROCESS, INC.                   :
3 Boulden Circle                       :
New Castle, DE 19720                   :
       AND                             :
ST. PAUL MERCURY INSURANCE             :
COMPANY                                :
385 Washington Street                  :
Saint Paul, MN 55102                   :

IN THE UNITED STATES DISTRICT COURT          APPENDIX C
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

```
YAN THOU, Individually and as Administrator          CIVIL ACTION
of the Estate of Oeurn Mam, deceased and Navy Yan, deceased
et al
                                 v.
PACK AND PROCESS, INC.                                 NO.
```

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.          (x)

2-22-05

Jonathan M. Cohen, Esquire
_____

Plaintiffs
_____
                         Attorney for

(Civ. 660) 7/95

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YAN THOU, Individually and as                    :
Administrator of the Estates of Oeurn            :
Mam, Deceased and Navy Yan, Deceased             :
2007 So. 9th Street                              :
Philadelphia, Pennsylvania 19148                 :          CIVIL ACTION NO.
        AND                                      :
CHAN YAN                                         :
2307 So. 9th Street                              :
Philadelphia, Pennsylvania 19148                 :          JURY TRIAL DEMANDED
        AND                                      :
THUA SON                                         :
534 Reed Street                                  :
Philadelphia, PA 19148                           :
        AND                                      :
CHIEU THI HUYNH                                  :
402 Tree Street                                  :
Philadelphia, Pennsylvania 19148                 :
        AND                                      :
BAY THI NGUYEN                                   :
1530 Beulah Street                               :
Philadelphia, PA 19147                           :
        AND                                      :
UNCHALEE VONG                                    :
642 Wharton Street                               :
Philadelphia, PA 19147                           :
        AND                                      :
DONKEO PHRAVICHIT                                :
2326 South 7th Street                            :
Philadelphia, PA 19148                           :
        AND                                      :
KUSTI LEMAN                                      :
1641 Hicks Street                                :
Philadelphia, PA 19145                           :
        AND                                      :
TJAJAH CHANDRA as mother and                     :
legal guardian of LANI CHANDRA and               :
LANI CHANDRA, in her own right                   :
Pademangan 3 Raya                                :
Gang 1 No. 42                                    :
RT 02-RW 09                                       :
Jakarta Timur, Indonesia 14410                   :

AND

ZAIR SHAH                                    :
2318 S. 7th Street                           :
Philadelphia, PA 19148                       :
AND                                          :
KHAN GUL                                     :
640 Moyamensing Ave.                         :
Philadelphia, PA 19148                       :
AND                                          :
SALIM KHAN                                   :
420 Woodclife Road                           :
Upper Darby, PA 19082 and                    :
MOHAMMED SARDAR KHAN as                      :
Co-Administrators of the Estate of           :
MOHAMMED AZIM                                 :
2408 So. 7th Street                          :
Philadelphia , PA 19148                      :
AND                                          :
SOLY CHAN, as Administrator of the           :
Estate of LANG KEHM, deceased, a/k/a         :
LANG CHHAY                                    :
1918 Newkirk Street                          :
Philadelphia, PA 19145                       :
AND                                          :
THORN BUN KHEM, as Administrator             :
of the Estate of LAM KHEM, deceased          :
4601 Halley Circle                           :
Glen Allen, VA 23060                         :
AND                                          :
MALY YAN                                     :
2007 South 9th Street                        :
Philadelphia, PA 19148                       :
                                             :
                                             :
VS.                                          :
                                             :
                                             :
PACK & PROCESS, INC.                         :
3 Boulden Circle                             :
New Castle, DE 19720                         :
AND                                          :
ST. PAUL MERCURY INSURANCE                   :
COMPANY                                      :
385 Washington Street                        :
Saint Paul, MN 55102                         :

## INDEMNIFICATION AND DECLARATORY JUDGMENT COMPLAINT

Plaintiffs, by and through their counsel, Shanin Specter, Esquire, Jonathan M. Cohen, Esquire and Joshua Van Naarden, Esquire of Kline & Specter, P.C., Robert S. Miller, Esquire of Wapner Newman Wigrizer & Brecher, Warren I. Siegel, Esquire of Bernhardt & Rothermel, P.C., Richard Costigan, Esquire of Costigan & Costigan and Steve Dranoff, Equire of Dranoff-Perstein Associates hereby files this action seeking declaratory relief and indemnification pursuant to 28 U.S.C. §2201, and alleges support thereof the following:

## THE PARTIES

1.  Plaintiff, Yan Thou, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

2.  Plaintiff, Yan Thou, is the husband of Oeurn Mam, Deceased and the duly appointed Administrator of the Estate of Oeurn Mam.

