IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE  :
COMPANY  :
385 Washington Street  :
St. Paul, Minnesota,  :
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　and  :
　　　　　　　　　　　　　　　　　　　　:
PACK AND PROCESS, INC.  :
1400 B Street  :  Civil Action No. 05-0022 (KAJ)
Wilmington, DE.  :
　　　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiffs,  :
　　　　　　　　　　　　　　　　　　　　:   MTS
　　　v.  :
　　　　　　　　　　　　　　　　　　　　:
MALY YAN  :
2007 S. Ninth Street  :
Philadelphia, Pennsylvania,  :
　　　　　　　　　　　　　　　　　　　　:
　　　　　Defendant.  :

### AMENDED COMPLAINT FOR DECLARATORY JUDGMENT[1]

Plaintiffs, St. Paul Mercury Insurance Company (hereinafter "St. Paul") and Pack and Process, Inc. ("Pack and Process"), by and through its their counsel, ~~Christie, Pabarue, Mortensen and Young, A Professional Corporation~~, Bifferato, Gentilotti & Biden and Deasey, Mahoney & Bender, Ltd., hereby files this action seeking declaratory relief pursuant to 28 U.S.C. § 2201, and alleges in support thereof the following:

### THE PARTIES

1.　　Plaintiff, St. Paul, is a corporation organized under the laws of the State of Minnesota, maintaining its principal place of business at 385 Washington Street, St. Paul,

---

[1] Additions to the original Complaint are underscored while deletions thereto are marked with strikethrough. Additionally, an exhibit not included in the original Complaint has been appended hereto.

(c) was never authorized to drive a vehicle nor to transport other workers on Pack & Process~~, Inc.'s~~' behalf;

(d) was never expected to drive a vehicle as part of her employment with Pack & Process~~, Inc.~~; and

(e) was never requested by Pack & Process~~, Inc.~~ to drive a vehicle or to transport workers on its behalf.

13. ~~Upon information and belief,~~ Most of the passengers in the van involved in the ~~a~~Accident noted above were temporary laborers provided to Pack & Process~~, Inc.~~ by an independent contractor.

14. As a matter of law, at the time of the subject accident, defendant was not driving the vehicle within the course ~~and~~ or scope of her employment by and with Pack & Process~~, Inc~~. Nor was the vehicle being used by defendant in the conduct of Pack & Process~~, Inc.'s~~' business.

15. ~~Plaintiff~~ St. Paul has never issued an insurance policy to defendant.

16. ~~Plaintiff~~ St. Paul issued a policy of insurance, Policy No. CK03800708, to Pack & Process~~, Inc.~~, with an applicable policy period of May 1, 2001 to May 1, 2002 (hereinafter the "Policy").

17. The Policy contains general liability, auto and excess umbrella coverage with primary limits of $1 million per event and $10 million umbrella, for a total of $11 million.

18. Attached hereto as Exhibit "A" is a copy of the most relevant pages of the Policy.

19. As respects the general liability portion of the Policy, defendant does not qualify as an insured or protected person under the terms of the Policy because, among other things, driving the van at the time of the accident was not "work done within the scope of [her] employment by [Pack and Process]" and because she was not performing "duties related to the conduct of [Pack and Process'] business." See Exhibit "A", Form 47500 Rev. 1-96, at pp. 5-6 of 22.

20. Moreover, the "Auto" exclusion in the general liability portion of the Policy (Exhibit "A", Form 47500 Rev. 1-96, at p. 10 of 22) bars coverage for all claims asserted in the Underlying Tort Actions and arising out of the Accident because the Policy does not cover bodily injury, property damage, or medical expenses that result from the ownership, maintenance, use, or operation of any auto owned, operated, rented, leased, or borrowed by any protected person.

21. As respects the auto coverage contained in the Policy, Tthe vehicle being driven by Ddefendant at the time of the accident was not a "covered auto" as the term is used in the subject that Policy (Exhibit "A", Form 4449 Rev. 12-93, at pp. 2 and 4 of 10).

22. Moreover, under the terms of the auto portion of the Policy, Ddefendant is not a "permitted user" of a "protected person" as those term is used in the subject Policy, so as to give rise to a coverage obligation under the Policy for defendant's liabilities in the Underlying Tort Actions. (See Exhibit "A", Form 4499 Rev. 12-93, at p. 5 of 10).

23. As respects the umbrella excess portion of the Policy, defendant does not qualify as a "protected person" and therefore has no coverage under that aspect of the Policy. (See Exhibit "A", Form 47550 Rev. 3-96, at pp. 2, 6-7 and 9 of 10).

24. <u>There may be other terms, conditions, provisions or exclusions of the Policy which bar coverage for claims arising out of the Accident.</u>

25. Pursuant to the terms and conditions of the Policy, defendant is not an insured, additional insured, nor entitled to benefits of coverage.

26. Plaintiff<u>s</u> seeks a determination by this Court pursuant to 28 U.S.C. § 2201, *et seq.*, that no coverage is available to <s>D</s><u>defendant</u> under the Policy with respect to <s>D</s><u>defendant</u>'s liability in the Underlying Tort Actions.

27. <u>Plaintiffs further seeks a determination by this Court pursuant to 28 U.S.C. § 2201, et seq., that defendant was not acting in the course or scope of her employment at the time of the Accident.</u>

## COUNT I

28. Plaintiff<u>s</u> repeats and re-alleges paragraphs 1 through <s>19</s><u>27</u> above as though fully set forth hereunder.

29. For the reasons set forth above, <s>no coverage is due Defendant</s> <u>there is no coverage available</u> under the Policy, as matter of law, with respect to <s>her liability in the</s> <u>the claims asserted in any of the</u> Underlying Tort Actions.

WHEREFORE, <s>P</s><u>p</u>laintiff<u>s</u>, St. Paul Mercury Insurance Company <u>and Pack and Process, Inc.</u>, respectfully requests relief from this Court in the form of a declaration pursuant to 28 U.S.C. § 2201, *et seq.*, that <s>P</s><u>p</u>laintiff <u>St. Paul</u> has no obligation under the Policy to <s>defend or</s> provide indemnif<s>y</s><u>ty</u> <u>to any party in connection with the Accident or</u> <s>Defendant in</s> the Underlying Tort Actions<u>, and that Maly Yan was not acting in the</u>

course or scope of her employment with Pack and Process at the time of the Accident.

~~CHRISTIE, PABARUE, MORTENSEN and YOUNG, A Professional Corporation~~

~~BY:~~

~~Thaddeus J. Weaver
(Attorney I.D. No. 2790)
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103
(215) 587-1600~~

~~Attorneys for Plaintiff St. Paul Mercury Insurance Company~~

~~Date:~~

Dated: March 16, 2005
Wilmington, DE

BIFFERATO, GENTILOTTI & BIDEN

*/s/ Joseph K. Koury*

Vincent A. Bifferato, Sr. (#100057)
Ian Connor Bifferato (#3273)
Joseph R. Biden, III (#4203)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, PA 19103-2978
(215) 587-9400

*Attorneys for Plaintiffs*