FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 JAN 14  PM 3:07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE : 
COMPANY :
385 Washington Street :
St. Paul, Minnesota, :
        Plaintiff, :
   v. :
: Civil Action No.  05-22
:
MALY YAN :
2007 S. Ninth Street :
Philadelphia, Pennsylvania, :
        Defendant. :

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, St. Paul Mercury Insurance Company (hereinafter "St. Paul"), by and through its counsel, Christie, Pabarue, Mortensen and Young, *A Professional Corporation*, hereby files this action seeking declaratory relief pursuant to 28 U.S.C. § 2201, and alleges in support thereof the following:

### THE PARTIES

1. Plaintiff, St. Paul, is a corporation organized under the laws of the State of Minnesota, maintaining its principal place of business at 385 Washington Street, St. Paul, Minnesota.

2. Defendant Maly Yan is an individual adult residing at 2007 South Ninth Street, Philadelphia, Pennsylvania.

:466249-1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1332, by virtue of the diversity of citizenship of the parties, and because the amount in controversy, exclusive of interest and costs, is alleged to be in excess of $75,000.00.

4. This action involves the determination of coverage available to defendant under an insurance policy issued by plaintiff to Pack & Process, Inc., a Delaware corporation maintaining its principal place of business at 3 Boulden Circle, New Castle, Delaware 19720, and with respect to an auto accident in which defendant was involved, that occurred in Delaware. If coverage is available to defendant under the subject policy -- and plaintiff submits that it is not -- coverage would exist only be virtue of defendant's employment by Pack & Process, Inc. in Delaware. Thus, defendant has sufficient contacts with the State of Delaware to allow this Court to exercise personal jurisdiction over defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, the insurance policy under which the coverage question is presented was issued to the named insured in Delaware, and the auto accident giving rise to the coverage issue presented occurred in Delaware.

6. Declaratory relief in this action will serve the useful purpose of clarifying and settling the legal relations between the parties, and will terminate and afford relief from the uncertainty, insecurity, and actual and substantial controversy giving rise to the present action.

## OPERATIVE FACTS

7. This insurance coverage action arises from an auto accident that occurred on June 18, 2001, on Interstate 495 in Delaware. Upon information and belief, defendant was driving a

:466249-1

2

van in which she was transporting approximately nineteen (19) people. The accident resulted in a number of fatalities.

8. Upon information and belief, the vehicle being driven by defendant was owned by defendant or her father.

9. As a result of the accident, Defendant has been named as a defendant in a number of suits filed by certain of the injured passengers, and by the Estate of certain of the deceased passengers (hereinafter the "Underlying Tort Actions").

10. Upon information and belief, in June of 2001, defendant was employed by Pack & Process, Inc. in New Castle, Delaware as a Quality Control Line Inspector.

11. Upon information and belief, as a Quality Control Line Inspector, defendant:

   (a) was not hired by Pack & Process, Inc. to drive a vehicle;

   (b) was never paid by Pack & Process, Inc. to drive a vehicle;

   (c) was never authorized to drive a vehicle nor to transport other workers on Pack & Process, Inc.'s behalf;

   (d) was never expected to drive a vehicle as part of her employment with Pack & Process, Inc.; and

   (e) was never requested by Pack & Process, Inc. to drive a vehicle or to transport workers on its behalf.

12. Upon information and belief, the passengers in the van involved the accident noted above were temporary laborers provided to Pack & Process, Inc. by an independent contractor.

13. As a matter of law, at the time of the subject accident, defendant was not driving the vehicle within the course and scope of her employment by and with Pack & Process, Inc. Nor was the vehicle being used by defendant in the conduct of Pack & Process, Inc.'s business.

14. Plaintiff has never issued an insurance policy to defendant.

15. Plaintiff issued a policy of insurance, Policy No. CK03800708, to Pack & Process, Inc., with an applicable policy period of May 1, 2001 to May 1, 2002 (hereinafter the "Policy").

16. The vehicle being driven by Defendant at the time of the accident was not a "covered auto" as the term is used in the subject Policy.

17. Defendant is not a "permitted user" of a "protected person" as those term is used in the subject Policy, so as to give rise to a coverage obligation under the Policy for defendant's liabilities in the Underlying Tort Actions.

18. Pursuant to the terms and conditions of the Policy, defendant is not an insured, additional insured, nor entitled to benefits of coverage.

19. Plaintiff seeks a determination by this Court pursuant to 28 U.S.C. § 2201, *et seq.*, that no coverage is available to Defendant under the Policy with respect to Defendant's liability in the Underlying Tort Actions.

## COUNT I

20. Plaintiff repeats and re-alleges paragraphs 1 through 19 above as though fully set forth hereunder.

21. For the reasons set forth above, no coverage is due Defendant under the Policy, as matter of law, with respect to her liability in the Underlying Tort Actions.

WHEREFORE, Plaintiff, St. Paul Mercury Insurance Company, respectfully requests relief from this Court in the form of a declaration pursuant to 28 U.S.C. § 2201, *et seq.*, that Plaintiff has no obligation under the Policy to defend or indemnify Defendant in the Underlying Tort Actions.

CHRISTIE, PABARUE, MORTENSEN
and YOUNG
*A Professional Corporation*

BY: *Thaddeus J. Weaver*
Thaddeus J. Weaver
(Attorney I.D. No. 2790)
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103
(215) 587-1600

Attorneys for Plaintiff St. Paul
Mercury Insurance Company

Date: January 14, 2005

466249-1

5