**Bifferato Gentilotti Biden**

Vincent A. Bifferato, Jr.
Ian Connor Bifferato
Jeffrey M. Gentilotti
Joseph R. Biden, III
David A. Denham
Veronica O. Faust
Catherine Zwolak Killian
Joseph K. Koury
George T. Lees, III
Garvan F. McDaniel

Alternative Dispute Resolution

Vincent A. Bifferato
William Swain Lee
Carl Schnee

Writer's Email Address:
JKK@bgbde.com
Reply to: Wilmington

March 31, 2005

<u>ELECTRONICALLY</u>
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

  Re: *St. Paul Mercury Insurance Company and Pack and Process, Inc.*
     *v. Maly Yan*
    Civil Action No. 05-0022 (KAJ)

Dear Judge Jordan:

  Our firm, along with Francis J. Deasey, Esq. and the Deasey, Mahoney & Bender, Ltd. law firm, represents plaintiffs St. Paul Mercury Insurance Company and Pack and Process, Inc. with regard to the above-listed action. I write with respect to defendant Yan's recently-filed *Motion to Dismiss* (D.I. 16) and Plaintiffs' *Motion for Order Enjoining Later-Filed Action Filed in the Eastern District of Pennsylvania* (D.I. 11) (the *Motion to Enjoin*). Very recently, Chase T. Brockstedt, Esq. entered his appearance as Delaware counsel for the Defendant, and moved the admission *pro hac vice* of Jonathan Cohen, Esq. and Joshua Van Naarden, Esq. of the Kline & Specter law firm. Previously, Stephen B. Potter, Esq. of the Delaware law firm of Potter, Carmine & Aaronson had filed a *Motion to Dismiss* (D.I. 7) on behalf of defendant Yan, and, as a result, a *Stipulated Briefing Schedule* was entered into; that briefing schedule was executed by Mr. Potter, and listed the Kline & Specter firm as co-counsel to the Defendant.

  After reviewing the recently-filed *Motion to Dismiss* (D.I. 16), I contacted Mr. Van Naarden, who agreed with my suggestion that this motion was nearly identical to the original *Motion to Dismiss* (D.I. 7), except that the more recent motion was in response to the Amended Complaint that our firm filed. The more recent motion also removed a portion of the original motion having to deal

Bifferato, Gentilotti & Biden, P.A
www.bgbde.com

200 Biddle Avenue
Suite 203
Newark, DE 19702
Phone: 302-429-1900
Fax: 302-632-7540

1308 Delaware Avenue
Wilmington, DE 19806
P.O. Box 2165
Wilmington, DE 19899-2165
Phone: 302-429-1900
Fax: 302-429-8600

701 Rehoboth Avenue
Rehoboth Beach, DE 19971
Phone: 302-227-6600
Toll Free: 866-619-2433
Fax: 302-227-6778

**Bifferato, Gentilotti & Biden, P.A.**

The Honorable Kent A. Jordan
March 31, 2005
Page Two

with Pack and Process, Inc.'s presence as a party.[1] Mr. Van Naarden further indicated that defendant Yan would accept the Plaintiffs' previously-filed *Memorandum of Law in Opposition to Defendant's Motion to Dismiss* (D.I. 10) as responsive to the newly-filed motion, in light of the substantial similarity of both motions. Finally, Mr. Van Naarden confirmed that Mr. Potter no longer serves as Delaware counsel to the Defendant, a fact also confirmed in an earlier conversation with Mr. Brockstedt.

On March 28, 2005, the Plaintiffs filed their *Application for Oral Argument Pursuant to D. Del. LR 7.1.4* (D.I. 13), through which they request that the Court schedule oral argument as soon as practicable following the completion of briefing on both the *Motion to Dismiss* and the Plaintiffs' *Motion to Enjoin*. As of the drafting of this letter, the Defendant has not responded to the Plaintiffs' *Motion to Enjoin*, and the parties did not stipulate to a briefing schedule other than the default provisions of the Local Rules. My understanding from my conversation with Mr. Van Naarden is that defendant Yan intends to file a Reply in support of her *Motion to Dismiss* within the time frame suggested by the *Stipulated Briefing Schedule*, and that her response to the *Motion to Enjoin* is forthcoming.

Plaintiffs therefore respectfully request that the Court excuse them from formally responding to the Defendant's recently-filed *Motion to Dismiss*, and that the Court consider briefing completed on that motion when the Defendant files her Reply. Plaintiffs also reiterate their application for oral argument on that motion, as well as on the *Motion to Enjoin* when the briefing thereon is completed. To the extent a formal response to the Defendant's recently-filed *Motion to Dismiss* is required, Plaintiffs incorporate by reference all arguments raised in their *Memorandum of Law in Opposition to Defendant's [Original] Motion to Dismiss*.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[1] The Amended Complaint, unlike the Complaint, names Pack and Processs, Inc. as a plaintiff.

Bifferato, Gentilotti & Biden, P.A.

The Honorable Kent A. Jordan
March 31, 2005
Page Three

      We are available at the Court's pleasure should it have any questions.

                              Respectfully,

                              Joseph K. Koury (#4272)

xc:    Chase T. Brockstedt, Esq. (by fax)
        Francis J. Deasey, Esq. (by fax)
        Stephen B. Potter, Esq. (by fax)
        Joshua Van Naarden, Esq. (by fax)