IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, and PACK & PROCESS, INC.<br><br>      Plaintiff,<br><br>MALY YAN<br><br>      Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:    Civil Action No.    05-0022 (KAJ)<br>:<br>:<br>: |

**DEFENDANT MALY YAN'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER ENJOINING ACTION FILED IN THE EASTERN DISTRICT OF PENNSYLVANIA**

NOW COMES Defendant Maly Yan, by and through her counsel, and for reasons more fully set forth in her *Memorandum of Law in Support of her Response in Opposition to Plaintiffs' Motion for Order Enjoining Action Filed in the Eastern District of Pennsylvania* filed contemporaneously herewith, move this Court to deny Plaintiffs' Motion for Order Enjoining Action filed in the Eastern District of Pennsylvania, as further described in the accompanying memorandum.

                                        **MURPHY SPADARO & LANDON**

                                        BY:  /s/ Chase T. Brockstedt
                                        Chase Brockstedt, Esquire
                                        (I.D. No. 3815)
                                        Attorney for Defendant
                                        1011 Centre Road
                                        Suite 210
                                        Wilmington DE 19805
                                        302-472-8100

                                                 and

**KLINE & SPECTER**
A Professional Corporation
Jonathan M. Cohen, Esquire
Joshua Van Narrden, Esquire
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102
215-772-1359

DATED: March 31, 2005

# TABLE OF CONTENTS

|      |                                       | Page No. |
|------|---------------------------------------|----------|
| I.   | NATURE AND STAGE OF THE PROCEEDINGS... | 2 |
| II.  | SUMMARY OF ARGUMENT ................. | 5 |
| III. | CONCISE STATEMENT OF FACTS........... | 6 |
| IV.  | ARGUMENT............................. | 10 |
| V.   | CONCLUSION........................... | 15 |

# TABLE OF CITATIONS

Page No.

**CASES:**

E.E.O.C. v. University of Pennsylvania,
    850 F.2d 969 (3rd Cir. 1988.................................................. 10, 12, 13

Envirometrics Software, Inc. v. Georgia-Pacific Corporation,
    1997 WL 699328 (D.Del)..................................................... 10

Columbia Plaza Corp. v. Security Nat. Bank,
    525 F.2d 620 (D.C.Cir. 1975)............................................... 10

Tierney v Schweiker,
    718 F.2d 449, 457 (D.C. Cir. 1983)...................................... 11

Terra Nova Ins. Co., Ltd. v. 900 Bar Inc.
    887 F.2d 1213, 1225 (3d Cir. 1989)...................................... 11

Chase Manhattan Bank, USA, N.A. v. Freedom Card Inc.,
    265 F. Supp. 2d 455 (D.Del. 2003........................................ 11

**RULES AND STATUTES:**

FED. R. CIV. P. 19................................................................................ 3

FED. R. CIV. P. 28................................................................................ 3, 10

10 Del. C. 3104(c)(1-6). ...................................................................... 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE  :
COMPANY, and               :
PACK & PROCESS, INC.       :
                           :
        Plaintiff,         :
                           :   Civil Action No.   05-0022 (KAJ)
MALY YAN                   :
                           :
        Defendant          :

**DEFENDANT MALY YAN'S MEMORANDUM OF LAW IN SUPPORT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER ENJOINING ACTION FILED IN THE EASTERN DISTRICT OF PENNSYLVANIA**

**MURPHY SPADARO & LANDON**

BY:  /s/ Chase T. Brockstedt
Chase Brockstedt, Esquire
(I.D. No. 3815)
Attorney for Defendant
1011 Centre Road, Suite 210
Wilmington DE 19805
302-472-8100

   and

**KLINE & SPECTER**
A Professional Corporation
Jonathan M. Cohen, Esquire
Joshua Van Narrden, Esquire
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102
215-772-1359

DATED: March 31, 2005

## I. NATURE AND STAGE OF THE PROCEEDINGS

On February 23, 2005, Maly Yan along with all other interested, necessary and indispensable parties (hereafter referred to as "Maly Yan") filed an Indemnification and Declaratory Judgment Complaint in the United States District Court for the Eastern District of Pennsylvania. See Plaintiffs' Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "A." Maly Yan also filed an Amended Complaint in the United States District Court for the Eastern District of Pennsylvania contemporaneously with this response that includes an additional request for a declaration that Maly Yan was performing a duty related to the conduct of Pack and Process's business while transporting employees to and from the Pack and Process factory. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B." Maly Yan's Amended Complaint is a (2) two count complaint, asking for not only (5) different declarations but additionally requesting a judgment as to St. Paul's obligation to indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan Thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et al. v. Yan Docket No. 030601508. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."

