**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

BY:   **SHANIN SPECTER, ESQUIRE**
         **JONATHAN M. COHEN, ESQUIRE**
**Attorney I.D. Nos. 40928/69062**
**Attorneys for Plaintiffs**
**1525 Locust Street**
**The Nineteenth Floor**
**Philadelphia, Pennsylvania 19102**
**(215) 772-1000**

| | | |
|---|---|---|
| **YAN THOU, Individually and as** | : | **COURT OF COMMON PLEAS** |
| **Administrator of the Estates of Oeurn** | : | **PHILADELPHIA COUNTY** |
| **Mam, Deceased and Navy Yan, Deceased** | : | |
| **2007 So. 9th Street** | : | **JUNE, 2003** |
| **Philadelphia, Pennsylvania 19148** | : | |
|         **AND** | : | **NO. 001508** |
| **CHAN YAN** | : | **JURY TRIAL DEMANDED** |
| **2307 So. 9th Street** | : | |
| **Philadelphia, Pennsylvania 19148** | : | |
|         **AND** | : | |
| **THUA SON** | : | |
| **534 Reed Street** | : | |
| **Philadelphia, PA 19148** | : | |
|         **AND** | : | |
| **CHIEU THI HUYNH** | : | |
| **402 Tree Street** | : | |
| **Philadelphia, Pennsylvania 19148** | : | |

PRESENTED FOR REVIEW
PRO PROTHY
2003 JUL 30 PH 2:33

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

**ADVISO**

Le han demandado a used en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

|  |  |
|---|---|
|  | : |
|  | : |
| V. | : |
|  | : |
| **MALY YAN** | : |
| **2007 South Ninth Street** | : |
| **Philadelphia, Pennsylvania 19148** | : |

### CIVIL ACTION - COMPLAINT (2. Personal Injury)
### 2v - MOTOR VEHICLE ACCIDENT

1.    Plaintiff, Yan Thou, is an adult individual and citizen of the

Commonwealth of Pennsylvania, residing therein at 2007 So. 9th Street, Philadelphia,

Pennsylvania 19148.

2.    Plaintiff Yan Thou, is the husband of Oeurn Mam, Deceased and the duly

appointed Administrator of the Estate of Oeurn Mam.  See copy of the Letters of

Administration attached hereto at Exhibit "A."

3.    Prior to her death on June 18, 2001, Oeurn Mam was an adult and citizen

of the Commonwealth of Pennsylvania, and was married to Plaintiff, Yan Thou, and

resided with him at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

4.    Plaintiff Yan Thou, is the father of Navy Yan, and the duly appointed

Administrator of the Estate of Navy Yan, Deceased.  A copy of the Letters of

Administration are attached hereto at Exhibit "B."

5.    Prior to his death on June 18, 2001, Navy Yan was a minor and the son of

Plaintiff, Yan Thou, and Oeurn Mam, deceased, and resided with his parents at 2007 So.

9th Street, Philadelphia, Pennsylvania 19148.

2

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

6.    Plaintiff, Chan Yan, is an adult individual and citizen of the

Commonwealth of Pennsylvania residing at 2307 So. 9th Street, Philadelphia,

Pennsylvania 19148.

7.    Plaintiff, Thuha Son, is an adult individual and citizen of the

Commonwealth of Pennsylvania residing at 534 Reed Street, Philadelphia, Pennsylvania

19148.

8.    Plaintiff, Chieu Thi Huynh, is an adult individual and citizen of the

Commonwealth of Pennsylvania residing at 402 Tree Street, Philadelphia, Pennsylvania

19148.

9.    Defendant Maly Yan ["Maly Yan"] is an adult individual with a residence

at  2007 S. Ninth Street, Philadelphia, Pennsylvania and at all times relevant hereto, was

acting within the course and scope of hemployment as a tractor-trailer driver for Motiva.

