## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE     :
COMPANY                             :
                                        :
          Plaintiff,               :
                                        :     Civil Action No.     05-0022 (KAJ)
MALY YAN                       :
                                        :
          Defendant

---

## DEFENDANT YAN'S RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MALY YAN'S MOTION TO DISMISS

MURPHY SPADARO & LANDON

BY:   /s/ Chase T. Brockstedt
Chase Brockstedt, Esquire
(I.D. No. 3815)
Attorney for Defendant
1011 Centre Road
Suite 210
Wilmington DE 19805
302-472-8100

      and

KLINE & SPECTER
A Professional Corporation
Jonathan M. Cohen, Esquire
Joshua Van Narrden, Esquire
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102
215-772-1359

DATED: March 31, 2005

## TABLE OF CONTENTS

Page No.

I.      FACTS................................................................................    1

II.     ARGUMENT ...................................................................    4


III.    CONCLUSION.................................................................    10

## TABLE OF CITATIONS

Page No.

**CASES:**

Latrobe Electric Streel, Co. v. Vascoloy-Ramet Corporation
      55 F. Supp. 347 (D. Del 1944)..................................................     4

Gardiner v. Virgin Islands Water & Power Authority,
      145 F.3d 635, 640 (3d Cir. 1998)..............................................     5,6,8

International Shoe Co. v. Washington, 326 U.S.
      310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)......................................     6

United States Aircraft Ins. Group v. Dwiggins, L.L.C., No.     7
      03-173, 2004 U.S. Dist

Delpro Company v. National Mediation Board
      509 F. Supp. 468 (D.DE 1981)..................................................     9


**RULES AND STATUTES:**

FED.R. CIV P. 4........................................................................................     6

FED. R. CIV. P. 12....................................................................................     4, 10

FED. R. CIV. P. 19....................................................................................     2, 4, 5, 9

FED. R. CIV. P. 28....................................................................................     2

10 Del. C. 3104(c)(1-6). ..........................................................................     6,7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ST. PAUL MERCURY INSURANCE COMPANY** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.    05-0022 (KAJ)** |
| **MALY YAN** | : | |
| | : | |
| **Defendant** | | |

### BRIEF IN SUPPORT OF DEFENDANT MALY YAN'S RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MALY YAN'S MOTION TO DISMISS

Defendant Maly Yan respectfully submits this Brief in Support of her Response to

Plaintiff's Memorandum of Law in Opposition to Maly Yan's Motion to Dismiss Plaintiff St. Paul

Mercury Insurance Company's Amended Complaint for Declaratory Relief pursuant to Federal

Rule of Civil Procedure 12(b)(7), and respectfully requests that the Court grant its Motion based

on the following:

## I.    FACTS

On February 23, 2005, Maly Yan along with all other interested, necessary and

indispensable parties (hereafter referred to as "Maly Yan") filed an Indemnification and

Declaratory Judgment Complaint in the United States District Court for the Eastern District of

Pennsylvania.  See Plaintiffs' Indemnification and Declaratory Judgment Complaint attached

hereto as Exhibit "A."  Maly Yan also filed an Amended Complaint in the United States District

Court for the Eastern District of Pennsylvania contemporaneously with this response that includes

an additional request for a declaration that Maly Yan was performing a duty related to the conduct

of Pack and Process's business while transporting employees to and from the Pack and Process factory. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B." Maly Yan's Amended Complaint is a (2) two count complaint, asking for not only (5) different declarations but additionally requesting a judgment as to St. Paul's obligation to indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan Thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et al. v. Yan Docket No. 030601508. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."

On January 14, 2005, St. Paul filed a Complaint for Declaratory Judgment in the United States District Court for the District of Delaware in anticipation of Plaintiffs filing suit in Pennsylvania after Plaintiffs' counsel discussed their intention to file a Declaratory Judgment action in Pennsylvania. See Affidavit of Jonathan M. Cohen attorney for Plaintiffs attached hereto as Exhibit "C." The Pennsylvania action filed by Plaintiff's includes all necessary and indispensable parties as is required by Federal Rule of Civil Procedure 19 and 28 U.S.C. § 2201 while the Delaware action filed by St. Paul is deficient for failure to join any of the van passengers that are parties to the underlying personal injury suit. See Defendant Yan's Motion to Dismiss filed in Response to St. Paul's Delaware action, attached hereto as Exhibit "D."

