# EXHIBIT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, and PACK & PROCESS, INC. | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 05-0022 (KAJ) |
| MALY YAN, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUR-REPLY BRIEF IN RESPONSE TO DEFENDANT'S "MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MALY YAN'S MOTION TO DISMISS"**

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James B. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

Dated: April __, 2005

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF CITATIONS ..... i

ARGUMENT ..... 1

A. This Action was not filed in bad faith and the first-filed rule still applies ..... 1

B. The "competing" actions are not substantially different ..... 3

CONCLUSION ..... 7

**TABLE OF CITATIONS**

E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir. 1988), cert. granted, in part, 488 U.S. 992, 102 L. Ed. 2d 581, 104 L. Ed. 2d 173, 109 S. Ct. 554, 109 S. Ct. 1660, 1988 U.S. LEXIS 5536 (1988), amended by, 490 U.S. 1015, 104 L. Ed. 2d 173, 109 S. Ct. 1660, 1989 U.S. LEXIS 6034 (1989), aff'd, 493 U.S. 182, 107 L. Ed. 2d 571, 110 S. Ct. 577, 1990 U.S. LEXIS 333 (1990) .......... 2

Moore Corporation Limited v. Wallace Computer Services, Inc., 898 F. Supp. 1089, 1100 (D. Del. 1995), injunction denied, 907 F. Supp. 1545 (D. Del. 1995) .......... 2, 3

Plaintiffs, St. Paul Mercury Insurance Company ("St. Paul") and Pack and Process, Inc. ("Pack and Process") (collectively the "Plaintiffs"), hereby file this sur-reply brief in connection with the brief entitled *"Response to Plaintiffs' Memorandum of Law in Opposition to Defendant Maly Yan's Motion to Dismiss"* filed by defendant Maly Yan ("Yan" or the "Defendant"). As Defendant's brief is a more properly deemed a "reply" in further support of her Motion to Dismiss, Plaintiffs will refer to Defendant's brief herein as "Defendant's Reply". For the foregoing reasons, the Motion to Dismiss this action should be denied.

**ARGUMENT**

A. <u>This Action was not filed in bad faith and the first-filed rule still applies</u>

Yan argues in Defendant's Reply that the Court should disregard the first-filed rule because St. Paul allegedly acted in bad faith by filing this action in anticipation of Yan's intended filing of her own declaratory judgment action in Pennsylvania. This argument is patently baseless.

In support of her specious argument, Yan relies upon the affidavit of her counsel, Jonathan M. Cohen, Esquire (Exhibit "C" to Defendant's Reply). The affidavit avers that "[a]t some point in the days after the verdict in the underlying tort case" Mr. Cohen had a telephone conversation with counsel for Pack & Process, Mr. Young, in which Mr. Cohen allegedly advised Mr. Young that Yan and others intended to file a declaratory judgment action in the federal court in Pennsylvania. <u>See</u> Exhibit "C" to Yan's Defendant's Reply, at ¶ 2. Although the affidavit does not state the date of the conversation, or the date of the verdict, Defendant's Motion to Dismiss recites that the verdict was entered on January 20, 2005. (<u>See</u> Defendant's Motion to

Dismiss at p. 3). Thus, accepting Mr. Cohen's statement as true, his conversation with Mr. Young took place sometime **after January 20, 2005**.

The absurdity of defendant's affidavit-based argument is revealed by the fact that **this Action had already been filed in this Court on January 14, 2005**, a fact which defendant also concedes. (See Defendant's Reply at p. 2). Thus, the allegation that St. Paul was possessed of information about Yan's intent and "raced to the courthouse" in an attempt to be the first to file is, quite simply, bunk.

Moreover, Yan's principal authority for her claim that the first-filed rule should be disregarded does not control. In E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir. 1988), cert. granted, in part, 488 U.S. 992, 102 L. Ed. 2d 581, 104 L. Ed. 2d 173, 109 S. Ct. 554, 109 S. Ct. 1660, 1988 U.S. LEXIS 5536 (1988), amended by, 490 U.S. 1015, 104 L. Ed. 2d 173, 109 S. Ct. 1660, 1989 U.S. LEXIS 6034 (1989), aff'd, 493 U.S. 182, 107 L. Ed. 2d 571, 110 S. Ct. 577, 1990 U.S. LEXIS 333 (1990), the Court disregarded the first-filed rule because a party raced to the courthouse in an attempt to avoid an imminent filing in another, less-favorable forum. Since this did not happen here, the E.E.O.C. case has no bearing on the instant matter.

As this Court has recognized, a plaintiff is entitled to file suit in any forum of his choosing, provided that the particular forum is proper. Moore Corp. Ltd. v. Wallace Computer Svcs., Inc., 898 F. Supp. 1089, 1100 (D. Del. 1995), injunction denied, 907 F. Supp. 1545 (D. Del. 1995). Delaware – being the location of the insured, Pack and Process, the place where Yan's accident occurred, and the state in which the insurance policy was issued – is clearly a proper forum to decide the instant dispute. Thus, Yan's suggestion that plaintiffs here improperly

engaged in forum shopping is without merit, since this is a proper forum. Moore Corp. Ltd., 898 F. Supp. at 1100.

B. The "competing" actions are not substantially different

Defendant's Reply offers additional arguments, based upon her newly-filed amended complaint in Pennsylvania, in her attempt to dismiss this action. These are little more than a re-hash of arguments Yan advanced in her motion to dismiss. Essentially, the arguments boil down to allegations by defendant that the Pennsylvania action has "more of everything" -- more parties, more counts and more issues.

