## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE | : | |
| COMPANY | : | |
| 385 Washington Street | : | |
| St. Paul, Minnesota | : | |
| Plaintiff, | : | |
| | : | Civil Action No.    05-0022 (KAJ) |
| MALY YAN | : | |
| 2007 S. Ninth Street | : | |
| Philadelphia, Pennsylvania | : | |
| Defendant | | |

_____

### DEFENDANT YAN'S MOTION TO DISMISS

Defendant Maly Yan hereby respectfully moves this Court pursuant to Federal Rule of Civil

Procedure 12(b)(7) to:

1.    Dismiss St. Paul Mercury Insurance Company's Complaint for Declaratory Judgment in

its entirety for failure to join indispensable parties pursuant to Federal Rule of Civil

Procedure 19.

The basis for this Motion are set forth in Defendant's brief filed herewith.

MURPHY, SPADARO & LANDON

By: _____
Chase Brockstedt, ESQUIRE
Attorney for Defendant
824 N. Market Street, Suite 700
P.O. Box 8989
Wilmington, Delaware  19899
(302) 654-4600

DATED:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ST. PAUL MERCURY INSURANCE          :
COMPANY                             :
385 Washington Street               :
St. Paul, Minnesota                 :
       Plaintiff,          :
                                :          **Civil Action No.    05-0022 (KAJ)**
                                :
MALY YAN                            :
2007 S. Ninth Street                :
Philadelphia, Pennsylvania          :
       Defendant

---

**BRIEF IN SUPPORT OF DEFENDANT MALY YAN'S**
**MOTION TO DISMISS**

Defendant Maly Yan respectfully submits this Brief in Support of its Motion to Dismiss

Plaintiff St. Paul Mercury Insurance Company's Complaint for Declaratory Relief pursuant to

Federal Rule of Civil Procedure 12(b)(7), and respectfully requests that the Court grant its Motion

based on the following:

I.     **FACTS**

On or about June 18, 2001, Yan Thou, Oeurn Mam, Navy Yan, Chan Yan, Thuha Son,

Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani

Chandra, Zair Shah, Khan Gul, Mohammed Azim, Lang Khem and Lam Khem were returning

from work at Pack and Process and were passengers in a 1992 Dodge Ram Van, bearing

Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia.

The 1992 Dodge Ram van was owned and operated by Maly Yan, who, twice under oath,

admitted to acting as the agent of defendant Pack and Process in transporting nineteen passengers

in the van back and forth to the Pack and Process factory in New Castle, Delaware.  Eighteen of

the passengers were contract workers supplied by Lam to work at Pack and Process, and were

transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in

Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to

Philadelphia at the end of the work day.

At around 4:50 p.m. on June 18, 2001, Maly Yan attempted to drive the 1992 Dodge van

past a Motiva tractor-trailer driven on northbound I-495.  At this time, the 15 passenger van was

carrying nineteen passengers[1].  At about 3.4 miles north of Wilmington, the operator of the tractor

trailer steered the tractor-trailer close to the van so as to make it unsafe for Maly Yan to operate

the van nearby, and thereby created a dangerous roadway condition.  Maly Yan also negligently

lost control of the van and swerved into the tractor-trailer.  The van careened off of the left edge

of the road and over a median strip and rolled over several times, causing severe injuries to all of

the occupants of the van, and killing Navy Yan, Oeurn Mam, Mohammed Azim, Lang Khem and

Lam Khem.  Yan Thou, individually and as the administrator of the estates of Oeurn Mam and

Navy Yan and Chan Yan, Thuha Son, Chieu Thi Huynh filed a lawsuit for damages for personal

injuries against Maly Yan in the Court of Common Pleas of Philadelphia County on June 11, 2003

captioned as Thou et al. v. Yan Docket No. 030601508.  See Plaintiffs complaint Attached as

Exhibit A.[2]

---

[1]The van was dangerously overloaded because of the acts and omissions of Pack and
Process.  Plaintiffs' Complaint ¶ 39(h).  This is the basis for direct (non-vicarious) claims of
Pack and Process's liability for damages that were brought by the injured plaintiffs and
decedents' estates.  Plaintiffs' Complaint Count III.

