IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE
COMPANY
385 Washington Street
St. Paul, Minnesota,

       and

<u>PACK AND PROCESS, INC.,
1400 B Street
Wilmington, DE.</u>

       Plaintiffs,

   v.

MALY YAN
2007 S. Ninth Street
Philadelphia, Pennsylvania,

       Defendant.

Civil Action No. <u>05-0022 (KAJ)</u>



## <u>AMENDED</u>  COMPLAINT <u>FOR</u> DECLARATORY JUDGMENT[1]

    Plaintiffs, St. Paul  Mercury Insurance Company (hereinafter "St. Paul")  <u>and Pack and Process, Inc. ("Pack and Process"),</u>  by and through its <u>their</u>  counsel, <u>Christie,</u> , <u>Bifferato, Gentilotti & Biden and Deasey, Mahgney & Bender, Ltd.,</u> hereby files this action seeking declaratory relief pursuant to 28 U.S.C. § 2201, and alleges in support thereof the following:

### THE PARTIES

    1.    Plaintiff, St. Paul, is a corporation organized under the laws of the State of Minnesota, maintaining its principal place of business at 385 Washington Street, St. Paul,

---

[1] **Additions to the original Complaint are underscored while deletions thereto are marked with strikethrough. Additionally, an exhibit not included in the original Complaint has been appended hereto.**

was authorized to drive a vehicle nor to transport other" workers on Pack & Process, Inc.'s behalf;

d) was never expected to drive a vehicle as part of her employment with Pack & Process, Inc.; and

was never asked by Pack & Process, Inc. to drive a vehicle or to transport workers on its behalf.

Additionally, it should be noted Most of the passengers in the van involved in the accident noted above were temporary laborers provided to Pack & Process, inc. independent contractor.

14. As a matter of law, at the time of the subject accident, defendant was not the vehicle within the course and or scope of her employment by and with Pack & Process, Inc. Nor was the vehicle being used by defendant in the conduct of Pack & Process's business.

St. Paul issued insurance policy to defendant

16. Plaintiff St. Paul issued a policy of insurance, Policy No. CK0380070, to, Pack & Process, Inc., with an applicable policy period of May 1, 2001 to May 1, 2002 (hereafter the "Policy").

The Policy contains general liability, auto and excess umbrella coverage limits of $1 million per event and $10 million umbrella, for a total of $11 million.

Attached hereto as Exhibit "A" is a copy of the most relevant canes of the

19. As respects the general liability portion of the Policy, defendant does not qualify as an insured or protected person under the terms of the Policy because, among other things, driving the van at the time of the accident was not "work done within the scope of [her] employment by [Pack and Process]" and because she was not performing activities related to the conduct of Pack and Process'l business." See Exhibit "A", Form 47590 Rev. 1-96, at pp. 5-6 of 22.

20. Moreover, the "Auto" exclusion in the general liability portion of the Policy (Exhibit "A", Form 47500 Rev. 1-96, at p. 10 of 22) bars coverage for all claims in the Underlying Actions and arising out of the Accident because the Policy does not cover bodily injury, property damage, or medical expenses that result from the ownership, maintenance, use, or operation of any auto owned, operated, rented, leased, or borrowed by any protected person.

21. As respects the auto coverage contained in the Policy, the vehicle being driven by Defendant at the time of the accident was not a "covered auto" as the term is defined in the Policy (Exhibit "A", Form 4449 Rev. 12-93, at pp. 2 and 4 of 10).

22. Moreover, under the terms of the auto portion of the Policy, Defendant is not a "permitted user" of a "protected person" as those term is used in the subject Policy, so as to give rise to a coverage obligation under the Policy for defendant's liabilities in Underlying Tort Actions. (See Exhibit "A", Form 4499 Rev. 12-93, at p. 5 of 10).

23. As respects the umbrella excess portion of the Policy, defendant does not qualify as a "protected person" and therefore has no coverage under that aspect of the Policy. (See Exhibit "A", Form 47550 Rev. 3-96, at pp. 2, 6-7 and 9 of 10).

There may be other terms, conditions, provisions or exclusions of the Policy which bar coverage for claims arising out of the Accident.

Pursuant to the terms and conditions of the Policy, defendant is not an insured, additional insured, nor entitled to benefits of coverage.

22. Plaintiffs seeks a determination by this Court pursuant to 28 U.S.C § seq., that no coverage is available to Defendant under the Policy with respect to Plaintiffs liability in the Underlying Tort Actions.

Plaintiffs further seeks a determination by this Court pursuant to 28 U.S.C. § seq., that defendant was not acting in the course or scope of her employment the time of the Accident.

## COUNT I

28. Plaintiffs repeats and re-alleges paragraphs 1 through 27 above as though Fully set forth hereunder.

29. For the reasons set forth above, no coverage is due Defendant there is no coverage available under the Policy, as matter of law, with respect to her liability in the claims asserted in any of the Underlying Tort Actions.

WHEREFORE, plaintiffs, St. Paul Mercury Insurance Company and Pack and respectfully requests relief from this Court in the form of a declaration pursuant to 28 U.S.C. § 2201, et seq., that Pplaintiff St. Paul has no obligation under the Policy, to defend or provide indemnity to any party In connection with the Accident or Defendant in the Underlying Tort Actions, and that Maly Yarn was not acting in the

course and scope of her Employment with Pack and Process at the time of the Accident.

CHRISTIE-y-PABA-R-U-E-
M-OR-T--E-iNSEN

lewd-Car p era°o t

_____
Thad&-us-J-:--W-ea-v,

(215) 587 1604

Attorneys for Plaintiff  Paul
MeK---hiati-afic Gem-pal-1y-

Dated: March 10, 200  BIFFERATO, GENTILOTTI & BIDEN
Wilmington, DE

Vincent A. Biffelato, Si. (#10057)
Ian Connor Bifferato (#3273)
Joseph R. Biden, III (#4203)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P O Box 2165
Wilmington, DE 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, PA 19103-2978
(215) 587-9400

Attorneys for Plaintiff