CE X U.S. CiSTRICT COURT
N$TRICT CF  ⸱   Ⴌ

Z05JA 4 I     PM 3⸱ 07

# LN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE
COMPANY
385 Washington Street
St. Paul, Minnesota,
                Plaintiff,

    *v*

                           Civil Action No.         9

MALY YAN
2007 S. Ninth Street
Philadelphia, Pennsylvania,
                Defendant.

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, St. Paul Mercury Insurance Company (hereinafter "St. Paul"), by and through its counsel, Christie, Pabarue, Mortensen and Young, *A Professional Corporation,* hereby files this action seeking declaratory relief pursuant to 28 U.S.C. § 2201, and alleges in support thereof he following:

### THE PARTIES

Plaintiff, St. Paul, is a corporation organized under the laws of the State of Minnesota, maintaining its principal place of business at 385 Washington Street, St. Paul, Minnesota.

2.    Defendant Maly Yan is an individual adult residing at 2007 South Ninth Street, Philadelphia, Pennsylvania.

## JURISDICTION *AND NTsNUE*

3.      This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C.

i      by   virtue ad the diversity of citizenshi $^p$ of the parties, and because the amount in

controversy, exclusive of interest and casts, is alleged to be in excess of S75,000.00.

This action involves the determination of covera $^g$e available to defendant under

*an insurance* policy issued by plaintiff to Pack & Process, Inc., a Delaware corporation

maintaining its principal place of business at 3 Boulden Circle. New Castle, Delaware 19720,

and *with* respect to an auto accident in  which defendant was involved, that occurred in Delaware.

If coverage is available to defendant under the subject policy -- and plaintiff submits that it is not

-- coverage would exist only be virtue of defendant's employment by Pack & Process, inc.

Delaware. Thus, defendant has sufficient contacts *with* the State of Delaware to allow this Court

to e,:ercise personal jurisdiction over defendant.

>_      Venue is proper in this district pursuant to 28 U.S.C. § 1$91(a)(2), as a substantial

:)art of  the events or omissions  giving rise to the claim occurred in this district. Specii7cally, the

insurance $^P$olicy tinder which the coverage question is presented was issued to the named insured

Delaware, and the auto accident giving rise to the coverage issue presented occurred in

Delaware.

6.      Declaratory relief in this action  *will* serve the useful pur$^P$ose of clarifying and

settling the legal relat7ors between the parties. and will terminate and afford relief from the

uncertainty , insecurity, and actual and substantial controversy  giving rise to the present action.

## O PERATIVE FACTS

This insurance coverage action arises from an auto accident that occurred on June

18, 2001, on Interstate 495 in Delaware. Upon information and belief, defendant was driving a

van in which she was trans porting approximately nineteen (19) people. The accident resulted ire a number of fatalities.

Upon information and belief, the vehicle being driven by defendant was owned by defendant or her father.

9. As a result of the accident, Defendant has been named as a defendant in a number or suits filed by certain of the injured passengers, and by the Estate of certain of the deceased passengers (hereinafter the "Underlying Toll Actions' .

lt . Upon information and belief, in rune of 2001, defendant was employed by Pack  Ptoces_. Inc. in New Castle, Delaware as a Quality Control Line inspector.

11. Upon information and belief. as a Quality Control Line Inspector, defendant:

(a) was not hired by Pack & Process, Inc. to drive a vehicle;

Co) was never paid by Pack & Process, Inc. to drive a vehicle;

(c) was never authorized to drive a vehicle nor to transport other workers on Pack & Process. Inc..s behalf;

(d) was never expected to drive a vehicle as part of her employment with Pack & Process, Inc.; and

e} was never requested by Pack & Process, Inc. to drive a vehicle or to transport workers on ins behalf.

1 2 Upon information and belief, the passengers in the van involved the accident noted abo ᵛe wore temporary laborers ᵖrovided to Pack & Process. Inc. by an independent contractor.

ɩ As a matter of law. at the time of the subject accident, defendant was not driving the vehicle within the course and scope of her employment by and with Pack & Process, Inc. Nor was trite vehicle being used by defendant in the conduct of Pack & Process, Inc.'s business.

14. Plaintiff has never issued an insurance policy to defendant.

15. Plaintiff issued a policy of insurance, Policy No. CK03800708, to Pack & Progress, inc., with an applicable policy period of May 1, 2001 to May 1, 2002 (hereinafter the p

16. The vehicle being driven by Defendant at the time of the accident was not a "covered auto" as the term is used in the subject Policy.

17. Defendant is not a "permitted user" of a "protected person" as those term is used in the subject Policy, so as to give rise to a coverage obligation under the Policy for defendant's iabilities in the Underlying Tort Actions.

15. Pursuant to the terms and conditions of the Policy, defendant is not an insured, :additional insured, nor entitled to benefits of coverage.

19. Plaintiff seeks a determination by this Court pursuant to 28 U.S.C. § 2201, *seg.,* ća no coverage is available to Defendant under the Policy with respect to Defendant's liability tne Underlying Tort Actions.

## COUNT I

20. Plaintiff repeats and re-alleges paragraphs 1 through 19 above as though fully set forth hereunder.

21. t'or'the reasons set forth above, no coverage is due Defendant under the Policy, as rua.tter of law, «ith respect to her liability in the Underlying Tort Actions.

WHEREFORE, Plaintiff. St. Paul Mercury Lnsurance Company, respectfully requests relief from this Court in the foiui of a declaration pursuant to 28 U.S.C. § 2201, *or seq.,* that Plaintiff has no obligation under the Policy to defend or indemnify Defendant in the Underlying Fort ;ª.c?ions.

CHRISTIE, PABARLTE, MORTENSEN **and** YOUNG
*A Professional Corporation*

BY: _____
Thaddeus J. Weaver
(Attorney I.D. No. 2790)
1880 JFK Boulevard, 1o$^f$ Floor
Philadelphia, PA 19103
(215)X87-1600

Attorneys for Plaintiff St. Paul
Mercury Insurance Company

Date: JANUARY 14, 2005