# DEASEY, MAHONEY & BENDER, LTD.

FRANCIS J. DEASEY
HARRY G. MAHONEY
JAMES W. DALY†
GERALD J. VALENTINI‡
JAMES B. BURNS†
JANE A. NORTH†
BARBARA C. MORROW†◊
HENRI MARCEL†
CARLA P. MARESCA†◊
ADAM J. PANTANO†
CRAIG M. STRAW
WARD A. RIVERS†
CARMEN H. BELL†
CHRISTOPHER C. NEGRETE
STEPHEN J. PARISI†
CHRISTOPHER T. HUBER
PATRICIA E. McENTEER
MICHAEL J. HINKLE†
TROY D. SISUM†

ATTORNEYS AT LAW - PROCTORS IN ADMIRALTY
SUITE 1300
1800 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19103-2978
215-587-9400
FACSIMILE: 215-587-9456

DIRECT E-MAIL: JBBURNS@DMBPHILA.COM
VOICE-MAIL EXTENSION #177

NEW JERSEY OFFICE:
80 TANNER STREET
HADDONFIELD, NJ 08033-2419
856-429-6331
FACSIMILE: 856-429-6562

OF COUNSEL:
FRANK C. BENDER
WILLIAM R. DEASEY
1951-1993
JAMES G. BARNES
1988-1997
† ALSO MEMBER NJ BAR
‡ ALSO MEMBER CA BAR
◊ ALSO MEMBER DE BAR
□ ALSO MEMBER NY BAR

May 20, 2005

The Honorable Kent A. Jordan
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6325
Lockbox 10
Wilmington, DE 19801

RE: **St. Paul Mercury Insurance Co. et. al. v. Maly Yan; Civil Action No. 05-0022**

Dear Judge Jordan:

We represent plaintiffs in the above action. We write, in advance of oral argument on various motions scheduled for May 25, 2005, to advise the Court of a new development which may affect the Court's handling of this matter.

On May 9, 2005, the Honorable James T. Giles of the United States District Court for the Eastern District of Pennsylvania issued an order (copy enclosed) directing that the declaratory judgment action filed in that Court by the underlying tort plaintiffs be transferred to the District of Delaware. As of this writing, the case has not yet been docketed in Delaware, but we expect that will happen shortly.

In light of Judge Giles' ruling, we have discussed with counsel for Maly Yan in this action – who also represent the plaintiffs in the transferred Pennsylvania action – our views on how the two actions in Delaware should proceed after the Pennsylvania case is transferred, and we have sought to reach an agreement with opposing counsel in that regard. Unfortunately, we have been unable to reach an agreement concerning same.

We believe Judge Giles' order effectively renders moot the motions filed in this Court, and the wording of the order contemplates that our action in this Court will be the only action to proceed, with the Pennsylvania plaintiffs having an opportunity to participate as parties in the Delaware action should they desire. Opposing counsel has advised us, however, that they intend to press Maly Yan's motion to dismiss our action in this Court so that only the transferred, later-filed Pennsylvania action would proceed here. We believe, however, that if the Pennsylvania action is to survive at all, it must be consolidated into our clients' existing action pursuant to Federal Rule of Civil Procedure 42(a) and that the two actions thereafter be managed together by the Court. We have sought the consent of the Pennsylvania plaintiffs to proceed in only one action by re-aligning themselves as defendants in the existing action. This would permit them to answer the amended complaint in that action and assert whatever claims for declaratory judgment or otherwise they might wish to pursue, including all claims they had asserted in Pennsylvania. Opposing counsel has so far not consented to this arrangement. Pending a resolution of the above issues, we are reserving our rights to seek the dismissal of the Pennsylvania action after it has been docketed in Delaware.

If the Court should desire to convene a telephone conference to discuss the above matters prior to the May 25th argument, we are available any time on May 24, 2005.

Thank you for your consideration of the above.

Very truly yours,

DEASEY, MAHONEY & BENDER, LTD.

BY: _____
JAMES B. BURNS

JBB/de
G:\Insurance Clients\St Paul-USF&G-350 - 351\St.Paul v. Maly Yan-21939\Correspondence\Jordan 5-20-05.wpd

cc:   Yvonne Takvorian-Saville, Esquire (*via facsimile*)
      Jonathan M. Cohen, Esquire (*via facsimile*)
      Joshua Van Naarden, Esquire (*via facsimile*)
      Joseph Koury, Esquire (*via facsimile*)