IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| St. PAUL MERCURY INSURANCE COMPANY<br><br>and<br><br>PACK AND PROCESS INC.<br><br>    Plaintiffs,<br><br>    v.<br><br>MALY YAN<br><br>    Defendant | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 05-0022 (KAJ)<br>:<br>:<br>:<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>: |

## ANSWER OF MALY YAN TO PLAINTIFFS' AMENDED COMPLAINT

1. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

2. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

3. Admitted

4. Admitted in part, denied in part. Although it is admitted that the parties to this action are diverse and the amount in controversy, exclusive of interest and costs, is alleged to be in excess of $75,000, this action should be consolidated with an action initiated in the United States District Court in the Eastern District of Pennsylvania that was transferred to this Court by the Honorable Judge Giles. By answering this Amended Complaint, Defendant does not waive the right to have both declaratory judgment actions consolidated pursuant to the proceedings before the Honorable Judge Jordan, on May 25, 2005 concerning the argument on Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

5. Denied. The determinations and declaration contained within this complaint are incomplete and will not include all the issues that will resolve this matter until it is consolidated with the declaration action that is currently being transferred to this Court. See Eastern District of Pennsylvania Declaratory Judgement Actions attached hereto as Exhibit "A." It is denied that Maly Yan has contacts with the State of Delaware to allow this Court to exercise personal jurisdiction over her. It is denied that coverage is only available under the subject insurance policy if Maly Yan was acting within the course and scope of her employment with Pack & Process, coverage also exists if Maly Yan was performing a duty related to the conduct of Pack & Process business while driving on June 18, 2001.

6. Denied. It is denied that venue is proper. It is denied that a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Denied as stated. The determinations and declaration contained within this complaint are incomplete and will not include all the issues that will resolve this matter until it is consolidated with the declaration action that is currently being transferred to this Court. See Eastern District of Pennsylvania Declaratory Judgement Actions attached hereto as Exhibit "A."

8. Admitted.

9. Denied. It is denied that the vehicle being driven by Defendant was owed by Defendant.

10. Admitted.

11. Denied as stated. In June of 2001, Maly Yan was employed by Pack & Process as a Quality Control Line Inspector and to transport workers to and from the Pack & Process facility.

12. Denied as to each and every allegation contained in subsections (a) through(e) of this averment.

13. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

14. Denied. At the time of the accident, Defendant was driving the vehicle within the course and scope of her employment with Pack & Process and Maly Yan was performing a duty related to the conduct of Pack & Process business.

15. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

16. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

17. Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

18. No response required.

19. Denied. It is denied with respect to the general liability portion of the Policy, Defendant does qualify as an insured or protected person under the terms of the Policy because, among other things, driving the van at the time of the accident was "work done within the scope of [her] employment by [Pack and Process]" and because she was performing "duties related to the conduct of [Pack and Process'] business."

20. Denied. It is denied that the "Auto" exclusion in the general liability portion of the Policy Exhibit "A". Form 47500 Rev. I-96, at p. 10 of 22) bars coverage for all claims asserted in the Underlying Tort Actions and arising out of the Accident because it is denied that the Policy does not cover bodily injury, property damage, or medical expenses that result from the ownership, maintenance, use, or operation of any auto owned, operated, rented, leased or borrowed by any protected person.

21.     Denied. It is denied with respect to the auto coverage contained in the Policy, that the vehicle being driven by Defendant at the time of the accident was not a "covered auto" as the term is used in that Policy.

22.     Denied. It is denied that under the terms of the auto portion of the Policy, Defendant is not a "permitted user" or a "protected person" as those terms are used in the Policy, so as to give rise to a coverage obligation under the Policy for defendant's liabilities in the Underlying Tort Actions.

23.     Denied. It is denied with respect to the umbrella excess portion of the Policy, that Defendant does not qualify as a "protected person" and therefore has no coverage under that aspect of the Policy.

24.     Denied. It is denied that there may be other terms, conditions, provisions or exclusions of the Policy which bar coverage for claims arising out of the Accident.

25.     Denied. It is denied that pursuant to the terms and conditions of the Policy, Defendant is not an insured, additional insured, nor entitled to benefits of coverage.

26.     Denied.

27.     Denied.

## COUNT I

28.     No response is required.

29.     Denied, it is denied that for the reasons set forth above, there is no coverage available under the Policy, as matter of law, with respect to the claims asserted in any of the Underlying Tort Actions.

### FIRST CROSSCLAIM/COUNTERCLAIM

30. Defendant Maly Yan incorporates herein by reference the Complaint filed in the United States District Court for the Eastern District of Pennsylvania currently being transferred to this Court by the Honorable Judge Giles. See Exhibit "A."

31. Defendant hereby incorporates herein by reference all claims for damages from the aforementioned case.

### FIRST AFFIRMATIVE DEFENSE

32. The Complaint is incomplete and fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

33. This Court lacks jurisdiction of this claim as it pertains to Maly Yan.

### THIRD AFFIRMATIVE DEFENSE

34. Plaintiffs' claims are barred by the applicable Statute of Limitations.

WHEREFORE, Defendant respectfully requests this Honorable Court dismiss Plaintiffs' Amended Complaint for Declaratory Judgment and find in favor of Defendant.

Respectfully submitted,

WEISS AND SAVILLE, P.A.

BY: S/Yvonne Takvorian Saville, Esquire
YVONNE TAKVORIAN SAVILLE, ESQUIRE
1220 North Market Street
Suite 604
P.O. Box 370
Wilmington DE 19801
(302) 656-0400

DATED: 6/16/05
and

KLINE & SPECTER, P.C.

BY: S/Jonathan M. Cohen, Esquire/ JC593
JONATHAN M. COHEN, ESQUIRE
JOSHUA VAN NAARDEN, ESQUIRE
1525 Locust Street, 19th Floor
Philadelphia PA 19102
(215) 772-1000