**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ST. PAUL MERCURY INSURANCE COMPANY, )
)
And )
)
PACK AND PROCESS, INC. )
)
Plaintiffs, )
)
v. ) Case No. 05-0022 (KAJ)
)
MALY YAN, )
)
Defendant. )

**PLAINTIFFS' ANSWER AND REPLY TO DEFENDANT MALY YAN'S FIRST CROSSCLAIM/COUNTERCLAIM**

Plaintiffs, St. Paul Mercury Insurance Company ("St. Paul") and Pack and Process, Inc. ("Pack & Process") (collectively, "plaintiffs"), for their answer and reply to the First Crossclaim/Counterclaim of defendant, Maly Yan ("Yan"), hereby responds as follows. Since Yan's pleading merely incorporates by reference a complaint she and others had filed in the United States District Court for the Eastern District of Pennsylvania, plaintiffs' answer and reply necessarily responds to Yan's pleading as if plaintiffs were answering the complaint filed in that Court. Accordingly plaintiffs respond as follows:

**THE PARTIES**

1. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

2. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

3. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

4. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

5. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

6. Plaintiffs admit only that tort plaintiff, Chan Yan, is an adult individual and citizen of the Commonwealth of Pennsylvania. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, they are denied.

7. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

8. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

9. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

10. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

11. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

12. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

13. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

14. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

15. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

16. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

17. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

18. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

19. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

20. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

21. Plaintiffs admit only that Maly Yan, is an adult individual and a citizen of the Commonwealth of Pennsylvania. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, they are denied.

22. Denied in part, admitted in part. Plaintiffs admit only that Pack & Process is a corporation duly organized and existing under the laws of Delaware. Plaintiffs deny that Pack & Process's principal place of business is currently located at 3 Boulden Circle, New Castle, DE 19720. Plaintiffs admit that the mailing address of Pack & Process is P.O. Box 883, New Castle, DE 19720. Plaintiffs admit only that at the time of the June 2001 accident, Pack & Process was in the business of packaging food, pharmaceuticals and other consumer items. The allegation that Pack & Process "maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in Pennsylvania and the Eastern District of Pennsylvania" is a conclusion of law to which no response is required. To the extent a response is deemed required, this allegation is denied.

23. Denied as stated. Plaintiffs admit only that, from time to time, Pack & Process employed a staffing agency to supply laborers to work at Pack & Process' facility in New Castle, Delaware. Plaintiffs expressly deny that Pack & Process employed the staffing agency to supply workers from Philadelphia; to the contrary, Pack & Process never specified any geographic area from which the laborers would be supplied. Plaintiffs deny that Pack & Process employed a driver to transport "contract workers" and passengers to the factory and back to Philadelphia in a fifteen passenger van.

24. Denied. This paragraph contains one or more conclusions of law to which no response is required. To the extent a response is deemed required, these allegations are denied. Plaintiffs specifically deny the allegation that Maly Yan was "acting as an employee, servant, or agent of Pack & Process, acting within the scope of her employment and/or master servant and/or agency relationship with Pack & Process while providing transportation to all tort plaintiffs to

and from the Pack & Process factory." By way of further answer, Maly Yan had no responsibility for transportation of anyone or anything. Plaintiffs further deny that Pack & Process is liable for damages resulting from any acts or omissions of Maly Yan while she was allegedly transporting the tort plaintiffs to the Pack & Process factory, and further deny that any liability attaches under the doctrines of respondeat superior, master-servant, and right of control.

25. Denied as stated. Plaintiffs deny the allegation that St. Paul Travelers is a defendant in this action or that it known as "a/k/a St. Paul Company." Plaintiffs admit only that St. Paul Mercury is a corporation providing insurance organized and existing under the laws of the State of Minnesota with an address for acceptance of service of process at 385 Washington Street, St. Paul, MN 55102 and that its principal place of business is in Minnesota with an address and place of business at 385 Washington Street, St. Paul, MN 55102. The allegation that St. Paul "maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in Pennsylvania and the City and County of Philadelphia" is a conclusion of law to which no response is required. To the extent a response is deemed required, this allegation is denied.

