# DEASEY, MAHONEY & BENDER, LTD.

ATTORNEYS AT LAW - PROCTORS IN ADMIRALTY

FRANCIS J. DEASEY
HARRY G. MAHONEY
JAMES W. DALY†
GERALD J. VALENTINI‡
JAMES B. BURNS†
JANE A. NORTH†
HENRI MARCEL†
CARLA P. MARESCA†○
ADAM J. PANTANO†
CRAIG M. STRAW
WARD A. RIVERS†
CARMEN H. BELL†
CHRISTOPHER C. NEGRETE
STEPHEN J. PARISI†‡
CHRISTOPHER T. HUBER
PATRICIA E. McENTEER
MICHAEL J. HINKLE†
TROY D. SISUM†
JENNIFER B. HUNTER†

SUITE 1300
1800 JOHN F. KENNEDY BOULEVARD
PHILADELPHIA, PA 19103-2978
215-587-9400
FACSIMILE: 215-587-9456

DIRECT E-MAIL: JBBURNS@DMBPHILA.COM
VOICE-MAIL EXTENSION #177

NEW JERSEY OFFICE:
80 TANNER STREET
HADDONFIELD, NJ 08033-2419
856-429-6331
FACSIMILE: 856-429-6562

OF COUNSEL:
FRANK C. BENDER
WILLIAM R. DEASEY
1951-1993
JAMES G. BARNES
1988-1997

† ALSO MEMBER NJ BAR
‡ ALSO MEMBER CA BAR
○ ALSO MEMBER DE BAR
◦ ALSO MEMBER NY BAR

August 19, 2005

The Honorable Kent A. Jordan
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6325
Lockbox 10
Wilmington, DE 19801

RE: **St. Paul Mercury Insurance Co. et. al. v. Maly Yan; Civil Action No. 05-0022**

Dear Judge Jordan:

We represent plaintiffs, St. Paul Mercury Insurance Company and Pack & Process, Inc. As required by this Court's July 29, 2005 Order, we contacted defendant's counsel earlier this week to initiate a discussion regarding a joint discovery plan and the draft case management order which the Court had circulated. While we were able to reach agreement on some items, we were not able to agree on certain others. Although we had intended to submit this letter as a joint discovery plan, we received a message from defendant's counsel this morning that defendant has decided to independently submit her proposed plan to the Court today. Thus, while we cannot represent that this letter constitutes a joint plan, we have attempted to summarize those areas where we believe the parties were able to reach agreement, and those areas where no agreement could be reached. If a particular provision in the Court's proposed order is not mentioned in this letter, it means that our clients find that provision, as drafted, acceptable (and, based upon our conference with defendant's counsel, we believe she has no objection either).

Before listing our comments, please be advised that the parties have agreed that the action which was transferred to this Court by the U.S. District Court for the Eastern District of Pennsylvania and docketed here on July 21, 2005

(Docket No. 05-513 (SLR)) should be consolidated with the instant action for purposes of case management, discovery and trial. We believe this is consistent with Your Honor's suggestion to us at the May 25, 2005 hearing that consolidation would be appropriate. Unless directed by the Court otherwise, the parties plan to file stipulations in the next few days to effectuate this consolidation.

Our comments on the draft order, keyed to its paragraph numbers, follow. In proposing dates, we respectfully request that the starting point for the "clock" be July 21, 2005, or the date on which the transferred Pennsylvania case was docketed here, since the parties have effectively not been able to proceed with this action until the Pennsylvania case arrived, and since the transferred case affects many more parties than this action, it would seem appropriate to use the latter date as the starting point.

## SPECIFIC COMMENTS

1. The parties have reviewed the Default Standard for E-discovery and have reached an agreement on the exchange of electronic documents such that they do not wish to be bound by the default rule. Specifically, the parties are in agreement that to the extent documents or information kept by them in electronic form are requested in discovery, and to the extent such matters are discoverable and not confidential or protected by any privilege, they will be produced in discovery.

2. The parties agreed that they would like 120 days from the date of filing (to January 21, 2006) in which to move for the joinder of other parties.

3.(a) The parties agreed to request that no limitation should be imposed upon hours of testimony, as the amount of time required, given the significant number of potential witnesses and the need for translators for the numerous Cambodian, Pakistani and Indonesian witness (effectively doubling the time of many depositions) makes it difficult to predict how many hours will be needed. In the alternative, we agreed that if the Court requires a specific cap on the number of deposition hours, each side should be limited to 100 hours.

3.(b) Since many witnesses are located in Pennsylvania or other states, the parties agreed to request that they be permitted to conduct depositions outside of Delaware as may be necessary for the convenience of parties, witnesses and counsel.

3.(c) The parties differ on when discovery should end. Defendant advised that she would seek a discovery cut-off of 8 months (to 3/21/06), while plaintiffs seek 14 months to complete discovery (to 9/21/06). The cutoff in either case would apply to both fact witnesses and experts.

9. The parties differ on when dispositive motions should be due. Defendant advised that she would request 30 days after the close of discovery and plaintiffs request 60 days after the close of discovery.

14.   The parties differ on when trial should be scheduled. Defendant advised that she would request a trial date within 12 months of filing (7/21/06), while plaintiffs request a trial date within 18 months of filing (1/21/07).

Thank you for your consideration of the foregoing. We will be prepared to discuss these and other matters with the Court during the August 24, 2004 telephone conference.

Very truly yours,

DEASEY, MAHONEY & BENDER, LTD.

BY: *[signature]*
JAMES B. BURNS

JBB/mcf
cc:   Yvonne Takvorian-Saville, Esquire (*via facsimile*)
      Jonathan M. Cohen, Esquire (*via facsimile*)
      Joshua Van Naarden, Esquire (*via facsimile*)
      Joseph Koury, Esquire (*via facsimile*)