IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE : | | |
| COMPANY, and | : | |
| PACK & PROCESS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.    05-0022 (KAJ) |
| MALY YAN | : | |
| Defendant | : | |
| | | YAN |
| THOU, Individually and as | : | |
| Administrator of the Estates of Oeurn | : | |
| Mam, Deceased and Navy Yan, Deceased | : | Civil Action No.  05-0513 (KAJ) |
| et al., | : | |
| Plaintiffs | : | |
| VS. | : | |
| | : | |
| PACK & PROCESS, INC. | : | |
| AND | : | |
| ST. PAUL MERCURY INSURANCE : | | |
| COMPANY | | |
| Defendants | : | |

**DEFENDANTS' MOTION TO QUASH SUBPOENAS**

**NOW COME** Defendants, Yan Thou, Individually and as Administrator of the Estate of Oeurn Mam, deceased, and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh, Maly Yan and Bay Thi Nguyen, Unchalee Vong; Donkeo Phraviehit; Kusti Leman; Tjajah Chandra, as mother and legal guardian of Lani Chandra and Lani Chandra, in her own right; Zair Shah; Khan Gul; Salim Kahn; Mohammed Sardar Khan, as co-administrators of the Estate of Mohammed Azin; Soly Chan, as administrator of the Estate of Lang, Kehm, deceased, also known as Lang Chhay; Thorn Bun Khem as the administrator of the Estate of Lam Khem, deceased, by and through their undersigned counsel, and respectfully request that the Court Quash the Subpoenas served in this matter.

The basis for this Motion are set forth in Defendant's brief filed herewith.

                                  **WEISS AND SAVILLE, P.A.**

                        BY: <u>S/Yvonne Takvorian  Saville, Esquire</u>
                             YVONNE TAKVORIAN SAVILLE,
                             ESQUIRE
                             1220 North Market Street
                             Suite 604
                             P.O. Box 370
                             Wilmington DE 19801
                             (302) 656-0400
DATED: 9/28/05                         and

                                  **KLINE & SPECTER, P.C.**

                        BY: <u>S/Jonathan M. Cohen, Esquire/ JC593</u>
                             JONATHAN M. COHEN, ESQUIRE
                             JOSHUA VAN NAARDEN, ESQUIRE
                             1525 Locust Street, 19th Floor
                             Philadelphia PA 19102
                             (215) 772-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE : | | |
| COMPANY, and | : | |
| PACK & PROCESS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.   05-0022 (KAJ) |
| MALY YAN | : | |
| Defendant | : | |

YAN THOU, Individually and as
Administrator of the Estates of Oeurn
Mam, Deceased and Navy Yan, Deceased    :    Civil Action No.  05-0513 (KAJ)
et al.,
       Plaintiffs
     VS.

PACK & PROCESS, INC.
      AND
ST. PAUL MERCURY INSURANCE :
COMPANY
       Defendants

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SUBPOENAS**

Defendants Yan Thou, Individually and as Administrator of the Estate of Oeurn Mam, deceased, and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh, Maly Yan and Bay Thi Nguyen respectfully submits this Brief in Support of its Motion to Quash Subpoenas and respectfully requests that the Court grant its Motion based on the following:

**I.    FACTS**

These consolidated actions are Declaratory Judgment Actions arising out of an automobile accident which occurred on June 18, 2001 involving Yan Thou, Oeurn Mam, Navy Yan, Chan Yan, Thuha Son,  Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo

Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, Lang Khem and Lam Khem who were returning from work at Pack and Process and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia.  The 1992 Dodge Ram van was owned and operated by Maly Yan, who, twice under oath, admitted to acting as the agent of defendant Pack and Process in transporting nineteen passengers in the van back and forth to the Pack and Process factory in New Castle, Delaware.  Eighteen of the passengers were contract workers supplied by Lam to work at Pack and Process, and were transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to Philadelphia at the end of the work day.

The accident caused severe injuries to all of the occupants of the van, and killing Navy Yan, Oeurn Mam, Mohammed Azim, Lang Khem and Lam Khem.  Lawsuits were filed but only one action filed against only, Maly Yan, was never consolidated and proceeded to trial on January 14, 2005, against only defendant Maly Yan before the Honorable Sandra J. Moss, sitting without a jury[1].  The trial was concluded on January 20, 2005, and a verdict in favor of all plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00.  The disposition of that one action (which does not include all plaintiffs-who have a right to a jury trial on all issues, including Maly Yan's agency-or all defendants) gave rise to the declaratory judgment actions. On February 2, 2005, St. Paul Mercury Insurance Company filed its Declaratory Judgement Complaint in the United States District Court for the District of

---

[1]Counsel for Pack and Process was given notice of this trial in Pennsylvania, but declined to intervene or participate; choosing instead to sit in the public gallery during the proceedings.

2

Delaware. On February 23, 2005, Defendants filed a Declaratory Judgment Action in the United States District Court for the Eastern District of Pennsylvania. These actions were consolidated in the District Court of Delaware on September 8, 2005.

On September 14, 2005, St. Paul Insurance Company and Pack and Process served Notice of Subpoenas for Production of Documents addressed to all Defendants requesting various records including: workers compensation records, social security records, department of welfare records, unemployment records, risk management records, insurance company records and drivers licensing records. In total, Defendants were noticed of no fewer than 100 subpoenas. See the list of providers subpoenaed for each Defendant and corresponding reference numbers attached as Exhibit "A." Defendants object to these subpoenas in that they are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and unduly buredensome.

**ARGUMENT**

Federal Rules of Evidence 402 states, "Evidence that is not relevant is not admissible." (F.R.E. 402). Rule 401 defines "relevant"as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination to the action more probable or less probable than it would be without the evidence". (F.R.E. 401). Federal Rule of Civil Procedure 26 (b) (1) states, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to discovery of admissible evidence." (F.R.C.P. 26 (b) (1))

Federal Rule of Civil Procedure, 26 (b) (2) (iii) states:

> "the burden or expense of the proposed discovery outweighs its
> likely benefit, taking into account the needs of the case, the
> amount in controversy, the parties' resources, the important of

the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues".

<u>F.R.C.P</u>. 26 (b) (2) (iii)

The issues surrounding these consolidated declaratory actions are limited in scope to employment and agency. <u>See</u> Defendants Complaint attached as Exhibit "B." The requested documents are not only irrelevant but they are not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the issue in this case are so far removed from the subject matter requested in Plaintiffs' Subpoenas, that the burden of the proposed discovery outweighs the likely benefit.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully requests that their Motion be granted and that the Subpoenas be Quashed.

**WEISS AND SAVILLE, P.A.**

BY: <u>S/Yvonne Takvorian Saville, Esquire</u>
    YVONNE TAKVORIAN SAVILLE, ESQUIRE
    1220 North Market Street
    Suite 604
    P.O. Box 370
    Wilmington DE 19801
    (302) 656-0400

DATED: 9/28/05                                and

**KLINE & SPECTER, P.C.**

BY: <u>S/Jonathan M. Cohen, Esquire/ JC593</u>
    JONATHAN M. COHEN, ESQUIRE
    JOSHUA VAN NAARDEN, ESQUIRE
    1525 Locust Street, 19th Floor
    Philadelphia PA 19102
    (215) 772-1000