## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE )
COMPANY, et. al )
              Plaintiffs, )
      v. )
                              )    Case No. 05-0022 (KAJ)
MALY YAN )
              Defendant. )
*************************************
YAN THOU, et. al )
              Plaintiffs, )
      v. )   Case No. 05-00513 (KAJ)
                      )
PACK & PROCESS, INC., et. al. )
                      )    CONSOLIDATED CASES
              Defendants. )

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO QUASH

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
Bifferato, Gentilotti, Biden & Balick, P.A.
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James W. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

Dated: October 6, 2005

*Attorneys for Plaintiffs in No. 05-0022*

# TABLE OF CONTENTS

*Page*

I.    NATURE AND STAGE OF THE PROCEEDING................................................1

II.   SUMMARY OF ARGUMENT.........................................................................2

III.  CONCISE STATEMENT OF FACTS...............................................................3

IV.  ARGUMENT....................................................................................................5

      A.    Failure to Comply with Case Management Order and
             Local Rules of Court...........................................................................5

      B.    The Movants Fail to Demonstrate any Basis to Quash
             the Subpoenas......................................................................................5

V.    CONCLUSION................................................................................................9

# TABLE OF CITATIONS

## *Cases*                                                                *Page*

*Cash Today of Tex. v. Greenberg*, 2002 U.S. Dist. LEXIS 20694
(D. Del. 2002)..................................................................................5,8

*Dart Industries, Inc. v. Liquid Nitrogen Processing Corp.*, 50 F.R.D.
286, 292 (D. Del. 1970) ....................................................................8

*Oliver B. Cannon & Sons, Inc. v. Fid. & Cas. Co.*, 519 F. Supp. 668,
680 (D. Del. 1981)..............................................................................6

*Perez v. Sphere Drake Ins., Ltd.*, 2002 U.S. Dist. LEXIS 7427
(D.V.I. 2002)......................................................................................6

## NATURE AND STAGE OF THE PROCEEDING

Following consolidation of these actions and entry of the Scheduling Order on September 16, 2005, the parties have exchanged self-executing disclosures and plaintiffs initiated discovery by attempting to serve certain subpoenas upon various government agencies and others. Defendants have moved to quash those subpoenas.[1]

---

[1]     The motion is signed by, <u>inter alia</u>, Yvonne Takvorian Saville, Esquire as local counsel for movants. On August 19, 2005, Ms. Saville filed a Motion to Withdraw Her Appearance and simultaneously filed a Revised Entry of Appearance indicating that she only represents some, but not all, of the movants. See Exhibit "A". It is therefore unclear whether the motion was in fact filed on behalf of the persons no longer represented by Ms. Saville.

## SUMMARY OF ARGUMENT

The subpoenas seek governmental and other documentary evidence only. They are clearly proper because they relate to the various insurance coverage, vicarious liability and damages issues presented by these consolidated cases, including but not limited to issues of van ownership, driving privileges, employee status, compensation for travel to and from work, and claims made for government benefits in the wake of the accident.

## CONCISE STATEMENT OF FACTS

After finishing her shift at Pack & Process in Delaware on June 18, 2001, defendant Maly Yan was allegedly driving a van to her home in Philadelphia. Nineteen other workers, mostly day laborers, were packed into the van, which was involved in a serious accident about ½ hour after leaving Pack & Process. Defendants (plaintiffs in Docket No. 05-00513) were, or represent, victims of the crash.

These insurance declaratory judgment actions arise from the accident. One of the underlying tort actions against Maly Yan, details of which are pled in No. 05-00513, was "tried" non-jury in the Philadelphia Court of Common Pleas on January 14 and 20, 2005. From a review of the "trial" transcripts,[2] it appears from the way in which the trial was conducted that the trial was a sham in the sense that the parties had pre-agreed to aid the claimants – some of whom are Maly Yan's relatives – in obtaining judgments against Maly Yan in excess of $10 million dollars so that they could attempt to enforce the judgments in a later action, such as this one.

