**EXHIBIT "C"**

Specifically, the insurance policy under which the coverage question is presented was issued to the named insured in Delaware, and the auto accident giving rise to the coverage issue presented occurred in Delaware.

7. Declaratory relief in this action will serve the useful purpose of clarifying and settling the legal relations between the parties, and will terminate and afford relief from the uncertainty, insecurity, and actual and substantial controversy giving rise to the present action.

## OPERATIVE FACTS

8. This insurance coverage action arises from an auto accident that occurred on June 18, 2001, on Interstate 495 in Delaware ("Accident"). Upon information and belief, defendant was driving a van in which she was transporting approximately nineteen (19) people. The aAccident resulted in a number of fatalities.

9. Upon information and belief, tThe vehicle being driven by defendant was owned by defendant or her father.

10. As a result of the accident, Ddefendant has been named as a defendant in a number of suits filed by certain of the injured passengers, and by the Estate estates of certain of the deceased passengers (hereinafter the "Underlying Tort Actions").

11. Upon information and belief, iIn June of 2001, defendant was employed by Pack & Process, Inc. in New Castle, Delaware as a Quality Control Line Inspector.

12. Upon information and belief, aAs a Quality Control Line Inspector, defendant:

    (a) was not hired by Pack & Process, Inc. to drive a vehicle;

    (b) was never paid by Pack & Process, Inc. to drive a vehicle;

5. Denied. The determinations and declaration contained within this complaint are incomplete and will not include all the issues that will resolve this matter until it is consolidated with the declaration action that is currently being transferred to this Court. See Eastern District of Pennsylvania Declaratory Judgement Actions attached hereto as Exhibit "A." It is denied that Maly Yan has contacts with the State of Delaware to allow this Court to exercise personal jurisdiction over her. It is denied that coverage is only available under the subject insurance policy if Maly Yan was acting within the course and scope of her employment with Pack & Process, coverage also exists if Maly Yan was performing a duty related to the conduct of Pack & Process business while driving on June 18, 2001.

6. Denied. It is denied that venue is proper. It is denied that a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Denied as stated. The determinations and declaration contained within this complaint are incomplete and will not include all the issues that will resolve this matter until it is consolidated with the declaration action that is currently being transferred to this Court. See Eastern District of Pennsylvania Declaratory Judgement Actions attached hereto as Exhibit "A."

8. Admitted.

9. Denied. It is denied that the vehicle being driven by Defendant was owed by Defendant.

10. Admitted.

11. Denied as stated. In June of 2001, Maly Yan was employed by Pack & Process as a Quality Control Line Inspector and to transport workers to and from the Pack & Process facility.

12. Denied as to each and every allegation contained in subsections (a) through (e) of this averment.