IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, and PACK & PROCESS, INC. | : : : | |
|     Plaintiffs, | : | |
|     vs. | : | Civil Action No. 05-0022 (KAJ) |
| MALY YAN | : | |
|     Defendant | : | |
| THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased et al., | : : : : | |
|     Plaintiffs | : | Civil Action No. 05-0513 (KAJ) |
|     vs. | : | |
| PACK & PROCESS, INC. AND ST. PAUL MERCURY INSURANCE COMPANY | : : : : | |
|     Defendants | : | |

### REPLY BRIEF TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH

**WEISS AND SAVILLE, P.A.**

BY: S/Yvonne Takvorian Saville, Esquire
    YVONNE TAKVORIAN SAVILLE, ESQUIRE
    1220 North Market Street
    Suite 604
    P.O. Box 370
    Wilmington DE 19801
    (302) 656-0400

DATED: 10/11/05      and

**KLINE & SPECTER, P.C.**

BY: S/Jonathan M. Cohen, Esquire/ JC593
    JONATHAN M. COHEN, ESQUIRE
    JOSHUA VAN NAARDEN, ESQUIRE
    1525 Locust Street, 19th Floor
    Philadelphia PA 19102
    (215) 772-1000

## TABLE OF CONTENTS

Page No.

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDINGS.............. | 1 |
| II. | SUMMARY OF ARGUMENT............................................... | 2 |
| III. | CONCISE STATEMENT OF FACTS.................................... | 3 |
| IV. | ARGUMENT ........................................................................... | 4 |
| V. | CONCLUSION ....................................................................... | 6 |

**TABLE OF CITATIONS**

**Page No.**

**CASES:**

Snierson v. Chemical Bank,
    108 F.R.D. 159 (D.C.Del. 1985); *quoting* Fed.R.Civ.P. 26(b)(1)......   4

Thomas v. Marina Associates,
    202 F.R.D. 433 (E.D.PA 2001)............................................................   4

Pierson v. United States,
    428 F.Supp. 384, 390 (D.Del. 1977)....................................................   4

I. **NATURE AND STAGE OF THE PROCEEDING**

On February 2, 2005, St. Paul Mercury Insurance Company filed its Declaratory Judgement Complaint in the United States District Court for the District of Delaware. On February 23, 2005, Defendants filed a Declaratory Judgment Action in the United States District Court for the Eastern District of Pennsylvania. These actions were consolidated in the District Court of Delaware on September 8, 2005.

On September 14, 2005, St. Paul Insurance Company and Pack and Process served Notice of Subpoenas for Production of Documents addressed to all Defendants requesting various records including: workers compensation records, social security records, department of welfare records, unemployment records, risk management records, insurance company records and drivers licensing records. In total, Defendants were noticed of no fewer than 100 subpoenas. See the list of providers subpoenaed for each Defendant and corresponding reference numbers attached as Exhibit "A." Defendants object to these subpoenas in that they are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and unduly burdensome.

## II. SUMMARY OF ARGUMENT

Plaintiffs' subpoenas seek documentary evidence that is totally irrelevant to the issues presented in these consolidated Declaratory Judgment Actions. Issues relating to who drove the van and who owned the van have already been established through sworn testimony. Damages issues have also been resolved pursuant to a trial in Philadelphia Court of Common Pleas by the Honorable Sandra Moss.

**III.**               **CONCISE STATEMENT OF THE FACTS**

These consolidated actions are Declaratory Judgment Actions arising out of an automobile accident which occurred on June 18, 2001 involving Yan Thou, Oeurn Mam, Navy Yan, Chan Yan, Thuha Son, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, Lang Khem and Lam Khem who were returning from work at Pack and Process and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia. The 1992 Dodge Ram van was owned and operated by Maly Yan, who, twice under oath, admitted to acting as the agent of defendant Pack and Process in transporting nineteen passengers in the van back and forth to the Pack and Process factory in New Castle, Delaware. Eighteen of the passengers were contract workers supplied by Lam to work at Pack and Process, and were transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to Philadelphia at the end of the work day.

