IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | ) ) ) | |
| and | ) ) | |
| PACK AND PROCESS, INC. | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-0022 (KAJ) |
| MALY YAN | ) ) | |
| Defendant. | ) | |

************************************

| | | |
|---|---|---|
| YAN THOU, et. al | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-00513 (KAJ) |
| PACK & PROCESS, INC., et. al. | ) ) | CONSOLIDATED CASES |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND OBTAIN SANCTIONS
AGAINST CERTAIN DEFENDANTS AND STATEMENT PURSUANT TO
LOCAL RULE 7.1.1**

Plaintiffs in Civil Action No. 05-0022, St. Paul Mercury Insurance Company and Pack and Process, Inc. ("Movants"), through their attorneys, hereby file this motion pursuant to Federal Rules of Civil Procedure 37(a)(2)(B) and 37(a)(4)(A) and Local Rule of Civil Procedure 1.3(a) to compel discovery and obtain sanctions against some, but not all, of the defendants. Movants aver as follows:

1. On October 7, 2005, Movants served a first set of interrogatories and a first request for production of documents upon each and every defendant. Copies of these

interrogatories and requests for production are attached hereto as Exhibits "A" and "B". (Since the discovery served on each defendant is identical, to reduce the paper burden on the Court, movants are only attaching copies of the discovery served upon one party, Maly Yan) .

2. Service of the foregoing discovery was effected in the manner reflected in the certificate of service included with same. See Exhibit "C".

3. Defendants' responses were due on or before November 6, 2005.

4. Defendants did not respond or object to the subject discovery within the time required for responses.

5. By letter dated November 16, 2005, Exhibit "D" hereto, Movants' counsel advised defendants' counsel that their answers to the subject discovery were overdue and asked them to advise the undersigned when their answers would be served.

6. To date, the only defendants who have responded to the November 16, 2005 request are those represented by the law firm of Kline & Specter. Movants granted those defendants an extension to December 7, 2005 in which to respond. This motion is not directed to those defendants because their time to respond, as extended, has not yet expired.

7. Movants' counsel confirmed the extension for the clients of Kline & Specter on November 21, 2005 (see Exhibit "E"), which letter was copied to counsel for the remaining defendants and which advised them that the extension did not apply to their clients.

8. Although Movants' counsel has recently traded phone messages with one attorney for the non-complying defendants, Robert S. Miller, Esquire, there have been no substantive discussions with him or other defense counsel concerning the overdue answers, leaving Movants to conclude that they have no intention of complying with their discovery obligations.

9. Given the non-responses and failures to seek any extensions, Movants are compelled to move for an order directing the following defendants – Unchalee Vong; Donkeo Phravichit; Kusti Leman; Tjajah Chandra, as Mother and Legal Guardian of Lani Chandra and Lani Chandra, in her own right; Zair Shah; Khan Gul; Salim Khan and Mohammed Sardar Khan, as Co-Administrators of the Estate of Mohammed Azim; Soly Chan, as Administrator of the Estate of Lang Kehm, deceased a/k/a Lanh Chhay; and Thorn Bun Khem, as Administrator of the Estate of Lam Khem, deceased – to serve full and complete responses to Movants' interrogatories and requests for production of documents.

10. Given the impending January 2006 deadline for joining additional parties, Movants respectfully request that the aforementioned defendants be ordered to serve full and complete responses to the subject discovery no later than December 20, 2005.

11. In addition, Movants respectfully request that the aforementioned defendants be sanctioned, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A) in such amounts as the Court will later determine to be necessary to compensate movants for their reasonable expenses incurred in making this motion, including attorneys' fees.

12. Movants are prepared to file a supporting brief should the Court so require.

**STATEMENT PURSUANT TO LOCAL RULE 7.1.1**

As set forth above, Movants attempted to obtain discovery responses from the defendants by letters dated November 16, 2005 and November 21, 2005, but only the clients of the law firm of Kline & Specter cooperated with this effort.

**WHEREFORE**, for the aforementioned reasons, Movants respectfully request that the Court issue an order, in the form accompanying this motion, directing that the non-complying

defendants serve full and complete responses to Movants' discovery by December 20, 2005, or be barred from introducing any evidence at time of trial. Movants further request an award of sanctions as set forth above.

Dated: December 2, 2005
Wilmington, DE

BIFFERATO, GENTILOTTI, BIDEN & BALICK

_____
Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James W. Burns, Esq.
DEASEY, MAHONEY & BENDER, LTD.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400