# EXHIBIT A

**JTG**

#250.00

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased 2007 So. 9th Street Philadelphia, Pennsylvania 19148 AND | : : : : : : |
| | CIVIL ACTION NO. |
| CHAN YAN 2307 So. 9th Street Philadelphia, Pennsylvania 19148 AND | : 05 cv 832 : : : |
| | JURY TRIAL DEMANDED |
| THUA SON 534 Reed Street Philadelphia, PA 19148 AND | : : : : |
| CHIEU THI HUYNH 402 Tree Street Philadelphia, Pennsylvania 19148 AND | : : : : |
| BAY THI NGUYEN 1530 Beulah Street Philadelphia, PA 19147 AND | : : : : |
| UNCHALEE VONG 642 Wharton Street Philadelphia, PA 19147 AND | : : : : |
| DONKEO PHRAVICHIT 2326 South 7th Street Philadelphia, PA 19148 AND | : : : : |
| KUSTI LEMAN 1641 Hicks Street Philadelphia, PA 19145 AND | : : : : |
| TJAJAH CHANDRA as mother and legal guardian of LANI CHANDRA and LANI CHANDRA, in her own right Pademangan 3 Raya Gang 1 No. 42 RT 02-RW 09 Jakarta Timur, Indonesia 14410 | : : : : : : : : |

FILED
FEB 23 2005
MICHAEL E. KUNZ Clerk
By_____ Dep. Clerk

05 - 513


JUL 21 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| AND | : |
| ZAIR SHAH | : |
| 2318 S. 7th Street | : |
| Philadelphia, PA 19148 | : |
| AND | : |
| KHAN GUL | : |
| 640 Moyamensing Ave. | : |
| Philadelphia, PA 19148 | : |
| AND | : |
| SALIM KHAN | : |
| 420 Woodclife Road | : |
| Upper Darby, PA 19082 and | : |
| MOHAMMED SARDAR KHAN as | : |
| Co-Administrators of the Estate of | : |
| MOHAMMED AZIM | : |
| 2408 So. 7th Street | : |
| Philadelphia, PA 19148 | : |
| AND | : |
| SOLY CHAN, as Administrator of the | : |
| Estate of LANG KEHM, deceased, a/k/a | : |
| LANG CHHAY | : |
| 1918 Newkirk Street | : |
| Philadelphia, PA 19145 | : |
| AND | : |
| THORN BUN KHEM, as Administrator | : |
| of the Estate of LAM KHEM, deceased | : |
| 4601 Halley Circle | : |
| Glen Allen, VA 23060 | : |
| AND | : |
| MALY YAN | : |
| 2007 South 9th Street | : |
| Philadelphia, PA 19148 | : |
|  | : |
| VS. | : |
|  | : |
| PACK & PROCESS, INC. | : |
| 3 Boulden Circle | : |
| New Castle, DE 19720 | : |
| AND | : |
| ST. PAUL MERCURY INSURANCE | : |
| COMPANY | : |
| 385 Washington Street | : |
| Saint Paul, MN 55102 | : |

## INDEMNIFICATION AND DECLARATORY JUDGMENT COMPLAINT

Plaintiffs, by and through their counsel, Shanin Specter, Esquire, Jonathan M. Cohen, Esquire and Joshua Van Naarden, Esquire of Kline & Specter, P.C., Robert S. Miller, Esquire of Wapner Newman Wigrizer & Brecher, Warren I. Siegel, Esquire of Bernhardt & Rothermel, P.C., Richard Costigan, Esquire of Costigan & Costigan and Steve Dranoff, Equire of Dranoff-Perstein Associates hereby files this action seeking declaratory relief and indemnification pursuant to 28 U.S.C. §2201, and alleges support thereof the following:

## THE PARTIES

1. Plaintiff, Yan Thou, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

2. Plaintiff, Yan Thou, is the husband of Oeum Mam, Deceased and the duly appointed Administrator of the Estate of Oeum Mam.

3. Prior to her death on June 18, 2001, Oeum Mam was an adult and citizen of the Commonwealth of Pennsylvania, and was married to Plaintiff, Yan Thou, and resided with him at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

4. Plaintiff Yan Thou, is the father of Navy Yan, and the duly appointed Administrator of the Estate of Navy Yan, Deceased.

5. Prior to his death on June 18, 2001, Navy Yan was a minor and the son of Plaintiff, Yan Thou, and Oeum Mam, deceased, and resided with his parents at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

6. Plaintiff, Chan Yan, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2307 So. 9th Street, Philadelphia, Pennsylvania 19148.

