IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, and PACK & PROCESS, INC. | : : : | |
| Plaintiffs | : | |
| vs. | : | Civil Action No. 05-0022 (KAJ) |
| MALY YAN | : | |
| Defendant | : | |
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased et al. | : : : : | Civil Action No. 05-0513 (KAJ) |
| Plaintiffs | : | |
| vs. | : | |
| PACK & PROCESS, INC. AND ST. PAUL MERCURY INSURANCE COMPANY | : : : | |
| Defendants | : | |

**DEFENDANTS' REPLY TO PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO AGENCY**

**I.   Introduction**

Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment raises two major issues that require clarification. First, Plaintiffs' claim that the undisputed evidence does not establish that Maly Yan had "actual authority" to act on behalf of Pack and Process and to transport employees to and from the Pack and Process Factory. However, Plaintiffs completely fail to support their conclusion with any facts of record in this case. Second, Plaintiffs' claim Maly Yan's conduct does not fall within Section 228 and 229 of the Restatement 2d of Agency and therefore, her actions on June 18, 2001, were not within the course and scope of her employment with Pack and Process. Plaintiffs' are wrong. Maly Yan's actions on June 18,

1

2001, fall squarely within the provisions of Section 228 and 229 of the Restatement 2d of Agency. Additionally, Plaintiffs have made several other incorrect representations that require clarification.

### II. The Facts of Record Unequivocally Establish That Maly Yan Had "Actual Authority" to Act on Behalf of Pack and Process and to Transport Employees to and from the Pack and Process Factory

Plaintiffs' Response to Defendants' Motion for Summary Judgment is supported by excerpts from the record that clearly establish that Maly Yan was a quality control inspector. This fact is not in dispute. It is also not in dispute that Maly Yan was paid by Pack and Process for her services as a quality control inspector. None of these facts of record detract from Defendants' argument that Maly Yan was asked to transport workers to and from the Pack and Process factory by Sterling Newsome, the production manager and her supervisor. The testimony outlined in Defendants' Opening Brief clearly demonstrate this fact[1]. Plaintiffs' do not even contest the content or existence of this conversation. Defendants merely state that it was a "friendly conversation" and therefore must be dismissed and ignored. Maly Yan did not dismiss or ignore Mr. Newsome's statements. To the contrary, Maly Yan accepted Mr. Newsome words and as a result she began transporting workers to and from the Pack and Process Factory.

---

[1] Defendants incorporate by reference their Opening Brief as if fully stated herein in order to avoid repetition of the testimony outlined in Defendants' Opening Brief.

2

### III. Defendant Maly Yan Had Was Working Within the Course and Scope of Her Employment in Transporting Employees to and from the Pack and Process Factory

Plaintiffs do not contest that a principal is liable for the actions of its agents that are within the scope of the agent's actual authority. See Plaintiffs' Response to Defendant's Motion for Summary Judgment as to Agency, pg 16. (D.N. 110)  Plaintiff's also agree that actual authority is created by words or conduct of the principal, which reasonably cause the agent to determine that the principal's wishes the agent to act on the principal's behalf.  Id. see also Jurimex Kommerz Transit G.M.B.H. v. Case Corporation, 2006 WL 1995128 (D.Del.) (quoting) Edwards v. Born, Inc.,792 F.2d 387, 389-90 (3d Cir.1986).  Slip Copy attached hereto as Exhibit "A."   Plaintiffs disagree that Maly Yan was given actual authority to act on behalf of Pack and Process on June 18, 2006, and claim the Jurimex case is not applicable to the facts in this matter.  The Jurimex Court was asked to determine whether the words or conduct of an agent (corporate subsidiary) could bind the principal (parent corporation).  Id.  In Jurimex the evidence supporting actual authority consisted of oral communications.  Both parties in Jurimex could not agree as to the existence and the content of these oral communications and the Court determined that genuine issues of potential facts existed.  In the present case there is no dispute as to the existence or content of the conversation between Maly Yan and Sterling Newsome that created the actual authority.

Maly Yan's actions on June 18, 2001, are clearly with the course and scope of her employment, even under the analysis provided by the Second Restatement on Agency. As such, the appropriate test is:

> "(1) Conduct of a servant is within the scope of employment if, but only if:
>
>   (a) It is of a kind he is employed to perform;
>   (b) it occurs substantially within the authorized time and space limits;
>   (c) it is actuated, at least in part, by a purpose to serve the master, and
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."

See Restatement (Second) of Agency § 228; Coates v. Murphy, 270 A.2d 527, 528 (Del.Super.1970). As stated in Draper v. Olivere Paving & Construction Co., 181 A.2d 565 (Del.Super.1962), "scope of employment :[i]s at best indefinite. It is nothing more than a convenient means of defining those tortious acts of the servant not ordered by the master for which the policy of law imposes liability upon the master." Id.

The phrase, itself, contains no guide for its application. However, it certainly includes acts of the servant so closely connected with what she is employed to do, so fairly incidental to it, that they are to be regarded as methods elected by the servant, even though improper, of carrying out the master's business. See Prosser on Torts (2nd E.), § 63, p. 352. The Restatement imposes liability upon the master for his servant's intended tortious harm "if his act was not unexpectable in view of the duties of the servant." See Restatement (Second) of Agency § 245.

The determination of whether a particular tortious act was one performed within the scope of the servant's employment for which the master consequently is liable can be answered only in the light of the particular circumstances of the case under consideration. Sherlyn &

<u>Dimos Konstantopoulios v. Westavco Corporation</u>, 1992 WL 16297 (D.Del). Slip Copy attached hereto as Exhibit "B." It is clear from the testimonial evidence elicited during discovery that Maly Yan was acting within the scope of her employment. However, as further outlined in footnote 4 <u>supra</u>, the subject St. Paul insurance contract attaches responsibility to Pack and Process for employee's actions that are related to the conduct of Pack and Process's business. Maly Yan's actions on the June 18, 2001, in transporting these employees from the Pack and Process factory at the time of the accident were within the course and scope of her employment and constituted a duty related to the conduct of Pack and Process's business.

**IV.    Conclusion**

Defendant Maly Yan was given "actual authority" to act on behalf of Pack and Process and to transport employees to and from the Pack and Process Factory, as outlined in detail above. Maly Yan was acting on behalf of Pack and Process in transporting employees to and from the factory, working within the course and scope of her employment and performing duty related to the conduct of Pack and Process's business. No issue of material fact exist and the Defendants are entitled to judgment as a matter of law as to all of the declarations requested in the Defendants' Declaratory Judgment Action and Summary Judgment should be granted.

Respectfully submitted,

**Weiss & Saville**, **P. A.**

BY:  **S/Yvonne Takvorian Saville**
Yvonne Takvorian Saville, Esquire
1220 North Market Street, Suite 604
P.O. Box 370
Wilmington DE 19801
(302) 656-0400

DATED: 9/1/06 and

                                              **Kline & Specter, P.C.**

BY:     **S/ Joshua Van Naarden**
Jonathan Cohen, Esquire
Joshua Van Naarden, Esquire
1525 Locust Street, 19th Floor
Philadelphia PA 19102
215-772-1000