IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY<br><br>and<br><br>PACK AND PROCESS, INC.<br><br>                Plaintiffs,<br>    v.<br><br>MALY YAN<br><br>                Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 05-0022 (KAJ) |
| ************************************* | | |
| YAN THOU, et al.<br><br>                Plaintiffs,<br>    v.<br><br>PACK & PROCESS, INC., et al.<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 05-00513 (KAJ)<br><br>CONSOLIDATED CASES |

ST. PAUL MERCURY INSURANCE COMPANY
AND PACK & PROCESS, INC.'S REPLY BRIEF
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899
(302) 429-1900

Francis J. Deasey, Esq.
Henri Marcel, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, PA 19103-2978
(215) 587-9400

Dated: September 7, 2006

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

ARGUMENT ................................................................................................................ 1

      A.      The St. Paul Policy Does Not Provide Coverage To Maly Yan For
              The June 18, 2001 Accident ............................................................................ 1

      B.      Maly Yan Was Not Within The Course And Scope of Her Employment
              With Pack & Process At The Time Of Her Accident on June 18, 2001 ................... 3

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF CITATIONS

Cases

Jurimex Kommerz Transit G.M.B.H. v. Case Corporation, 2006 W.L. 1995128(D.Del., July 17, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

## ARGUMENT

A.  **The St. Paul Policy Does Not Provide Coverage To Maly Yan For The June 18, 2001 Accident**

In her answering brief in opposition to Plaintiffs' Motion for Summary Judgment, Defendant apparently concedes that she is not a protected person under the Commercial General Liability Policy and Auto Liability Policy that St. Paul Mercury Insurance Company ("St. Paul") issued to Pack & Process. (See Defendant's Answering Brief at p.26). Instead, Defendant argues that she is a protected person under the Umbrella Excess insurance policy that St. Paul issued to Pack & Process because "the Umbrella policy drops down even if the auto and general liability policy do not apply". (See Defendant's Answering Brief at p.26). In support of her argument, Defendant points this court to the following language:

> Coverage When Basic Insurance Doesn't Apply
>
> We'll pay amounts any protected person is legally required to pay as damages for injury or damage that:
>
> - is covered by this agreement; and
> - is not covered by your basic insurance

(See Umbrella Excess policy, at p. 4 of 20, attached hereto as Exhibit "A"). The foregoing clause merely indicates that damages will be paid **on behalf of protected persons** covered under the Umbrella Excess Policy. Defendant must still establish that she is a protected person under the Umbrella Excess Policy. Defendant does not so establish, but instead leaps to the conclusion that she is a protected person under the Umbrella Excess Policy because her actions on June 18, 2001 constitute the performance of a duty related to the conduct of Pack & Process business.

Defendant's foregoing analysis is misapplied. The Umbrella Excess Policy clearly sets forth the coverage that it provides. Initially, the Umbrella Excess Policy contains a section titled "What This Agreement Covers", which sets forth the coverage provided when the basic

insurance does not apply, as set forth by Defendant in the foregoing clause is contained in this section. (See Umbrella Excess policy, at p. 4 of 20, attached hereto as Exhibit "A"). The Umbrella Excess Policy also contains a section titled "Who is Protected Under This Agreement", which is subdivided to reflect who is protected for claims not related to autos, as well who is protected for auto-related claims. (See Umbrella Excess policy, at p. 6-8 of 20, attached hereto as Exhibit "A"). The coverage provided under the Umbrella Excess policy for auto-related claims is as follows:

### Who Is Protected For Auto-Related Claims

> Any person or organization who is a protected person under your automobile Basic Insurance for the use of an auto is a protected person under this agreement.

(See Umbrella Excess policy, at p. 8 of 20, attached hereto as Exhibit "A"). Pursuant to the foregoing clause, coverage for Defendant as a protected person under the Umbrella Excess policy is clearly premised on her qualification as a protected person under the terms of the auto liability policy. Thus, in order for Defendant to establish that she qualifies as a protected person under the Umbrella Excess policy, she must first establish that she qualifies as a protected person under the auto basic insurance. Defendant has completely failed to establish that she so qualifies. She makes no reference to foregoing clause regarding coverage for auto-related claims in the Umbrella Excess policy, or to the fact that this clause clearly applies to her claim for coverage under the Umbrella Excess policy. Furthermore, Defendant does not even address her qualification as a protected person under the auto basic insurance, let alone establish that she qualifies as a protected person under that insurance. Since Defendant has not established that she is a protected person under the auto basic insurance, she cannot establish that she is a protected person under the Umbrella Excess Policy.

In their Opening Brief in support of their Motion for Summary Judgment, Plaintiffs established that Defendant does not qualify as a protected person under the Pack & Process auto basic insurance as well as the general liability policy. In summary, Defendant does not qualify as a protected person under the auto basic insurance because the van that she was driving at the time of the accident was not a "covered auto" as the term is used in the auto liability policy, nor was she a "permitted user" under the policy.[1] Since Defendant does not qualify as a protected person under the auto basic insurance, she also does not qualify as a protected person under the Umbrella Excess Policy for this auto-related claim.

B. **Maly Yan Was Not Within The Course And Scope of Her Employment With Pack & Process At The Time Of Her Accident on June 18, 2001**

The portion of Defendant's answering brief that addresses the issue of whether she was acting on behalf of Pack & Process in transporting temporary workers to and from its factory, is a virtual mirror image of her opening brief in support of her own motion for summary judgment, except for the notable inclusion of the relevant Delaware case law on agency in the context of employment relationships that was glaringly absent from her opening brief. Plaintiffs incorporate by reference herein their answering brief in opposition to Defendant's motion for summary judgment. In summary, Defendant's position is factually inaccurate and legally without merit and, therefore, must fail. She has taken select excerpts of deposition testimony out of context and ignored the totality of the testimony concerning the true scope of her employment relationship with Pack & Process. Additionally, while she finally acknowledges the body of Delaware case law on agency in the context of employment relationships, she continues to rely on Jurimex Kommerz Transit G.M.B.H. v. Case Corporation, 2006 W.L. 1995128(D.Del., July

---

[1] A full explanation of why the St. Paul Policy does not provide coverage to Defendant for the June 18, 2001 accident is set for in Part C of Plaintiffs' Opening Brief in support of their Motion For Summary Judgment which is incorporated herein by reference.

17, 2006), a non-employment case which, in fact, supports St. Paul and Pack and Process' position in this regard.

## Conclusion

No issue of material fact exists and Plaintiffs are entitled to judgment as a matter of law. Defendant, Maly Yan had no "actual authority" to act on behalf of Pack & Process in transporting employees to and from the Pack & Process factory. As such, Pack & Process is not responsible or liable for Maly Yan's actions that resulted in the June 18, 2001 motor vehicle accident. Likewise, neither Pack & Process nor St. Paul are liable to pay the amount of the verdict imposed upon Maly Yan in the matter of Yan Thou, et al. v. Maly Yan, CCP June Term, 2003, No. 1508. For these reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion for Summary Judgment and grant Plaintiffs' Motion for Summary Judgment.

Dated: September 7, 2006

BIFFERATO, GENTILOTTI, BIDEN & BALICK

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

and

Francis J. Deasey, Esq.
Henri Marcel, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215)587-9400

*Attorneys for Plaintiffs*