IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, and | : | |
| PACK & PROCESS, INC. | : | |
|     Plaintiffs | : | |
|     vs. | : | Civil Action No. 05-0022 (KAJ) |
| MALY YAN | : | |
|     Defendant | : | |
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased et al. | : | |
|     Plaintiffs | : | Civil Action No. 05-0513 (KAJ) |
|     vs. | : | |
| PACK & PROCESS, INC. AND ST. PAUL MERCURY INSURANCE COMPANY | : | |
|     Defendants | : | |

**DEFENDANTS' SUR REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiffs' Reply in Support of their Motion for Summary Judgment presents a contradictory argument that has not been previously assert and requires clarification. First, Maly Yan is a protected person under the Umbrella Excess Policy that St. Paul Mercury Insurance Company ("St. Paul") issued to Pack and Process and, contrary to Plaintiffs' assertions, Defendants' have clearly stated such in their Response to Plaintiffs' Motion for Summary Judgment. The Defendants are using the definition of "protected person" as defined by the St. Paul Policy and by Plaintiffs' in their Opening Brief for Summary Judgment. See Plaintiffs' Motion for Summary Judgment at pg. 27 (D.I. 105). In their Reply Brief, Plaintiffs' now attempt

1

to use another definition of "protected person" in order to obviate their responsibility under the St. Paul Policy.  Second, to the extent this Court is willing to entertain Plaintiffs' new definition of the term "protected person", the contract terms are ambiguous and must be construed against the insurer, St. Paul.

## II.   ARGUMENT

### A.   Maly Yan is a "Protected Person" Under the St. Paul Commercial General Liability Policy

Maly Yan is a protected person under the Commercial General Liability Policy or the Auto Liability Policy that St. Paul issued to Pack and Process.  Defendants' clearly address this issue in their Answering Brief and use Plaintiffs' definition of "protected person" contained in their Motion for Summary Judgment, which outlines who is a protected person under the Umbrella Excess Policy.  See Plaintiffs' Motion for Summary Judgment at pg. 27 (D.I. 106).  "Under this provision, employees of a corporation are protected persons only for work done within the scope of their employment by the corporation or the employees performance of duties related to the conduct of the corporation."  See Plaintiffs' Motion for Summary Judgment at pg. 27 (D.I. 106). (quoting the Umbrella Excess Policy).  Defendants have already outlined the analysis of this insurance provision in their Answering Brief to Plaintiffs' Motion for Summary Judgment and incorporate the same herein by reference.  See Defendants' Answering Brief to Plaintiffs' Motion for Summary Judgment (D.I. 111 ).  Plaintiffs' Reply Brief in Support of their Motion for Summary Judgment now attempts to define a protected person under another, more restrictive, provision in the auto liability policy.  Currently, Plaintiffs have presented two different, mutually exclusive, definitions of protected persons.   The language in the St. Paul

Umbrella Excess Policy clearly permits two or more reasonable interpretations, as evidenced by St. Paul's two interpretations of the same provision in their filings to this Court. See Plaintiffs' Opening Brief and Reply Brief (D.I.107 and D.I. 117)  No issue of material fact exists and Plaintiffs' Summary Judgment Motion should be denied and Defendants' Summary Judgment Motion should be granted.

    **B.**    **The Protected Person Provision of St. Paul's Umbrella Excess Policy is Ambiguous and Must be Construed in Favor of Maly Yan**

Plaintiffs first addressed the definition of a protected person under the St. Paul's General Liability Policy in their Opening Brief. Plaintiffs stated:

> "[t]he relevant general liability language of the St. Paul Policy clearly and unambiguously sets forth terms that reveal Ms. Yan did not qualify as an insured or protected person at the time of her accident. Under the provision entitled "Who is Protected Under this Agreement," employees of a corporation are protected persons "<u>only</u> for work done within the scope of their employment by the corporation of the employees performance of duties related to the conduct of the corporation."

See Plaintiffs' Opening Brief in Support of their Motion for Summary Judgment (D.I.107). In Plaintiffs' most recent filing, they now use a different definition for protected person as follows:

> "The Umbrella Excess Policy also contains a section titled "Who is a Protected Under This Agreement," which is subdivided to reflect who is protected for claims not related to autos, as well who is protected for auto-related claims. The coverage provided under the Umbrella Excess Policy for auto-related claims is as follows:
>
> **Who is Protected for Auto-Related Claims**
>
> Any person or organization who is a protected person under your automobile Basic Insurance for the use of an auto is a protected person under this agreement.
>
> Pursuant to the foregoing clause, coverage for Defendant as a protected person under the Umbrella Excess Policy is clearly premised on her qualification as a protected person under the terms of the Auto Liability Policy."

See Plaintiffs' Reply Brief in Support of their Motion for Summary Judgment (D.I. 117). It is

clear that Plaintiffs have presented two (2) distinct, mutually exclusive, definitions of who is a protected person under the Umbrella Excess Policy.

Delaware law is clear that the proper construction of any contract, including an insurance contract, is purely a question of law. Rhone-Poulenc Basic Chem. Co. v. Am. Motorists Ins. Co., 616 A.2d 1192, 1195 (Del.1992). Because an insurance policy is an adhesion contract, as a general rule, it is construed strongly against the insurer, and in favor of the insured. Hallowell v. State Farm Mut. Auto. Ins. Co., 443 A.2d 925, 926 (Del.1982). If the language is ambiguous it will be construed strictly against the insurer to effectuate the reasonable expectations of the insured. Id. An ambiguity exists when the language in a contract permits two or more reasonable interpretations. Id. at 926. The fact that St. Paul has presented two (2) different interpretations of the same policy is dispositive of the presence of ambiguity of the definition of protected person under the Umbrella Excess Policy. The protected person provision must therefore be construed strictly against St. Paul and in favor of Maly Yan, therefore, Maly Yan is a protected person under the Umbrella Excess Policy.

**III.    CONCLUSION**

No issue of material fact exists and the Defendants are entitled to judgment as a matter of law as to all of the declarations requested in the Defendants' Declaratory Judgment Action and Summary Judgment should be granted.

                Respectfully submitted,

                **Weiss & Saville**, **P. A.**

          BY:  **S/Yvonne Takvorian  Saville**
              Yvonne Takvorian Saville, Esquire
              1220 North Market Street, Suite 604
              P.O. Box 370
              Wilmington DE 19801
              (302) 656-0400

DATED: 9/14/06            and

                **Kline & Specter, P.C.**

         BY:   **S/ Joshua Van Naarden**
              Jonathan Cohen, Esquire
              Joshua Van Naarden, Esquire
              1525 Locust Street, 19th Floor
              Philadelphia PA 19102
              215-772-1000