IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | ) ) ) | |
| and | ) ) | |
| PACK AND PROCESS, INC. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 05-0022 (KAJ) |
| MALY YAN | ) ) ) | |
| Defendant. | ) | |
| ************************************ | | |
| YAN THOU, et. al | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 05-00513 (KAJ) |
| PACK & PROCESS, INC., et. al. | ) ) | CONSOLIDATED CASES |
| Defendants. | ) ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' PETITION FOR LEAVE OF COURT TO FILE SUR REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants' *Petition for Leave of Court to File Sur Reply to Plaintiffs' Reply* (the "Petition") [D.I. 121] is nothing more than a blatant obfuscation of the clear and unambiguous terms of the St. Paul policies and should be denied by this Court. In support of the Petition, it is alleged that Plaintiffs' *Reply Brief* [D.I. 117] presents a contradictory argument concerning the definition of "protected person" under the various insuring agreements contained within the St. Paul policies which had not been previously asserted and requires "clarification." Defendants' assertion is simply

without merit and should be rejected by this Court.

In her *Answering Brief* [D.I. 111], Defendant asserted she is a protected person under the umbrella excess insurance policy ("umbrella policy") issued to Pack and Process, Inc. ("Pack and Process"). In support of this assertion, Defendant referred the Court to the following language in the umbrella policy:

> Under this provision, employees of a corporation are protected persons only for work done within the course of employment by the corporation or the employee's performance of duties related to the conduct of the corporation.

(See Umbrella Excess Policy at p. 7 of 20, attached as Exhibit "A" to Plaintiffs' *Reply Brief* [D.I. 117]).

What Defendant failed to advise this Court is that the foregoing policy provision is contained in the umbrella excess policy section entitled "Who is Protected for Claims **Not Related to Auto**." (See Umbrella Excess Policy at p. 6 and 7 of 20) (emphasis added). Not surprisingly, the commercial general liability portion of the St. Paul primary policy contains the identical provision (see Form 47500 Rev. 1-96 at pp. 5-6 of 22, attached as Exhibit "G" to Plaintiff's *Opening Brief* [D.I. 107]).

In her *Answering Brief*, Defendant conceded that she is not a protected person under the commercial general liability and auto liability policies that St. Paul issued to Pack and Process. (See Defendant's *Answering Brief* at p. 26). Nevertheless, Defendant argued that she is a protected person under the foregoing provision in the umbrella excess policy, even though that language mirrored the language in the commercial general liability provision under which Defendant conceded she was not a protected person. Most disturbingly, Defendant failed to advise this Honorable Court that the policy provision in the umbrella policy relied upon by Defendant clearly states that it does not apply to claims related to autos.

2

In their *Reply Brief*, Plaintiffs merely alerted the Court to this omission by Defendant, by pointing out that the coverage provided under the umbrella excess policy for "auto related claims" is as follows:

> **Who is Protected for Auto-Related Claims**
>
> Any person or organization who is a protected person under your automobile basic insurance for the use of an auto is a protected person under this agreement.

(See Umbrella Excess Policy, Ex. "A" to Plaintiffs' *Reply Brief*, at p. 8 of 20).

Thus, in order for Defendant to qualify as a protected person under the umbrella excess policy for claims related to autos, she must clearly qualify as a protected person under the terms of the auto liability policy. Defendant has conceded that she is not a protected person under the auto liability policy that St. Paul issued to Pack and Process. Defendant does not argue that she is a protected person under the auto liability policy issued by St. Paul to Pack and Process. Therefore, she cannot qualify as a protected person under the umbrella excess policy for "auto-related claims."

Instead of addressing this issue, Defendant resorts to arguing that Plaintiffs are attempting to use the definition of "protected person" for auto-related claims "in order to obviate their responsibility under the St. Paul policy." (See Defendants' proposed *Sur Reply to Plaintiffs' Reply in Support of Their Motion for Summary Judgment* (Ex. to D.I. 121) at pp. 1-2). Either Defendant did not review the entire umbrella excess policy or Defendant is attempting to misrepresent to this Court the clear and unambiguous terms of the umbrella excess policy. Defendant's attempts to misconstrue Plaintiff's arguments aside, the simple fact remains that the umbrella excess policy clearly and unambiguously sets forth the coverage provided for auto-related claims and Defendant

is clearly not a "protected person" under this coverage.[1] The clear and unambiguous language of the umbrella excess policy demonstrates this fact and Defendant has conceded this fact.

WHEREFORE, in light of the foregoing, Plaintiffs respectfully submit there is no reasonable basis on which to grant Defendant's *Petition for Leave of Court to File a Sur Reply to Plaintiffs' Reply in Support of Their Motion for Summary Judgment*. Thus, Plaintiffs respectfully request that this Honorable Court deny Defendant's Petition.

Dated: September 19, 2006

Respectfully submitted,

BIFFERATO, GENTILOTTI, BIDEN & BALICK

*/s/ Joseph K. Koury*

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900
(302) 429-1900

and

Francis J. Deasey, Esq.
Henri Marcel, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

*Attorneys for Plaintiffs*

---

[1] A full explanation of why this St. Paul policy does not provide coverage for Defendant for the June 18, 2001 accident is set forth in Part C of Plaintiffs' *Opening Brief*.

4