# BifferatoGentilotti
ATTORNEYS AT LAW
www.bglawde.com

Chad J. Toms, Esquire
Also Admitted in NJ
Wilmington Office
Direct Fax: (302) 792-7471
ctoms@bglawde.com

October 30, 2007

**Via Electronic File**

The Honorable Mary Pat Thynge
J. Caleb Boggs Federal Building
844 N. King Street, Room 6100
Lock Box 8
Wilmington, DE 19801

    Re:    **St. Paul Mercury Insurance Company, et al. v. Maly Yan, et al.**
            **C.A. No. 05-22-MPT**
            **Our File No. 350.21939**

Dear Judge Thynge:

    In accordance with this Honorable Court's Order of October 3, 2007, and in furtherance of the parties' teleconference with this Honorable Court of October 24, 2007, St. Paul Mercury Insurance Company and Pack & Process, Inc. (hereinafter collectively referred to as "Plaintiffs") hereby object to Defendants' Revised Notice of Deposition pursuant to Fed.R.C.P. 30(b)(6) (a copy of which is attached hereto and marked as Exhibit "A") for the reasons stated herein.

## BACKGROUND

    In response to a records deposition, Plaintiffs produced Michael Warren, an employee of The Travelers Indemnity Company and its property casualty affiliates, including St. Paul Mercury Insurance Company, for deposition on September 26, 2006. During the deposition, Defendants' counsel attempted to question Mr. Warren about certain documents produced by Plaintiffs in advance of the deposition. Plaintiffs' counsel objected and instructed Mr. Warren not to answer on the grounds that the questions exceeded the scope of inquiry contained within the Notice of Deposition. A call was placed to the Honorable Kent A. Jordan, who agreed with Plaintiffs' counsel that Defendants' questions exceeded the scope of the deposition notice. Judge Jordan ordered Defendants' counsel to serve a Notice of Corporate Deposition upon Plaintiffs if

Wilmington Office
800 N. King Street
P.O. Box 2165
Wilmington, DE 19899-2165
Courier Zip: (19801)
Phone: (302) 429-1900
Main Fax: (302) 429-8600

Newark Office
100 Biddle Avenue, Suite 100
Newark, DE 19702
Phone: (302) 429-1900
Main fax: (302) 832-7540

Lewes Office
119 West Third Street
Lewes, DE 19958
Phone: (302) 644-0302
Main Fax: (302) 644-0306

BIFFERATO GENTILOTTI LLC

Bifferato Gentilotti LLC
2 of 2
October 30, 2007

they intended to further explore these topics, and further advised the parties to "work out the timing and logistics" of such a deposition. Thirteen months later, after the submission of Cross Motions for Summary Judgment and the Order and Opinion of this Honorable Court, Defendants' counsel served a Revised Notice of Deposition pursuant to Rule 30(b)(6) (see Exhibit "A"). Plaintiffs object to this Revised Notice of Deposition on the grounds that the information sought is irrelevant to the narrow issues of triable fact which remain in the case. Further, the Revised Notice of Deposition is not calculated to lead to the discovery of admissible evidence with respect to the narrow issues of triable fact remaining in the case.

On September 18, 2007, this Honorable Court issued a Memorandum Opinion denying the Cross Motions for Summary Judgment. In conclusion, this Honorable Court found that there are genuine issues of material fact "regarding the conversation between Yan and Newsome and whether, as a result of that conversation a reasonable person would have interpreted that Pack & Process actually authorized her to transport workers. Further, under implied authority, whether Yan was acting within the course of employment at the time of the accident, . . .." None of the areas of inquiry contained within the Revised Notice of Deposition tangentially refer to the narrow issues of material fact remaining in this case. The depositions of Maly Yan, Yan Thou and all relevant present and former employees of Pack & Process have been completed. The Revised Notice of Deposition requests a corporate designee to testify regarding "documents produced." Even a cursory review of the areas of inquiry contained within the Revised Notice of Deposition reveals that the information sought and the "documents produced" bear absolutely no relationship to the remaining narrow issues of triable fact.

Moreover, in advance of the deposition of Michael Warren, Defendants' counsel was advised of the documents, which would be produced in response to the notice of records deposition (see correspondence of August 30, 2006 attached hereto as Exhibit "B"). Thus, to the extent that this Honorable Court believes that the Revised Notice of Deposition seeks relevant information or information that is calculated to lead to the discovery of admissible evidence, Plaintiffs respectfully request an Order limiting the scope of the deposition to the documents produced in advance of Michael Warren's deposition. Otherwise, the breadth and scope of the deposition would be without proper parameters. As this Honorable Court is aware, a Rule 30(b)(6) corporate designee can bind a corporation with his/her testimony. Thus, it is fundamentally unfair to allow a corporate designee to be asked questions beyond the areas of inquiry identified within the Notice of Corporate Deposition. Therefore, should this Honorable Court permit the requested deposition, Defendants should be limited to questioning any corporate designee to the documents already produced which relate to the areas of inquiry in the Revised Notice of Corporate Deposition.

Bifferato Gentilotti LLC
3 of 3
October 30, 2007

      For the foregoing reasons, Plaintiffs respectfully request an Order precluding the deposition or, in the alternative, an Order limiting the breadth and scope of the deposition to the documents already produced, which relate and/or refer to the areas of inquiry contained within the Revised Notice of Deposition. Finally, Plaintiffs reserve all specific objections to specific questions asked during the deposition.

                                      Respectfully submitted,

                                      Chad J. Toms (#4155)

Enclosure
cc:    Francis Deasey, Esquire (via e-correspondence)
       Yvonne Takvorian Saville, Esquire (via e-correspondence)
       Michael Sensor, Esquire (via e-correspondence)
       Robert Miller, Esquire (via e-correspondence)
       Richard Costigan, Esquire (via e-correspondence)
       Steven Dranoff, Esquire (via e-correspondence)
       Warren Siegel, Esquire (via e-correspondence)
       Jonathan Cohen, Esquire (via e-correspondence)
       Henri Marcel, Esquire (via e-correspondence)
       Robert F. Englert, Jr., Esquire (via e-correspondence)