IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| St. Paul Mercury Insurance Company and Pack And Process, Inc. | Case No. 05-0022 (KAJ) |
| v. | |
| Maly Yan | |
| ************************************ | |
| Yan Thou, individually and as the Administrator of the Estates of Oeurn Mam Deceased, and Navy Yan, Deceased, Chan Yan, Thua Son, Chieu Thi Huynh, Bay Thi Nguyen, Unchalee Vong, Donkeo Phravichit Kusti Leman, Tjajah Chandra as Mother and Legal Guardian of Lani Chandra and Lani Chandra in her own right, Zair Shah, Khan Gul, Salim Khan Soly Chan as Administrator of the Estate of Lang Kehm, Deceased, a/k/a Chhay, Thorn Bun Khem as Administrator of the Estate of Lam Khem, Deceased, and Maly Yan | Case No. 05-00513 (KAJ)<br><br>**CONSOLIDATED CASES** |
| v. | |
| PACK & PROCESS, INC., and St. Paul Mercury Insurance Company | |

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Plaintiffs object to Defendants' proposed jury instruction No. 7, entitled Agency – The Definition of Authority. The references that Defendants cite in support of this instruction have no application to the instant case. Courts have traditionally turned to the Restatement (Second) Agency 2d ("Restatement") for guidance in analyzing disputed agency issues. The organizational structure of the Restatement is instructive as it defines the relevant sections to the particular disputed agency issues. The Restatement is divided into Chapters and Topics. Section 1 of Chapter 1 of the Restatement provides definitions of agency, agent and principal, but does not discuss employment. Section 2 of Chapter 1 provides the separate definitions of master, servant and independent contractor. It is in Section 2 that employment is first discussed. A master is defined as a principal who employs an agent to perform a service and who has the right to control the physical conduct of the other in the performance of the service. A servant is defined as an agent in the employ of a master to perform a service and whose conduct is controlled, or is subject to control, by the master.

The substance of Section 2 connotes that the master/servant relationship is a peculiar one and that the attendant liabilities of the master/servant relationship are particularly defined elsewhere in the Restatement. Indeed, it is in Chapter 7, Topic 2, Title B (entitled Torts of Servants) that the master/servant relationship is fully discussed for the first time, with Sections 228 through 237 the only place where scope of employment, the primary issue in this matter, is discussed.

In their Agency instruction No. 7, Defendants cite to Restatement §§ 33, and 140, as well as *Creedon Controls, Inc. v. Banc One Bldg. Corp.*[1]; *Edwards v. Born, Inc.*[2], *In re Walt Disney*

---

[1] 470 F. Supp. 2d 457 (D. Del. 2007).

1

*Co. Derivative Litigation*[3] and *Jurimex Kommerz Transit GMBH v. Case Corp.*[4] to support their Agency instruction. Not one of these citations involves either employer liability for actions of employees, or issues involving course and scope of employment. Rather, this jury instruction includes language from these citations that is born from Restatement sections and case law that deal with the relationship between two separate entities and whether one has the authority to bind another to a contract. Section 33 of the Restatement is contained in a Restatement chapter whose topics relate to the interpretation, authorization, and binding of contracts and agreements, as well as how actual and apparent authority relate to those issues. Section 140 is contained in a chapter entitled "Liability of Principal To Third Person; Contracts and Conveyances". This chapter's Scope Note sets forth that the rules of this chapter define the power of an agent to subject his principal to liability upon contracts made by the agent and his power to transfer the interests of the principal to third persons. Clearly Restatement Section 140 has no application to the instant case.

