IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC. | : : : | Case No. 05-0022 (KAJ) |
| v. | : : | |
| MALY YAN | : | |
| ************************************ | | |
| YAN THOU, et al. | : : | |
| v. | : : | Case No. 05-00513 (KAJ) |
| PACK & PROCESS, INC., et al. | : | CONSOLIDATED CASES |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF PROPOSED JURY INSTRUCTIONS, NUMBERS 11 AND 13

Defendant, Maly Yan, by and through the undersigned counsel, Kline & Specter P.C., hereby submits her Memorandum of Law In Support Of Proposed Jury Instructions, Numbers 11 and 13.

**I.   PROPOSED INSTRUCTIONS**

At the pretrial conference, Plaintiff St. Paul Mercury Insurance Company and Pack and Process raised objections to two jury instructions proposed by Defendant Maly Yan. Proposed Jury Instruction #11 reads:

> **AGENCY - THE DEFINITION OF AUTHORITY**
>
> Generally, an employer is liable for the actions of its agent that are within the scope of the agent's actual or apparent authority. Actual authority is created by words or conduct of the employer, which reasonably causes the agent to determine that the employer wishes the agent to act on the employer's behalf. Actual authority can also be implied from the totality of the relationship between the parties.
>
> When an employee acts without actual authority, an employer may still be liable under implied authority if the employee acts under a reasonable belief that tactual authority exists or he is within the scope of employment.

> Whether implied authority exists, is determined by a reasonableness standard, in light of the communication between the employer and agent.
>
> The authority to perform a particular act can be conferred from words or conduct which the employer has reason to know indicate to the agent that he is to do the act. It is the manifestation of authority cannot, by its very nature, be inconsistent with express authority because any expression of actual authority must control.
>
> Source:
>
> Order and Memorandum Opinion of Hon. Mary Pat Thynge, dated September 18, 2007, p. 6-7. Restatement (Second) of Agency § 140; Jurimex Kommerz Transit G.M.B.H. v. Case Corporation, No. CIV A. 00-83-JJF2006, WL 1995128 (D. Del July 17, 2006).

Proposed Jury Instruction #13 reads:

> **COURSE AND SCOPE OF EMPLOYMENT: PART TWO**
>
> Scope of employment may also include acts of the employee so closely connected with what he is employed to do, so fairly incidental to it, that they are to be regarded as methods elected by the servant, even though improper, of carrying out the employer's business. If it is shown that the purpose of the employee's trip was in furtherance of some interest of the employer and that employee was acting within the scope of employment, the employer is liable for the employee's conduct.
>
> Source:
> Order and Memorandum Opinion of Hon. Mary Pat Thynge, dated September 18, 2007, p. 7-8, 14.

## II.   LEGAL ANALYSIS

The above Proposed Jury Instructions are accurate statements of the law of the case and the law of Delaware. In this Court's September 18, 2007 Memorandum Opinion regarding Summary Judgment, Hon. Mary Pat Thynge stated the law of agency and the law of course and scope of employment throughout this Court's opinion. As the citations above suggest, Defendant's proposed instructions are taken directly from this Honorable Court's Opinion.

These proposed instructions are either taken verbatim from the Opinion, or they were altered slightly for purposes of maintaining a consistent grammatical tense. Substantively, Defendant's proposed instructions are accurate reflections of the law cited in this Court's Memorandum Opinion. Thus, not only are these proposed instructions accurate statements of the law, they are also statements of the law that this Honorable Court relied upon in reaching its decision with respect to summary judgment.

Further, the proposed instructions are necessary to the just resolution of the issues before the Jury. The proposed instructions at issue go beyond the instructions agreed upon by counsel for the parties. They contain necessary clarifications and explanations of the law that this Court deemed necessary to articulate and rely upon in its Opinion.

Thus, the Jury is entitled to consider and should be guided by the same principles of law that govern this case. Defendant respectfully requests that this Honorable Court include the above referenced proposed jury instructions in the Court's final instructions to the Jury.

Respectfully submitted,

***KLINE & SPECTER***
***A Professional Corporation***

BY: */s/ Royce W. Smith*
SHANIN SPECTER, ESQUIRE
JONATHAN M. COHEN, ESQUIRE
ROYCE W. SMITH, ESQUIRE
ID NOS.: 40928/69062/201295
*Attorneys for Plaintiff*

Date: April 7, 2008