IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC. | : : : | Case No. 05-0022 (MPT) |
| | : | |
| v. | : : | |
| MALY YAN | : | |
| ********************************** | | |
| YAN THOU, et al. | : | |
| | : | |
| v. | : | Case No. 05-00513 (MPT) |
| | : | |
| PACK & PROCESS, INC., et al. | : | **CONSOLIDATED CASES** |

### PROPOSED PRETRIAL ORDER

I.    **NATURE OF THE CASE**

**PLAINTIFFS STATEMENT OF THE NATURE OF THE CASE**

This is a Declaratory Judgment action instituted by St. Paul Mercury Insurance Company ("St. Paul") and Pack & Process, Inc. (hereinafter collectively referred to as "Plaintiffs") wherein Plaintiffs seek a ruling that Defendant, Maly Yan ("Yan") was not within the course and scope of her employment for Pack & Process and/or acting as an agent for Pack & Process, and Defendants seek a ruling that she was in the course and scope, acting as an agent or acting in a business related activity, at the time of a fatal auto accident that occurred on June 18, 2001, in which Yan was the driver of a van carrying defendants. Plaintiffs also seek a ruling that St. Paul is not required to pay money or provide indemnity to any party under the terms of the policies of insurance issued to Pack & Process.

The present declaratory judgment action was instituted by Plaintiffs. Subsequently, defendants instituted a declaratory judgment action in the United States District Court for the

Plaintiffs do not agree that the substance of Defendants' statement of the nature of the case is relevant to the material issues that are in dispute in this matter.

## DEFENDANTS' STATEMENT OF THE NATURE OF THE CASE

This case involves a fatal auto accident that occurred on June 18, 2001. Yan Thou, individually and as the administrator of the estates of Oeurn Mam and Navy Yan and Chan Yan, Thuha Son, Chieu Thi Huynh filed a lawsuit for damages for personal injuries against Maly Yan in the Court of Common Pleas of Philadelphia County on June 11, 2003 captioned as Thou et al. v. Yan, Docket No. 030601508.

In addition to above action filed against Maly Yan, the fatal June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan and other Defendants by both Maly Yan and other Plaintiffs. Originally, there were five (5) other cases which have been filed on behalf of persons injured in this accident, all filed in the Court of Common Pleas of Philadelphia County. All of these cases contain allegations that Maly Yan was working in the course and scope of her employment with Pack and Process at the time of the accident. These cases were consolidated for all purposes with the Yan Thou case by Order of Court dated February 21, 2003. That entire consolidated action was eventually dismissed from the Court of Common Pleas of Philadelphia County with leave to re-file the actions in Delaware (the Superior Court of Pennsylvania affirmed the trial court's decision to grant Defendants forum non conveniens motion).

One action filed against Maly Yan was never consolidated and proceeded to trial on January 14, 2005, against only defendant Maly Yan before the Honorable Sandra J. Moss, sitting without a jury. The trial was concluded on January 20, 2005, and a verdict in favor of all Plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00. The

disposition of that one action (which does not include all Plaintiffs-who have a right to a jury trial on all issues, including Maly Yan's agency-or all Defendants) gave rise to the instant declaratory judgment actions that were consolidated on August 24, 2005, to determine whether Maly Yan was an agent of Pack & Process and was acting in the course and scope of her employment with Pack & Process while transporting employees to and from the Pack & Process factory on the date of the fatal accident.

Defendants have requested the Honorable Court to issue the following declarations:

1.      On June 18, 2001, Maly Yan was an agent/employee of Pack & Process and was acting in the course and scope of her employment with Pack & Process while transporting employees to and from the Pack & Process factory.

2.      Pack & Process is responsible to pay the entire judgment imposed upon Maly Yan in the matter of Yan Thou et.al. v. Maly Yan, June Term 2003 No.1503 (less payment from St. Paul, as the insurance carrier for Pack & Process).

3.      St. Paul, as the insurance carrier for Pack & Process is responsible to pay for Maly Yan's actions in the matter of Yan Thou et.al. v. Maly Yan, June Term 2003 No.1503 in the amount of the verdict imposed upon Maly Yan, on January 20, 2005, up to and including their policy limits, for negligent acts performed by her while working as an agent/employee of Pack & Process on June 18, 2001.

4.      For such other and further relief as to this court may seem just and proper.

5.      St. Paul is required to indemnify Maly Yan and pay damages to the plaintiffs in the case of Yan Thou et.al. v. Maly Yan, June Term, 2003, No.1503.

6.      St. Paul is required to indemnify Pack & Process and Maly Yan; and that Pack & Process indemnify Maly Yan; that both St. Paul and Pack & Process must pay Yan Thou,

Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et al. v. Yan Docket No. 030601508.

## II.    JURISDICTION

A.    This is an action for declaratory relief filed by Plaintiffs, St. Paul Mercury Insurance Company and Pack & Process, Inc. pursuant to 28 U.S-C. § 2201.

B.    The, jurisdiction of the Court is not disputed.

1.    This Honorable Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

## III.    <u>ADMITTED FACTS</u>

The following facts are not disputed or have been agreed to or stipulated to by the parties:

On or about June 18, 2001, Yan Thou, Oeurn Mam, Navy Yan, Chan Yan, Thuha Son, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, Lang Khem and Lam Khem were returning from work at Pack & Process and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia. (Plaintiffs contend that this fact is admitted, but not relevant, and therefore inadmissible at trial). The 1992 Dodge Ram van was owned and operated by Maly Yan.

