IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC. | : : : | Case No. 05-0022 (MPT) |
| v. | : : | |
| MALY YAN | : | |
| ************************************* | | |
| YAN THOU, et al. | : : | |
| v. | : : | Case No. 05-00513 (MPT) |
| PACK & PROCESS, INC., et al. | : | CONSOLIDATED CASES |

### Proposed Jury Instructions

### TABLE OF CONTENTS

1. Province of the Court and Jury (Joint)..................................................................3

2. Statements of Counsel (Joint)............................................................................5

3. Instruction to Jurors at the Beginning of Trial:
   The Role of Attorneys in these Proceedings (Joint)............................................6

4. Plaintiff's Contentions......................................................................................7

5. Defendant's Contentions...................................................................................9

6. Agency (Joint)................................................................................................10

7. Agency – The Definition of Authority (Defendants)........................................11

8. Course and Scope of Employment: Part One (Joint).......................................12

9. Course and Scope of Employment: Part Two (Defendants)............................13

10. Burden of Proof by a Preponderance of the Evidence (Joint) .......................14

11. Deposition – Use as Evidence (Joint)............................................................15

12. Use of Interrogatories at Trial (Joint)..................................................16

13. Credibility of Witness – Weighing Conflicting Testimony (Joint)...............17

14. Instructions to be Considered as a Whole (Joint)....................................18

15. Jury's Deliberations (Joint)................................................................19

## PROVINCE OF THE COURT AND JURY (Joint)

Now that you have heard the evidence and [are about to hear] the arguments of counsel, it is my duty to instruct you about the law governing this case. Although you as jurors are the sole judges of the facts, you must follow the law stated in my instructions and apply the law to the facts as you find them from the evidence. You must not single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any legal rule that I give you. Regardless of any opinion you may have about what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than what I give you in these instructions. It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Justice through trial by jury always depends on the willingness of each juror to do two things: first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge.

You should consider only the evidence in the case. Evidence includes the witnesses' sworn testimony and the items admitted into evidence. You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified. In other words, use your common sense to reach conclusions based on the evidence.

You have been chosen and sworn as jurors in this case to decide issues of fact. You must perform these duties without bias for or against any of the parties. The law does not allow you to be influenced by sympathy, prejudice, or public opinion. All the parties and the

public expect that you will carefully and impartially consider all the evidence in the case, follow the law, and reach a just verdict, regardless of the consequences.

Source:

DEL. CONST. art. IV,' 19 (1897); *Porter v. State,* Del. Supr., 243 A.2d 699 (1968)(judge may not comment on the facts of the case); *Gutheridge v. Pen-Mod, Inc.,* Del. Super., 239 A.2d 709 (1967)(jury sole judges of the facts); *Girardo v. Wilmington & Philadelphia Traction Co.,* Del. Super., 90 A. 476 (1914)(same). *See also* 3 DEVITT & BLACKMAR. FEDERAL JURY PRACTICE AND INSTRUCTIONS 70.03, 71.01 (4th ed. 1987); BLACK'S LAW DICTIONARY 555 (6th ed. 1990).

## STATEMENTS OF COUNSEL (Joint)

What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however; for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

Source:

*See DeAngelis v. Harrison,* Del. Supr., 628 A.2d 77. 88 (1993); *McNally v. Eckman,* Del. Supr., 466 A.2d 363, 371-75 (1983); *Delaware Olds, Inc. v. Dixon,* Del. Supr., 367 A.2d 178, 179 (1976). *See also 3* DEVITT & BLACKMAR. FEDERAL JURY PRACTICE AND INSTRUCTIONS' 70.03 (4th ed. 1987); 75A AM. JUR. 2d " 554. 566. 632.

## INSTRUCTION TO JURORS AT THE BEGINNING OF TRIAL: THE ROLE OF ATTORNEYS IN THESE PROCEEDINGS (Joint)

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

Notwithstanding what you have may have seen on television or at the movies, the attorneys in this trial will be expected to act professionally, argue persuasively, and conduct themselves with civility.

