**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC. | : : : | Case No. 05-0022 (KAJ) |
| v. | : : | |
| MALY YAN | : | |
| ............................................................ | : | |
| YAN THOU, et al. | : : | |
| v. | : : | Case No. 05-00513 (KAJ) |
| PACK & PROCESS, INC., et al. | : : : | CONSOLIDATED CASES |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THE ADMISSION OF STATEMENTS MADE BY DAVID THATCH AND STERLING NEWSOME**

Defendant, Maly Yan, by and through the undersigned counsel, Kline & Specter P.C., hereby submits her Memorandum of Law in Support of Statements Made By David Thatch and Sterling Newsome.

**I.   LEGAL ANALYSIS**

Federal Rule of Evidence 801(d)(2)(D) provides that "[a] statement is not hearsay if [t]he statement is offered against a party and is a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]"

The District Court of Delaware, like other federal courts, has recognized that statements from corporate employees are admissible against the employer if made within the scope of their employment or with authority of the employer.

> Each layer of hearsay fits within the exclusion from the prohibition against hearsay contained in Federal Rule of Evidence 801(d)(2)(D). *See* Lippay v. Christos, 996 F.2d 1490, 1498 (3d Cir.1993) (noting that extra-judicial statements by corporate employees are admissible in civil suits against their superiors "if the factors which normally make up an agency relationship are present as between the employee and the superior."); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 801(d)(2)(D)[01] ("Once agency, and the making of the statement while the relationship continues, are established, the statement is exempt from the hearsay rule so long as it relates to a matter within the scope of the agency.") (footnotes omitted). Subject to providing an adequate showing that these statements were made within the scope of Miller's agency at Hercules and the Court's concerns about the probative value of Hosker's testimony, the Court deems Hosker's statements about Miller's conversation with Gossage to be nonhearsay.

See Finch v. Hercules Inc., 865 F. Supp. 1104, 1126 (D. Del 1994). Under subsection (d)(2)(D) of Rule 801, excluding from the definition of hearsay when offered against party a statement by his agent or servant concerning matter within scope of his agency or employment, made during existence of the relationship, independent evidence establishing the existence of the agency must be adduced, but specific authorization to speak need not be shown, and it is sufficient that statement was made within scope of the agency. See U.S. v. Portsmouth Paving Corp., 694 F.2d 312 (4th Cir. 1982).

**A.**

**Foundation**

Foundation for statements under 801(d)(2)(D) must be laid with evidence other than the subject statement itself. See Moran v. Pittsburgh-Des Moines Steel Co., 183 F.2d 467 (3d Cir. 1950) (Admissions made by an agent of a party will be received in evidence when the agent's powers are broad enough to constitute him the general representative of the principal with broad managerial responsibilities). Generally, there must be some

evidence of an agency before an alleged agent's declarations can be received as admissions against principal.  See U. S. v. Pacelli, 491 F.2d 1108 (2d Cir. 1974).  See also U.S. v. Sudeen, 434 F.3d 384 (5th Cir. 2005) (Finding that investment company operators were agents or co-conspirators of fraud defendant, and thus that their out-of-court statements were not hearsay, was supported by evidence that they had acted in manner leading investors to believe that they were defendant's "associates" or "partners").

Foundation may be established by circumstantial evidence.  Although statement to be introduced may not itself be relied upon to establish alleged agency relationship between speaker and defendant, for purpose of coming within vicarious admission exception to hearsay rule, this foundational predicate may be established by circumstantial evidence. See Pappas v. Middle Earth Condominium Ass'n, 963 F.2d 534 (2nd Cir. 1992).

B.

**Circumstantial evidence of agency satisfies Rule 801(d)(2)(D)**

There was sufficient circumstantial evidence to warrant admission of cafe's purported manager's statement to customer as non-hearsay statement of party opponent in customer's action to recover for burns sustained when hot coffee spilled on him, where woman identified herself as manager, apologized, gave customer paper towels, asked him if he was hurt, and replaced both beverages for him.  See Becton v. Starbucks Corp., 491 F.Supp.2d 737 (S.D. Ohio 2007).

Person's statement in response to request by passerby for tie to help bind store customer's wound, to effect that person had no authority to give passerby a tie but that he could buy one, was admissible to establish that person was in fact store employee and

that his statements could be admitted against store under hearsay exception. Hill v. F.R. Tripler & Co., Inc., 868 F. Supp. 593 (S.D.N.Y.1994).

C.

**Statements through interpreters admissible under 801(d)(2)(D).**

Interpreters are viewed as agents and statements through them are admissible as non-hearsay in this context.  See U.S. v. Sanchez-Godinez, 444 F.3d 957 (8th Cir. 2006) (Generally, an interpreter is viewed as an agent of the defendant; hence the translation is attributable to the defendant as his own admission and is properly characterizable as non-hearsay).

D. **Commands are not hearsay because they have no truthful content, thus they are admissible.**

Commands and instructions do not have truthful content.  Thus, because the hearsay rules define hearsay as out of court statements "offered for the truth of the matter asserted," commands and instructions are not precluded under the hearsay rule.  See United States v. Reilly, 33 F.3d 1396, 1410 (3d Cir.1994) (quoting Graham, Federal Practice and Procedure: Evidence § 6705 at 409) ("Instructions to an individual to do something are ... not hearsay because they are not declarations of fact and therefore are not capable of being true or false.").  See also United States v. Bellomo, 176 F.3d 580, 586 (2d Cir.1999), cert. denied, 528 U.S. 987, 120 S.Ct. 447, 145 L.Ed.2d 364 (1999) ("Statements offered as evidence of commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay.");

All of Plaintiffs' hearsay objections must be overruled.  Mr. Newsome testified that he was a program manager/supervisor at Pack & Process.  Mr. Ames testified at deposition (page 136) and in court that if Sterling Newsome told Maly Yan to do something, she

would follow the instruction.  This is direct and circumstantial evidence of Newsome's authority over his subordinate, Maly Yan.  Thus any statement from Mr. Newsome offered by Defendants is an admission under 801(d)(2)(D).

Any statement by David Thatch at issue that was a command or instruction with the authority from Pack & Process to deliver said command or instruction is an admission under 801(d)(2)(D) or admissible as non-hearsay commands.

Moreover, this is an implied authority case.  The truth of the statements is secondary to the effect that the statements had on Maly Yan and Yan Thou.

Defendants are not "circumventing" the rules of evidence, as Plaintiffs' counsel suggested before the Court on April 22, 2008.  Indeed, Defendants are using the rules of evidence as designed: to allow reliable and relevant evidence before the jury, and to ensure that parties are held accountable for the statements that they make. Thus, the Jury is entitled to consider this evidence.  Defendant respectfully requests that this Honorable Court admit, after the requisite foundation is established, the statements of David Thatch and Sterling Newsome.

Respectfully submitted,

***KLINE & SPECTER***
***A Professional Corporation***

BY:

/s/ Royce W. Smith_____

SHANIN SPECTER, ESQUIRE

JONATHAN M. COHEN, ESQUIRE

ROYCE W. SMITH, ESQUIRE

ID NOS.: 40928/69062/201295

*Attorneys for Plaintiff*

Date: <u>April 7, 2008</u>