IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC. | Case No. 05-0022 (MPT) |
| v. | |
| MALY YAN ************************************* YAN THOU, et al. | |
| v. | Case No. 05-00513 (MPT) |
| PACK & PROCESS, INC., et al. | **CONSOLIDATED CASES** |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR JUDGMENT AS A MATTER OF LAW**

These consolidated declaratory judgment actions arise from a June 18, 2001 motor vehicle accident that occurred in Delaware. Defendant, Maly Yan, a Pack & Process employee, was the owner and operator of a van involved in a motor vehicle accident. As a result of this accident, several passengers in the van filed a lawsuit against Maly Yan only in the Philadelphia, Pennsylvania Court of Common Pleas, under caption Yan Thou et.al. v. Maly Yan, June Term 2003, No.1503 ("the Philadelphia action"). The Philadelphia action proceeded to a bench trial resulting in a verdict in favor of the plaintiffs and against Maly Yan in the amount of $10,228,467.00.

The defendants/counter-plaintiffs seek the following declarations in their instant declaratory judgment action: 1) that Pack & Process, Inc. ("Pack & Process") is responsible to pay the entire judgment imposed upon Maly Yan in the Philadelphia action; 2) that St. Paul Mercury Insurance Company ("St. Paul"), as the insurance carrier for Pack & Process, is responsible to pay for Maly Yan's actions in the Philadelphia action in the amount of the verdict

imposed upon Maly Yan, up to and including their policy limits, for negligent acts performed by her while working as an agent/employee of Pack & Process on June 18, 2001; and 3) that St. Paul is required to indemnify Pack & Process and Maly Yan; that Pack & Process indemnify Maly Yan; and that both St. Paul and Pack & Process must pay Yan Thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the Philadelphia action. Plaintiffs/counter-defendants seek a contrary declaration, namely, that the policy of insurance issued by St. Paul does not afford any coverage to Maly Yan and that neither St. Paul, nor Pack & Process is obligated to pay the judgment entered against Maly Yan in the Philadelphia action.

Plaintiffs submit that the defendants' requested declarations should be denied as a matter of law and that Plaintiffs' requested declarations should be granted as a matter of law.

## ARGUMENT

### A. Standard of Review

A party may raise a motion for judgment as a matter of law if there is no legally sufficient basis for a jury to return a finding in favor of the opposing party on an issue. The Federal Rules of Civil Procedure provide as follows:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable ruling.

Fed. R. Civ. P. 50(a). Federal Rule of Civil Procedure 50(a) further provides that a motion for judgment as a matter of law "may be made at any time before the case is submitted to the jury[,]"

and "must specify the judgment sought and the law and facts that entitle the movant to the judgment."

The purpose of a Rule 50(a) motion is to inform the opposing party of the challenge, afford that party an opportunity to cure any defects in proof, and allow the court to dispose of any issues without submission to the jury. Duro-Last, Inc. v. Custom Seal, Inc., 321 F.3d 1098, 1105 (Fed. Cir. 2003); Martek Biosciences Corp. v. Nutrinova, Inc., 520 F. Supp. 2d 537, 554 (D. Del. 2007); Fed. R. Civ. P. 50(b) Advisory Committee Notes to the 2006 Amendments.

In deciding whether to grant a motion for judgment as a matter of law, the trial court must view the evidence in the light most favorable to the non-moving party and determine if the record contains a minimum quantum of evidence from which a jury might reasonably afford relief; the court may not weigh evidence, determine credibility, or substitute its version of the facts for that of a jury. Stewart v. Walbridge, Aldinger Co., 882 F. Supp. 1441, 1443 (D. Del. 1995).

### B. Pack & Process Is Not Responsible to Pay the Judgment Assessed Against Maly Yan in the Philadelphia Action

In their declaratory judgment action, defendants seek a declaration that Pack & Process is responsible to pay the judgment assessed against Maly Yan in the Philadelphia action. Significantly, however, Maly Yan was the sole defendant in the Philadelphia action. Pack & Process was not a party to the Philadelphia action.[1] Thus, there is no legal basis on which this Court can hold Pack & Process responsible to pay the entire judgment imposed upon for Maly Yan in the Philadelphia action.

