IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC. : | Case No. 05-0022 (MPT) |
| v. : | |
| MALY YAN : | |
| ********************************* | |
| YAN THOU, et al. : | |
| v. : | Case No. 05-00513 (MPT) |
| PACK & PROCESS, INC., et al. : | **CONSOLIDATED CASES** |

**ST. PAUL MERCURY INSURANCE COMPANY AND PACK & PROCESS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT AS A MATTER OF LAW THAT MALY YAN WAS NOT AN AGENT OF, OR IN THE <u>SCOPE OF HER EMPLOYMENT WITH, PACK & PROCESS</u>**

These consolidated declaratory judgment actions arise from a June 18, 2001 motor vehicle accident that occurred in Delaware. Defendant, Maly Yan, a Pack & Process employee, was the owner and operator of a van involved in a motor vehicle accident. As a result of this accident, several passengers in the van filed a lawsuit against Maly Yan only in the Philadelphia, Pennsylvania Court of Common Pleas, under caption <u>Yan Thou et.al. v. Maly Yan</u>, June Term 2003, No.1503 ("the Philadelphia action").

Among the various declarations that Counter-Plaintiffs seek in their declaratory judgment action are the following: (1) that Maly Yan was an agent and/or employee of Pack & Process and was acting in the course and scope of her employment while transporting employees to and from the Pack & Process factory; and (2) that Maly Yan was performing a duty related to the conduct of Pack & Process's business while transporting employees to and from the Pack & Process factory. Pls.' Am. Decl. J. Compl. at p. 9.

Plaintiffs submit that the evidence presented at trial dictates that Counter-Plaintiffs' requested declarations should be denied as a matter of law.

## ARGUMENT

### A. Standard of Review

A party may raise a motion for judgment as a matter of law if there is no legally sufficient basis for a jury to return a finding in favor of the opposing party on an issue. The Federal Rules of Civil Procedure provide as follows:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable ruling.

Fed. R. Civ. P. 50(a). Federal Rule of Civil Procedure 50(a) further provides that a motion for judgment as a matter of law "may be made at any time before the case is submitted to the jury[,]" and "must specify the judgment sought and the law and facts that entitle the movant to the judgment."

The purpose of a Rule 50(a) motion is to inform the opposing party of the challenge, afford that party an opportunity to cure any defects in proof, and allow the court to dispose of any issues without submission to the jury. Duro-Last, Inc. v. Custom Seal, Inc., 321 F.3d 1098, 1105 (Fed. Cir. 2003); Martek Biosciences Corp. v. Nutrinova, Inc., 520 F. Supp. 2d 537, 554 (D. Del. 2007); Fed. R. Civ. P. 50(b) Advisory Committee Notes to the 2006 Amendments.

In deciding whether to grant a motion for judgment as a matter of law, the trial court must view the evidence in the light most favorable to the non-moving party and determine if the record contains a minimum quantum of evidence from which a jury might reasonably afford relief; the court may not weigh evidence, determine credibility, or substitute its version of the facts for that of a jury. Stewart v. Walbridge, Aldinger Co., 882 F. Supp. 1441, 1443 (D. Del. 1995).

**B.     The Evidence Presented at Trial Establishes as a Matter of Law That Maly Yan Was Not Within the Scope of Her Employment With Pack & Process at the Time of Her Accident on June 18, 2001**

Counter-Defendants are entitled to judgment as a matter of law that Maly Yan was not acting in the scope of her employment with Pack & Process. Delaware has adopted a specific test in analyzing issues on the scope of employment, and the trial evidence demonstrates that Maly Yan cannot establish her requested declarations that she was acting in the scope of her employment.

Restatement 2d of Agency, Sections 228 through 237 concern the question of scope of employment. The Delaware Supreme Court has adopted the test set forth in the Restatement 2d of Agency, Section 228 to determine whether conduct was within an employee's scope of employment. Coates v. Murphy, 270 A.2d 527, 528 (Del. 1970). That section states as follows:

> § 228 General Statement
>
> (1) Conduct of a servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;
>
> (b) it occurs substantially within the authorized time and space limits;

> (c) it is actuated, at least in part, by a purpose to serve the master, and
>
> * * *
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

Restatement 2d of Agency, § 228. The evidence that Counter-Plaintiffs submitted at trial failed to establish that Maly Yan's conduct in driving the van was within the scope of her employment with Pack & Process as a matter of law. Driving the van was not of the kind she is employed to perform. It did not occur substantially within the authorized time and space limits. It was not actuated, at least in part, by a purpose to serve Pack & Process.

Many factors enter into the decision as to whether or not a particular tort was committed by a servant within the scope of her employment. <u>Draper v. Olivere Paving & Construction Co.</u>, 181 A.2d 565, 570 (Del. 1962). Section 229 of the Restatement 2d of Agency sets forth the objective factors involved in that determination:

> § 229 Kind of Conduct Within Scope of Employment
>
> (1) To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.
>
> (2) In determining whether or not the conduct, although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:
>
> (a) whether or not the act is one commonly done by such servants;
>
> (b) the time, place and purpose of the act;
>
> (c) the previous relations between the master and the servant;

4

> (d) the extent to which the business of the master is apportioned between different servants;
>
> (e) whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;
>
> (f) whether or not the master has reason to expect that such an act will be done;
>
> (g) the similarity in quality of the act done to the act authorized;
>
> * * *
>
> (i) the extent of departure from the normal method of accomplishing an authorized result[.]

See Draper, 181 A.2d at 570 (citing § 229). Analyzed under this framework, the evidence that Counter-Plaintiffs submitted at trial failed to establish, as a matter of law, that Maly Yan's driving was the kind of conduct within the scope of her employment with Pack & Process with regard to any of the above referenced factors.

In support of this motion, Counter-Defendants also adopt and incorporate all of their previous arguments as set forth in their Motion for Summary Judgment and in opposition to Counter-Plaintiffs' Motion for Summary Judgment.

## CONCLUSION

Maly Yan's conduct in driving the van clearly was not within the scope of her employment, and as a matter of law, Counter-Plaintiffs are not entitled to their requested declarations. Maly Yan's conduct was different in kind from that normally authorized, far beyond the authorized time or space limits, and not actuated by a purpose to serve Pack & Process. For these reasons, Counter-Defendants request that the Court enter judgment as a

matter of law that Maly Yan was not an agent for, or acting in the scope of her employment with, Pack & Process in driving the van.

Respectfully submitted,

By: _____
Ian Connor Bifferato (#3273)
Chad J. Toms (#4155)
Bifferato Gentilotti LLC
800 King Street, Plaza Level
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900
    and
Francis J. Deasey, Esq.
Henri Marcel, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

*Attorneys for Plaintiffs,*
*St. Paul Mercury Insurance Company and*
*Pack and Process, Inc.*

Dated: April 24, 2008