1.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC. | : : : : : : : : : : : : : : : | Case No. 05-0022 (MPT) Case No. 05-00513 (MPT) CONSOLIDATED CASES |
| v. | | |
| MALY YAN | | |
| ************************************ | | |
| YAN THOU, et al. | | |
| v. | | |
| PACK & PROCESS, INC., et al. | | |

**PETITION TO APPROVE SETTLEMENT AND COMPROMISE OF WRONGFUL DEATH AND SURVIVAL ACTIONS AND DESIGNATION OF BENEFICIARIES**

Pursuant to Pa. R.C.P. No. 2206(b)(1), Petitioner Yan Thou, acting as the Executor of the Estates of Oeurn Mam, deceased and Navy Yan, deceased; Petitioner Thorn B. Khem, acting as the Executor of the Estate of Lam Khem, deceased; Petitioner Soly Chan, acting as the Executor of the Estate of Lang Khem A/K/A Lang Chhay, deceased; Petitioners Salim Kahn and Mohammed Sardar Kahn on behalf of the Estate of Mohammed Azim, deceased (hereinafter "The Petitioners"), by and through their attorneys, respectfully request that this Honorable Court approve this settlement and enter an appropriate Order in the above-captioned action and, in support thereof, state the following:

1.  On or about June 18, 2001, Defendant Charles Reistle, Sr., while acting within the course and scope of his employment with Motiva, was operating a tractor-trailer owned by

Motiva with a vehicle identification number of 1XPGD09X5XD504161 [tractor-trailer] in a northbound direction on I-495 near Wilmington, Delaware, and toward Philadelphia, Pennsylvania.

2. On or about June 18, 2001, The Petitioners' decedents were returning from work at Pack and Process and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia when the accident occurred.

3. As a result of the June 18, 2001 motor vehicle crash, which claimed the lives of The Petitioners' decedents, litigation was instituted in the Philadelphia County Court of Common Pleas on behalf of Thou Yan, Executor of the Estate of Oeurn Mam and Navy Yan, Docket No. 030601508.

4. After extensive investigation, discovery and numerous depositions, the production of expert reports and extensive settlement negotiations, one action against Maly Yan was never consolidated and preceded to trial on January 14, 2005, against only Defendant Maly Yan before the Honorable Sandra J. Moss, sitting without a jury. The trial was concluded on January 20, 2005, and a verdict in favor of all Plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00 which the Petitioner reached with some, but not all, of the parties in this multi-party litigation. A copy of the verdict is attached as Exhibit A.

5. The trial Maly Yan vs. Pack & Process & St. Paul Mercury Insurance Company began on April 22, 2008 on the sole question of whether Maly Yan was an agent of Pack & Process and acting within the course and scope of her employment when she was driving the van involved in the accident. After one week of trial, the Defendant St. Paul Ins., Pack & Process reached settlements with the Petitioners as follows:

| Party | Amount of Settlement |
|---|---|
| 1. Yan Thou & Bay Thi Nguyen | $2,250,000.00 |
| 2. Thorn B. Khem for the Estate of Lam Khem | $250,000.00 |
| 3. Soly Chan for the Estate of Lang Khem A/K/A Lang Chhay | $250,000.00 |
| 4. Salim Kahn/Mohammed Sardar Kahn for the Estate of Mohammed Azim | $250,000.00 |
| 5. Kahn Gul | $250,000.00 |
| 6. Zair Shah | $250,000.00 |
| 7. Unchalee Vong | $250,000.00 |
| 8. Lawrence Vong | $250,000.00 |
| 9. Donkeo Pravichit | $250,000.00 |
| 10. Kusti Leman & Asan Hujani Oh; Tjajah Chandra the Guardian of disabled person Lani Chandra | $250,000.00 |
| **Total:** | **$4,500,000.00** |

6.   Petitioners, after consultation with their separate counsel, believe the settlements with these parties are reasonable under the circumstances and will, with the approval of this Honorable Court, accept the same. Petitioners have obtained pro rata joint tortfeasor releases from the settling Defendants.