3.  Prior to her death on June 18, 2001, Oeurn Mam was an adult and citizen of the Commonwealth of Pennsylvania, and was married to Plaintiff, Yan Thou, and resided with him at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

4.  Plaintiff Yan Thou, is the father of Navy Yan, and the duly appointed Administrator of the Estate of Navy Yan, Deceased.

5.  Prior to his death on June 18, 2001, Navy Yan was a minor and the son of Plaintiff, Yan Thou, and Oeurn Mam, deceased, and resided with his parents at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

6.  Plaintiff, Chan Yan, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2307 So. 9th Street, Philadelphia, Pennsylvania 19148.

7.    Plaintiff, Thuha Son, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 534 Reed Street, Philadelphia, Pennsylvania 19148.

8.    Plaintiff, Chieu Thi Huynh, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 402 Tree Street, Philadelphia, Pennsylvania 19148.

9.    Plaintiff, Bay Thi Nguyen, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1530 Beulah Street, Philadelphia, PA 19147

10.    Plaintiff, Unchalee Vong, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 642 Wharton Street, Philadelphia, PA 19147.

11.    Plaintiff, Donkeo Phravichit, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2326 South 7th Street, Philadelphia, PA 19148.

12.    Plaintiff, Kusti Leman, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1641 Hicks Street, Philadelphia, PA 19145.

13.    Plaintiff, Tjajah Chandra, as mother and legal guardian of Lani Chandra is an adult individual and citizen of Indonesia residing at Pademangan 3 Raya, Gang 1 No. 42, RT 02-RW o9, Jakarta Timur, Indonesia 14410.

14.    Plaintiff, Lani Chandra, is a minor and a citizen of Indonesia residing at Pademangan 3 Raya, Gang 1 No. 42, RT 02-RW o9, Jakarta Timur, Indonesia 14410.

15.    Plaintiff, Zair Shah, is an adult individual and citizen of Pakistan, temporarily living in Pakistan, having a residence of 2318 S. 7th Street, Philadelphia, PA 19148.

16.    Plaintiff, Khan Gul, is an adult individual and citizen of Pakistan, temporarily living in England, having a residence of 640 Moyamensing Ave., Philadelphia, PA 19148.

17.    Plaintiff, Salim Khan,  is a Co-Administrator of the Estate of Mohammed Azim

2

and is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 420 Woodclife Road , Upper Darby, PA 19082.

18.    Plaintiff, Mohammed Sardar Khan is a Co-Administrator of the Estate of Mohammed Azim, and is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2408 So. 7th Street, Philadelphia , PA 19148.

19.    Plaintiff, Soly Chan, is the Administrator of the Estate of Lang Khem, deceased, also known as Lang Chhay and is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1918 Newkirk Street, Philadelphia, PA 19145.

20.    Plaintiff, Thorn Bun Khem, is the Administrator of the Estate of Lam Khem, deceased,  and is an is an adult individual and citizen of the State of Virginia residing at 4601 Halley Circle, Glen Allen, VA 23060.

21.    Plaintiff, Maly Yan, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

22.    Defendant Pack and Process, Inc., ["Pack and Process"] is a corporation or other jural entity duly organized and existing under the laws of Delaware, with its principal place of business located at 3 Boulden Circle, New Castle, DE 19720, and a mailing address at P.O. Box 883, New Castle, DE 19720, and at all times relevant hereto, was in the business packaging food, pharmaceuticals, and other consumer items, and maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in Pennsylvania and the Eastern District of Pennsylvania.

23.    At all times relevant hereto, defendant Pack and Process obtained contract laborers to work in its factory in New Castle, Delaware by employing a staffing agency to supply

3

contract workers from Philadelphia, and by employing a driver to transport more than fifteen contract workers and passengers to the factory and back to Philadelphia in a fifteen passenger van

24.    At all times relevant hereto, plaintiff Maly Yan was an employee, servant, or agent of Pack and Process, acting within the scope of her employment and/or master-servant and/or agency relationship with Pack and Process while providing transportation to all plaintiffs to and from the Pack and Process factory.  Accordingly, Pack and Process is liable for damages resulting from the negligent acts and omissions of Maly Yan which occurred while she was transporting plaintiffs to the Pack and Process factory, under doctrines of respondeat superior, master-servant, agency, and right of control.

25.    Defendant, St. Paul's Travelers a/k/a St. Paul Company ["St. Paul"], is a corporation organized and existing under the laws of the State of Minnesota, with an address for the acceptance of service of process at 385 Washington Street, Saint Paul, MN 55102, and having its principal place of business in Minnesota, with an address and place of business at 385 Washington Street, Saint Paul, MN 55102 and at all time relevant hereto, was in the business of providing insurance coverage and maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in the and City and County of Philadelphia.