On January 14, 2005, St. Paul filed a Complaint for Declaratory Judgment in the United States District Court for the District of Delaware in anticipation of Plaintiffs filing suit in Pennsylvania after Plaintiffs' counsel discussed their intention to file a Declaratory Judgment

action in Pennsylvania. See Affidavit of Jonathan M. Cohen attorney for Plaintiffs attached hereto as Exhibit "C." The Pennsylvania action filed by Plaintiff's includes all necessary and indispensable parties as is required by Federal Rule of Civil Procedure 19 and 28 U.S.C. § 2201 while the Delaware action filed by St. Paul is deficient for failure to join any of the van passengers that are parties to the underlying personal injury suit. See Defendant Yan's Motion to Dismiss filed in Response to St. Paul's Delaware action, attached hereto as Exhibit "D."

St. Paul's Delaware Complaint and Amended Complaint are (1) one count complaints that merely ask for a declaration that St. Paul has no obligation under their insurance policy to provide indemnity to any party in connection with the underlying tort actions, and that Maly Yan was not acting in the course and scope of her employment with Pack and Process at the time of the accident. See St. Paul's Declaratory Judgment Complaint and Amended Complaint attached as Exhibit "E." Plaintiffs' Amended complaint is a (2) two count complaint, asking for not only (5) different declarations but additionally requesting a judgment as to St. Paul's obligation to indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of <u>Thou et al. v. Yan</u> Docket No. 030601508. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."

On March 16, 2005, St. Paul sought to remedy their failure to join all necessary and indispensable parties by filing an Amended Complaint to the Delaware action, in response to a Motion to Dismiss for failure to join indispensable parties pursuant to Federal Rule of Civil

3

Procedure 19. See Defendant Yan's Motion to Dismiss filed in Response to St. Paul's Delaware action, attached hereto as Exhibit "D." S. Paul's Amended Complaint to the Delaware action is still deficient for failure to join failure to join any of the injured van passengers that are parties to the underlying personal injury suit. On March 17, 2005, St. Paul filed the instant Motion requesting that this, properly initiated, Pennsylvania action be dismissed or, in the alternative, transferred to the United States District Court for the District of Delaware.

## II.   SUMMARY OF ARGUMENT

This action was filed in anticipation of Plaintiffs filing suit in Pennsylvania. See Affidavit of Jonathan M. Cohen attorney for Plaintiffs attached hereto as Exhibit "C." This type of misuse of the Declaratory Judgment Act to gain procedural advantage and preempt the forum choice of Maly Yan precludes Plaintiffs from invoking the first-filed rule. The action properly filed in the United States District Court for the Eastern District of Pennsylvania contains different and distinct parties and issues from the instant Delaware action making the first-filed rule inapplicable and an order for enjoining the Pennsylvania action improper.

## III. CONCISE STATEMENT OF FACTS

On or about June 18, 2001, Yan Thou, Oeurn Mam, Navy Yan, Chan Yan, Thuha Son, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, Lang Khem and Lam Khem were returning from work at Pack and Process and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia. The 1992 Dodge Ram van was owned and operated by Maly Yan, who, twice under oath, admitted to acting as the agent of defendant Pack and Process in transporting nineteen passengers in the van back and forth to the Pack and Process factory in New Castle, Delaware. Eighteen of the passengers were contract workers supplied by Lam to work at Pack and Process, and were transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to Philadelphia at the end of the work day.

At around 4:50 p.m. on June 18, 2001, Maly Yan attempted to drive the 1992 Dodge van past a Motiva tractor-trailer driven on northbound I-495. At this time, the 15 passenger van was carrying nineteen passengers[1]. At about 3.4 miles north of Wilmington, the operator of the tractor trailer steered the tractor-trailer close to the van so as to make it unsafe for Maly Yan to operate the van nearby, and thereby created a dangerous roadway condition. Maly Yan also negligently lost control of the van and swerved into the tractor-trailer. The van careened off of the left edge

---

[1]The van was dangerously overloaded because of the acts and omissions of Pack and Process. Plaintiffs' Complaint ¶ 39(h). This is the basis for direct (non-vicarious) claims of Pack and Process's liability for damages that were brought by the injured plaintiffs and decedents' estates. Plaintiffs' Complaint Count III.