10.    First Fleet Corporation, d/b/a Motiva Enterprises, LLC, [hereinafter

"Motiva"] is a corporation or other jural entity duly organized and existing under the

laws of Delaware, with its principal place of business located at River Road and J Street,

Delaware City, Delaware 19706, and at all times relevant hereto, was in the business of

producing, selling, and distributing fuel oils and petroleum products, and maintained

substantial, continuous and systematic business contacts with the Commonwealth of

Pennsylvania and regularly conducted a substantial part of its regular business in the and

City and County of Philadelphia.

3

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

11.    First Fleet Corporation, d/b/a Motiva Enterprises, LLC, [hereinafter "Motiva"] is a Texas corporation with a principle place of business at 1100 Louisiana Street, Houston, TX 77002.

12.    Motiva operates an oil refinery at 1812 River Road in Delaware City, Delaware 19706.

13.    Motiva mainstreams downstream operations for three oil giants; it was formed in 1998 to combine the eastern and southeastern U.S. refining and marketing businesses of Texaco, Shell Oil and Saudi Aramco.

14.    Motiva operates approximately 14,600 Shell and Texaco gasoline retail outlets in the United States and regularly conducts business in the City and County of Philadelphia, and the Commonwealth of Pennsylvania.

15.    Including the refinery in Delaware City, Delaware, Motiva operates three refineries on the Gulf Coast.  It has a total refining capacity of 850,000 barrels a day; estimated sales for the fiscal year 2000 were $19,446,000,000.00 with total assets of $6.5 billion.

16.    Pack and Process, Inc., ["Pack and Process"] is a corporation or other jural entity duly organized and existing under the laws of Delaware, with its principal place of business located at 3 Boulden Circle, New Castle, DE 19720, and a mailing address at P.O. Box 883, New Castle, DE 19720, and at all times relevant hereto, was in the business packaging food, pharmaceuticals, and other consumer items, and maintained substantial, continuous and systematic business contacts with the Commonwealth of

4

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

Pennsylvania and regularly conducted a substantial part of its regular business in the and City and County of Philadelphia.

17.     At all times relevant hereto, Pack and Process obtained contract laborers to work in its factory in New Castle, Delaware by employing a staffing agency to supply contract workers from Philadelphia, and by employing a driver to transport more than fifteen contract workers and passengers to the factory and back to Philadelphia in a fifteen passenger van.

18.     Lam Personnel Services, Inc., a/k/a Lam Staff, Inc. ["Lam"] is a corporation or other jural entity duly organized and existing under the laws of the Commonwealth of Pennsylvania with a registered address and principal place of business located at 620 E. Erie Avenue #6, Philadelphia, Pennsylvania, and at all times relevant hereto, was in the business of providing contract laborers to factories and businesses, including to Pack and Process, and regularly conducted a substantial part of its regular business in Philadelphia, Pennsylvania.

19.     On or about June 18, 2001, Charles Reistle, Sr., while acting within the course and scope of his employment with Motiva, was operating a tractor-trailer owned by Motiva with a vehicle identification number of 1XPGD09X5XD504161 ["tractor-trailer"] in a northbound direction on I-495  near Wilmington, Delaware, and toward Philadelphia, Pennsylvania.

20.     On or about June 18, 2001, plaintiff Yan Thou, and plaintiff's decedents, Oeurn Mam, and Navy Yan, along with plaintiffs Chan Yan, Thuha Son, and Chieu Thi Huynh were returning from work at Pack and Process and were passengers in a 1992

5

**ᴧᴧLINE & SPECTER**
A PROFESSIONAL CORPORATION

Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia.

21.    At all times relevant hereto, the 1992 Dodge Ram van was owned and operated by Defendant Maly Yan, who acted as the agent of Pack and Process in transporting nineteen passengers in the van back and forth to the Pack and Process factory in New Castle, Delaware. Eighteen of the passengers, including Plaintiffs Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, were contract workers supplied by Lam to work at Pack and Process, and were transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to Philadelphia at the end of the work day.

22.    While the 1992 Dodge van was traveling from Pack and Process to Philadelphia, Charles P. Reistle, Sr., ["Reistle"] was operating a 1999 Peterbuilt Tractor in the northbound lanes of I-495 in Delaware. The tractor-trailer bore Delaware license plate no. CL104430, and was/is owned by Motiva, and was carrying Motiva products for distribution, including 6000 gallons of gasoline and 2400 gallons of diesel fuel.