St. Paul's Delaware Complaint and Amended Complaint are (1) one count complaints that merely ask for a declaration that St. Paul has no obligation under their insurance policy to provide indemnity to any party in connection with the underlying tort actions, and that Maly Yan was not

2

acting in the course and scope of her employment with Pack and Process at the time of the accident. See St. Paul's Declaratory Judgment Complaint and Amended Complaint attached as Exhibit "E." Plaintiffs' Amended complaint is a (2) two count complaint, asking for not only (5) different declarations, but additionally requesting a judgment as to St. Paul's obligation to indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et al. v. Yan Docket No. 030601508. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."

On March 16, 2005, St. Paul lamely sought to remedy their failure to join all necessary and indispensable parties by filing an Amended Complaint to the Delaware action, in response to a Motion to Dismiss for failure to join indispensable parties pursuant to Federal Rule of Civil Procedure 19. See Defendant Yan's Motion to Dismiss filed in Response to St. Paul's Delaware action, attached hereto as Exhibit "D." However, St. Paul's Amended Complaint to the Delaware action remains deficient for failure to join failure to join any of the injured van passengers that Plaintiff in the underlying personal injury suit. On March 17, 2005, St. Paul filed a Memorandum of Law in Opposition to Maly Yan's Motion to Dismiss. See St. Paul's Memorandum of Law in Opposition to Defendant's Motion to Dismiss attached as Exhibit "F." Maly Yan responds herein to St. Paul's Memorandum of Law.

3

## II.    ARGUMENT

### A.    FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES

#### 1.    STANDARDS FOR MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(7)

St. Paul Mercury Insurance's Complaint should be dismissed in its entirety, pursuant to

Rule 12(b) (7), for failure to join multiple necessary and indispensable parties including Lam

Staffing and all passengers Plaintiffs and estates of those killed in the subject motor vehicle

accident.  The federal rule relating to indispensable or necessary parties applies to declaratory

judgment actions.  Latrobe Electric Streel, Co. v. Vascoloy-Ramet Corporation 55 F. Supp. 347

(D. Del 1944).  Rule 12(b) (7) provides for a dismissal of a complaint where the plaintiff has

failed to join a necessary party under Federal Rule of Civil Procedure 19.  See Fed.R.Civ.P.

12(b)(7).  In evaluating such a motion, a court must apply the two-part test found in Rule 19.

Fed.R.Civ.P. 19.  The first part of this test asks whether the absent party is necessary for

adjudication of the issue. The second part of the test is equitable in nature, and is directed to

whether a necessary party is indispensable to a fair resolution of the issues.  Id.

In particular, Rule 19(a) provides that an absent party is a necessary party if the party is

subject to service of process and in its absence either: (1) complete relief can not be accorded

among the parties; or (2) the absent person claims an interest in the subject matter and that its

absence will, as a practical matter, either prejudice its ability to protect that interest or result in

multiple or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a). If a court determines that the

particular party is "necessary," it will order that party joined - if feasible.  However, if for some

reason it is impossible for the third party to be joined, such as an instance where a court does not

have personal jurisdiction over the individual, a court must determine whether the party is "indispensable," i.e., whether the action must be dismissed due to the party's absence. Fed. R. Civ. P. 19(b); Gardiner v. Virgin Islands Water & Power Authority, 145 F.3d 635, 640 (3d Cir. 1998) ("Only if a party cannot be joined under Rule 19(a), does Rule 19(b) come into play.").

In deciding indispensability, the Court must consider: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; and fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

    2.    THE VAN PASSENGERS ARE NECESSARY AND INDISPENSABLE PARTIES

Thou Yan, Ouern Mam, deceased, Navy Yan, deceased, Thula Son, Chan Yan, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, deceased, Lang Khem, deceased and Lam Khem, deceased were all passengers in the van driven by Maly Yan and legal actions on their behalf are currently in suit. A declaration as to whether or not Maly Yan was acting within the course and scope of her employment when the accident occurred will likely determine whether all of the injured parties can recover from Pack and Process (and its insurance carrier) for the vicarious liability for Maly Yan's conduct. Thus, all passengers and their estates (who are seeking to recover from the same policy limits and pool of assets, and therefore have divergent interests) have a vital interest in the outcome of this of this Declaratory Judgment Action, and have a right to protect their

5

divergent interests in the determination of the issues presented in this Declaratory Judgment action.