*"More Parties"*

The "more parties" argument can be readily dismissed. By claiming, without any supporting precedent, that the presence of the underlying tort plaintiffs somehow makes the Pennsylvania action more comprehensive than this action, Yan puts the cart before the horse. Yan skips over the critical question whether such parties are necessary and indispensable to *either* action. Their mere presence as parties, without any demonstrated need for their presence, alone renders the "more parties" argument groundless.

As more fully explained by Plaintiffs in their brief in Response to Yan's Motion to Dismiss, the underlying tort plaintiffs are neither necessary nor indispensable parties. Only St. Paul, Pack and Process and Maly Yan -- the current parties here -- are necessary and indispensable to the factual and insurance coverage questions now before the Court.

Yan argues that "all passengers and their estates ... have a vital interest in the outcome of this Declaratory Judgment Action, and have a right to protect their divergent interests in the determination of the issues presented in this Declaratory Judgment Action."(See Defendant's

Reply, at pp. 5-6) Yet, she offers no case law authority for this sweeping proposition and presents no explanation as to why the passengers and estates – all of whom reside less than an hour's car ride away from this Court and are represented in both actions by the Kline & Specter firm[1] – have not sought to intervene in this action pursuant to Rule 24, if they indeed feel they have such "vital interests" and other rights.

Nor does Yan allege that the tort plaintiffs, other than those in the Thou case to whom she allegedly gave assignments, have any direct claims under the St. Paul Policy. Nor does Yan allege that the tort plaintiffs possess any information which relates to the central issues in this action – whether Maly Yan was acting in the course & scope of her employment at the time of the accident and whether the St. Paul insurance policy(ies) must respond to this loss.

Simply put, having the passengers and estates as parties here (or, for that matter, in Pennsylvania) does not add anything to the insurance coverage analysis the Court must perform.

*"More Counts" and "More Issues"*

Yan further seeks to distinguish the Pennsylvania and Delaware actions by trying to portray the Pennsylvania action as somehow being more comprehensive than this prior-filed Delaware action. She points to the "facts" that their amended complaint here has "two counts" (compared to one count in Delaware) and seeks "five different declarations" (as contrasted with the two declarations allegedly sought in Delaware). (See Defendant's Reply at p. 3). However, the two actions, on closer inspection, are essentially identical. Both actions seek to determine the

---

[1] In the Pennsylvania action, two Kline & Specter, P.C. lawyers (Messrs. Cohen and Van Naarden) appear as counsel for all plaintiffs, and those same lawyers were admitted pro hac vice for Maly Yan in this Action on March 29, 2005. Thus, the interests of all of the plaintiffs in the Pennsylvania action are already effectively represented in Delaware because their Pennsylvania attorneys are also representing defendant herein

legal relationship between Yan and Pack & Process (specifically, whether she was acting in the course and scope of her employment with Pack & Process at the time of the accident), and whether the St. Paul insurance policy must respond to the loss. The declarations requested by the plaintiffs in the Pennsylvania action are nothing more than redundant requests for rulings on the liability of both St. Paul and Pack & Process, but since neither entity can have any liability to the underlying tort plaintiffs without a predicate finding that Yan was acting in the course and scope of her employment with Pack and Process, these duplicative requests are mere surplusage. Simply breaking down requested declarations into smaller component parts does not render the Pennsylvania action more comprehensive than this one in Delaware.

It bears noting that defendant here -- in the face of her own "more counts" and "more issues" arguments -- concedes that the dispositive issue in this action is whether Yan was acting in the course and scope of her employment with Pack and Process at the time of the accident. On page five (5) of Defendant's Reply, she states that "[a] declaration as to whether or not Maly Yan was acting within the course and scope of her employment when the accident occurred will likely determine whether all of the injured parties can recover from Pack and Process (and its insurance carrier) for the vicarious liability for Maly Yan's conduct." Thus, despite defendant's claim that the Pennsylvania action is broader in scope than this Delaware action, defendant's own recognition that the entire case revolves around the "course and scope" issue renders her claim a hollow one.

Plaintiffs anticipate that defendant may seek to argue that the inclusion of new allegations in the Pennsylvania amended complaint (Exhibit "B" to Defendant's Reply) somehow renders that action more comprehensive. The principal change in the amended complaint is the addition of

three paragraphs relating to the St. Paul Umbrella Excess Liability Policy and alleging that Maly Yan, while driving the van, was engaged in "performing a duty related to the conduct of Pack and Process's business". See Exhibit "B" at ¶¶ 40, 46 and 48. Even if the question whether Yan was "performing a duty related to the conduct of Pack and Process's business" is a additional issue to be decided, the scope of this action - which seeks sweeping judicial declarations under all aspects of the general liability, auto and umbrella excess coverages – is clearly broad enough that all policy-related factual and legal issues, including the "performing a duty" question (and any other questions), can and will be resolved in this Court.

## CONCLUSION

For the foregoing reasons, St. Paul and Pack & Process respectfully request that this Court deny Defendant's Motion to Dismiss and enjoin the Pennsylvania action so that this action may proceed to a conclusion.

Dated: April __, 2005
Wilmington, Delaware

BIFFERATO, GENTILOTTI & BIDEN

______________________________

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James B. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400