[2]The June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan
and other defendants by both Maly Yan and other plaintiffs.

In addition to above action filed against Maly Yan, the fatal June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan and other defendants by both Maly Yan and other plaintiffs. To date, there are five (5) other cases which have been filed on behalf of persons injured in this accident. All of these cases contain allegations that Maly Yan was working in the course and scope of her employment with Pack and Process at the time of the accident. These cases were consolidated for all purposes with the Yan Thou case by Order of court[3] dated February 21, 2003. That entire consolidated action is currently on appeal to the Pennsylvania Superior Court, which is to decide whether the action was properly dismissed by the trial court on grounds of *forum non conveniens*. Ultimately, those cases will be tried to a jury (in either Pennsylvania or Delaware), which will necessarily decide the factual issues of Maly Yan's agency, course and scope, and who had a right of her control.

Only on one action filed against only, Maly Yan, was never consolidated and proceeded to trial on January 14, 2005, against only defendant Maly Yan before the Honorable Sandra J. Moss, sitting without a jury[4]. The trial was concluded on January 20, 2005, and a verdict in favor of all plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00. The disposition of that one action (which does not include all plaintiffs-who have a right to a jury trial on all issues, including Maly Yan's agency-or all defendants) gave rise to the instant declaratory judgment action, which was filed only by the insurer for Pack and Process, and which names only Maly Yan as a defendant.

---

[3]Unchalee Vong, Et al v. Maly Yan ,et al., Kusti Leman, et al. v. Maly Yan, et al., Bay Thi Nguyun v. First Fleet Corp, et al., Zair Shah, et al. v. Maly Yan, et al.

[4]Counsel for Pack and Process was given notice of this trial in Pennsylvania, but declined to intervene or participate; choosing instead to sit in the public gallery during the proceedings.

On February 2, 2005, St. Paul Mercury Insurance Company filed this Declaratory Judgment Action in the United States District Court for the District of Delaware, but failed to join its own insured, Pack and Process, as well as another entity previously alleged to have employed Maly Yan: Lam Personnel Service Inc. (See Plaintiff's Complaint for Declaratory Judgment attached as Exhibit B). St. Paul have additionally failed to join any and all plaintiffs in the underlying tort case: Thou Yan, individually and as the administrator of the Estates of Ouern Mam, deceased and Navy Yan, deceased, Thula Son, Chan Yan, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Tjajah Chandra, as mother and legal guardian of Lani Chandra and Lani Chandra in her own right, Zair Shah, Khan Gul, Salim Khan and Mohammed Khan as the co-administrators of the estate of Azim Mohammed, Soly Chan as administrator of the estate of Lang Khem, and Thorn Bun Khem, as administrator of the estate of Lam Khem. These parties were passengers injured (or killed in the case of an estate) in the van driven by Defendant Maly Yan, and have vital but unrepresented interests in the outcome of this action yet cannot be joined due to a lack of personal jurisdiction, requiring dismissal of this action. On March 16, 2005, St.Paul filed an Amended Complaint for Declaratory Judgment adding its insured Pack and Process as a named party, but still failed to join all interested, necessary and indispensable parties. See St. Paul's Amended Complaint attached hereto as Exhibit B.

**II.    ARGUMENT**

   **A.    FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES**

   1.    <u>STANDARDS FOR MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(7)</u>

St. Paul Mercury Insurance's Complaint should be dismissed in its entirety, pursuant to

Rule 12(b) (7), for failure to join multiple necessary and indispensable parties:  Pack and Process,

Lam Staffing and all passengers parties and estates concerned with the subject motor vehicle

accident.  The federal rule relating to indispensable or necessary parties applies to declaratory

judgment actions.  <u>Latrobe Electric Streel, Co. v. Vascoloy-Ramet Corporation</u> 55 F. Supp. 347

(D. Del 1944). (.  Rule 12(b) (7) provides for a dismissal of a complaint where the plaintiff has

failed to join a necessary party under Federal Rule of Civil Procedure 19.  <u>See</u> Fed.R.Civ.P.