26. Denied. Plaintiffs expressly deny that Maly Yan was a Pack & Process agent/employee working within the course and scope of her employment at the time of the accident. By way of further answer, the deposition transcript is a written document which speaks for itself. Plaintiffs admit that Pack & Process disputes that Maly Yan was an agent/employee working within the course and scope of her employment at the time of the accident. Plaintiffs deny that the Pennsylvania declaratory judgment action, as structured and with all of the parties added thereto, is necessary to determine this dispute.

**JURISDICTION AND VENUE**

27. Denied as stated. Plaintiffs admit only that the United States District Court for the District of Delaware has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

28. Denied as stated. Plaintiffs admit only that venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391(a)(2). They deny that venue is or was proper in the United States District Court for the Eastern District of Pennsylvania.

**OPERATIVE FACTS**

29. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

30. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

31. Denied. Plaintiffs specifically deny that Maly Yan acted as the agent of Pack & Process in transporting 19 passengers in the van back and forth to the Pack & Process factory in New Castle, Delaware, and further deny that they were transported by Maly Yan, acting as the agent of Pack & Process, from their neighborhood in Philadelphia to work at the Pack & Process facility in New Castle, Delaware and back again to Philadelphia at the end of the work day. Plaintiffs further deny the allegation that eighteen of the passengers, including tort plaintiffs Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, were contract workers supplied by Lam to work at Pack & Process and were transported by Maly Yan, acting as the agent of Pack & Process, from their neighborhood in Philadelphia to work at the Pack & Process facility in New Castle, Delaware.

32. Denied as stated. Plaintiffs admit only that Maly Yan was operating a van at the time alleged and that the van was carrying passengers. Plaintiffs are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, they are denied.

33. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

34. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

35. Admitted.

36. Denied as stated. Although plaintiffs admit that a non-jury proceeding took place beginning on January 14, 2005 before the Honorable Sandra J. Moss, plaintiffs deny that the proceeding was a "trial", as that term is commonly used and understood.

37. Denied as stated. Although plaintiffs admit that the proceeding concluded on January 20, 2005 with a "verdict", plaintiffs deny that the proceeding was a "trial", as that term is commonly used and understood.

38. Denied as stated. Defendant's deny that a "trial" occurred, as that term is commonly used and understood. Plaintiffs admit only that Judge Moss purported to "award damages" in the amounts specified in this paragraph.

39. Denied as stated. Although Maly Yan apparently executed an assignment, plaintiffs deny that Maly Yan has or had any rights, interests in, or claims against St. Paul or Pack & Process for indemnification, right to insurance coverage, contribution, bad faith and/or other remedies.

40. This paragraph contains one or more conclusions of law to which no response is required. To the extent a response is deemed required, these allegations are denied. Moreover,

the allegations contained in this paragraph refer to an insurance contract, which is a written document which speaks for itself.

## COUNT I - DECLARATORY JUDGMENT

41. Plaintiffs incorporate by reference the above answers as though same were set forth at length.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied as stated. Plaintiffs deny that they have any dispute with any party other than Maly Yan. Plaintiffs admit only that they dispute Maly Yan's claim that she was acting within the course and scope of her employment with Pack & Process while driving the tort plaintiffs home from work on June 18, 2001.

48. Denied as stated. Plaintiffs deny that they have any dispute with any party other than Maly Yan. Plaintiffs admit only that they dispute Maly Yan's claim that she was performing a duty related to the conduct of Pack & Process' business while driving the tort plaintiffs home from work on June 18, 2001.

49. Denied as stated. Plaintiffs deny that they have any dispute with any party other than Maly Yan. Plaintiffs admit only that a bona fide controversy exists between them and Maly Yan only as to their legal relations in respect to the insurance policies and the respective rights of the parties. All other allegations in this paragraph are denied.