As they relate to the motion to quash, the principal legal and factual issues presented by these consolidated actions include, among other things:

- whether driving the van was "work done within the scope of [Maly Yan's] employment by the insured [Pack & Process].
- whether the injuries resulted from the "ownership ... use or operation ... of any auto owned [or] operated ... by any protected person."
- whether Maly Yan was a "permitted user" and whether the van was "owned by [Pack & Process] employees or partners or members of their households."
- whether the van occupants were Pack & Process "fellow employees" within the policy's exclusionary language
- whether defendants made any claims for workers compensation, disability or

---

[2]     The transcripts are already in the Court record, having been attached as Exhibits "G" and "H" to Plaintiffs' Memorandum of Law in Opposition to Maly Yan's Motion to Dismiss, D.I. #10, filed on March 17, 2005

3

unemployment compensation benefits as a result of their alleged injuries as it relates to their status (or lack of status) as employees or independent contractors of Pack & Process

- whether the defendants, in seeking government benefits, made any statements to the agencies bearing on the accident causing their injuries, including issues of their employment status and/or van ownership and operation
- whether defendants are illegal aliens as it affect their rights to recover damages for loss of earnings

## ARGUMENT

### *Failure to Comply with Case Management Order and Local Rules of Court*

Defendants' motion is improper under paragraph 10 of this Court's September 16, 2005 Scheduling Order, which provides that "any non-dispositive motion should contain the statement required by Local Rule 7.1.1. That Rule, in turn, provides as follows:

**RULE 7.1.1 Statement Required to be Filed with Non-Dispositive Motions.**

Unless otherwise ordered, the Court will not entertain any non-dispositive motion, except those motions brought by a person appearing pro se and those brought pursuant to Fed. R. Civ. P. 26(c) by a person who is not a party, unless counsel for the moving party files with the Court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

The motion in question is a non-dispositive one filed by parties. As such, it should have been accompanied by a statement that movants made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion. No such statement was filed with the motion, and undersigned counsel was not contacted by movants' counsel before it was filed. As such, the Court should deny the motion.

### *The Movants Fail to Demonstrate any Basis to Quash the Subpoenas*

Defendants assert two grounds for seeking to quash the subpoenas: relevance and burden. Their motion fails to prove either.

#### *Relevance – Generally*

Rule 26 of the Federal Rules of Civil Procedure allows for discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). Relevance for discovery purposes is given very broad meaning. Cash Today of Tex. v.

5

<u>Greenberg</u>, 2002 U.S. Dist. LEXIS 20694 (D. Del. 2002)(citations omitted). This is especially true as determinations of relevance for discovery purposes are made well in advance of trial. <u>Id.</u> Only if "it is palpable that the evidence sought can have no possible bearing upon the issues" should a court deny discovery by quashing a subpoena. <u>Id.</u>

Preliminarily, it must be noted that defendants fail to cite <u>a single legal authority</u> for the proposition that the subpoenas in question are not calculated to lead to discovery of admissible evidence, or present an undue burden. This failure alone dooms their motion.

In addition, a party generally has no standing to move to quash a subpoena directed to a non-party. <u>Oliver B. Cannon & Sons, Inc. v. Fid. & Cas. Co.</u>, 519 F. Supp. 668, 680 (D. Del. 1981)(citations omitted). An exception to this rule, however, is if the party claims some personal right or privilege relating to the documents sought. <u>Id.</u> <u>see also</u> <u>Perez v. Sphere Drake Ins., Ltd.</u>, 2002 U.S. Dist. LEXIS 7427 (D.V.I. 2002)(holding that a party had no grounds to object based on relevancy to a subpoena directed to a non-party when it did not claim a personal right or privilege.)

Defendants have not claimed that the documents sought by the subpoenas contain any personal and/or privileged information. Therefore, there is no basis for Defendants' objections based on relevance.