The accident caused severe injuries to all of the occupants of the van, and killing Navy Yan, Oeurn Mam, Mohammed Azim, Lang Khem and Lam Khem. Lawsuits were filed but only one action filed against only, Maly Yan, was never consolidated and proceeded to trial on January 14, 2005, against only defendant Maly Yan before the Honorable Sandra J. Moss, sitting without a jury. The trial was concluded on January 20, 2005, and a verdict in favor of all plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00. The disposition of that one action (which does not include all plaintiffs-who have a right to a jury trial on all issues, including Maly Yan's agency-or all defendants) gave rise to the declaratory judgment actions.

**IV.**               **ARGUMENT**

    Plaintiffs' response to Defendants' Motion to Quash their subpoena clearly demonstrates that the sought after documentation is wholly irrelevant to the claims and issues pertinent to these consolidated Declaratory Judgment Actions.[1] "In general, the parties may obtain discovery regarding any matter not privileged, which is *relevant* to the matter in the pending action." Snierson v. Chemical Bank, 108 F.R.D. 159 (D.C.Del. 1985); *quoting* Fed.R.Civ.P. 26(b)(1). The party serving the subpoena has the initial burden of showing the documents sought are relevant, when a motion to quash is filed. Id.

    In determining whether a protective order is warranted for discovery that is sought courts have applied a balancing test weighing the relevance, need, confidentiality and harm of disclosure. The party seeking discovery must first demonstrate the relevance of the information sought to the issues involved in the case. Pierson v. United States, 428 F.Supp. 384, 390 (D.Del. 1977). The Plaintiffs have sought to obtain various insurance policies issued by the insurer of the van and the tractor trailer involved in the accident in order to establish "who actually operated the van at the time of the accident and who maintained and procured insurance for it." (See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Quash pg. 7). Maly Yan has already admitted under oath, twice, that she was the operator of the van. Yan Thou has also testified under oath that he was the owner of the van in question. Furthermore, Plaintiffs claim that the information contained in these insurance files will reveal the issues relating to claimed bodily injury has already been determined by the Honorable Sandra J. Moss, sitting without a jury. The trial was concluded on January 20, 2005, and a verdict in favor of the injured parties

---

[1] Plaintiffs' also erroneously allege that a party has no standing to move to quash a subpoena directed to a non-party. Defendants only need to have an interest relating to the documents being sought to have the requisite standing to object. Thomas v. Marina Associates 202 F.R.D. 433 (E.D.PA 2001). The information sought by Plaintiffs' are the Defendants' own records and therefore the necessary relation between the party seeking to quash the subpoena and the documentation is established.

was entered and set in the total amount of $10,228,467.00. Accordingly the reasons given by the Plaintiffs' to bolster their claims of relevance fails. Similarly the Plaintiffs have requested records from the Bureau of Drivers Licensing and other State Agencies. Plaintiffs' claim that these records are relevant because they may reveal that other Pack and Process workers drove the van from time to time. This assertion, even if true, is totally irrelevant to the arraignment that Pack and Process had with Maly Yan in regard to her driving the van on the date of the accident. The requested documents are not only irrelevant but they are not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the issue in this case are so far removed from the subject matter requested in Plaintiffs' Subpoenas, that the burden of the proposed discovery outweighs the likely benefit.

**III.**                                                  **CONCLUSION**

      For the foregoing reasons, Defendants respectfully requests that their Motion be granted and that the Subpoenas be Quashed.

                                    **WEISS AND SAVILLE, P.A.**

                                BY: S/Yvonne Takvorian Saville, Esquire
                                      YVONNE TAKVORIAN SAVILLE,
                                      ESQUIRE
                                      1220 North Market Street
                                      Suite 604
                                      P.O. Box 370
                                      Wilmington DE 19801
                                      (302) 656-0400
DATED: 10/11/05                              and

                                  **KLINE & SPECTER, P.C.**

                             BY: S/Jonathan M. Cohen, Esquire/ JC593
                                      JONATHAN M. COHEN, ESQUIRE
                                      JOSHUA VAN NAARDEN, ESQUIRE
                                      1525 Locust Street, 19th Floor
                                      Philadelphia PA 19102
                                      (215) 772-1000