7. Plaintiff, Thuha Son, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 534 Reed Street, Philadelphia, Pennsylvania 19148.

8. Plaintiff, Chieu Thi Huynh, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 402 Tree Street, Philadelphia, Pennsylvania 19148.

9. Plaintiff, Bay Thi Nguyen, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1530 Beulah Street, Philadelphia, PA 19147

10. Plaintiff, Unchalee Vong, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 642 Wharton Street, Philadelphia, PA 19147.

11. Plaintiff, Donkeo Phravichit, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2326 South 7th Street, Philadelphia, PA 19148.

12. Plaintiff, Kusti Leman, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1641 Hicks Street, Philadelphia, PA 19145.

13. Plaintiff, Tjajah Chandra, as mother and legal guardian of Lani Chandra is an adult individual and citizen of Indonesia residing at Pademangan 3 Raya, Gang I No. 42, RT 02-RW o9, Jakarta Timur, Indonesia 14410.

14. Plaintiff, Lani Chandra, is a minor and a citizen of Indonesia residing at Pademangan 3 Raya, Gang I No. 42, RT 02-RW o9, Jakarta Timur, Indonesia 14410.

15. Plaintiff, Zair Shah, is an adult individual and citizen of Pakistan, temporarily living in Pakistan, having a residence of 2318 S. 7th Street, Philadelphia, PA 19148.

16. Plaintiff, Khan Gul, is an adult individual and citizen of Pakistan, temporarily living in England, having a residence of 610 Moyamensing Ave., Philadelphia, PA 19148.

17. Plaintiff, Salim Khan, is a Co-Administrator of the Estate of Mohammed Azim

and is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 420 Woodcliff Road, Upper Darby, PA 19082.

18. Plaintiff, Mohammed Sardar Khan is a Co-Administrator of the Estate of Mohammed Azim, and is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2408 So. 7th Street, Philadelphia, PA 19148.

19. Plaintiff, Soly Chan, is the Administrator of the Estate of Lang Khem, deceased, also known as Lang Chhay and is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1918 Newkirk Street, Philadelphia, PA 19145.

20. Plaintiff, Thorn Bun Khem, is the Administrator of the Estate of Lam Khem, deceased, and is an is an adult individual and citizen of the State of Virginia residing at 4601 Halley Circle, Glen Allen, VA 23060.

21. Plaintiff, Maly Yan, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

22. Defendant Pack and Process, Inc., ["Pack and Process"] is a corporation or other jural entity duly organized and existing under the laws of Delaware, with its principal place of business located at 3 Boulden Circle, New Castle, DE 19720, and a mailing address at P.O. Box 883, New Castle, DE 19720, and at all times relevant hereto, was in the business packaging food, pharmaceuticals, and other consumer items, and maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in Pennsylvania and the Eastern District of Pennsylvania.

23. At all times relevant hereto, defendant Pack and Process obtained contract laborers to work in its factory in New Castle, Delaware by employing a staffing agency to supply

3

contract workers from Philadelphia, and by employing a driver to transport more than fifteen contract workers and passengers to the factory and back to Philadelphia in a fifteen passenger van.

24. At all times relevant hereto, plaintiff Maly Yan was an employee, servant, or agent of Pack and Process, acting within the scope of her employment and/or master-servant and/or agency relationship with Pack and Process while providing transportation to all plaintiffs to and from the Pack and Process factory. Accordingly, Pack and Process is liable for damages resulting from the negligent acts and omissions of Maly Yan which occurred while she was transporting plaintiffs to the Pack and Process factory, under doctrines of respondeat superior, master-servant, agency, and right of control.

25. Defendant, St. Paul's Travelers a/k/a St. Paul Company ["St. Paul"], is a corporation organized and existing under the laws of the State of Minnesota, with an address for the acceptance of service of process at 385 Washington Street, Saint Paul, MN 55102, and having its principal place of business in Minnesota, with an address and place of business at 385 Washington Street, Saint Paul, MN 55102 and at all time relevant hereto, was in the business of providing insurance coverage and maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in the and City and County of Philadelphia.

26. Maly Yan has admitted under oath that she was a Pack and Process agent/employee working within the course and scope of her employment at the time of the accident. See Deposition Transcript of Maly Yan pp. 65, 66 Attached as Exhibit "A". Pack and Process disputes this fact, and a declaratory judgment action is necessary to determine this

4

dispute.

## JURISDICTION AND VENUE

27. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332, by virtue of the diversity of citizenship of the parties, and because the amount in controversy, exclusive of interest and costs, is alleged to be in excess of $75,000.00.