Furthermore, *Creedon Controls, Edwards, Walt Disney* and *Jurimex* clearly involve the aforementioned specific agency issues. *Creedon Controls* deals with whether a subcontractor had the authority to bind an owner to the terms of a construction agreement between the subcontractor and a construction manager. All of the parties in *Creedon Controls* were in contractual relationships with one another. The only Restatement section cited in *Creedon Controls* is Section 140. *Edwards* deals with the issue of whether an attorney had the authority to bind his clients to a settlement, and the decision in *Edwards* was influenced by a strong public policy in favor of settlements as well as the Code of Professional Responsibility Canons

---

[2] 797 F.2d 387 (3d Cir. 1986).
[3] 907 A.2d 693 (Del. Ch. 2005).
[4] 2006 WL 1995128 (D. Del. 2006).

2

governing the conduct of attorneys. The *Walt Disney* case deals with a chief executive's authority to govern a corporation subject to the control of the board of directors. *Jurimex* deals with whether a corporation's subsidiary could bind that corporation to an alleged oral contract involving the international sale of farm equipment.

In contrast, the issue in the instant matter is simply one of course and scope of employment, and is driven by specific employer/employee liability principles. Employer/employee liability is derived from the master/servant context. As stated in the Restatement's introductory note on torts of servants,[5] employees are servants, and are to be distinguished from non-servant agents. The Restatement clearly sets forth a particular subset of agency law, namely Sections 228 to 237, that deals with employment and attendant liabilities, and the court should focus on these more particular and more applicable rules in this case. Nowhere in these sections is the subjective understanding of an employee set forth as a factor to be considered when determining whether an act is within the scope of employment.

Delaware follows the "going and coming" rule, which precludes an employee from receiving workers' compensation benefits for injuries sustained while traveling to and from the worker's place of employment. Defendants' proposed jury instruction No. 9, entitled Course and Scope of Employment: Part Two, focuses primarily on exceptions to this rule regarding course and scope of employment and not on the rule itself. The cases that Defendants cite in support of this instruction deal with exceptions to the rule. In *Barnes v. Towlson*, the court recognized that it was dealing with a master/servant issue, cited Restatement Section 228, and referenced the general rule that a master is not liable for the torts of the agent committed while driving to and

---

[5] Restatement (Second) Agency 2d, Chapter 7, Title B

3

from his place of employment.[6] However, the *Barnes* court adopted a narrow exception to the "premises rule," such that "where there are no work premises established as such, an employee who uses his own car in furtherance of his job is within the scope of his employment while driving to a business appointment."[7] Clearly in the instant matter, because Maly Yan had a defined business premises in her employment as a quality control inspector at the Pack & Process facility, where she clocked in and clocked out of work on a daily basis, this exception does not apply. It should be noted that it is language from *Barnes* that forms the basis for the second sentence of this proposed jury instruction.

Defendants' second instruction is also partially informed by the "dual purpose" rule as cited in *Clough*. However, *Clough* involved a sales representative who used his personal vehicle for his sales visits, did not work set hours, but instead, had to visit a specific number of sales calls per day, and ended his work day upon completion of his last sales visit. The Court in *Clough* refused to apply the dual purpose rule to this set of circumstances. Clearly, the relevant facts in the instant matter are inapposite, and cannot be used as the basis for Defendants' proposed instruction No. 9 regarding Maly Yan's scope of employment.

In sum, Defendants' proposed jury instruction No. 9 includes language from *Barnes* and *Clough* concerning the "premises rule" exception and the "dual purpose" exception. The facts of these two cases are inapposite to those in the instant matter. This instruction overstates the exceptions to the rule regarding course and scope of employment such that it has overtaken the general rule that someone commuting home from work is not in the course and scope of employment. Incorporation of this language into the jury instructions is inappropriate.

---

[6] 405 A.2d 137, 139 (Del. Super. 1979).
[7] 405 A.2d at 139 (emphasis supplied)

Dated: April 7, 2008

BIFFERATO GENTILOTTI LLC

_____
Ian Connor Bifferato (#3273)
Chad J. Toms (#4155)
800 N. King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900

of Counsel:
Francis J. Deasey, Esq.
Henri Marcel, Esq.
DEASEY, MAHONEY & BENDER, LTD.
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA 19103-2978
(215) 587-9400

5