## IV.    <u>ISSUES OF FACT</u>

1)    Whether in June of 2001, Yan was employed by Pack & Process in New Castle, Delaware as a Quality Control Line Inspector.

2)    Whether as a quality control inspector, Yan clocked in when she arrived at the Pack & Process facility for each shift and clocked out when she left the facility at the end of each shift.

3)    Whether, at the time of the June 18, 2001 accident, Maly Yan had clocked out.

4)    Whether Yan's duties as a quality control inspector at Pack & Process included transporting temporary workers to and from the Pack & Process facility.

5)    Whether prior to June 18, 2001, Pack & Process had contracted with a temporary employment agency, Lam Staff, Inc., for temporary workers to work at Pack & Process at its Delaware factory.

6)    Whether, prior to having his driver's license suspended, Yan's father was paid by Lam Staff, Inc. to transport temporary workers to and from the Pack & Process factory.

7)    Whether, after the suspension of her father's driver's license, Maly Yan drove temporary workers to and from Pack & Process.

8)    Whether Lam Staffing, Inc. paid Maly Yan to transport temporary workers to and from Pack & Process.

9)    Whether Yan ever filed a claim for workers' compensation benefits with Pack & Process as a result of the June 18, 2001 accident.

10)    Whether Yan owned the 1992 Dodge Ram van, bearing Pennsylvania license plate No. DZK8292 on June 18, 2001.

11)    Whether Maly Yan lived with her father, Yan Thou, on June 18, 2001.

12)    Whether Maly Yan can presently deny ownership of the 1992 Dodge Ram van involved in the June 18, 2001 motor vehicle accident, when she admitted ownership of said van in the proposed pre-trial order previously submitted to this Court.

13)    Did Pack & Process' business actuate, i.e. motivate or put into motion, Maly Yan to any appreciable extent?

14)    Was Maly Yan authorized, actually or by implication, by Pack & Process to drive the workers to and from the plant?

15)    Was a weekly payment for fuel provided by Pack & Process through Lam Staffing?

16)    Was the subject van not owned, hired, rented, leased, or borrowed by Pack & Process?

17)    Was the subject van used in the conduct of Pack & Process' business?

## V.    ISSUES OF LAW

1)    Whether Yan was an employee of Pack & Process acting within the course and scope of her employment for Pack & Process while transporting temporary workers to and from the Pack & Process factory at the time of the June 18, 2001 accident.

2)    Whether St. Paul and/or Pack and Process are obligated to pay any money or indemnity to any party under the terms of the policies of insurance issued to Pack & Process.

3)    Whether Maly Yan is a protected person under the auto section of the St. Paul Policy.

4)    Whether the CGL section of the St. Paul policy excludes coverage for the June 18, 2001 accident.

5)    Whether Maly Yan can presently deny ownership of the 1992 Dodge Ram van involved in the June 18, 2001 motor vehicle accident, when she admitted ownership of said van in the proposed pre-trial order previously submitted to this Court.

6)    Whether when Maly Yan was driving the workers to and from Pack & Process on the date the accident occurred, the van was being used in conduct of Pack & Process' business?

7)    Whether the van was owned by Maly Yan or a member of her household at the time of the accident.

8)    On June 18, 2001, was Maly Yan an agent/employee of Pack & Process?

9)    Was Maly Yan acting in the course and scope of her employment with Pack & Process while transporting employees to and from the Pack and Process factory?

10)    Was Maly Yan performing a duty related to the conduct of Pack & Process' business while transporting employees to and from the Pack & Process factory?

11)    Was the subject van being used in the conduct of Pack & Process' business?

12)    Under implied authority, was Maly Yan acting within the scope of employment at the time of the accident, under the totality of the circumstances?

13)    Would a reasonable person interpret the exchange between Maly Yan and Adkins or the conversations between Maly Yan and Newsome as authorization, actual or implied, for her to transport workers?

14)    Is Pack and Process responsible to pay the entire judgment imposed upon Maly Yan in the matter of Yan Thou et.al. v. Maly Yan, June Term, 2003, No.1503 (less payment from

St. Paul, as the insurance carrier for Pack & Process)?

15)    Is St. Paul, as the insurance carrier for Pack & Process, responsible to pay for

Maly Yan's actions in the matter of Yan Thou et.al. v. Maly Yan, June Term, 2003, No.1503, in

the amount of the verdict imposed upon Maly Yan, on January 20, 2005, up to and including

their policy limits, for negligent acts performed by her while working as an agent/employee of

Pack & Process on June 18, 2001?

16)    Whether a principal is liable for the actions of its agent that are within the scope

of the agent's actual or apparent authority?

## VI.    PLAINITFF'S PROPOSED EXHIBITS

### A.    Plaintiffs' Proposed Exhibits:

1.    Complaint for Declaratory Judgment filed in U.S.D..C, for District of Delaware, No. 05-0022.

2.    Amended Complaint for Declaratory Judgment with Exhibits.

3.    Maly Yan's Answer to Amended Complaint.

4.    Defendants' Answer to Amended Indemnification and Declaratory Judgment Complaint with Affirmative Defenses and Counterclaim for Declaratory judgment.