Source:

See *DeAngelis v. Harrison*, Del. Supr.. 628 A.2d 77, 88 (1993); *McNally v. Eckman*, Del. Supr.. 466 A.2d 363, 371-75 (1983); *Delativare Olds, Inc. v. Dixon*, Del. Supr., 367 A.2d 178,179 (1976). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS' 70.03 (4th ed. 1987); 75A AM. JUR. 2d " 554, 566, 632.

## PLAINTIFF'S CONTENTIONS

(1) St. Paul Mercury Insurance Company and Pack & Process contend that Maly Yan was not within the course and scope of her employment as a Quality Control Inspector at Pack & Process, when she was involved in the motor vehicle accident of June 18, 2001.

2) St. Paul Mercury Insurance Company and Pack & Process contend on June 18, 2001, Maly Yan was employed by Pack & Process in New Castle, Delaware as a Quality Control Line Inspector.

3) St. Paul and Pack & Process also contend that Ms. Yan clocked in when she arrived at the Pack & Process facility for each shift, and also clocked out when she left the facility at the end of each shift.

4) St. Paul and Pack & Process also contend that at the time of the June 18, 2001 accident, Maly Yan had clocked out of her shift at Pack & Process.

5) St. Paul and Pack & Process also contend that Maly Yan's duties as a quality control inspector at Pack & Process did not include transporting Lam Staff, Inc. temporary workers to and from the Pack & Process facility.

6) St. Paul and Pack & Process also contend that prior to June 18, 2001, Pack & Process had contracted with a temporary employment agency, Lam Staff, Inc., for temporary workers to work at Pack & Process at its Delaware factory.

7) St. Paul and Pack & Process also contend that, prior to having his driver's license suspended, Yan's father was paid by Lam Staff, Inc. to transport temporary workers to and from the Pack & Process factory.

8) St. Paul and Pack & Process also contend that, after the suspension of her father's driver's license, Maly Yan drove temporary workers to and from Pack & Process.

9) St. Paul and Pack & Process also contend that Lam Staff, Inc. paid Maly Yan to transport temporary workers to and from Pack & Process.

10) St. Paul and Pack & Process also contend that Maly Yan owned the 1992 Dodge Ram van, bearing Pennsylvania license plate No. DZK8292 on June 18, 2001.

11) Alternatively, St. Paul and Pack& Process contend that Maly Yan's father, Yan Thou owned the 1992 Dodge Ram van, bearing Pennsylvania license plate No. DZK8292 on June 18, 2001.

12) St. Paul and Pack & Process also contend that Maly Yan lived with her father, Yan Thou, on June 18, 2001.

**DEFENDANT'S CONTENTIONS**

1. On June 18, 2001, Maly Yan was an agent/employee of Pack & Process acting in the course and scope of her employment with Pack & Process while transporting employees to and from the Pack & Process factory.

2. Maly Yan was performing a duty related to the conduct of Pack & Process' business while transporting employees to and from the Pack & Process factory.

3. Maly Yan was given actual authority to act on behalf of Pack & Process and to transport employees to and from the Pack & Process Factory.

4. Under implied authority Maly Yan was acting within the scope of employment at the time of the accident, under the totality of the circumstances.

5. The exchange between Maly Yan and Adkins and/or the conversations between Maly Yan and Newsome were actual or implied authorization for her to transport workers.

6. The subject van was not owned, hired, borrowed, or leased by Pack & Process and that it was being used in the conduct of Pack & Process' business at the time of the accident.

7. Pack & Process is responsible to pay the entire judgment imposed upon Maly Yan in the matter of Yan Thou et.al. v. Maly Yan, June Term 2003 No.1503 (less payment from St. Paul, as the insurance carrier for Pack & Process).

8. St. Paul, as the insurance carrier for Pack & Process, is responsible to pay for Maly Yan's actions in the matter of Yan Thou et.al. v. Maly Yan, June Term, 2003, No.1503, in the amount of the verdict imposed upon Maly Yan, on January 20, 2005, up to and including their policy limits, for negligent acts performed by her while working as an agent/employee of Pack & Process on June 18, 2001.