---

[1] The defendants/counter-plaintiffs in the instant action did in fact file suit against Pack & Process in the Court of Common Pleas of Philadelphia County. Pursuant to motion challenging jurisdiction based on forum non conveniens, the Court of Common Pleas dismissed the suit against Pack and Process, with leave to re-file in the appropriate venue, which is Delaware. The Pennsylvania Superior Court subsequently affirmed the dismissal and the defendants/counter-plaintiffs then filed suit against Pack & Process in the Superior Court for New Castle County. (See: Proposed Pretrial Order, p, 3)

The issues presented by the parties' requests for declaratory relief as set forth above involve the preclusive effect of a foreign (Pennsylvania) judgment on Pack & Process, a non-party to that proceeding. It is settled law in Delaware that "the doctrines of res judicata and collateral estoppel require that the same effect be given a [foreign] judgment rendered upon adequate jurisdiction as [the foreign court] *itself* would accord such a judgment." Bata v. Hill, 37 Del. Ch. 96, 139 A.2d 159, 165 (Del. Ch.1958) (emphasis supplied), modified sub nom., Bata v. Bata, 39 Del. Ch. 258, 163 A.2d 493 (Del. Supr.1960), cert. denied, 366 U.S. 964 (1961). In other words, the preclusive effect of a foreign judgment is measured by standards of the rendering forum. Columbia Casualty Co. v. Playtex FP, Inc., 584 A.2d 1214, 1217 (Del. 1991); Bata v. Bata, 163 A.2d at 504.[2]

Under Pennsylvania law, a predicate requirement for the application of the doctrine of res judicata is that the parties in the relevant actions be identical. Morgan Guar. Trust Co. v. Staats, 631 A.2d 631, 637 (Pa. Super. 1993) ("The essential inquiry is whether the ultimate and controlling issues have been decided in a proceeding in which the present parties had an opportunity to appear and assert their rights.") (quoting In re Estate of Hillegass, 469 A.2d 221, 223-24 (Pa. Super. 1983)); see also Kean v. Forman, 752 A.2d 906, 909 (Pa. Super. 2000). Clearly in the instant matter, res judicata cannot be applied in this action to hold Pack & Process responsible to pay the entire judgment imposed upon for Maly Yan in the Philadelphia action, when Pack & Process was not a party to that action.

Similarly, application of the doctrine of collateral estoppel, or issue preclusion, requires that the party against whom collateral estoppel is asserted have been a party to, or in privity with

---

[2] In any event, the law of Delaware is in accord with the law of Pennsylvania on the issues of the application of res judicata and collateral estoppel. See, e.g., Betts v. Townsends, 765 A.2d 531, 534 (Del. 2000) (discussing res judicata); Bradley v. Div. of Child Support Enforcement, 582 A.2d 478, 480 (Del. Super. 1990) (discussing res judicata); Brown v. State, 721 A.2d 1263, 1265 (Del. 1998) (discussing collateral estoppel).

4

a party to, the previous action. Office of Disciplinary Counsel v. Kiesewetter, 889 A.2d 47, 50-51 (Pa. 2005); see also MIIX Ins. Co. v. Epstein, 937 A.2d 469 (Pa. Super. 2007) ("The fact that Appellees were not party to the malpractice action also neutralizes Appellant's insistence that any variance between the outcome in [that prior] matter and in this is precluded either by res judicata or collateral estoppel."). A non-party in prior litigation may be found to have been in privity with a party in that litigation where the party in the present action was represented in the prior action by a party who acted in a representative capacity to the party in the present action. Myers v. Kim, 55 Pa. D. & C.4th 93 (Lawrence Co. C.C.P. 2001); First Options of Chicago, Inc. v. Kaplan, 913 F. Supp. 377 (E.D. Pa. 1996).

Pack & Process was not a party in the Philadelphia action. Instead, Maly Yan was sued in her individual capacity in that action, and was represented by counsel selected by her personal auto insurance carrier. There is no evidence that establishes that Pack & Process was in privity with Maly Yan or that its interests were protected in the Philadelphia action. To the contrary, the rules of evidence were essentially suspended during the trial, as plaintiffs were permitted to introduce evidence as to what non-present witnesses would say had they been present, and expert reports were admitted into evidence without objection. (See, Philadelphia action trial transcript, 1/14/05, attached as Exhibit "A", at 6:22 - 8:6; 8:8 - 9:5; 20:12 -19; 30:10 – 13; 39:8 – 12; 39:15 – 49:15). Further, Maly Yan presented no defense to liability or damages. (See also Philadelphia action trial transcript, 1/20/05, attached as Exhibit "B", at 4:6 – 8:15; 12:24 – 13:6; 35:19 – 36:12). Instead, Maly Yan specifically acted *against* Pack & Process's interests and preserved only her own. She executed an assignment of rights to plaintiffs in the Philadelphia action, permitting them to proceed against Pack & Process and St. Paul for any insurance benefits. In that assignment, the tort plaintiffs waived their right to execute against Maly Yan's personal

assets. Indeed, defendants specifically plead this assignment of rights as a basis for their instant declaratory judgment action. (See, Pls.' Am. Indem. and Decl. J. Compl., ¶ 39). Accordingly, collateral estoppel cannot apply to hold Pack& Process responsible to pay the entire judgment imposed upon for Maly Yan in the Philadelphia action, when Pack & Process was not a party to that action.