I.   **YAN THOU, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATES OF OEURN MAM DECEASED AND NAVY YAN, DECEASED**

7.   Petitioner, Yan Thou, is a Plaintiff in the above-captioned action.

8.   Petitioner, Yan Thou, is the Executor of the Estate of Oeurn Mam, and Navy Yan, husband and father of the decedents.

9.   The Register of Wills of Philadelphia appointed the Petitioner Executor of the Estate of Oeurn Mam on July 17, 2001 and Navy Yan on July 6, 2001, Estate No. A3685 and 3510-01. A copy of said documents is attached as Exhibit B.

10.  At the time of the deaths on June 18, 2001, the decedents, Oeurn Mam and Navy Yan, were survived by husband and father, Yan Thou.

11.  Oeurn Mam and Yan Thou, were married in 1968.

12. At the time of death, Oeurn Mam, was (53) years old and Navy Yan was (16) years old.

13. During the litigation, the Petitioner has been represented by Kline & Specter, P.C., pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $750,000.00.

14. The costs advanced in this case by Kline & Specter, P.C. amount to $130,243.01. See summary of costs below and Spreadsheet attached as Exhibit C:

EXPERTS/OUTSIDE PROFESSIONAL SERVICE
| | |
|---|---|
| Experts/Outside Professional Service | $ 49,354.05 |
| **Total Professional Costs** | **$ 49,354.05** |

COURT FILING AND SERVICE
| | |
|---|---|
| Prothonotary Filing and Service | $ 3,603.40 |
| **Total Court Costs** | **$ 3,603.40** |

POSTAGE, COPYING, COURIER, FACSIMILE
| | |
|---|---|
| Postage and Fax | $ 1,309.90 |
| Photocopying and Videocopy | $ 41,990.92 |
| Deposition and Transcript | $ 7,861.81 |
| UPS and Intercept Couriers | $ 1,858.70 |
| **Total Postage/Copy/Courier, etc Costs** | **$ 53,021.33** |

MISCELLANEOUS
| | |
|---|---|
| Medical Records | $ 8,664.88 |
| Legal Research | $ 14,315.86 |
| Telephone | $ 640.77 |
| Meals, Travel | $ 942.78 |
| **Total Miscellaneous Costs** | **$ 24,564.29** |

***TOTAL KLINE & SPECTER, P.C. COSTS :***        $130,543.07

15. Thus, the net amount of the settlement for the Estates of Oeurn Mam and Navy Yan and the personal injury claim of Bay Thi Nguyen is $2,250,000.00, minus the $750,000.00 attorney fee, minus $130,243.01 for costs, which equals $1,369,756.99.

15. For this Petition, Counsel for the Estates of Oeurn Mam and Navy Yan requests that the settlement funds be held in the escrow account of Kline & Specter, P.C., provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estates were raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

16. The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

II.  **PETITIONER THORN B. KHEM, ACTING AS THE EXECUTOR OF THE ESTATE OF LAM KHEM, DECEASED**

17. Petitioner, Thorn B. Khem, is the Executor of the Estate of Lam Khem.

18. The Register of Wills of Philadelphia appointed the Petitioner Thorn B. Khem Executor of the Estate of Lam Khem on March 17, 2008, Estate No. A1306-2008.

19. During the litigation, the Petitioner has been represented by Steven M. Dranoff, Esquire of Dranoff-Perlstein Associates, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

20. The costs advanced on behalf of Thorn B. Khem Executor of the Estate of Lam Khem by Dranoff-Perlstein Associates amount to $4,203.03.

21. Thus, the net amount of the settlement for the Estate of Lam Khem is $250,000.00, minus the $83,333.33 attorney fee, minus $4,203.03 for costs, which equals $162,463.64.