26.    Maly Yan has admitted under oath that she was a Pack and Process agent/employee working within the course and scope of her employment at the time of the accident.  See Deposition Transcript of Maly Yan pp. 65, 66 Attached as Exhibit "A".   Pack and Process disputes this fact, and a declaratory judgment action is necessary to determine this

dispute.

## JURISDICTION AND VENUE

27.    This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332, by virtue of the diversity of citizenship of the parties, and because the amount in controversy, exclusive of interest and costs, is alleged to be in excess of $75,000.00.

28.    Venue is proper in this district pursuant to 28 U.S.C. §1391 (a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, the Plaintiffs reside and receive treatment in Philadelphia, Pennsylvania.

## OPERATIVE FACTS

29    On or about June 18, 2001, Defendant Charles Reistle, Sr., while acting within the course and scope of his employment with Motiva, was operating a tractor-trailer owned by Motiva with a vehicle identification number of 1XPGD09X5XD504161 ["tractor-trailer"] in a northbound direction on I-495  near Wilmington, Delaware, and toward Philadelphia, Pennsylvania.

30.    On or about June 18, 2001, Plaintiff, Yan Thou, and Plaintiff's decedents, Oeurn Mam, and Navy Yan, along with plaintiffs Chan Yan, Thuha Son, and Chieu Thi Huynh were returning from work at Pack and Process and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia.

31.    At all times relevant hereto, the 1992 Dodge Ram van was owned and operated by

5

Maly Yan, who acted as the agent of defendant Pack and Process in transporting nineteen passengers in the van back and forth to the Pack and Process factory in New Castle, Delaware. Eighteen of the passengers, including Plaintiffs Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, were contract workers supplied by Lam to work at Pack and Process, and were transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to Philadelphia at the end of the work day.

32.    At around 4:50 p.m. on June 18, 2001, Maly Yan attempted to drive the 1992 Dodge van past the Motiva tractor-trailer driven by defendant Reistle on northbound I-495  At this time, the van was carrying nineteen passengers.

33.    At about 3.4 miles north of Wilmington, Defendant Reistle steered the tractor-trailer close to the van so as to make it unsafe for Maly Yan to operate the van nearby, and thereby created a dangerous roadway condition.

34.    Maly Yan continued to operate her vehicle near the tractor-trailer, and attempted to pass the tractor-trailer, and steered to her left.  The van careened off of the left edge of the road and over a median strip and rolled over several times, causing severe injuries to all of the occupants of the van, and killing Navy Yan and Oeurn Mam, Lang Khem and Lam Khem.

35.    Plaintiffs, Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, filed a lawsuit for damages for personal injuries against Maly Yan in the Court of Common Pleas of Philadelphia County on June 11, 2003 captioned as Thou et al. v. Yan Docket No. 030601508.

See Plaintiffs complaint Attached as Exhibit B.[1]

36.    On January 14, 2005, trial commenced on the action against defendant Maly Yan before of the Honorable Sandra J. Moss, sitting without a jury.

37.    The trial was concluded on January 20, 2005, and a verdict in favor of all plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00.

38.    The individual Plaintiffs were awarded damages including wrongful death act damages and survival act damages as follows:

| | | |
|---|---|---|
| Yan Thou | $ | 2,245,779.00 |
| Oeurn Man-Wrongful Death | $ | 717,492.00 |
| Survival | $ | 1,000,000.00 |
| Total | $ | 1,717,492.00 |
| Navy Yan-Wrongful Death | $ | 1,694,295.00 |
| Survival | $ | 1,000,000.00 |
| Total | $ | 2,694,295.00 |
| Chan Yan | $ | 2,023,073.00 |
| Thula Son | $ | 1,047,828.00 |
| Chieu Thi Huynh | $ | 500,000.00 |
| TOTAL | $ | 10,228,467.00 |

39.    Maly Yan has executed an assignment of her full rights, , interests in, entitlement and claims against St. Paul Mercury Insurance Company and Pack and Process for indemnification, right to insurance coverage, contribution, bad faith and/or other remedies.

_____

[1]The June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan and other defendants by both Maly Yan and other plaintiffs. Unchalee Vong. Et al v. Maly Yan .et al., Kusti Leman. et al. v. Maly Yan. et al., Bay Thi Nguyun v. First Fleet Corp. et al., Zair Shah. et al. v. Maly Yan. et al.

7

See Maly Yan's Assignment of Rights Attached as Exhibit "C".

## COUNT I-DECLARATORY JUDGMENT

40.     Plaintiff incorporates by reference the above paragraphs as though same were set forth at length herein.

41.    At all times relevant hereto, Maly Yan was employed by Pack and Process to transport Pack and Process employees to and from the Pack and Process factory.