6

of the road and over a median strip and rolled over several times, causing severe injuries to all of the occupants of the van, and killing Navy Yan, Oeurn Mam, Mohammed Azim, Lang Khem and Lam Khem. Yan Thou, individually and as the administrator of the estates of Oeurn Mam and Navy Yan and Chan Yan, Thuha Son, Chieu Thi Huynh filed a lawsuit for damages for personal injuries against Maly Yan in the Court of Common Pleas of Philadelphia County on June 11, 2003 captioned as Thou et al. v. Yan Docket No. 030601508. See Plaintiffs complaint Attached as Exhibit "A."[2]

In addition to the above action filed against Maly Yan, the fatal June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan and other defendants by both Maly Yan and other plaintiffs. To date, there are five (5) other cases which have been filed on behalf of persons injured in this accident. All of these cases contain allegations that Maly Yan was working in the course and scope of her employment with Pack and Process at the time of the accident. These cases were consolidated for all purposes with the Yan Thou case by Order of court[3] dated February 21, 2003. That entire consolidated action is currently on appeal to the Pennsylvania Superior Court, which is to decide whether the action was properly dismissed by the trial court on grounds of *forum non conveniens*. Ultimately, those cases will be tried to a jury (in either Pennsylvania or Delaware), which will necessarily decide the factual issues of Maly Yan's agency, course and scope, and who had a right of her control.

Only on one action filed against only, Maly Yan, was never consolidated and proceeded to

---

[2]The June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan and other defendants by both Maly Yan and other plaintiffs.

[3]Unchalee Vong, Et al v. Maly Yan ,et al., Kusti Leman, et al. v. Maly Yan, et al., Bay Thi Nguyun v. First Fleet Corp, et al., Zair Shah, et al. v. Maly Yan, et al.

7

trial on January 14, 2005, against only defendant Maly Yan before the Honorable Sandra J. Moss, sitting without a jury[4]. The trial was concluded on January 20, 2005, and a verdict in favor of all plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00. The disposition of that one action (which does not include all plaintiffs-who have a right to a jury trial on all issues, including Maly Yan's agency-or all defendants) gave rise to the instant declaratory judgment action, which was filed only by the insurer for Pack and Process, and which names only Maly Yan as a defendant.

On February 2, 2005, St. Paul Mercury Insurance Company filed its Declaratory Judgment Action in the United States District Court for the District of Delaware, but failed to join another entity previously alleged to have employed Maly Yan: Lam Personnel Service Inc. (See St. Paul's Complaint for Declaratory Judgment attached as Exhibit "E"). St. Paul has additionally failed to join any and all plaintiffs in the underlying tort case: Thou Yan, individually and as the administrator of the Estates of Ouern Mam, deceased and Navy Yan, deceased, Thula Son, Chan Yan, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Tjajah Chandra, as mother and legal guardian of Lani Chandra and Lani Chandra in her own right, Zair Shah, Khan Gul, Salim Khan and Mohammed Khan as the co-administrators of the estate of Azim Mohammed, Soly Chan as administrator of the estate of Lang Khem, and Thorn Bun Khem, as administrator of the estate of Lam Khem. These parties were passengers injured (or killed in the case of an estate) in the van driven by Defendant Maly Yan, and have vital but unrepresented interests in the outcome of this action yet cannot be joined due to a lack of personal jurisdiction,

---

[4]Counsel for Pack and Process was given notice of this trial in Pennsylvania, but declined to intervene or participate; choosing instead to sit in the public gallery during the proceedings.

requiring dismissal of this action. On March 16, 2005, St. Paul filed an Amended Complaint for Declaratory Judgment adding its insured Pack and Process as a named party, but still failed to join all interested, necessary and indispensable parties. See St. Paul's Amended Complaint attached hereto as Exhibit "E."