23.    At all times relevant hereto, Reistle was acting as an agent, workman, employee, contractor and/or subcontractor of Motiva, and was deemed to be an agent of Motiva by Federal Motor Carrier Regulations.

24.    At around 4:50 p.m. on June 18, 2001, Maly Yan attempted to drive the ?92 Dodge van past the Motiva tractor-trailer driven by defendant Reistle on rthbound I-495  At this time, the van was carrying nineteen passengers.

6

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

25.    At about 3.4 miles north of Wilmington,  Reistle steered the tractor-trailer close to the van so as to make it unsafe for Maly Yan to operate the van nearby, and thereby created a dangerous roadway condition.

26.    Maly Yan continued to operate her vehicle near the tractor-trailor, and attempted to pass the tractor-trailer, and steered to her left.  The van careened off of the left edge of the road and over a median strip and rolled over several times, causing severe injuries to all of the occupants of the van, and killing Navy Yan, Oeurn Mam, Khem Lang, Mohammad Azim , and Lam Khem.

27    As a result of the wrongful, negligent and reckless acts and omission of defendant as set forth herein and as a result of the conduct previously plead in the actions of March Term, 2003, N0. 001293, Yan Thou, Oeurn Mam, Navy Yan, Chan Yan, Thuha Son, and Chieu Thi Huynh suffered catastrophic and traumatic injuries.  The injuries to Oeurn Mam and Navy Yan include, but are not limited to, the following:

a.    orthopaedic injuries including bone fractures and breaks;

b.    traumatic head and brain injuries;

c.    injuries to the heart, lungs, and vasculature;

d.    neurologic injury;

e.    blood loss;

f.    damages to tissues, organs, and skeleton; and

g.    anoxic injury.

28.    As a direct and proximate result of the wrongful, negligent and reckless conduct of the defendant, Oeurn Mam and Navy Yan died.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

29.    As a result of the wrongful, negligent and reckless acts and omissions of

defendant as set forth herein, Yan Thou, Thuha Son, Chan Yan, Chieu Thi Huynh

suffered catastrophic and traumatic injuries, including but not limited to:

      a.     orthopaedic injuries, including bone fractures and breaks;

      b.     head injuries;

      c.     injuries to heart, lungs and vasculature;

      d.     injuries to skin, tissues, organs, nerves and bones;

      e.     neurologic injury;

      f.     blood loss;

      g.     anoxic injury; and

      h.     psychological and emotional injuries and distress

30.    The injuries to Yan Thou, Thuha Son, Chan Yan, and Chieu Thi Huynh

and injuries to and deaths of Oeurn Mam and Navy Yan, were caused exclusively by the

conduct of the defendant, and not by any conduct on the part the van's passengers.

31.    As a direct and proximate result of the wrongful conduct and negligence

of defendant and the conduct previously plead in the actions pending at March Term,

2003, No. 001293, as set forth above, Oeurn Mam and Navy Yan, suffered the following

additional damages:

      a.     pain and suffering;

      b.     mental anguish;

      c.     loss of earnings and earnings capacity;

      d.     loss of future earnings and future earnings capacity.

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

32.     As a direct and proximate result of the wrongful conduct and negligence of defendant as set forth above, Yan Thou, Thuha Son, Chieu Thi Huynh and Chan Yan suffered the following additional damages:

      a.     pain and suffering;

      b.     medical expenses;

      c.     mental anguish;

      d.     embarrassment;

      e.     disfigurement;

      f.     humiliation;

      g.     loss of life's pleasures;

      h.     loss of earnings and earnings capacity; and

      i.     loss of future earnings and future earning capacity.