Despite their crucial interests in this action, these passengers are Philadelphia, Pennsylvania residents, and their only purpose for entering Delaware was to work at Pack and Process. Thus, although they have unique and unrepresented interest in this action, a Delaware court cannot impose personal jurisdiction over them and order them joined to the action, and it must therefore be dismissed for this reason as well. Gardiner v. Virgin Islands Water & Power Authority, 145 F.3d 635, 640 (3d Cir. 1998). In order for personal jurisdiction to exist, two requirements, one statutory and one constitutional, must be satisfied. First, a district court may assert personal jurisdiction over a nonresident of the state in which the district court sits to the extent authorized by the law of that state. Fed.R.Civ.P. 4(e). Thus, the Court must determine whether there is a statutory basis for exercising jurisdiction under the Delaware long-arm statute. See 10 Del. C. 104(c). Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction would violate the nonresident Defendants' constitutional rights to due process. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Indeed, under the Delaware Long Arm Statute, in order for a court to exercise personal jurisdiction, some individual act must actually occur in Delaware. 10 Del. C. § 3104. However, in this case, any business or work contacts that the passengers of the van had in Delaware contacts occurred *solely* in connection with their capacity as contract workers at Pack and Process, and not in their individual capacity.

6

In relevant part, the Delaware long arm statute provides:

c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. 3104(c)(1)-(6). There cannot be personal jurisdiction over the van passengers under 10 Del. C. 3104(c)(1-6). In order for this Court to exercise jurisdiction under Subsections (c)(1), some acts performed in an individual capacity must actually occur in Delaware. As such, the requirements for personal jurisdiction under the Delaware Long Arm Statute cannot be satisfied.

The Plaintiffs reliance on United States Aircraft Ins. Group v. Dwiggins, L.L.C., No. 03-173, 2004 U.S. Dist. LEXIS 226 (D. Del. Jan. 3, 2004) is misplaced. In Dwiggins, the court reasoned that the tort plaintiffs "are capable of and are actively protecting their interests in this forum as evidences by the fact that Dwiggins [a party to the action] is represented by the same attorney that represents the claimants in the [underlying] litigation." Id. at3. This is clearly

7

distinguishable from the case at bar, where the (16) sixteen injured parties, who are not parties to this action are represented by (5) five different attorneys and therefore do not have their interests protected if not joined.

Pursuant to Federal Rule of Civil Procedure 19(a) if a party is deemed to be necessary and the court does not have personal jurisdiction over that individual, a court must determine whether the party is "indispensable" i.e., whether the action must be dismissed due to the party's absence. Fed. R. C. P. 19(b); Gardiner v. Virginia Islands Water & Power Authority, 145 F. 3d 635, 640 (3d Cir. 1998). The analysis that the court must consider reveals that the passengers in the van are indispensable parties and that the Declaratory Judgment should be dismissed for non-joinder. First, without having the passengers as parties to this action not only will it be prejudicial to them but it would also be prejudicial to Maly Yan by limiting her access to evidence. The passengers of the van were all employees of Pack and Process and all, in particularly Thou Yan, have information that is pertinent to the employer/employee relationship between the van driver and Pack and Process. Additionally, since this action will effect the amount they will be able to recover in the Philadelphia County case, they have a vital interest in the outcome of this Declaratory Judgment and they have a fundamental right to be joined as parties to this action. Finally, St. Paul Mercury Insurance Company still has the adequate remedy of refiling this case with the proper parties and in the proper forum.