12(b)(7). In evaluating such a motion, a court must apply the two-part test found in Rule 19.

Fed.R.Civ.P. 19.  The first part of this test asks whether the absent party is necessary for

adjudication of the issue. The second part of the test is equitable in nature, and is directed to

whether a necessary party is indispensable to a fair resolution of the issues.  <u>Id.</u>

   In particular, Rule 19(a) provides that an absent party is a necessary party if it is subject to

service of process and in its absence either: (1) complete relief can not be accorded among the

parties; or (2) the absent person claims an interest in the subject matter and that its absence will,

as a practical matter, either prejudice its ability to protect that interest or result in multiple or

otherwise inconsistent obligations. Fed. R. Civ. P. 19(a). If a court determines that the particular

party is "necessary," it will order that party joined - if feasible. However, if for some reason it is

impossible for the third party to be joined, such as an instance where a court does not have

personal jurisdiction over the individual, a court must determine whether the party is "indispensable," i.e., whether the action must be dismissed due to the party's absence. Fed. R. Civ. P. 19(b); Gardiner v. Virgin Islands Water & Power Authority, 145 F.3d 635, 640 (3d Cir. 1998) ("Only if a party cannot be joined under Rule 19(a), does Rule 19(b) come into play.").

In deciding indispenability, the Court must consider: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

2.    PACK AND PROCESS IS A NECESSARY AND INDISPENSABLE PARTY

Courts have applied the above factors and have determined that in an action filed by the insurer for a declaratory judgment the insured is a necessary and an indispensable party under the criteria of Rule 19(a).  Provident Trademens Bank & Trust Co. v. Patterson 390 US 102, 88 S Ct 733 (1968); Jurimex Kommetz Transit G.m.b.H. v. Casre Corp 201 F.R.D. 337 (D.Del., 2001) (Subsidiary of parent corporation liable when subsidiary, not parent, signed a contract, the subsidiary may be liable for obligations under the contract and therefore a necessary party under Rile 19(a).  Pack and Process is a major contract packager of food, pharmaceuticals and light chemical products and employed not only Maly Yan to drive the van, but also employed the factory workers in the accident:  Thou Yan, Ouern Mam, deceased[5], Navy Yan, deceased, Thula

_____

[5]Thou Yan and Oeurn Mam were married, and were the parents of Navy Yan, deceased, who was riding in the van and killed in the accident.

Son, Chan Yan, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, deceased, Lang Khem, deceased and Lam Khem, deceased.  Pack and Process is the insured under an insurance policy issued by St. Paul Mercury Insurance Company.  The policy coverage is believed to be 5 Million dollars which is less than half of the judgment imposed upon Maly Yan.  Upon a determination that Maly Yan was indeed acting within the course and scope of her employment with Pack then Pack at the time of the accident, Pack and Process will be vicariously liable for her negligent conduct, obligated to satisfy the judgment of 10.2 Million (with only 5 Million from St. Paul), and its corporate assets will be exposed to satisfy the excess verdict.  Clearly, the fact that this action may require Pack and Process to pay a 5.2 million excess verdict, renders Pack and Process interested in this matter.  See was the alleged employer and that the outcome of this Declaratory Judgment potentially will require Pack and Process to pay the excess verdict they have an interest in this matter and as a practical matter will prejudice their ability to protect that interest.  Therefore, Pack and Process is a necessary party.  Pack and Process is a Delaware corporation and due to their conducting business in the state can be joined as a party to this action.  Provident Trademens Bank & Trust Co. v. Patterson 390 US 102, 88 S Ct 733 (1968); Jurimex Kommetz Transit G.m.b.H. v. Casre Corp 201 F.R.D. 337 (D.Del., 2001).