WHEREFORE, plaintiffs demand that Count I be dismissed with prejudice and that judgment be entered in favor of plaintiffs and against Yan and the other Pennsylvania plaintiffs on Count I, and a declaratory judgment be entered in favor of plaintiffs that neither of them has any liability or duty to Yan or any of the tort plaintiffs under the terms of the insurance policies or under applicable law or otherwise, and that plaintiffs be awarded damages, costs, expenses, attorneys fees, and such other and further relief as this Court deems just.

**COUNT II - INDEMNIFICATION**

50. Plaintiffs incorporate by reference the above answers as though same were set forth at length.

51. Denied as stated. Plaintiffs admit only that at the time of the June 2001 accident, St. Paul was an insurance carrier for Pack & Process. Plaintiffs deny that the St. Paul insurance policies provide coverage for any damages sustained to third parties as a result of the accident. Plaintiffs further deny that Pack & Process acted negligently at any time, and deny any conduct, actions or negligence of Pack & Process employees and/or agents while acting in the course and scope of their employment.

52. Denied as stated. Plaintiffs admit only that the alleged St. Paul policy was valid at the time of the accident. Plaintiffs deny that the alleged policy was "binding" and "effective" to provide any coverage to any party in connection with the June 2001 accident.

53. This paragraph contains one or more conclusions of law to which no response is required. To the extent a response is deemed required, these allegations are denied. The insurance policy is a written document which speaks for itself.

54. Denied.

55. Denied as stated. Plaintiffs deny that they have any dispute with any party other than Maly Yan. Plaintiffs admit only that a dispute exists between them and Maly Yan only as to whether Pack & Process and St. Paul (as the insurance carrier for Pack & Process) are liable for damages arising from Maly Yan's alleged negligence in the cited litigation. All other allegations in this paragraph are denied.

WHEREFORE, plaintiffs demand that Count II be dismissed with prejudice and that judgment be entered in favor of plaintiffs and against Yan and the other Pennsylvania plaintiffs on Count II, and a declaratory judgment be entered in favor of plaintiffs that neither of them has any liability or duty to Yan or any of the tort plaintiffs under the terms of the insurance policies or under applicable law or otherwise, and that plaintiffs be awarded damages, costs, expenses, attorneys fees, and such other and further relief as this Court deems just.

**AFFIRMATIVE DEFENSES**

1. The Pennsylvania amended indemnification and declaratory judgment complaint fails to state any claim upon which relief may be granted.

2. The Pennsylvania amended indemnification and declaratory judgment complaint should be dismissed because it contains parties which are neither necessary nor indispensable to a resolution of the issues between St. Paul, Pack & Process and Maly Yan, who are the only parties with an interest in the outcome, and because said action is duplicative of a prior-filed action in this Court.

3. Even if this court should determine that the Pennsylvania amended indemnification and declaratory judgment complaint should survive, it must be consolidated for all purposes with this prior-filed declaratory judgment action filed in this court on January 14,

2005 and captioned as St. Paul Mercury Insurance Company, et. al. v. Maly Yan, Case No. 05-0022 (KAJ) (D.Del.).

4. There is no coverage under the primary coverage of the St. Paul Policy, because, inter alia, under Form 47500 Rev. 1-96, at pp. 5-6 of 22 Maly Yan does not qualify as an insured or protected person under the terms of the Policy because, among other things, driving the van at the time of the accident was not "work done within the scope of [her] employment by [Pack and Process]" and because she was not performing "duties related to the conduct of [Pack and Process's] business."

5. Moreover, the "Auto" exclusion in the general liability portion of the Policy (Form 47500 Rev. 1-96, at p. 10 of 22) bars coverage for all claims asserted in the underlying tort actions and arising out of the accident because the Policy does not cover bodily injury, property damage, or medical expenses that result from the ownership, maintenance, use, or operation of any auto owned, operated, rented, leased, or borrowed by any protected person.