As discussed below, each subpoena is calculated to discover information and documents which bear upon the legal and factual issues presented by these consolidated cases.

*Relevance – Subpoenas of Other Insurance Companies*

Police records from the accident reflect that American Independent Insurance Company insured the van and that Continental Casualty Company insured the tractor trailer which was

involved in the accident. The subpoenas seek copies of the insurance policies issued by these insurers, their claims files relating to the accident, and their underwriting files relating to the policies.

Plaintiffs need this information because it may help to establish who actually operated the van at the time of the accident and who maintained and procured insurance for it – matters which are relevant to the issue of whether Maly Yan was acting in the scope and course of her employment at the time of the accident. These files may also contain statements by those involved in the accident to police, ambulance and/or insurance representatives bearing on these issues. The files may also address the issue of claimed bodily injuries and other damages.

Moreover, defendants themselves have created ambiguity as to the important issue of who owned the van. They allege in the complaint in No. 05-513 that the van was "owned and operated by Maly Yan ..." (See relevant pages from Complaint, ¶ 31, Exhibit "B" hereto). Yet, in their answer to the amended complaint filed in No. 05-0022, Yan denies ownership. See relevant pages of amended complaint and answer to paragraph #9, Exhibit "C" hereto. Thus, the insurance company records may shed light on the ownership issue.

### Relevance -- Subpoenas of the Bureau of Driver Licensing

Since Maly Yan alleges that she was driving the van was part of her job duties at Pack and Process, it is critical that plaintiffs be able to discover whether she had a valid license to operate the van. Also, as it is believed that Maly Yan's father, Yan Thou (also a party hereto) and possibly others drove the van from time to time. Therefore, their licensing records are also relevant to Maly Yan's claim that Pack and Process directed her to act as the driver, and to the possibility that others also drove the van.

*Relevance -- Subpoenas of Other State Agencies*

Governmental records showing whether these defendants made any claims for workers compensation, unemployment compensation, disability or similar benefits is directly relevant to (a) whether they claim to have been "fellow employees" of Maly Yan at the time of the accident, (b) the nature and extent of their claimed injuries, (c) the inter-relationship of defendants, as it relates to the insurance policy issue of whether any of them lived in the same household as Maly Yan, and (d) whether any of them are illegal aliens (and therefore arguably not entitled to the same degree of loss of earnings benefits as a citizen). Statements may have been made by defendants to these agencies in the course of submitting their claims and such statements may bear on the issues raised herein.

Since the defendants worked in Delaware, but lived in Pennsylvania, it was necessary for plaintiffs to issue subpoenas directed to these agencies in both states, as it is unclear where they might have filed for benefits.

*Burden*

Pursuant to Federal Civil Procedure 45 (c) (3) , a court may quash or modify a subpoena "if it ... subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv). To determine if compliance with the subpoena would create an undue burden on a person, the court should consider not only *the potential burden to the producing party*, but the necessity of the information for the party seeking production, and whether the information can be obtained from other, more convenient sources. <u>Cash</u>, 2002 U.S. Dist. Lexis at 13-14 (emphasis added). It is well settled, however, that only the party to whom the subpoena is directed may object on the grounds that it would be unreasonable and/or oppressive to respond to a subpoena. <u>Dart Industries, Inc.</u>

8

v. Liquid Nitrogen Processing Corp., 50 F.R.D. 286, 292 (D. Del. 1970).

In the present matter, it is not the producing party who is objecting, but rather the Defendants. Also, defendants have not cited any burden complaints made by any of the subpoena recipients. Thus, defendants have no standing to object on burden grounds as there is no burden to them.

## CONCLUSION

For the foregoing reasons, defendants' motion to quash must be denied and plaintiffs should be permitted to serve the subpoenas in question.

BIFFERATO, GENTILOTTI, BIDEN & BALICK

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James W. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

*Attorneys for Plaintiffs in No. 05-0022*