28. Venue is proper in this district pursuant to 28 U.S.C. §1391 (a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, the Plaintiffs reside and receive treatment in Philadelphia, Pennsylvania.

## OPERATIVE FACTS

29. On or about June 18, 2001, Defendant Charles Reistle, Sr., while acting within the course and scope of his employment with Motiva, was operating a tractor-trailer owned by Motiva with a vehicle identification number of 1XPGD09X5XD504161 ["tractor-trailer"] in a northbound direction on I-495 near Wilmington, Delaware, and toward Philadelphia, Pennsylvania.

30. On or about June 18, 2001, Plaintiff, Yan Thou, and Plaintiff's decedents, Oeum Mam, and Navy Yan, along with plaintiffs Chan Yan, Thuha Son, and Chieu Thi Huynh were returning from work at Pack and Process and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia.

31. At all times relevant hereto, the 1992 Dodge Ram van was owned and operated by

5

Maly Yan, who acted as the agent of defendant Pack and Process in transporting nineteen passengers in the van back and forth to the Pack and Process factory in New Castle, Delaware. Eighteen of the passengers, including Plaintiffs Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, were contract workers supplied by Lam to work at Pack and Process, and were transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to Philadelphia at the end of the work day.

32. At around 4:50 p.m. on June 18, 2001, Maly Yan attempted to drive the 1992 Dodge van past the Motiva tractor-trailer driven by defendant Reistle on northbound I-495 At this time, the van was carrying nineteen passengers.

33. At about 3.4 miles north of Wilmington, Defendant Reistle steered the tractor-trailer close to the van so as to make it unsafe for Maly Yan to operate the van nearby, and thereby created a dangerous roadway condition.

34. Maly Yan continued to operate her vehicle near the tractor-trailer, and attempted to pass the tractor-trailer, and steered to her left. The van careened off of the left edge of the road and over a median strip and rolled over several times, causing severe injuries to all of the occupants of the van, and killing Navy Yan and Oeurn Mam, Lang Khem and Lam Khem.

35. Plaintiffs, Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, filed a lawsuit for damages for personal injuries against Maly Yan in the Court of Common Pleas of Philadelphia County on June 11, 2003 captioned as <u>Thou et al. v. Yan</u> Docket No. 030601508.

See Plaintiff's complaint Attached as Exhibit B.[1]

36. On January 14, 2005, trial commenced on the action against defendant Maly Yan before of the Honorable Sandra J. Moss, sitting without a jury.

37. The trial was concluded on January 20, 2005, and a verdict in favor of all plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00.

38. The individual Plaintiffs were awarded damages including wrongful death act damages and survival act damages as follows:

| | |
|---|---|
| Yan Thou | $ 2,245,779.00 |
| Ocurn Man-Wrongful Death | $    717,492.00 |
| Survival | $ 1,000,000.00 |
| Total | $ 1,717,492.00 |
| Navy Yan-Wrongful Death | $ 1,694,295.00 |
| Survival | $ 1,000,000.00 |
| Total | $ 2,694,295.00 |
| Chan Yan | $ 2,023,073.00 |
| Thula Son | $ 1,047,828.00 |
| Chieu Thi Huynh | $    500,000.00 |
| TOTAL | $ 10,228,467.00 |

39. Maly Yan has executed an assignment of her full rights, , interests in, entitlement and claims against St. Paul Mercury Insurance Company and Pack and Process for indemnification, right to insurance coverage, contribution, bad faith and/or other remedies.

---

[1] The June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan and other defendants by both Maly Yan and other plaintiffs. Unchalee Vong, Et al v. Maly Yan ,et al., Kusti Leman, et al. v. Maly Yan, et al., Bay Thi Nguyen v. First Fleet Corp, et al., Zair Shah, et al. v. Maly Yan, et al.

7

See Maly Yan's Assignment of Rights Attached as Exhibit "C".

### COUNT I-DECLARATORY JUDGMENT

40. Plaintiff incorporates by reference the above paragraphs as though same were set forth at length herein.

41. At all times relevant hereto, Maly Yan was employed by Pack and Process to transport Pack and Process employees to and from the Pack and Process factory.

42. At all time relevant hereto, the accident on June 18, 2001 occurred substantially within the authorized time and space limits designated and/or contemplated by Pack and Process to transport employees from the Pack and Process Factory.

43. At all times relevant hereto, the acts performed by Maly Yan on June 18, 2001 were actuated by a purpose to serve Pack and Process by providing transportation to its employees.