5.    Plaintiffs' Answer and Reply to Defendant Maly Yan's First Crossclaim/counterclaim.

6.    St Paul's Answer to Amended Dee Action and counterclaim.

7.    Defendants' Self Executing Disclosure Statement.

8.    Interrogatories of St Paul to Yan Thou.

9.    Yan Thou's Answers to Interrogatories.

10.    Request to Produce of St Paul to Yan Thou and Yan Thou's Answers thereto.

11.    Interrogatories of St. Paul to Chan Yan and Chan Yan's Answers thereto.

12.    Request to Produce of St Paul to Chan Yan and Chan Yan' Answers thereto.

13.    Interrogatories of St Paul to Thua Son and Thua Son's Answers thereto.

14.    Request to Produce of St Paul to Thua Son and Thua Son's Answers thereto.

15.    Interrogatories of St Paul to Maly Yan and Maly Yan's Answers thereto.

16.    Request to Produce of St Paul to Maly Yan and Maly Yan' Answers thereto.

17.    Interrogatories of St Paul to Chieu Thi Huynh and Chieu Thi Huynh's Answers thereto.

18.    Request to Produce of St Paul to Chieu Thi Huynh and Chieu Thi Huynh's Answers thereto.

19.    Interrogatories of St. Paul to Soly Chan and Soly Chan's Answers thereto.

20.    Request to Produce of St Paul to Soly Chan and Soly Chan's Answers thereto.

21.    Interrogatories of St. Paul to Thorn Bun Khem and Thorn Bun Hem's Answers thereto.

22.    Request to Produce to Thorn Bun Khem and Thorn Bun Khem's Answers thereto

23.    Interrogatories of St Paul to Unchalee Vong and Unchalee's Answer's thereto

24.    Request to Produce to Unchalee Vong and Unchalee Vons's Answers thereto

25.    Interrogatories of St Paul to Kusti Leman and Kusti Leman's Answers thereto

26.    Request to Produce to Kusti Leman and Kusti Lerrran's Answers thereto

27. Interrogatories of St Paul to Tjajah Chandra for Lani Chandra and Tjajah Chandra for Lani Chandra Answers thereto

28. Request to Produce to Tjajah Chandra for Lani Chandra and Tjajah Chandra for Lani Chandra's Answers thereto

29. Bay Thi Nguyen's Answers to Interrogatories from St. Paul

30. Request to Produce to Bay Thi Nguyen and Bay Thi Nguyen's Answers thereto

31. Supplemental Responses to St. Paul from Maly Yan, Yan Thou and Chair YanYan

32. Defendants' Supplemental Responses to Plaintiffs Request for Production of Documents

33. Insurance interrogatories to Pack& Process and Pack & Process' Answers thereto

34. Request to Produce to Pack and Process and Pack and Process' Responses thereto

35. Interrogatories to Pack and Process and Pack and Process' Answers thereto

36. Deposition transcript and exhibits of Maly Yan taken September 24, 2003

37. Deposition transcript and exhibits of Maly Yan taken April 27, 2006

38. Deposition transcript and exhibits of Maly Yan taken June 5, 2006

39. Deposition transcript and exhibits of Cheryl Staniszewski taken June 26, 2006

40. Deposition transcript and exhibits of Sterling Newsome taken June 29, 2006.

41. Deposition transcript and exhibits of Robert Macknis taken June 29, 2006

42. Deposition transcript and exhibits of Michael Warren taken September 26, 2006

43.    Deposition transcript and exhibits of Chan Yan taken September 26, 2003

44.    Deposition transcript and exhibits of Yan Thou taken September 26, 2003

45.    Deposition transcript and exhibits of Bay Thi Nguyen taken September 26, 2003

46.    Affidavit of Sterling Newsome

47.    Supplemental Affidavit of Sterling Newsome

48.    Affidavit of Cheryl L. Stanisiewski

49.    Affidavit of Robert Macknis

50.    Affidavit of Susi Hadi

51.    St. Paul Insurance Policy, No. CK03800708, 5/01/01 to 5/01/02, issued to Pack & Process

52.    Statement of Maly Yan taken on 8/2/01 by American Independent Insurance

53.    Purchase Order 901 - Contract between Lam Staff, Inc. and Pack & Process, Inc.

54.    Pack & Process copies of checks and cancelled checks payable to Lam Staff, Inc.

55.    Certificate of Liability Insurance - Lam Staff, Inc.

56.    Maly Yan's time sheets

57.    Lam Staff, Inc: - Invoices to Pack & Process for payment of employees' hours (w/rate of pay)

58.    Pack & Process employment records of Chan Yan

59.    Pack & Process employment records/correspondence of Maly Yan

60.    Lam Staff, Inc Factory Workers' Hours

61.    Lam Staff, Inc. - Invoices for Pack & Process for payment of employees' hours

62.    Pack & Process, Inc. - Driver information records

63.    Copy of W2 Taxes for (2001) for Maly Yan

64.    Copies of Pack & Process, Inc.'s Petty Cash Receipts from January through
       June, 2001

65.    Title and registration for van owned and operated by Maly Yan

Defendants object to and will seek to preclude by motion, any witnesses, testimony, exhibits,

and/or other evidence concerning workers compensation, applications, benefits, coverage, or

rulings.