## AGENCY (Joint)

If an employee is acting within the scope of her employment, the employer is liable for any acts or omissions that occur during the course of employment. But if an employee's actions are not a part of the job she was hired to do, or of the same general nature of the duties of that job, then the employer is not liable.

In this case, you must determine whether Maly Yan acted within the scope of her employment with Pack & Process when she was driving the van on June 18, 2001.

Conduct of an employee is within the scope of employment if, but only if:

(a) it is of the kind she is employed to perform; and

(b) it occurs substantially within the authorized time and space limits; and

(c) it is influenced, at least in part, by a purpose to serve the employer, and

Conduct of an employee is not within the scope of employment if:

(a) it is different in kind from that which she is employed to perform; or

(b) it is far beyond the authorized time or space limits; or

(c) it is too little influenced by a purpose to serve the employer.

Source

*Restatement 2d of Agency*, § 228. *Coates v. Murphy*, 270 A.2d 527, 528 (Del. 1970). *Fisher v. Townsends, Inc.,* Del. Supr., No. 308, 1996, Holland, J. (June 11, 1997)(discussing in great detail agency relationships); *Barnes v.* Towlson, Del. Super., 405 A.2d 137, 139-40 (1979)(employee simply driving to work not acting within the scope of employment); *Johnson v. E.I duPont de Nemours & Co.,* Del. Super., 182 A.2d 904, 905 (1962)(trip home for lunch outside the scope of employee's employment).

## AGENCY - THE DEFINITION OF AUTHORITY (Defendants)

Generally, an employer is liable for the actions of its agent that are within the scope of the agent's actual or apparent authority. Actual authority is created by words or conduct of the employer, which reasonably causes the agent to determine that the employer wishes the agent to act on the employer's behalf. Actual authority can also be implied from the totality of the relationship between the parties.

When an employee acts without actual authority, an employer may still be liable under implied authority if the employee acts under a reasonable belief that tactual authority exists or he is within the scope of employment. Whether implied authority exists, is determined by a reasonableness standard, in light of the communication between the employer and agent.

The authority to perform a particular act can be conferred from words or conduct which the employer has reason to know indicate to the agent that he is to do the act. It is the manifestation of authority cannot, by its very nature, be inconsistent with express authority because any expression of actual authority must control.

Source:

Order and Memorandum Opinion of Hon. Mary Pat Thynge, dated September 18, 2007, p. 6-7. Restatement (Second) of Agency § 140; <u>Jurimex Kommerz Transit G.M.B.H. v. Case Corporation</u>, No. CIV A. 00-83-JJF2006, WL 1995128 (D. Del July 17, 2006).

**COURSE AND SCOPE OF EMPLOYMENT: PART ONE (Joint)**

Questions relating to the course and scope of employment must be resolved under a totality of the circumstances test. You should consider the following factors in deciding whether or not Maly Yan's driving her van was within the scope of her employment with Pack & Process.

To be within the scope of employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized. In determining whether or not the conduct, although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:

(a) whether or not the act is one commonly done by such employees;

(b) the time, place and purpose of the act;

(c) the previous relations between the employer and the employee;

(d) whether or not the act is outside the business of the employer or, if within the business, has not been entrusted to any employee;

(e) whether or not the employer has reason to expect that such an act will be done;

(f) the similarity in quality of the act done to the act authorized;

(g) whether or not the instrumentality by which the harm is done has been furnished by the employer to the employee;

(h) the extent of departure from the normal method of accomplishing an authorized result; and

Source:

Section 229 of the Restatement 2d of Agency. *Histed v. DuPont*, 621 A.2d 340, 345 (Del. 1993).

*Draper v. Olivere Paving & Construction Co.*, 181 A.2d 565, 570 (Del. 1962).