Indeed, the Supreme Court has noted that enforcing a judgment against a non-party to that judgment raises fundamental due process concerns. In Hansberry v. Lee, the Supreme Court discussed that res judicata implicates a party's constitutional rights under the U.S. Constitution. See 311 U.S. 32 (1940). Therein, the Court noted:

> when the judgment of a state court, ascribing to the judgment of another court the binding force and effect of res judicata, is challenged for want of due process it becomes the duty of this Court to examine the course of procedure in both litigations to ascertain whether the litigant whose rights have thus been adjudicated has been afforded such notice and opportunity to be heard as are requisite to the due process which the Constitution prescribes.

Id. at 40. The Court further stated that it is a fundamental principle that one is not bound by a judgment in personam in a litigation in which he is not a party or to which he has not been made a party by service of process. Therefore, a judgment rendered in such circumstances is not entitled to full faith and credit, and judicial action enforcing it against the absent party is not in accord with due process under the Fifth and Fourteenth Amendments. 311 U.S. at 40-41 (citing Pennoyer v. Neff, 95 U.S. 714 (1877)).

The Delaware courts have touched on the constitutional implications of both res judicata and collateral estoppel principles in Greene v. Connecticut Mutual Life Ins. Co. See 1979 Del. Ch. LEXIS 384 (Del. Ch. 1979) (unreported). Therein, the court recognized that mutuality or privity is required between the party in the prior and former litigation against whom res judicata

6

or collateral estoppel is asserted. Constitutional due process is implicated when res judicata or collateral estoppel is asserted against one who was not a party to the prior litigation, because "no man can be deprived of his property except by due process of law." Id. at *5. Accordingly, the court stated:

> The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. . . . He is bound by that litigation only if he had been a party thereto or in privity with a party thereto.

Id. (quoting Bernhard v. Bank of America Nat. Trust & Sav. Ass'n., 19 Cal.2d 807, 122 P.2d 892, 894 (1942)). In the case before this Court, Pack & Process cannot be bound by the judgment entered in the Philadelphia action, because due process of law does not permit the application of res judicata or collateral estoppel against one that was not a party or was not in privity with a party in the prior action.

### C. St. Paul, as the Insurance Carrier for Pack & Process, Is Not Responsible to Pay the Judgment Assessed Against Maly Yan in the Philadelphia Action

The construction of an insurance policy is a matter of law for the court. E.I. Du Pont Nemours & Co. v. Allstate Ins. Co., 686 A.2d 152, 156 (Del. Super. Ct. 1996). Absent an ambiguity that requires an inquiry into facts extrinsic to the policy, the construction of an insurance policy is an appropriate subject for disposition as a matter of law, such as on summary judgment. First State Underwriters Agency of New England Reinsurance Corp. v. Travelers Ins. Co., 803 F.2d 1308, 1312 (3d Cir. 1986).

There is no basis in law or in fact for this Court to find that St. Paul, as the insurance carrier for Pack & Process, is responsible to pay the judgment entered against Maly Yan in the Philadelphia action, since Pack & Process was not a party to the Philadelphia action, Maly Yan

did not act in a representative capacity as to Pack & Process in the Philadelphia action, and Maly Yan is not a protected person under the St. Paul policy.

Yan does not qualify as a protected person under the St. Paul policy. First, under the General Liability provisions of the policy, and specifically under the provision entitled, "Who is Protected Under This Agreement", employees of a corporation are protected persons "only for work done within the scope of their employment by the corporation or the employees performance of duties related to the conduct of the corporation." (See, St. Paul Mercury Policy, attached as Exhibit C, Form 47500 Rev. 1-96, at pp. 5-6 of 22). Ms. Yan's driving of the van at the time of the accident was not "work done within the scope of [Yan's] employment with [Pack & Process]" nor was she performing "duties related to the conduct of [Pack & Process'] business." Accordingly, Yan is not covered under the general liability provisions of the Policy.[3]

Second, with respect to the Auto Liability Protection portion of the Policy, it is undisputed that Maly Yan owned the van that she was driving at the time of the accident. Maly Yan made this statement in pleadings, briefs, and in her trial testimony.[4] Furthermore, counsel for Maly Yan has stipulated that Maly Yan owned the van that she was driving at the time of the accident.[5] Thus, this fact is irrefutable.