22. For this Petition, Counsel for the Estate of Lam Khem requests that the settlement funds be held in the escrow account of Dranoff-Perlstein Associates, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

22. The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

### III. PETITIONER SOLY CHAN, ACTING AS THE EXECUTOR OF THE ESTATE OF LANG KHEM A/K/A LANG CHHAY, DECEASED

23. Petitioner, Soly Chan, is the Executor of the Estate of Lang Khem a/k/a Lang Chhay.

24. The Register of Wills of Philadelphia appointed the Petitioner Soly Chan Executor of the Estate of Lang Khem a/k/a Lang Chhay on June 11, 2003, Estate No. A2754-03.

25. During the litigation, the Petitioner has been represented by Steven M. Dranoff, Esquire of Dranoff-Perlstein Associates, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in

accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

26.     The costs advanced on behalf of Soly Chan Executor of the Estate of Lang Khem a/k/a Lang Chhay by Dranoff-Perlstein Associates amount to $4,203.03.

27.     Thus, the net amount of the settlement for the Estate of Lam Khem is $250,000.00, minus the $83,333.33 attorney fee, minus $4,203.03 for costs, which equals $162,463.64.

28.     For this Petition, Counsel for the Estate of Lang Khem a/k/a Lang Chhay requests that the settlement funds be held in the escrow account of Dranoff-Perlstein Associates, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

29.     The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

**IV.    PETITIONERS SALIM KAHN AND MOHAMMED SARDAR KAHN ON BEHALF OF THE ESTATE OF MOHAMMED AZIM, DECEASED**

30.     Petitioners, Salim Kahn and Mohammed Sardar Kahn, are the Executors of the Estate of Mohammed Azim.

31.     The Register of Wills of Philadelphia appointed Salim Kahn and Mohammed Sardar Kahn Executor of the Estate of Mohammed Azim on June 13, 2003, Estate No. A2789-03.

32. During the litigation, the Petitioner has been represented by Richard Costigan, Esquire of Costigan & Costigan, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

33. The costs advanced on behalf of Salim Kahn and Mohammed Sardar Kahn, as the co-administrators of the Estate of Mohammed Azim, by Costigan & Costigan amount to $1,980.00.

34. Thus, the net amount of the settlement for the Estate of Mohammed Azim is $250,000.00, minus the $83,333.33 attorney fee, minus $1,980.00 for costs, which equals $164,686.67.

35. For this Petition, Counsel for the Estate of Mohammed Azim requests that the settlement funds be held in the escrow account of Costigan & Costigan, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

36. The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

WHEREFORE, Petitioner requests that this Honorable Court approve the proposed settlements for the wrongful death and survival actions against the settling parties.

                                            **Respectfully submitted,**

                                            ***KLINE & SPECTER,***
                                            ***A PROFESSIONAL CORPORATION,***

***By:***     */s/ Royce W. Smith, Esquire*
             **SHANIN SPECTER, ESQUIRE**
             **JONATHAN M. COHEN, ESQUIRE**
             **ROYCE W. SMITH, ESQUIRE**
             1525 Locust Street, 19th Floor
             Philadelphia, PA  19102
             *Attorney for the Plaintiffs*

             ***WEISS & SAVILLE, P.A.***

***By:***     */s/ Yvonne Tabvorian Saville*
             **YVONNE   TAKVORIAN   SAVILLE, ESQUIRE**

             1220 Market Street, Suite 604
             P.O. Box 370
             Wilmington, DE  19899
             *Attorney for Plaintiffs*

*Date:*   June 19, 2008

      */s/ Richard Costigan, Esquire*
Richard Costigan, Esquire
*COSTIGAN & COSTIGAN*
Attorney for Zair Shah, Khan Gul, Mohammed Sardar Khan and
Salim Khan Co-administrators of the Estate of Mohammed Azim, Dec'd.




      */s/ Steven Danoff, Esquire*
Steven Dranoff, Esquire
*DRANOFF-PERSTEIN ASSOCIATES*
Attorney for Soly Chan and Thorn Bum Khem