42.    At all time relevant hereto, the accident on June 18, 2001 occurred substantially within the authorized time and space limits designated and/or contemplated by Pack and Process to transport employees from the Pack and Process Factory.

43.    At all times relevant hereto, the acts performed by Maly Yan on June 18, 2001 were actuated by a purpose to serve Pack and Process by providing transportation to its employees.

44.    At all times relevant hereto, Maly Yan was acting in the course and scope of her employment/agency with Pack and Process.  See Deposition Transcript of Maly Yan pp. 65, 66 Attached as Exhibit A.

45.    A dispute has arisen between all plaintiffs (not just plaintiffs involved in Yan Thou et. al. v. Maly Yan)  and defendants as to whether Maly Yan was acting within the course and scope of her employment with Pack and Process while driving the plaintiffs home from work on June 18, 2001.

46.    An actual existing bona fide controversy exists between the plaintiffs and the

8

defendants as to their legal relations in respect to the aforesaid agreement and the respective rights of the parties named in this action can be determined in advance of a jury trial only by a declaratory judgment.

WHEREFORE, Plaintiffs, by and through their counsel, respectfully requests This Honorable Court to issue the following declarations:

1.    On June 18, 2001, Maly Yan was an agent/employee of Pack and Process and was acting in the course and scope of her employment with Pack and Process while transporting employees to and from the Pack and Process factory.

2.    Pack and Process is responsible to pay the entire judgment imposed upon Maly Yan in the matter of <u>Yan Thou et.al. v. Maly Yan</u>, June Term 2003 No.1503 (less payment from St. Paul, as the insurance carrier for Pack and process).

3.    St. Paul, as the insurance carrier for Pack and Process is responsible to pay for Maly Yan's actions in the matter of <u>Yan Thou et.al. v. Maly Yan</u>, June Term 2003 No.1503 in the amount of the verdict imposed upon Maly Yan, on January 20, 2005, up to and including their policy limits, for negligent acts performed by her while working as an agent/employee of Pack and Process on June 18, 2001.

4.    For such other and further relief as to this court may seem just and proper.


## COUNT II-INDEMNIFICATION

47.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth as length herein.

48.    At all times relevant hereto, St. Paul was the insurance carrier for Pack and

9

Process and provided coverage for damages sustained to third parties as a result of the conduct, actions and/or negligence of Pack and Process employees and/or agents while acting in the course and scope of their employment.

49.    The policy of insurance issued by St. Paul to Pack and Process [Policy No. CK03800708] was valid, binding and effective at the time of the injuries which forms the basis for the underlying suit.

50.    Upon information and belief, St. Paul's insurance contract with Pack and Process requires St. Paul to indemnify employees of Pack and Process for damaging negligent conduct or acts committed by employees within the course and scope of their employment.

51.    St. Paul is required to indemnify Maly Yan and pay damages to the plaintiffs in the case of Yan Thou et.al. v. Maly Yan, June Term 2003 No.1503.

52.    A dispute has arisen between all plaintiffs in the consolidated actions pending in the Superior Court of Pennsylvania, (not just plaintiffs involved in Yan Thou et. al. v. Maly Yan), and defendants as to whether Pack and Process and St. Paul, (as the insurance carrier for Pack and Process) are liable for damages arising from Maly Yan's negligence in the above referenced matter.

WHEREFORE, Plaintiffs, by and through their counsel, respectfully requests this Honorable Court order that St. Paul indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan thou, Individually and as Administrator of the estates of Ouem Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et al. v. Yan Docket No. 030601508.

10

Respectfully submitted,

KLINE & SPECTER,
A PROFESSIONAL CORPORATION,

By:    S/JONATHAN M. COHEN
SHANIN SPECTER, ESQUIRE
JONATHAN M. COHEN, ESQUIRE
JOSHUA VAN NAARDEN, ESQUIRE
Attorney for Plaintiffs
1525 Locust Street
The Nineteenth Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

Date: 2/22/05

S/ROBERT S. MILLER
Robert S. Miller, Esquire
WAPNER NEWMAN WIGRIZER & BRECHER
Attorney for Uchalee Vong, and Donkeo Phravichit

S/WARREN I. SIEGEL
Warren I. Siegel, Esquire
BERNHARDT & ROTHERMEL, PC
Attorney for Kusti Leman, Tjajah Chandra and Lani Chandra

S/RICHARD COSTIGAN
Richard Costigan, Esquire
COSTIGAN & COSTIGAN
Attorney for Zait Shah, Khan Gul, Salim Khan, Mohammad Kan

STEVEN DRANOFF
Steven Dranoff, Esquire
DRANOFF-PERSTEIN ASSOCIATES
Attorney for Soly Chan and Thorn Bum Khem

11