## IV.  ARGUMENT

I.  **The First-Filed Rule Cannot not Be Applied Because Plaintiffs Instituted This Delaware Action in Anticipation of the Imminent Filing of the Pennsylvania Action**

The seminal case in this Circuit is E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir. 1988).  As explained by the Third Circuit in E.E.O.C.,

> "courts have consistently recognized that the first-filed rule is not a rigid or inflexible rule to be mechanically applied . . .Bad faith . . . and forum shopping have always been regarded as proper basis for departing from the rule.  Similarly, courts have rejected the rule when the first filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum."

Envirometrics Software, Inc. v. Georgia-Pacific Corporation, 1997 WL 699328 (D.Del)(quoting E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir. 1988).  The letter and spirit of the first filed rule, therefore are grounded on equitable principles.  Columbia Plaza Corp. v. Security Nat. Bank, 525 F.2d 620 (D.C.Cir. 1975).The rule's primary purpose is to avoid burdening the federal judiciary yet, fundamental fairness dictates the need for fashioning a flexible response to the issue of concurrent jurisdiction.  Id.

This conversation with counsel for Pack and process induced Plaintiffs' counsel to mark time while St. Paul won the "race to the courthouse" is precisely the type of "misuse of the Declaratory Judgment Act to gain procedural advantage and preempt the forum choice of the plaintiff in the coercive action.  Not only do these circumstances constitute a recognized exception to the first-filed rule, but constitute as well a framework for analyzing the exercise of the court's discretion under the Declaratory Judgment Act, 28 U.S. C. §2201(a), which provides:

> "In a case of actual controversy within its jurisdiction...any court of
> the United States, upon the filing of an appropriate pleading, may

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Id.

Declaratory relief is appropriately awarded when it will "serve a useful purpose in clarifying the legal relations in issue or terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding" Tierney v Schweiker, 718 F.2d 449, 457 (D.C. Cir. 1983). It is generally recognized, however, that "[t]he Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal." I.d. Indeed, the Third Circuit has instructed courts to look critically at

> "any attempt to circumvent the laudable purposes of the Act, and [to] seek to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." Terra Nova Ins. Co., Ltd. v. 900 Bar Inc. 887 F.2d 1213, 1225 (3d Cir. 1989).

The Plaintiffs reliance on Chase Manhattan Bank, USA, N.A. v. Freedem Card Inc., 265 F. Supp. 2d 455 (D.Del. 2003) is misplaced. In Chase Manhattan, the court, while recognizing the well established "race to the courthouse" exception to the first filed rule, was not asked to determine if such facts existed as to invoke said exception. Id. Additionally, as explained more in depth below the facts in Chase Manhattan demonstrated that the issues in both competing action were identical. Id. at 450. Accordingly, this Delaware action was not filed in good faith, the parties and issue are different and the first filed rule cannot be utilized by Plaintiffs to enjoin the properly filed Pennsylvania action.

## II. The First Filed Rule Cannot be Used to Enjoin the Pennsylvania Action Because the Parties and Issues in the Pennsylvania Action are Different than this Delaware Action

The first filed rule cannot be utilized to enjoin the properly filed Pennsylvania action

11

because it consists of different and distinct parties and issues. The Third Circuit held that the first-filed rule is applicable to "proceedings involving the same parties and the same issues already before another district court." E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir. 1988)  In this case, the parties and issues differ from the parties and issues in the Delaware action, thereby precluding application of the first-to-file rule. District courts have consistently followed the E.E.O.C. requirement that the parties and issues be the same before applying the first-filed rule. Id.

Even a cursory review of the parties involved in the Pennsylvania action and Delaware action reveals important and undeniable differences. Thou Yan, Ouern Mam, deceased, Navy Yan, deceased, Thula Son, Chan Yan, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, deceased, Lang Khem, deceased and Lam Khem, deceased were all passengers in the van driven by Maly Yan and actions on their behalf are currently in suit. A declaration as to whether or not Maly Yan was acting within the course and scope of her employment when the accident occurred will likely determine whether all of the injured parties can recover from Pack and Process (and its insurance carrier) for the vicarious liability for Maly Yan's conduct. Thus, all passengers and their estates (who are seeking to recover from the same policy limits and pool of assets, and therefore have divergent interests) have a vital interest in the outcome of this of this Declaratory Judgment Action, and have a right to protect their divergent interests in the determination of the issues presented in this Declaratory Judgment action.