### COUNT I
### Plaintiffs v. Defendant Maly Yan

34.     The allegations stated above are incorporated herein by reference as though fully set forth at length herein.

35.     The wrongful and negligent conduct of Maly Yan, consisted of, among other things, the following:

      a.     negligently directing and causing the van to be overloaded and unsafe on the roadway;

9

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

b.    failure to institute and/or enforce policies and procedures regarding safe operation and maintenance of vehicles used in transporting workers;

c.    negligence and wrongful conduct in causing her vehicle to come in contact with the tractor-trailor;

d.    failure to operate her vehicle in a safe manner;

l.    failure to have the vehicle under proper and adequate control;

m.    failure to properly brake and steer the vehicle;

n.    operating the van with overworn and/or unsafe tires;

o.    failure to yield the right-of-way;

p.    failure to keep a proper look-out;

q.    failure to warn other motor vehicle operators of a known dangerous and hazardous condition;

r.    creating a dangerous and hazardous roadway condition;

s.    operating the vehicle in an inattentive manner;

t.    failure to exercise reasonable care in the operation of the motor vehicle;

u.    failure to afford the tractor-trailer's driver proper and sufficient notice and warning of the van's position and path of travel;

v.    negligent operation of the vehicle;

w.    failure to operate the motor vehicle in accordance with existing traffic conditions;

10

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

x.    failure to abstain from operating a motor vehicle when contraindicated by lack of sleep and/or physical condition;

y.    deciding to operate a motor vehicle while not properly rested or alert.

z.    failure to use caution;

(aa)    operating the motor vehicle without due regard to the rights, safety and position of the tractor-trailor;

(bb)    failing to keep a proper lookout;

(cc)    operating the motor vehicle without due regard to the traffic, use, width and purpose of the roadway;

(dd)    negligence as a matter of law;

(ee)    operating the vehicle in violation of the laws of the State of Delaware and Commonwealth of Pennsylvania and applicable local ordinances and regulations pertaining to the operation of a motor vehicle;

(ff)    negligently operating the vehicle in disregard of the rules of the road;

(gg)    failure to prevent the injuries to the occupants of the van;

(hh)    failure to utilize a warning horn or alarm.

(ii)    failure to operate the vehicle with regard to the rights and safety of others;

(jj)    failure to be properly qualified as a van driver;

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

(kk)    failing to exercise due care under the circumstances.

## FIRST CAUSE OF ACTION
## WRONGFUL DEATH of Oeurn Mam
## Yan Thou, Administrator of The Estate Of Oeurn Mam, Deceased v. Maly Yan

37.    The allegations stated above are incorporated herein by reference as
though fully set forth at length herein.

38.    Plaintiff's decedent, Oeurn Mam, left surviving beneficiaries under the
Wrongful Death Act, 42 Pa.C.S.A. Sec. 8301.

> Yan Thou - Spouse
>
> Vanaak    - son
>
> Maly Yan - daughter
>
> Chan Yan - sister

39.    Plaintiff, Yan Thou, Administrator of the Estate of Oeurn Mam, Deceased,
claims damages for pecuniary losses suffered by the aforementioned beneficiaries by
reason of the decedent's death, as well as reimbursement for medical bills, funeral
expenses, estate administration, and other expenses and damages recoverable under the
Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. Sec. 83011.

40.    As a result of the death of plaintiff's decedent, her survivors have been
deprived of the earnings, maintenance, guidance, support and comfort they would have
received from her for the rest of her nature life, and has suffered pecuniary losses under
the Wrongful Death Act.

12

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

41.    Plaintiff claims under the Wrongful Death Act an amount to compensate the decedent's survivors for the losses of contribution between the time of her death and today and the amount the decedent would have contributed to the support of her survivors between today and the end of her life expectancy.

42.    Plaintiff claims under the Wrongful Death Act the monetary contribution which decedent would have contributed to her survivors for pecuniary value of the services, society and comfort for which would have been provide by her to them.

43.    Plaintiff further claims under the Wrongful Death Act all damages allowed under the law, including, but not limited to, damages under the category of administrator's expenses, support and services as defined under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Yan Thou, Administrator of the Estate of Oeurn Mam, Deceased, demands all damages recoverable under the Pennsylvania Wrongful Death Act against the defendant, jointly and severally with the defendants named in the actions pending at March Term, 2003, No. 001293, in an amount in excess of the local arbitration rules and in excess of $50,000.00, exclusive of delay damages, pre-judgment interest, post-judgment interest and costs.