### 3.    PACK AND PRESS HAS RENDERED LAM PERSONNEL SERVICES, INC. (a/k/a Lam Staffing) A NECESSARY AND INDISPENSABLE PARTY

Lam Personnel Services Inc. is a Philadelphia based company with a registered address and principal place of business located at 620 E. Erie Avenue, Philadelphia, Pennsylvania. Lam

8

Staffing is in the business of providing contract laborers to factories and businesses, including to

Defendant Pack and Process, and regularly conducted a substantial part of its regular business in

Philadelphia, Pennsylvania. Lam Personnel Services, Inc. is also an employer of Maly Yan and

along with Pack and Process arranged for Maly Yan to pick up workers and drive the overloaded

van from Philadelphia to the Pack and Process factory in Delaware. Lam Staffing has an interest

in this litigation since Pack and Process has always sought to avoid liability by claiming that Maly

Yan was working solely as an agent of Lam Personnel Services, Inc. and acting within the course

and scope of that employment, allegedly rendering Lam vicariously liable for Maly Yan's

conduct. St. Paul's failure to join Lam Personnel Services Inc. as a party to this Declaratory

Judgment action will prejudice Lam's ability to protect their interests in defending allegation that

it was the sole employer responsible for this accident.

### 4.    DISMISSAL OF THIS ACTION IS REQUIRED EVEN IF ABSENT PARTIES ARE NOT DEEMED "INDISPENSABLE"

A court may in its discretion decline to grant declaratory relief because of the non-joinder

of an interested party, regardless of whether the absent party is indispensable within the meaning

of rule 19(b). Delpro Company v. National Mediation Board 509 F. Supp. 468 (D.DE 1981).

While St. Paul might wish this Court to ignore the relevant law requiring that all interested parties

be joined in an a action for declaratory judgment, it would be improper. See St. Paul's

Memorandum of Law in Opposition to Defendant's Motion to Dismiss, pg. 12, attached hereto as

Exhibit "F". This is especially true when the absent parties would have the right to litigate the

question in a separate action. Id. Indeed, at the very least, the plaintiffs in the consolidated

actions who have not yet had their cases tried, and who are all absent from this action, have the

9

right to have their actions for damages (including the issue of Maly Yan's agency) tried by a jury in the separate actions currently pending in Pennsylvania. These rights should not be preemptively usurped by an insurance company seeking a self-serving judicial declaration of non-liability based on an agency issue to be decided by the factfinder in the underlying tort cases. Moreover, no useful purpose would be served by permitting St. Paul Mercury Insurance Company to litigate the question of agency and Maly Yan's business purpose while driving, in the form of this action because all of the non-joined parties ( Lam Personnel Services Inc., and all the van passengers), with whom St. Paul has an equally immediate and concrete controversy, would surely argue they would not be bound by a declaration adverse to them, further prejudicing the ability of the injured parties to finally obtain full and fair recovery and end their litigation.

## III.    CONCLUSION

For the foregoing reasons, Defendant Maly Yan respectfully requests that its Motion be granted and that this action be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join indispensable parties.

**MURPHY SPADARO & LANDON**

BY:  /s/ Chase T. Brockstedt
Chase Brockstedt, Esquire
(I.D. No. 3815)
Attorney for Defendant
1011 Centre Road
Suite 210
Wilmington DE 19805
302-472-8100

and

10

**KLINE & SPECTER**
A Professional Corporation
Jonathan M. Cohen, Esquire
Joshua Van Narrden, Esquire
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102
215-772-1359

DATED: March 31, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE    :
COMPANY    :
        Plaintiff,    :
    :    Civil Action No.    05-0022 (KAJ)
MALY YAN    :
    :
        Defendant    :

### NOTICE OF SERVICE

I, Chase T. Brockstedt, Esq., do hereby certify that on this 31ST day of March, 2005, two copies of the foregoing **DEFENDANT YAN'S RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT YAN'S MOTION TO DISMISS** were delivered via First Class Mail to the following individual(s):

Frank Deasey, Esquire
Deasey, Mahoney, Bender, Ltd.
1800 JFK. Blvd., Suite 1300
Philadelphia, PA 19103

Joseph K. Koury, Esquire
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899

### MURPHY, SPADARO & LANDON

BY: /s/  Chase T. Brockstedt
    Chase T. Brockstedt, Esquire
    (I.D. No. 3815)
    Attorney for Defendant
    1011 Centre Road, Suite 210
    Wilmington DE 19805
    (302) 472-8109

DATED: March 31, 2005