       3.      LAM PERSONNEL SERVICES, INC. (a/k/a Lam Staffing) IS A NECESSARY AND INDISPENSABLE PARTY

Lam Personnel Services Inc. is a Philadelphia based company with a registered address and principal place of business located at 620 E. Erie Avenue, Philadelphia, Pennsylvania.  Lam Staffing is in the business of providing contract laborers to factories and businesses, including to

Defendant Pack and Process, and regularly conducted a substantial part of its regular business in Philadelphia, Pennsylvania. Lam Personnel Services, Inc. is also an employer of Maly Yan and along with Pack and Process arranged for Maly Yan to pick up workers and drive the overloaded van from Philadelphia to the Pack and Process factory in Delaware. Lam Staffing has an interest in this litigation since Pack and Process has always sought to avoid liability by claiming that Maly Yan was working solely as an agent of Lam Personnel Services, Inc. and acting within the course and scope of that employment, allegedly rendering Lam vicariously liable for Maly Yan's conduct. St. Paul's failure to join Lam Personnel Services Inc. as a party to this Declaratory Judgment action will prejudice Lam's ability to protect their interests in defending allegation that it was the sole employer responsible for this accident.

4.    THE VAN PASSENGERS ARE NECESSARY AND INDISPENSABLE PARTIES

Thou Yan, Ouern Mam, deceased, Navy Yan, deceased, Thula Son, Chan Yan, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, deceased, Lang Khem, deceased and Lam Khem, deceased were all passengers in the van driven by Maly Yan and actions on their behalf are currently in suit. A declaration as to whether or not Maly Yan was acting within the course and scope of her employment when the accident occurred will likely determine whether all of the injured parties can recover from Pack and Process (and its insurance carrier) for the vicarious liability for Maly Yan's conduct. Thus, all passengers and their estates (who are seeking to recover from the same policy limits and pool of assets, and therefore have divergent interests) have a vital interest in the outcome of this of this Declaratory Judgment Action, and have a right to protect their divergent

8

interests in the determination of the issues presented in this Declaratory Judgment action.

Despite their crucial interests in this action, these passengers are Philadelphia, Pennsylvania residents, and their only purpose for entering Delaware was to work at Pack and Process. Thus, although they have unique and unrepresented interest in this action, a Delaware court cannot impose personal jurisdiction over them and order them joined to the action, and it must therefore be dismissed for this reason as well. Gardiner v. Virgin Islands Water & Power Authority, 145 F.3d 635, 640 (3d Cir. 1998). In order for personal jurisdiction to exist, two requirements, one statutory and one constitutional, must be satisfied. First, a district court may assert personal jurisdiction over a nonresident of the state in which the district court sits to the extent authorized by the law of that state. Fed.R.Civ.P. 4(e). Thus, the Court must determine whether there is a statutory basis for exercising jurisdiction under the Delaware long-arm statute. See 10 Del. C. 104(c). Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction would violate the nonresident Defendants' constitutional rights to due process. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Indeed, under the Delaware Long Arm Statute, in order for a court to exercise personal jurisdiction, some individual act must actually occur in Delaware. 10 Del. C. § 3104. However, in this case, any business or work contacts that the passengers of the van had in Delaware contacts occurred *solely* in connection with their capacity as contract workers at Pack and Process, and not in their individual capacity.

In relevant part, the Delaware long arm statute provides:

c) As to a cause of action brought by any person arising from any of the acts enumerated in

this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;
(2) Contracts to supply services or things in this State;
(3) Causes tortious injury in the State by an act or omission in this State;
(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
(5) Has an interest in, uses or possesses real property in the State; or
(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. 3104(c)(1)-(6).  There cannot be personal jurisdiction over the van passengers under 10 Del. C. 3104(c)(1-6).  In order for this Court to exercise jurisdiction under Subsections (c)(1), some acts performed in an individual capacity must actually occur in Delaware.  As such, the requirements for personal jurisdiction under the Delaware Long Arm Statute cannot be satisfied.