6. As respects the auto coverage contained in the Policy, the vehicle being driven by Maly Yan at the time of the accident was not a "covered auto" as the term is used in that Policy (Form 4449 Rev. 12-93 at pp. 2 and 4 of 10).

7. Moreover, under the terms of the auto portion of the Policy, Maly Yan is not a "permitted user" or a "protected person" as those terms are used in the Policy, so as to give rise to a coverage obligation under the Policy for Maly Yan's liabilities in the underlying tort actions. (Form 4449 Rev. 12-93 at p. 5 of 10).

8. As respects the umbrella excess portion of the Policy, Maly Yan does not qualify as a "protected person" and therefore has no coverage under that aspect of the policy. (Form 47550 Rev. 3-96 at pp. 2 and 6-8).

9. Neither Yan nor any of the tort plaintiffs are entitled to relief against either of the plaintiffs herein, under the St. Paul Policy or otherwise, because Maly Yan was not driving the vehicle within the course or scope of her employment by and with Pack & Process at the time of the accident.

10. Neither Yan nor any of the tort claimants is entitled to relief against either of the plaintiffs herein, under the St. Paul Policy or otherwise, because Maly Yan was not performing any duties related to the conduct of Pack and Process's business at the time of the accident

11. Neither Yan nor any of the tort plaintiffs is entitled to relief against either plaintiff because, inter alia: Maly Yan was not acting as an employee, servant, agent, or representative of Pack & Process at the time of the accident; Maly Yan was never hired to drive any employees or other workers to the Pack & Process facility; Maly Yan was not paid to drive any employees or other workers to the Pack & Process facility; neither the driving of vehicles nor the transportation of workers was not within Maly Yan's job description; Pack & Process never authorized, expressly or impliedly, Maly Yan to drive any vehicle for any purpose; and Pack & Process had no knowledge that Maly Yan was driving workers to or from Pack & Process.

12. All of the terms, provisions, definitions, conditions, exclusions, endorsements and other parts of the St. Paul Policy preclude coverage for any party in connection with the accident.

WHEREFORE, plaintiffs, St. Paul Mercury Insurance Company and Pack & Process, Inc, respectfully request judgment in their favor and against Yan and the other tort plaintiffs dismissing the Pennsylvania amended complaint with prejudice and awarding plaintiffs attorneys fees, costs of suit, and such other and further relief as this Court deems just.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT**

1. Plaintiffs incorporate by reference their answers and affirmative defenses above, as if same were fully set forth at length.

2. Relevant portions of the St. Paul Policy are attached hereto as Exhibit "A".

3. As alleged in the foregoing affirmative defenses, neither the general liability, auto nor excess umbrella coverages of the St. Paul Policy trigger any duty to defend or indemnify in this action.

3. Plaintiffs demand, pursuant to 28 U.S.C. § 2201, *et seq.*, that this court issue a declaration that: St. Paul has no obligation under the general liability, auto and excess umbrella coverages of the Policy to provide a defense or indemnity to any party in connection with the accident or the underlying tort actions; that Maly Yan was not acting in the course or scope of her employment with Pack & Process, Inc. at the time of the Accident; that Maly Yan was not performing any duties related to the conduct of Pack and Process's business at the time of the accident; and that Pack & Process has no liability to Maly Yan or to any other person or entity arising out of the Accident which forms the basis for the Pennsylvania amended complaint.

WHEREFORE, plaintiffs, St. Paul Mercury Insurance Company and Pack & Process, Inc, respectfully request relief from this Court in the form of the foregoing declaration, or a similar declaration which has the effect of insulating plaintiffs from any and all liability arising from or

relating to the accident alleged in the amended complaint.

Dated: July 5, 2005
Wilmington, DE

BIFFERATO, GENTILOTTI & BIDEN

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James W. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

*Attorneys for Plaintiffs*