44. At all times relevant hereto, Maly Yan was acting in the course and scope of her employment/agency with Pack and Process. See Deposition Transcript of Maly Yan pp. 65, 66 Attached as Exhibit A.

45. A dispute has arisen between all plaintiffs (not just plaintiffs involved in Yan Thou et. al. v. Maly Yan) and defendants as to whether Maly Yan was acting within the course and scope of her employment with Pack and Process while driving the plaintiffs home from work on June 18, 2001.

46. An actual existing bona fide controversy exists between the plaintiffs and the

8

defendants as to their legal relations in respect to the aforesaid agreement and the respective rights of the parties named in this action can be determined in advance of a jury trial only by a declaratory judgment.

WHEREFORE, Plaintiffs, by and through their counsel, respectfully requests This Honorable Court to issue the following declarations:

1. On June 18, 2001, Maly Yan was an agent/employee of Pack and Process and was acting in the course and scope of her employment with Pack and Process while transporting employees to and from the Pack and Process factory.

2. Pack and Process is responsible to pay the entire judgment imposed upon Maly Yan in the matter of Yan Thou et.al. v. Maly Yan, June Term 2003 No.1503 (less payment from St. Paul, as the insurance carrier for Pack and process).

3. St. Paul, as the insurance carrier for Pack and Process is responsible to pay for Maly Yan's actions in the matter of Yan Thou et.al. v. Maly Yan, June Term 2003 No.1503 in the amount of the verdict imposed upon Maly Yan, on January 20, 2005, up to and including their policy limits, for negligent acts performed by her while working as an agent/employee of Pack and Process on June 18, 2001.

4. For such other and further relief as to this court may seem just and proper.

### COUNT II-INDEMNIFICATION

47. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth as length herein.

48. At all times relevant hereto, St. Paul was the insurance carrier for Pack and

9

Process and provided coverage for damages sustained to third parties as a result of the conduct, actions and/or negligence of Pack and Process employees and/or agents while acting in the course and scope of their employment.

49. The policy of insurance issued by St. Paul to Pack and Process [Policy No. CK03800708] was valid, binding and effective at the time of the injuries which forms the basis for the underlying suit.

50. Upon information and belief, St. Paul's insurance contract with Pack and Process requires St. Paul to indemnify employees of Pack and Process for damaging negligent conduct or acts committed by employees within the course and scope of their employment.

51. St. Paul is required to indemnify Maly Yan and pay damages to the plaintiffs in the case of <u>Yan Thou et.al. v. Maly Yan</u>, June Term 2003 No.1503.

52. A dispute has arisen between <u>all</u> plaintiffs in the consolidated actions pending in the Superior Court of Pennsylvania, (not just plaintiffs involved in <u>Yan Thou et. al. v. Maly Yan</u>), and defendants as to whether Pack and Process and St. Paul, (as the insurance carrier for Pack and Process) are liable for damages arising from Maly Yan's negligence in the above referenced matter.

WHEREFORE, Plaintiffs, by and through their counsel, respectfully requests this Honorable Court order that St. Paul indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan thou, individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of <u>Thou et al. v. Yan</u> Docket No. 030601508.

10

                                  Respectfully submitted,

                                  *KLINE & SPECTER,*
                                  *A PROFESSIONAL CORPORATION,*

                By:    <u>S/JONATHAN M. COHEN</u>
                              **SHANIN SPECTER, ESQUIRE**
                              **JONATHAN M. COHEN, ESQUIRE**
                              **JOSHUA VAN NAARDEN, ESQUIRE**
                              *Attorney for Plaintiffs*
                              1525 Locust Street
                              The Nineteenth Floor
                              Philadelphia, Pennsylvania 19102
                              (215) 772-1000

*Date: 2/22/05*

<u>S/ROBERT S. MILLER</u>
Robert S. Miller, Esquire
*WAPNER NEWMAN WIGRIZER & BRECHER*
Attorney for Uchalee Vong, and Donkeo Phravichit

<u>S/WARREN I. SIEGEL</u>
Warren I. Siegel, Esquire
*BERNHARDT & ROTHERMEL, PC*
Attorney for Kusti Leman, Tjajah Chandra and Lani Chandra

<u>S/RICHARD COSTIGAN</u>
Richard Costigan, Esquire
*COSTIGAN & COSTIGAN*
Attorney for Zair Shah, Khan Gul, Salim Khan, Mohammad Kan

<u>STEVEN DRANOFF</u>
Steven Dranoff, Esquire
*DRANOFF-PERSTEIN ASSOCIATES*
Attorney for Soly Chan and Thorn Bum Khem