**B.    Defendants' Proposed Exhibits:**

1.    Civil Action Complaint fled in CCP Philadelphia County, March Term, 2003,
      No. 001293; Objection; F.R.C.P. 402, 403

2.    Complaint for Declaratory Judgment filed in USDC. for District of Delaware,
      No. 05-0022

3 .   Amended Complaint for Declaratory Judgment w/Exhibit "A "

4.    Maly Yan's Answer to Amended Complaint

5.    Defendants' Answer to Amended Indemnification and Declaratory Judgment
      Complaint with Affirmative Defenses and Counterclaim for Declaratory
      Judgment

6.    Plaintiffs' Answer and Reply to Defendant Maly Yan's First Crossclaim/
      Counterclaim

7.    St. Paul's Answer to Amended Dee Action and Counterclaim

8.    St. Paul and Pack & Process' Self-Executing Disclosure

9.    Defendants' Self-Executing Disclosure; Objection; F.R.C.P. 402, 403

10.   Interrogatories of St Paul to Yan Thou; Objection; F.R.C.P. 402, 403

11.   Yan Thou's Answers to Interrogatories; Objection; F.R.C.P. 402, 403;
      Objection; F.R.C.P. 402, 403

12.   Request to Produce of St Paul to Yan Thou and Yan Thou's Answers thereto;
      Objection; F.R.C.P. 402, 403

13.   Interrogatories of St.. Paul to Chan Yan and Chan Yan's Answers thereto;
      Objection; F.R.C.P. 402, 403

14.   Request to Produce of St Paul to Chan Yan and Chan Yan' Answers thereto;
      Objection; F.R.C.P. 402, 403

15.   Interrogatories of St Paul to Thua Son and Thua Son's Answers thereto;
      Objection; F.R.C.P. 402, 403

16.   Request to Produce of St Paul to Thua Son and Thua Son's Answers thereto
      Objection; F.R.C.P. 402, 403

17.   Interrogatories of St Paul to Maly Yan and Maly Yan's Answers thereto;
      Objection; F.R.C.P. 402, 403

18.    Request to Produce of St Paul to Maly Yan and Maly Yan' Answers thereto;
       Objection; F.R.C.P. 402, 403

19.    Interrogatories of St Paul to Chieu Thi Huynh and Chieu Thi Huynh's Answers
       thereto; Objection; F.R.C.P. 402, 403

20.    Request to Produce of St Paul to Chieu Thi Huynh and Chieu Thi Huynh's
       Answers thereto; Objection; F.R.C.P. 402, 403

21.    Interrogatories of St.. Paul to Soly Chan and Soly Chan's Answers thereto;
       Objection; F.R.C.P. 402, 403

22.    Request to Produce of St Paul to Soly Chan and Soly Chan's Answers thereto;
       Objection; F.R.C.P. 402, 403

23.    Interrogatories of St. Paul to Thorn Bun Khem and Thorn Bun Khem's Answers
       thereto; Objection; F.R.C.P. 402, 403

24.    Request to Produce to Thorn Bun Khem and Thorn Bun Khern's Answers
       thereto; Objection; F.R.C.P. 402, 403

25.    Interrogatories of St Paul to Unchalee Vong and Unchalee's Answers thereto;
       Objection; F.R.C.P. 402, 403

26.    Request to Produce to Unchalee Vong and Unchalee Vong's Answers thereto;
       Objection; F.R.C.P. 402, 403

27.    Interrogatories of St Paul to Kusti Leman and Kusti Leman's Answers thereto;
       Objection; F.R.C.P. 402, 403

28.    Request to Produce to Kusti Leman and Kusti Leman's Answers thereto
       Objection; F.R.C.P. 402, 403

29.    Interrogatories of St Paul to Tjajah Chandra for Lani Chandra and Tjajah
       Chandra for Lani Chandra Answers thereto; Objection; F.R.C.P. 402, 403

30.     Request to Produce to Tjajah Chandra for Lani Chandra and Tjajah Chandra for Lani Chandra's Answers thereto; Objection; F.R.C.P. 402, 403

31.     Bay Thi Nguyen's Answers to Interrogatories from St. Paul; Objection; F.R.C.P. 402, 403

32.     Request to Produce to Bay Thi Nguyen and Bay Thi Nguyen's Answers thereto; Objection; F.R.C.P. 402, 403

33.     Supplemental Responses to St.. Paul from Maly Yan, Yan Thou and Chair Yan; Objection; F.R.C.P. 402, 403

34.     Defendants' Supplemental Responses to Plaintiffs Request for Production of Documents; Objection; F.R.C.P. 402, 403

35.     Insurance Interrogatories to Pack& Process and Pack & Process' Answers thereto

36.     Request to Produce to Pack and Process and Pack and Process' Responses thereto;

37.     Interrogatories to Pack and Process and Pack and Process' Answers thereto.

38.     Maly Yan, et al's Motion for Summary Judgment as to Agency;  Objection; F.R.C.P. 402, 403

39.     Defendants' Reply to Plaintiffs' Motion for Summary .Judgment as to Agency; Objection; F.R.C.P. 402, 403

40.     Appendix of Evidence in Support of Defendants' Answering Brief in Opposition to Plaintiffs' Motion for Summary Judgment as to Agency; Objection; F.R.C.P. 402, 403