**COURSE AND SCOPE OF EMPLOYMENT: PART TWO (Defendants)**

Scope of employment may also include acts of the employee so closely connected with what he is employed to do, so fairly incidental to it, that they are to be regarded as methods elected by the servant, even though improper, of carrying out the employer's business. If it is shown that the purpose of the employee's trip was in furtherance of some interest of the employer and that employee was acting within the scope of employment, the employer is liable for the employee's conduct.

Source:

Order and Memorandum Opinion of Hon. Mary Pat Thynge, dated September 18, 2007, p. 7-8, 14.

**BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE (Joint)**

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

Source:
*Reynolds v. Reynolds,* Del. Supr., 237 A.2d 708. 711 (1967)(defining preponderance of the evidence); *McCartney v. Peoples Rv. Co..* Del. Super., 78 A. 771. 772 (1911)(same); *Oberly v. Howard Hughes Medical Inst.,* Del. Ch., 472 A.2d 366, 390 (1984)(same). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS' 72.01 (4th ed. 1987).

DEL. CODE ANN. tit. 10. ' 8132 (1999) (elements of comparative negligence); *Duphily v. Delaware Elec. Coop., Inc.,* Del. Supr., 662 A.2d 821. 828 (1995)(basic elements of negligence claim); *Culver v. Bennett,* Del. Supr., 588 A.2d 1094, 1096-97 (1991)(same); *McGraw v. Corrin,* Del. Supr., 303 A.2d 641 (1973 )(comparative negligence).

## DEPOSITION - USE AS EVIDENCE (Joint)

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

Source:

*Del.* C Super. Ct. Civ. R. 32(a); D.R.E. 804(a)(5); *Firestone Tire & Rubber Co. v.* Adams, Del. Supr., 541 A.2d 567, 572 (1988). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS' 73.02 (4th ed. 1987).

## USE OF INTERROGATORIES AT TRIAL (Joint)

Some of the evidence has been in the form of interrogatory answers. An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial. You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.

Source:

*Del.* C. Super. Ct. Civ. R. 33(c). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS' 72.19 (4th ed. 1987).

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY (Joint)**

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you may try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

Source:

*See* 3 DEVITT & BLACKMAR. FEDERAL JURY PRACTICE AND INSTRUCTIONS §73.01 (4th ed. 1987); 75A AM. JUR. 2d §§ 747. 749. 750.

## INSTRUCTIONS TO BE CONSIDERED AS A WHOLE (Joint)

I have read a number of instructions to you. The fact that some particular point may be covered in the instructions more than some other point should not be regarded as meaning that I intended to emphasize that point. You should consider all the instructions.

Source:

DEL. CONST. art. IV, § 19; *Culver v. Bennett,* 588 A.2d 1094, 1096 (Del. 1991)(instructions to be considered as a whole); *Sirmans v. Penn,* 588 A.2d 1103, 1104 (Del. 1991)(instructions are not in error if they correctly state the law, are reasonably informative and not misleading judged by common practices and standards of verbal communication); *Dawson v. State,* 581 A.2d 1078, 1105 (Del. 1990)(jury instructions do not need to be perfect); *Probst v. State,* 547 A.2d 114, 119 (Del. 1988)(entire charge must be considered as a whole); *Haas v. United Technologies Corp.,* 1173, 73,1179 (Del. 1982), *appeal dismissed,* 459 U.S. 1192, 103 S. Ct. 1170, 75 L.Ed.2d 423 (1983); *State Hwy. Dep't v. Bazzuto,* 264 A.2d 347, 351 (Del. 1970); *Cloud v. State,* 154 A.2d 680 (Del. 1959); *Philadelphia B. & W. R.R. Co- v. Gatta,* 85 A. 721, 729 (Del. 1913)(jury is sole judge of facts).

## JURY'S DELIBERATIONS (Joint)

How you conduct your deliberations is up to you. But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position. You have a duty to consult with one another with an open mind and to deliberate with a view to reaching a verdict. Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors. You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.

Your verdict, whatever it is, must be unanimous.

Source:

*Hyman Reiver & Co. v. Rose,* Del. Supr., 147 A.2d 500, 505-07 (1958)(the private deliberations of the jury should not be a concern of the court).