---

[3] Even assuming arguendo that Ms. Yan is a protected person, the automobile exclusion negates coverage for the accident. The auto exclusion bars coverage for all claims arising out of the accident because the policy "does not cover bodily injury, property damage, or medical expenses that result from the ownership, maintenance, use or operation of any auto owned, operated, rented, leased, or borrowed by any protected person." (See, St. Paul Mercury Policy, attached hereto as Exhibit "C", Form 47500 Rev. 1-96, at 10 of 22).

[4] See, e.g., Plaintiff's [Maly Yan's] Indemnification and Declaratory Judgment Complaint, ¶ 31 ("At all times relevant hereto, the 1992 Dodge Ram van was owned and operated by Maly Yan . . ."); Plaintiff's [Maly Yan's] Amended Indemnification and Declaratory Judgment Complaint, ¶ 31 (same); Opening Brief in Support of Defendants' [Maly Yan's] Motion for Summary Judgment as to Agency, p. 5 ("The 1992 Dodge Ram van was owned and operated by Maly Yan . . ."); Defendant Maly Yan's Answering Brief In Opposition to St. Paul Mercury Insurance Company and Pack and Process, Inc.'s Motion for Summary Judgment, p.5 (same).
[5] See Transcript of April 1, 2008 Pre-Trial Conference at p. 18.

The St. Paul Auto Liability Protection insurance policy language could not be clearer in stating that employees operating their own vehicles are excluded from coverage under the Policy. The Policy states that a "permitted user" of an auto is a protected person — an insured — under the Policy. The Policy further defines a "permitted user" as "any person . . . to whom [Pack & Process] has given permission to use a covered auto [Pack & Process] owns, rents, leases, hires, or borrows." (Form 4449 Rev. 12-93 at p. 5 of 10).

However, the policy contains an important exclusion. An employee driving an auto she owns, even if driving it on company business, is not an insured under the Policy. The Policy provides:

> However, we won't consider the following to be a protected person: . . . An *employee of yours* or a member of an employee's household *if the covered auto is owned by that employee* or member of that employee's household."

(Form 4449 Rev. 12-93 at p. 5 of 10)(emphasis added)(see also p.4 of 10 defining covered autos). The Policy clearly and unambiguously provides that it does not protect those employees driving their own vehicles on company business and that only the named insured [Pack & Process] is covered in such instances. Thus, Maly Yan does not qualify as a protected person under the St. Paul policy as a matter of law, given the undisputed facts of this case.

Although there are no Delaware cases that are directly on point with the facts of this case, there is case law from other jurisdictions that clearly supports Plaintiffs' claim that the St. Paul Policy excludes coverage to Maly Yan in the Philadelphia action.

Rabito v. State Farm Automobile Insurance Co., 2007 U.S. Dist. LEXIS 53077, involved a similar occurrence and identical language to the instant case. Ervin Nordmann was adjusting claims pursuant to a work agreement with Pilot Catastrophe Services, Inc. While driving his own vehicle in the scope of his employment with Pilot, Nordmann struck Rabito, who was on his

bicycle, while Nordmann was backing up his pick-up truck. Nordmann's employer, Pilot Catastrophe Services, Inc., had a standard CGL insurance policy issued by St. Paul Fire and Marine Insurance Company with an automobile addendum. See 2007 U.S. Dist. LEXIS 53077, *2 (E.D. La. 2007). In analyzing policy language identical to the St. Paul Policy in this case, the Court in Rabito stated as follows:

> The St. Paul policy expressly provides coverage only to Pilot, Nordmann's employer, and [ ] it expressly excludes Nordmann himself. On page 5 of 10 of the policy under the section entitled "Who is Protected Under This Agreement," the policy states, "[h]owever, we won't consider the following to be a protected person . . . [a]n employee of yours . . . if the covered auto is owned by that employee . . . ." It is undisputed that the automobile involved in the accident was owned by Nordmann. Therefore, it appears that although Nordmann was acting in the scope of his employment with Pilot, the State Farm [personal] policy is the only policy that provides coverage for the incident at issue.