Indeed, in St. Paul's Brief in Support of their Motion to Dismiss the Pennsylvania action they admit that, "the Pennsylvania Action contains more parties." See St. Paul's Brief in Support

12

of the Motion to Dismiss, pg. 7, attached hereto as Exhibit "F." Despite their crucial interests in this action, these passengers are not listed as parties to the Delaware action. The properly filed Pennsylvania action includes the additional (16) sixteen van passenger that have a unique interest in this Pennsylvania action. Therefore the parties in the Pennsylvania action are distinct and different from the parties in the Delaware action and the first-filed rule does not apply.

An analysis of the issues involved in the Pennsylvania action reveal that it contains issues that are independent and different then the issues in the Delaware action. St. Paul's Delaware Complaint and Amended Complaint are (1) one count complaints that merely ask for a declaration that St. Paul has no obligation under their insurance policy to provide indemnity to any party in connection with the underlying tort actions, and that Maly Yan was not acting in the course and scope of her employment with Pack and Process at the time of the accident. See St. Paul's Declaratory Judgment Complaint and Amended Complaint attached as Exhibit "E." Plaintiffs' Amended complaint is a (2) two count complaint, asking for not only (5) different declarations but additionally requesting a judgment as to St. Paul's obligation to indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et al. v. Yan Docket No. 030601508. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."

St. Paul seeks to dilute the first-filed rule by suggesting that the parties and issues need only be "similar". St. Paul's position is inconsistent with the law of this Circuit. The Third Circuit memorialized their position in E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd

13

Cir. 1988) by explaining that the parties and issue must be the same. Therefore Plaintiffs reliance on "similarities" in these different and distinct actions is irrelevant. Furthermore, there cannot be personal jurisdiction over the van passengers in the Delaware action under 10 Del. C. 3104(c)(1-6). In order for this Court to exercise jurisdiction under Subsections (c)(1), some acts performed in an individual capacity must actually occur in Delaware. As such, the requirements for personal jurisdiction under the Delaware Long Arm Statute cannot be satisfied and accordingly the Pennsylvania action would have to be litigated in order to ensure that all the interested and indispensable parties are represented as named parties. For the reasons stated above it is improper for this Court to apply the first filed rule to enjoin the action currently pending in the United States District Court for the Eastern District of Pennsylvania.

## V. CONCLUSION

For the foregoing reasons, Maly Yan respectfully requests that this Court deny Plaintiffs' Motion for Order to Enjoin the Pennsylvania action.

                              **MURPHY SPADARO & LANDON**

                              BY: /s/ Chase T. Brockstedt
                              Chase Brockstedt, Esquire
                              (I.D. No. 3815)
                              Attorney for Defendant
                              1011 Centre Road
                              Suite 210
                              Wilmington DE 19805
                              302-472-8100

                              and

                              **KLINE & SPECTER**
                              A Professional Corporation
                              Jonathan M. Cohen, Esquire
                              Joshua Van Narrden, Esquire
                              The Nineteenth Floor
                              1525 Locust Street
                              Philadelphia, PA 19102
                              215-772-1359

DATED: March 31, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | : : | |
| Plaintiff, | : : | |
| | : | Civil Action No.    05-0022 (KAJ) |
| MALY YAN | : : | |
| Defendant | : | |

## NOTICE OF SERVICE

I, Chase T. Brockstedt, Esq., do hereby certify that on this 31ST day of March, 2005, two copies of the foregoing **DEFENDANT MALY YAN'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER ENJOINING ACTION FILED IN THE EASTERN DISTRICT OF PENNSYLVANIA** were delivered via First Class Mail to the following individual(s):

Frank Deasey, Esquire
Deasey, Mahoney, Bender, Ltd.
1800 JFK. Blvd., Suite 1300
Philadelphia, PA 19103

Joseph K. Koury, Esquire
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899

**MURPHY, SPADARO & LANDON**

BY: /s/ Chase T. Brockstedt
Chase T. Brockstedt, Esquire
(I.D. No. 3815)
Attorney for Defendant
1011 Centre Road, Suite 210
Wilmington DE 19805
(302) 472-8109

DATED: March 31, 2005