**SECOND CAUSE OF ACTION**
**SURVIVAL ACTION on behalf of Estate of Oeurn Mam**
**Yan Thou, Administrator of the Estate of Oeurn Mam, Deceased v. Maly Yan**

44.    The allegations stated above are incorporated herein by reference and made a part hereof as though same were set forth at length herein.

13

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

45.    Plaintiff, Yan Thou, Administrator of the Estate of Oeum Mam, Deceased, brings this survival action on behalf of the Estate of Oeum Mam, Deceased under and by virtue of 42 Pa.C.S.A. Sec. 8302, and the applicable Rules of Civil Procedure and decisional law.

46.    As a result of the acts and omissions of defendant, the negligence, carelessness and fault of defendant, as stated above, plaintiff's decedent, Oeum Mam, was caused grave injuries, pain and suffering, and death resulting in the entitlement to damages by Oeum Mam's survivors and Estate under the Survival Act.

47.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Oeum Mam, deceased, claims loss of earnings and economic loss of the decedent's estate, including but not limited to, decedent's total estimated future earning power less her cost of personal maintenance as a result of decedent's death.

48.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Oeum Mam, deceased, claim all loss of income, retirement and social security income as a result of decedent's death.

49.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Oeum Mam, deceased, claim damages for the pain, suffering and inconvenience endured by the decedent prior to death, including, but not limited to, physical pain and suffering, and the fright and mental suffering attributed to the peril leading to decedent's death.

14

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

50.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Oeurn Mam. deceased, claim the full measure of damages under the Survival Act and decisional law interpreting said act.

WHEREFORE. Yan Thou, Administrator of the Estate of Oeurn Mam, deceased, demands all recoverable damages under the Pennsylvania Survival Act against the defendant, jointly and severally with the defendants named in the action pending at March Term, 2003, No. 001293, in an amount in excess of $50,000.00 and in excess of prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest and costs.

## THIRD CAUSE OF ACTION
## WRONGFUL DEATH OF Navy Yan
## Yan Thou, Administrator of The Estate of Navy Yan, Deceased v. All Defendant

51.    The allegations stated above are incorporated herein by reference as though fully set forth at length herein.

52.    Plaintiff's decedent, Navy Yan, left surviving beneficiaries under the Wrongful Death Act, 42 Pa.C.S.A. Sec. 8301.

Yan Thou - Father

Vanaak    - Brother

Maly Yan - Sister

53.    Plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, Deceased, claims damages for pecuniary losses suffered by the aforementioned beneficiaries by reason of the decedent's death, as well as reimbursement for medical bills, funeral

15

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

expenses, estate administration, and other expenses and damages recoverable under the

Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. Sec. 83011.

54.    As a result of the death of plaintiff's decedent, his survivors have been

deprived of the earnings, maintenance, guidance, support and comfort they would have

received from him for the rest of his natural life, and has suffered pecuniary losses under

the Wrongful Death Act.

55.    Plaintiffs claim under the Wrongful Death Act an amount to compensate

the decedent's survivors for the losses of contribution between the time of his death and

today and the amount the decedent would have contributed to the support of his

survivors between today and the end of his life expectancy.

56.    Plaintiffs claim under the Wrongful Death Act the monetary contribution

which decedent would have contributed to his survivors for pecuniary value of the

services, society and comfort for which would have been provide by him to them.

57.    Plaintiffs further claim under the Wrongful Death Act all damages

allowed under the law, including , but not limited to, damages under the category of

administrator's expenses, support and services as defined under the laws of the

Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Yan Thou, Administrator of the Estate of Navy Yan

Deceased, demands all damages recoverable under the Pennsylvania Wrongful Death Act

against the defendant, jointly and severally, with the defendants named in the action

pending in an amount in excess of the local arbitration rules and in excess of $50,000.00,

exclusive of delay damages, pre-judgment interest, post-judgment interest and costs.