Pursuant to Federal Rule of Civil Procedure 19(a) if a party is deemed to be necessary and the court does not have personal jurisdiction over that individual, a court must determine whether the party is "indispensable" i.e., whether the action must be dismissed due to the party's absence. Fed. R. C. P. 19(b); Gardiner v. Virginia Islands Water & Power Authority, 145 F. 3d 635, 640 (3d Cir. 1998).  The analysis that the court must consider reveals that the passengers in the van are indispensable parties and that the Declaratory Judgment should be dismissed for non-joinder. First, without having the passengers as parties to this action not only will it be prejudicial to them but it would also be prejudicial to Maly Yan by limiting her access to evidence.  The passengers of the van were all employees of Pack and Process and all, in particularly Thou Yan, have information that is pertinent to the employer/employee relationship between the van driver and

10

Pack and Process.  Additionally, since this action will effect the amount they will be able to recover in the Philadelphia County case, they have a vital interest in the outcome of this Declaratory Judgment and they have a fundamental right to be joined as parties to this action. Finally, St. Paul Mercury Insurance Company still has the adequate remedy of refiling this case with the proper parties and in the proper forum.

> 5.    DISMISSAL OF THIS ACTION IS REQUIRED EVEN IF ABSENT PARTIES ARE NOT DEEMED "INDISPENSABLE"

A court may in its discretion decline to grant declaratory relief because of the non-joinder of an interested party, regardless of whether the absent party is indispensable within the meaning of rule 19(b).  Delpro Company v. National Mediation Board 509 F. Supp. 468 (D.DE 1981). This is especially true when the absent parties would have the right to litigate the question in a separate action.  Id.  Indeed, at the very least, the plaintiffs in the consolidated actions who have not yet had their cases tried, and who are all absent from this action, have the right to have their actions for damages (including the issue of Maly Yan's agent) tried by a jury in the separate actions currently pending in Pennsylvania.  These rights should not be pre-emptively usurped by an insurance company seeking a self-serving judicial declaration of non-liability based on an agency issue to be decided by the factfinder in the underlying tort cases.  Moreover, no useful purpose would be served by permitting St. Paul Mercury Insurance Company to litigate the question of agency in the form of this action because all of the non-joined parties (Pack and Process, Lam Personnel Services Inc., and all the van passengers), with whom St. Paul has an equally immediate and concrete controversy, would surely argue they would not be bound by a declaration adverse to them, further prejudicing the ability of the injured parties to finally obtain

11

full and fair recovery and end their litigation.

## III.   CONCLUSION

For the foregoing reasons, Defendant Maly Yan respectfully requests that its Motion be

granted and that this action be dismissed in its entirety pursuant to Federal Rule of Civil

Procedure 12(b)(7), for failure to join indispensable parties.

**MURPHY, SPADARO & LANDON**


By: _____
Chase Brockstedt, ESQUIRE
Attorney for Defendant
824 N. Market Street, Suite 700
P.O. Box 8989
Wilmington, Delaware  19899
(302) 654-4600

DATED:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ST. PAUL MERCURY INSURANCE** | : | |
| **COMPANY** | : | |
| **385 Washington Street** | : | |
| **St. Paul, Minnesota** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.      05-0022 (KAJ)** |
| **MALY YAN** | : | |
| **2007 S. Ninth Street** | : | |
| **Philadelphia, Pennsylvania** | : | |
| **Defendant** | | |

---

**ORDER**

**AND NOW** this        day of                              , 2005, upon consideration of

the Defendant Maly Yan's Motion to Dismiss Plaintiff's Complaint and any responses

thereto, it is hereby **ORDERED** and **DECREED**  that said Motion is **GRANTED**.


BY THE COURT:


_____
                                                                J.