41.     St. Paul Mercury and Pack & Process' Motion for Summary Judgment; Objection; F.R.C.P. 402, 403

42.     Plaintiffs' Response to Defendants' Motion for Summary Judgment; Objection; F.R.C.P. 402, 403

43.  Defendant Maly Yan's Answering Brief in Opposition to St. Paul Mercury and Pack & Process' Motion for Summary Judgment and Appendix; Objection; F.R.C.P. 402, 403

44.  St. Paul Mercury and Pack & Process' Reply Brief in Support of their Motion for Summary Judgment; Objection; F.R.C.P. 402, 403

45.  Defendants' Petition for Leave of Court to File Sur Reply to Plaintiff's Reply in Support of their Motion for Summary Judgment; Objection; F.R.C.P. 402, 403

46.  Plaintiffs' Response in Opposition to Defendants' Petition for Leave of court to Pile Sur Reply to Plaintiffs' Reply in Support of their Motion for Summary Judgment; Objection; F.R.C.P. 402, 403

47.  Defendants' Application for Oral Argument; Objection; F.R.C.P. 402, 403

48.  Plaintiffs' Application for oral Argument;  Objection; F.R.C.P. 402, 403

49.  Deposition transcript and exhibits of Steven Ames taken September 18, 2006;

50.  Deposition transcript and exhibits of Maly Yan taken September 24, 2003; Objection; F.R.C.P. 402, 403

51.  Deposition transcript and exhibits of Chan Yan taken September 26, 2003; Objection; F.R.C.P. 402, 403

52.  Deposition transcript and exhibits of Yan Thou taken September 26, 2003; Objection; F.R.C.P. 402, 403

53.  Deposition transcript and exhibits of Bay Thi Nguyen taken September 26, 2003;  Objection; F.R.C.P. 402, 403

54.  Deposition transcript and exhibits of Richard Fetters taken September 29, 2003;  Objection; F.R.C.P. 402, 403

55. Deposition transcript and exhibits of Richard Reistle taken September 29, 2003;  Objection; F.R.C.P. 402, 403

56. Deposition transcript and exhibits of Maly Yan taken June 5, 2006; Objection; F.R.C.P. 402, 403

57. Deposition transcript and exhibits of Cheryl Staniszewski taken June 26, 2006.

58. Deposition transcript and exhibits of Sterling Newsome taken June 29, 2006.

59. Deposition transcript and exhibits of Robert Macknis taken June 29, 2006

60. Deposition transcript and exhibits of Michael Warren taken September 26, 2006

61. Affidavit of Sterling Newsome.

62. Supplemental Affidavit of Sterling Newsome.

63. Affidavit of Cheryl L. Stanisiewski

64. Affidavit of Robert Macknis

65. Affidavit of Susi Hadi; Objection; F.R.C.P. 402, 403

66. St. Paul Insurance Policy.

67. St. Paul letter to Pack & Process regarding handling of 6/18/01 loss; Objection; F.R.C.P. 402, 403

68. Statement of Maly Yan taken on 8/2/01 by American Independent Insurance; Objection; F.R.C.P. 402, 403

69. Documents of Continental Insurance Company produced by MCS; Objection; F.R.C.P. 402, 403

70. Purchase Order 901 - Contract between Lam Staff, Inc. and Pack & Process, Inc.

71. Pack & Process copies of checks and cancelled checks payable to Lam Staff, Inc.

72. Certificate of Liability Insurance - Lam Staff, Inc.; Objection; F.R.C.P. 402, 403

73. Maly Yan's time sheets; Objection; F.R.C.P. 402, 403

74. Lam Staff, Inc. - Invoices to Pack & Process for payment of employees' hours (w/rate of pay); Objection; F.R.C.P. 402, 403

75. Pack & Process employment records of Chan Yan; Objection; F.R.C.P. 402, 403

76. Pack & Process employment records/correspondence of Maly Yan

77. First Financial Insurance Company policy; Objection; F.R.C.P. 402, 403

78. Lam Staff, Inc. Factory Workers' Hours; Objection; F.R.C.P. 402, 403

79. Lam Staff, Inc. - Invoices for Pack & Process for payment of employees' hours; Objection; F.R.C.P. 402, 403

80. Pack & Process, Inc. Driver information records

81. Documents produced by Pack & Process for deposition of Steven Ames on 9/18/03

82. State of Delaware Uniform Traffic Collision Report; Objection; F.R.C.P. 402, 403

83. Rendering of accident scene; Objection; F.R.C.P. 402, 403

84.    Visual depiction of accident reconstruction; Objection; F.R.C.P. 402, 403

85.    Photographs of accident scene and victims; Objection; F.R.C.P. 402, 403

86.    Autopsy reports and death certificates of Navy Yan and Oeurn Mam;
       Objection; F.R.C.P. 402, 403

87.    Expert Report and C.V. of S. Ross Noble, M.D.; Objection; F.R.C.P. 402, 403

88.    Expert Report and C.V. of Steven Schorr, P.E.; Objection; F.R.C.P. 402, 403

89.    Expert Report and C.V. of David Hopkins, ASA, MAAA; Objection; F.R.C.P.
       402, 40318

90.    Non-Jury Trial hearing transcript before Judge Moss on January 14, 2005;
       Objection; F.R.C.P. 402, 403

91.    Non-Jury Trial (Volume II) Hearing transcript before Judge Moss on
       January 20, 2005; Objection; F.R.C.P. 402, 403