Id. at *5. Because the employer's insurance policy clearly excluded Nordmann as an insured, the court held that Nordmann's personal insurance through State Farm was the only policy that covered Nordmann under the facts of the case. Id. at *7-*8. See also Etienne v. Nat. Auto. Ins. Co., 2000 La. LEXIS 985, *8 (La. 2000) (holding that employer's auto liability policy clearly did not provide coverage to employee for auto accident involving employee's use of personal auto during scope of employment); Dupre v. Maynard, 1997 La. App. LEXIS 871, *7 (La. Ct. App. 1997) (finding same with employee's claim for uninsured motorist coverage).

In Vargas v. Athena Assurance Co., 2001 Cal. App. LEXIS 3745 (Cal. Ct. App. 2001) the California Court of Appeal analyzed identical policy language, and found an identical exclusion unambiguous and enforceable to preclude coverage under similar circumstances. See 2001 Cal. App. LEXIS 3745 (Cal. Ct. App. 2001). In that declaratory judgment action, Vargas contended that an insurance policy issued to his employer provided coverage to Vargas for liability stemming from a traffic accident that occurred during the scope of Vargas' employment.

10

At the time, Vargas had not insured his own car. The court reviewed the relevant policy language and stated as follows:

> the ***plain*** and ***unambiguous*** language in the Athena insurance policy issued to Best provides that Athena will defend and indemnify only a "protected person," which the policy defines as including a "permitted user," meaning a "person or organization to whom [Best has] given permission to use a covered auto [Best] own[s], rent[s], lease[s], hire[s] or borrow[s] . . . ." Moreover, the Athena policy ***expressly*** and ***unambiguously*** states that "protected persons" and thus "permitted users" specifically ***do not include Best employees who use their own cars***. As provided in the policy language, "we won't consider the following to be a protected person: . . . An employee of [Best] or a member of an employee's household if the covered auto is owned by that employee or member of that employee's household."

Id. at *7. Because there was no dispute that Vargas was driving his own car at the time, the policy did not provide coverage to Vargas for the asserted liability. Id. at *8.

Finally, Ms. Yan is not covered under the Umbrella Excess provisions of the Policy. Ms. Yan does not qualify as a "protected person" and therefore has no coverage under that aspect of the policy. (See, St. Paul Mercury Policy, attached hereto as Exhibit "C", Form 47550 Rev. 3-96 at pp. 1-20). The Umbrella Excess portion of the Policy includes a provision entitled, "Who is Protected For Auto-Related Claims". (See, St. Paul Mercury Policy, attached hereto as Exhibit "C", Form 47550 Rev. 3-96 at p. 8 of 20). Under this provision, "any person or organization who is a protected person under your automobile Basic Insurance for the use of an auto is a protected person under this agreement." (See, St. Paul Mercury Policy, attached hereto as Exhibit "C", Form 47500 Rev. 3-96, at p. 8 of 20). Since Ms. Yan is not a protected person under the automobile Basic Insurance she is not a protected person under the Umbrella Excess policy.

## CONCLUSION

Given all of the above, St. Paul and Pack & Process respectfully request that this Court enter judgment as a matter of law in their favor as to Defendants'/Counter-Plaintiffs' request for declarations that: 1) Pack & Process, Inc. ("Pack & Process") is responsible to pay the entire judgment imposed upon Maly Yan in the Philadelphia action; 2) St. Paul Mercury Insurance Company ("St. Paul"), as the insurance carrier for Pack & Process is responsible to pay for Maly Yan's actions in the Philadelphia action in the amount of the verdict imposed upon Maly Yan, up to and including their policy limits, for negligent acts performed by her while working as an agent/employee of Pack & Process on June 18, 2001; and 3) St. Paul is required to indemnify Pack & Process and Maly Yan; and that Pack & Process indemnify Maly Yan; that both St. Paul and Pack & Process must pay Yan Thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the Philadelphia action. Plaintiffs/counter-defendants further request that the Court enter judgment as a matter of law that the policy of insurance issued by St. Paul does not afford any coverage to Maly Yan and that neither St. Paul, nor Pack & Process is obligated to pay the judgment entered against Maly Yan in the Philadelphia action.

Respectfully submitted,

/s/ Chad Toms
By: Ian Connor Bifferato (#3273)
Chad Toms (# 4155 )
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900
and

                                                    Francis J. Deasey, Esq.
                                                    Henri Marcel, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

*Attorneys for Plaintiffs,*
*St. Paul Mercury Insurance Company and*
*Pack and Process, Inc.*

Dated: April 23, 2008