16

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

### FOURTH CAUSE OF ACTION
### SURVIVAL ACTION on behalf of Estate of Navy Yan
### Yan Thou, Administrator of the Estate of Navy Yan, Deceased v. All Defendant

58.    The allegations stated above are incorporated herein by reference and made a part hereof as though same were set forth at length herein.

59.    Plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, Deceased, brings this survival action on behalf of the Estate of Navy Yan, Deceased under and by virtue of 42 Pa.C.S.A. Sec. 8302, and the applicable Rules of Civil Procedure and decisional law.

60.    As a result of the acts and omissions of defendant, the negligence, carelessness and fault of defendant, as stated above, plaintiff's decedent, Navy Yan was caused grave injuries, pain and suffering, and death resulting in the entitlement to damages by Navy Yan's survivors and Estate under the Survival Act.

61.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, deceased, claims loss of earnings and economic loss of the decedent's estate, including but not limited to, decedent's total estimated future earning  power less his cost of personal maintenance as a result of decedent's death.

62.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, deceased, claim all loss of  income, retirement and social security income as a result of decedent's death.

63.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, deceased, claim damages for the pain, suffering

17

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

and inconvenience endured by the decedent prior to death, including, but not limited to, physical pain and suffering, and the fright and mental suffering attributed to the peril leading to decedent's death.

64.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, deceased, claim the full measure of damages under the Survival Act and decisional law interpreting said act.

WHEREFORE, Yan Thou, Administrator of the Estate of Navy Yan, deceased, demands all recoverable damages under the Pennsylvania Survival Act against the defendant, jointly and severally, with the defendants named in the action pending in March Term, 2003, No. 001293, in an amount in excess of $50,000.00 and in excess of prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest and costs.

**FIFTH CAUSE OF ACTION**
**Yan Thou, Thuha Son and Chan Yan v. Maly Yan**

64.    The allegations stated above are incorporated herein by reference and made a part hereof.

65.    As a direct and proximate result of the negligence and wrongful conduct of the defendant as set forth above and the defendants as previously plead in the action pending at March Term 2003, No. 001293, Yan Thou, Thuha Son, Chan Yan, and Chieu Thi Huynh suffered injuries and damages as set forth above, including physical and mental injuries as set forth above, and psychological and emotional distress, trauma and

18

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

injuries as a result of witnessing the injuries to each other, and injuries to and deaths of

Oeurn Mam, Navy Yan, Khem Lang, Mohammad Azim , and Lam Khem. .

WHEREFORE, Plaintiffs Yan Thou, Thuha Son, Chieu Thi Huynh, and Chan

Yan each demand all recoverable damages against defendant jointly and severally, in an

amount in excess of $50,000.00 and in excess of delay damages, pre-judgment interest,

post-judgment interest and costs.

KLINE & SPECTER,
A Professional Corporation


SHANIN SPECTER, ESQUIRE
Attorney I.D. No. 20849
JONATHAN M. COHEN, ESQUIRE
Attorney I.D. No. 69062
Attorneys for Plaintiffs

Date:   7-30-05

19

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

## VERIFICATION

I, JONATHAN M. COHEN, of Kline & Specter, P.C. , as counsel for the plaintiffs, Yan Thou,

Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan Deceased,

Chan Yan, Thua Son, Chieu Thi Huynh, hereby verify pursuant to Pa.R.Civ.P. 1024(C) that the

statements made in the foregoing Civil Action Complaint are true and correct, to the best of my

knowledge, information and belief, which is based upon, among other things, my review of the police

report of the subject accident and my communication with our clients and with other plaintiffs' counsel

in companion actions. Our clients, Yan Thou, Individually and as Administrator of the Estates of Oeurn

Mam, Deceased and Navy Yan Deceased, Chan Yan, Thua Son, Chieu Thi Huynh, are presently outside

the jurisdiction of the Court and their verifications cannot be obtained within the time allowed for filing

the foregoing Amended Complaint, or by July 30, 2003. I understand that false statements herein are

made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.


JONATHAN M. COHEN