92.    $10,228,467.00 Judgment entered in Yan Thou v. Maly Yan, C.C.P., Phila.,
       County, June Term, 2003, No. 1508; Objection; F.R.C.P. 402, 403

93.    Medical records of Chieu Huynh from Philadelphia Orthopedic Associates;
       Objection; F.R.C.P. 402, 403

94.    Medical records of Chieu Huynh Christiana Care Hospital; Objection;
       F.R.C.P. 402, 403

95.    Medical records of Chieu Huynh of Harvey S. Benn, D.O.; Objection; F.R.C.P.
       402, 403

96.    Medical records of Thuha Son of Christian Hospital; Objection; F.R.C.P. 402,
       403

97.  Medical records of Thuha Son of Ambulatory Care; Objection; F.R.C.P. 402, 403

98.  Medical records of Chan Yan of Christian Care Hospital; Objection; F.R.C.P. 402, 403

99.  Medical records of Chan Yan of Ambulatory Care; Objection; F.R.C.P. 402, 403

100.  Medical records of Chan Yan of Dr. Yii and Harris Yii; Objection; F.R.C.P. 402, 403

101.  Medical records of Yan Thou of Ambulatory Care Center; Objection; F.R.C.P. 402, 403

102.  Medical records of Yan Thou of Christiana Hospital; Objection; F.R.C.P. 402, 403

103.  Medical records of Yan Thou of Thomas Jefferson Hospital Dept of Diagnostic Medical Imaging; Objection; F.R.C.P. 402, 403

104.  Medical records of Yan Thou of Mark D.T. Allen, M.D.; Objection; F.R.C.P. 402, 403

105.  Medical records of Yan Thou of Ambulatory Care Center; Objection; F.R.C.P. 402, 403

106.  Medical records of Yan Thou Compass Medical Corp; Objection; F.R.C.P. 402, 403

107.  Medical records of Yan Thou of Dr. Mark Zimmerman; Objection; F.R.C.P. 402, 403

108.  Courtroom Enlargement Damages Chart; Objection; F.R.C.P. 402, 403

109.  Courtroom Enlargement of Actuarial Report; Objection; F.R.C.P. 402, 403

110.    Courtroom Enlargement of Police Report and Diagram; Objection; F.R.C.P. 402, 403

111.    Life Expectancy and Work Life Expectancy Tables; Objection; F.R.C.P. 402, 403

112.    Trial Transcript – Chan Yan/Thou taken on January 14, 2005; Objection; F.R.C.P. 402, 403

113.    Trial Transcript – Maly Yan taken on January 20, 2005; Objection; F.R.C.P. 402, 403

114.    Wage/salary payment records

115.    Gas payment records

## VII.  WITNESSES

A.    List of witnesses the Plaintiff expects to call, including experts:

1 .    Expert Witnesses - Plaintiffs do not anticipate calling any expert at time of trial.

2.    Non-expert Witnesses – Plaintiffs anticipate calling the following witnesses at time of trial.

(a)    Steven Ames
Pack & Process, Inc.
P.O. Box 883
New Castle, DE 19720

(b)    Cheryl Adkins
53 Spring Creek Drive
Towns End, Del.

(c)    Sterling Newsome
1609 South 8th Street
Philadelphia, PA 19148

(d)    Robert Macknis
1104 Christiana
Bear, DE 19701

     (e)    Michael E. Warren, Esquire St, Paul Travelers
             3097 Satellite Boulevard Duluth, GA 30096

   (f)   By deposition - Maly Yan

   (g)   By deposition - Yan Thou

B.   List of witnesses Defendants expect to call, including experts:

    1.   Expert Witnesses
         Steven M. Schorr, P.E.
         Corner of Old York Road & Hamilton Avenue
         1603 Old York Road
         Abington, PA 19001

         - Objection; F.R.C.P. 402, 403


         David L. Hopkins, ASA, MAA
         15 Union Hill Road
         West Conshohocken, PA 19428

         - Objection; F.R.C.P. 402, 403

         S. Ross Noble, M. D.
          200 Reading Avenue Suite 102
         West Reading, PA 19611

         - Objection; F.R.C.P. 402, 403

         Sgt. Matthew Cox
         DE State Police Fatal Accident Investigation
          and Reconstruction Team
         300 North Walnut Street
         Wilmington, DE 19801

         - Objection; F.R.C.P. 402, 403

         Dr. Ritu Prasad, M ..D.
         Christiana Care Hospital
         4755 Ogletown-Stanton Road
         Newark, DE 19718

         - Objection; F.R.C.P. 402, 403

         Dr. Harvey S. Benn, D.O.
         500 Washington Avenue
         Philadelphia, PA 19147

         - Objection; F.R.C.P. 402, 403

Dr. Ira C. Sachs, D.0.
Philadelphia Orthopedic Group
Philadelphia Orthopedic Assoc.
1925 South Broad Street
Philadelphia, PA 19148

- Objection; F.R.C.P. 402, 403

Dr. Marc Zimmerman
2410-14 S. Broad Street, Ste. 200
Philadelphia, PA 19145

- Objection; F.R.C.P. 402, 403

Dr. J. Rush Fisher, M.D.
Christiana Care Hospital
4755 Ogeltown-Stanton Road
Newark, DE 19718

- Objection; F.R.C.P. 402, 403

Dr. Ahuva Oren, M.D.
Ambulatory Care Center, Inc.
1101 Snyder Avenue
Philadelphia, PA 19148

- Objection; F.R.C.P. 402, 403

Dr. Mark D.T. Allen, M.D.
855 East Hunting Park Avenue
Philadelphia, PA 19124

- Objection; F.R.C.P. 402, 403

2.    <u>Non-expert Witnesses</u>

Yan Thou
2007 South 9th Street
Philadelphia, PA 19148

Chan Yan
2307 South 9th Street
Philadelphia, PA 19148

Thuha Son
534 Reed Street
Philadelphia, PA 19148

Chieu Thi Huynh
402 Tree Street
Philadelphia, PA 19148

Maly Yan
2007 South 9th Street
Philadelphia, PA 19148

Bay Thi Nguyen
1530 Beulah Street
Philadelphia, PA 19147

Unchalee Vong
642 Wharton Street
Philadelphia, PA 19147

Donkeo Phravichit
2326 South 7'' Street
Philadelphia, PA 19148

Kusti Leman
1641 Hicks Street
Philadelphia, PA 19145

Tjajah Chandra
as mother and Legal guardian of
Lani Chandra and Lani Chandra
Pademangan 3 Raya
Gang 1 No. 42
RT 02-RW o9
Jakarta Timur, Indonesia 14410

Zair Shah
2318 South 7''' Street
Philadelphia, PA 19148

Khan Gul
640 Moyamensing Avenue
Philadelphia, PA 19148

Salim Khan
420 Woodefile Road
Upper Darby, PA 19082

Mohammed Sardar Khan
as Co-Administrator's of the Estate of Mohammed Azim
2408 South 8th Street

Philadelphia, PA 19148

Soly Chan,
Administrator of the Estate of Lang Khem, deceased,
 a/k/a Lang Chhay
1918 Newkirk Street
 Philadelphia, PA 19145

Thorn Bun Khem,
as Administrator Of the Estate of Lam Khem, deceased
 4601 Halley Circle
Glen Allen, VA 2.3060

Charles R. Reistle, Sr.
115 5ᵗʰ Lot 89
Delaware City Mobil Park Home
Delaware City, DE 19706

- Objection; F.R.C.P. 402, 403

Steven Ames
15 Walnut ridge Road
 Greenville, DE

Rick Pretzler
Medical Examiners Office
 200 South Adams Street
Wilmington, DE 19801

- Objection; F.R.C.P. 402, 403

Richard T. Callery, M.D., F.C.A.P.
Chief Medical Examiner
Director, Forensic Sciences Laboratory
Delaware

- Objection; F.R.C.P. 402, 403

William B. Anderson
 442 Cynthia Avenue
Penndel, PA 19047

- Objection; F.R.C.P. 402, 403

Michael C. Bright
247 Sigel Street
Philadelphia, PA 19148

- Objection; F.R.C.P. 402, 403

David Lam
Lam Personnel Services, Inc.
520 E. Erie Avenue, #6
Philadelphia, PA 19134

Matia Lam
Lam Personnel Services, Inc.
520 E. Erie Avenue, #6
Philadelphia, PA 19134

Sterling Newsome
16-9 South 8'" Street
Philadelphia, PA 19148

Cheryl L. Staniszewski
136 Chestnut Drive
Elkton, MD 21921

Robert Macknis
1104 Christiana Meadows
 Bear, DE 19701

Susi Hadi
1609 South 8$^{r4}$ Street
Philadelphia, PA 19148

- Objection; F.R.C.P. 402, 403

Michael Warren, V.P.
Claims Specialist
St. Paul Mercury Insurance Company
3097 Satellite Boulevard
Duluth, GA 30096

John Leer
Claims Specialist
St. Paul Mercury Insurance Company
3097 Satellite Boulevard
Duluth, GA 30096

Cheryl Adkins
53 spring Creek Drive
Towns End, DE.

VIII.        **PLAINTIFF'S PROOF AT TRIAL**

At trial, Plaintiffs will prove that Maly Yan was not an employee of Pack & Process acting within the course and scope of her employment for Pack & Process while transporting temporary workers to and from the Pack & Process factory at the time of the June 18, 2001 accident. Plaintiffs will also prove that Maly Yan was not working as an agent of Pack & Process in the performance of Pack & Process' business while transporting temporary workers to and from the Pack & Process factory at the time of the June 18, 2001 accident. Plaintiffs will also prove that St. Paul has no obligation under the policies of insurance issued to Pack & Process to pay any money or to provide indemnity to any party in connection with the accident.

IX.          **DEFENDANT'S PROOF AT TRIAL**

At trial, Defendants will prove that on June 18, 2001, Maly Yan was an agent/employee of Pack & Process acting in the course and scope of her employment with Pack & Process while transporting employees to and from the Pack & Process factory. Defendant will also prove that Maly Yan was performing a duty related to the conduct of Pack & Process' business while transporting employees to and from the Pack & Process factory. Defendants will also prove that Maly Yan was given actual authority to act on behalf of Pack & Process and to transport employees to and from the Pack & Process Factory. Defendants will also prove that under implied authority Maly Yan was acting within the scope of employment at the time of the accident, under the totality of the circumstances. Defendants will also prove that a reasonable person would interpret the exchange between Maly Yan and Adkins and/or the conversations between Maly Yan and Newsome as authorization, actual or implied, for her to transport workers. Defendants will also prove that the subject van was not owned, hired, borrowed, or

leased by Pack & Process and that it was being used in the conduct of Pack & Process' business

at the time of the accident. Defendants will also prove that Pack & Process is responsible to pay

the entire judgment imposed upon Maly Yan in the matter of <u>Yan Thou et.al. v. Maly Yan</u>, June

Term 2003 No.1503 (less payment from St. Paul, as the insurance carrier for Pack & Process).

Finally, Defendant will also prove that St. Paul, as the insurance carrier for Pack & Process, is

responsible to pay for Maly Yan's actions in the matter of <u>Yan Thou et.al. v. Maly Yan</u>, June

Term, 2003, No.1503, in the amount of the verdict imposed upon Maly Yan, on January 20,

2005, up to and including their policy limits, for negligent acts performed by her while working

as an agent/employee of Pack & Process on June 18, 2001.

X.          **AMENDMENT TO PLEADINGS**

Plaintiffs do not require any amendments to the pleadings.

XI.          **CERTIFICIATION OF GOOD FAITH EFFORT TO SETTLE**

The parties certify that they have engaged in a good faith effort to explore the

resolution of this controversy by settlement.

XII.  **MOTIONS IN LIMINE**

(a)  Plaintiffs make a Motion in Limine to preclude Defendant from introducing

evidence regarding the circumstances surrounding the happening of the accident or the

damages sustained by the occupants in the van. The sole question before the jury is whether

Maly Yan's actions in driving the van, (regardless of whether negligent), were within the

course and scope of her employment with Pack & Process. As such, evidence regarding the

circumstances surrounding the happening of the accident, including liability, causation or the

damages sustained by the occupants in the van is immaterial to the issue in this case, and

thus is irrelevant pursuant to F.R.C.P. 402. Such evidence would simply confuse the issue, unduly prejudice the jury, and be a waste of time. See F.R.C.P. 403.

(b) Plaintiffs make a Motion in Limine to preclude Defendants from introducing evidence from their expert witnesses, and non-expert witnesses Charles R. Reistle, Sr., Rick, Pretzler, William Anderson, and Michael Bright. All of testimony from Defendants' expert witnesses and the above-named non-expert witnesses relates to the circumstances surrounding the happening of the accident and the damages suffered by the occupants in the van. None of this testimony is material to the issue in this case, or relevant to the issue before this Court in this matter, and as such, it is irrelevant and inadmissible under Federal Rule of Civil Procedure 402. Such evidence would simply confuse the issue, unduly prejudice the jury, and be a waste of time. See F.R.C.P. 403.

(c) Plaintiffs make a Motion in Limine to preclude Defendant from introducing evidence regarding the trial before Judge Moss in the Philadelphia, Pennsylvania Court of Common Pleas, including evidence regarding Judge Moss' verdict at the trial. Judge Moss' finding and ultimate decision is not binding upon Plaintiffs since neither were parties to that action and Maly Yan was not a protected person under the terms of the policies of insurance issued by St. Paul to Pack & Process. As such, any evidence regarding the trial before Judge Moss is immaterial to the issue in this case and irrelevant under Federal Rule of Evidence 402 and, therefore, inadmissible. Such evidence would simply confuse the issue, unduly prejudice the jury, and be a waste of time. See F.R.C.P. 403.

(d) Plaintiffs make a Motion in Limine to preclude Maly Yan from introducing evidence of her subjective belief, based on her conversation with Sterling Newsome, that it was part of her job to transport temporary workers to and from Pack & Process. The relevant

criteria for determining whether Yan's conduct in driving the van was within the course and scope of her employment with Pack & Process are set forth in §228-229 of the Restatement 2d of Agency. Yan's subjective belief that it was part of her job to transport temporary workers to and from Pack & Process is not a criteria for this determination. Furthermore, there is no legal support for any claim that Yan's subjective belief is relevant to this issue. As such, Yan's subjective belief is immaterial to the issue in this case, irrelevant, and inadmissible under Federal Rules of Civil Procedure 402 and 403.

(e)    Defendants make a Motion in Limine to preclude any testimony, exhibits, and/or other evidence of any workers' compensation coverage, application or claim. Evidence of workers' compensation insurance is irrelevant and inadmissible under Federal Rule of Evidence 411, and unfairly prejudicial under Federal Rule of Evidence 403.

This order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice.

DATED: _____

_____
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

BIFFERATO GENTILOTTI LLC

/s/ Chad J. Toms
Ian Connor Bifferato (#3273)
Chad J. Toms (#4155)
800 N. King Street, Plaza Level
Wilmington, DE  19801
(302) 429-1900

of Counsel:
Francis J. Deasey, Esq.
Henri Marcel, Esq.
DEASEY, MAHONEY & BENDER, LTD.
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA  19103-2978
(215) 587-9400


PERRY & SENSOR

/s/ Michael L. Sensor
Michael L. Sensor (#3541)
First Federal Plaza, Suite 560
P.O. Box 1568
Wilmington, DE  19899-1568
(302) 656-4482

of Counsel:
Jonathan M. Cohen, Esq.
KLINE & SPECTER
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
(215) 772-1000


WEISS & SAVILLE

/s/ Yvonne Takvorian Saville
Yvonne Takvorian Saville (#3430)
1220 Market Street, Suite 604
P.O. Box 370
Wilmington, DE  19899-0370
(302) 656-0400