IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC., <br><br> Plaintiffs, <br> v. <br><br> MALY YAN, <br><br> Defendant. <br><br> ************************************ <br> YAN THOU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PACK & PROCESS, INC., et al., <br><br> Defendants. | Case No. 05-0022 (MPT) <br> Case No. 05-00513 (MPT) <br><br> CONSOLIDATED CASES |

**RESPONSE OF ST. PAUL MERCURY INSURANCE COMPANY AND PACK AND PROCESS, INC. TO THE PETITION TO APPROVE SETTLEMENT AND COMPROMISE OF WRONGFUL DEATH AND SURVIVAL ACTIONS AND DESIGNATION OF BENEFICIARIES**

The parties responding to the instant Petition are plaintiffs in this consolidated matter, St. Paul Mercury Insurance Company and Pack and Process, Inc. (collectively, the "Plaintiffs"). Unfortunately, Plaintiffs are constrained to respond and to oppose the Petition to Approve Settlement and Compromise of Wrongful Death and Survival Actions and Designation of Beneficiaries (Docket Entry No. 204) in its "as filed" state. While generally Plaintiffs do not oppose this Court's approval of the settlement and compromise that was reached in this matter, and in fact believe Court approval to be necessary and prudent, Plaintiffs file this response and

opposition out of an abundance of caution to address certain inaccuracies and deficiencies contained in the Petition that have been ignored by the Petitioners.

A brief chronology of the events would serve to provide a timeline context to the present motion. On June 19, 2008, Petitioners filed their Petition To Approve Settlement and Compromise of Wrongful Death and Survival Actions and Designation of Beneficiaries ("the "Petition" or "Petition for Approval of Settlement."). Shortly thereafter, counsel for Plaintiffs contacted counsel for the Petitioners and discussed a list of concerns related to missing information and purported deficiencies contained in the Petition that Plaintiffs believed would cause the Settlement Agreement and Releases to fall far short of the Plaintiffs' expectations and also cause this Court to question whether it had sufficient information before it to rule upon the Petition. As a result of that initial telephone call, counsel for the Petitioners sent a revised proposed petition to Plaintiffs' counsel for consideration. On June 30, 2008, finding the revised petition still lacking in several important aspects, counsel for Plaintiffs prepared a blackline of the changes Plaintiffs believed necessary to make the Petition sufficient for the Court's consideration and forwarded the same to the Petitioners' counsel for review and comment. The blackline version that was sent to the Petitioners' counsel by email of June 30, 2008 is attached as part of Exhibit A.[1]

---

[1] To avoid any confusion, the Court should be aware that the following documents are attached as Exhibit A: (1) Email from Mr. Henri Marcel to Mr. Royce Smith dated June 30, 2008 which carried an attachment containing the Petition; (2) the blackline of the Petition to Approve Settlement and Compromise of Wrongful Death and Survival Actions and Designation of Beneficiaries; (3) a blackline of the Settlement Agreement and Joint Tortfeasor's Release; and (4) a blackline Order Approving Settlement and Compromise of Wrongful Death and Survival Actions and Designations of Beneficiaries. These blacklined document versions are not before the Court. The Court should also be aware that the blackline Petition included in Exhibit A is a blackline to a document not before this Court. To clarify, the Plaintiffs began with the proposed revised Petition provided to Plaintiffs by Petitioners in response to the initial telephone call. Plaintiffs inserted blackline changes and sent the documents back to the Petitioners for their action. Thus, the blackline Petition attached herein as part of Exhibit A is not a comparison to the Petition "as filed," rather, it is the revised blackline sent to the Petitioners. The "as filed" Petition

Between June 30, 2008 and the filing of this Response and Opposition, Plaintiffs have made numerous attempts to contact and communicate with Petitioners' counsel to discuss the proposed revisions. All attempts by Plaintiffs to resolve these concerns have gone unanswered by the Petitioners. As such, Plaintiffs are left with no choice but to request that this Honorable Court deny the Petition in its current form and respectfully ask the Court to establish a timeline by which the Petitioners must amend the Petition to provide the information necessary and relevant for this Court to make a reasoned decision upon the Petition. As set forth below, and highlighted in the June 30, 2008 correspondence, Plaintiffs find the following deficiencies and inaccuracies present in the Petition as filed.

1.  Plaintiffs object to the averments in this paragraph as they identify Charles Reistle, Sr. as the defendant in this matter. It is denied that Charles Reistle, Sr. is a defendant in this consolidated matter. Plaintiffs have set forth a proposed revision of the averments in this paragraph that accurately reflects the facts of this case in the document titled **Petition to Approve Settlement and Compromise of Wrongful Death and Survival Actions and Designation of Beneficiaries** and attached as part of Exhibit A.

---

is not attached hereto and is available as docket entry no. 204. This Response opposes the Petition "as filed" because the Petitioners failed to adequately address the concerns expressed by Plaintiffs as depicted in the blackline versions attached hereto under Exhibit A.

The Court should also be aware that Exhibit "A" contains a blacklined Settlement Agreement and Joint Tortfeasor's Release. The release language in this matter has not been finalized by the parties. In his June 30, 2008 e-correspondence to Petitioners' counsel, Plaintiffs' counsel submitted proposed language regarding indemnification, the only remaining issue concerning the release language. Plaintiffs' proposed revisions to the indemnification provision attempt to make it clear that Plaintiffs are simply seeking indemnification only for claims that could be brought by any of the parties represented in the consolidated Declaratory Judgment actions. All attempts by Plaintiffs to resolve this issue have also gone unanswered by the Petitioners.

2. Plaintiffs object to the averments in this paragraph as they fail to accurately identify the relevant parties. Plaintiffs have set forth a proposed revision of the averments in this paragraph that accurately reflects the facts of this case in the document titled **Petition to Approve Settlement and Compromise of Wrongful Death and Survival Actions and Designation of Beneficiaries** and attached as part of Exhibit A.

3. Plaintiffs object to the averments contained in this paragraph, as these averments are completely irrelevant to the instant Petition. Plaintiffs request that paragraph 3 of said Petition be stricken.

4. Plaintiffs object to the averments contained in this paragraph, as these averments are completely irrelevant to the instant Petition. Plaintiffs request that paragraph 4 of said Petition be stricken.

5. Plaintiffs object to the averments in this paragraph to the extent that they are factually inaccurate and deficient. By way of example, Petitioners propose that this Court approve a settlement in the amount of $2,250,000.00 on behalf of Kline & Specter, P.C. for Thou Yan and Bay Thai Nguyen. Plaintiffs believe, and therefore aver, that the $2,250,000.00 amount represents the settlement of all of the parties represented by Kline & Specter, P.C., and not just Thou Yan and Bay Thai Nguyen. As such, these averments are inaccurate and deficient. In addition, the averments contained in paragraph 5 inaccurately purport to include all parties receiving settlements. This Court's approval is not necessary for all parties to this action. Plaintiffs do not object to setting forth the settlement amounts corresponding to all parties to this action for ease of reference. However, Plaintiffs aver that paragraph 5 fails to accurately identify all the parties receiving settlements and the amounts of each party's settlement. In addition, Plaintiffs propose that this Petition should accurately delineate those parties requiring this Court's approval for settlement from those who do not require Court approval.

6.  Plaintiffs object to the averments in this paragraph as they are inaccurate. Petitioners have not "entered into *pro rata* joint tortfeasor releases from the settling Plaintiffs." Rather, Petitioners will execute *pro rata* joint releases in favor of settling Plaintiffs when this Court issues the Order accompanying this Petition.

7-36.  Plaintiffs object to the averments in these paragraphs to the extent that they do not accurately set forth the identity of each party seeking approval of this Court for settlement or the specific terms of the settlement for said party. By way of example, paragraph 15 of the filed Petition sets forth that the net settlement amount for the Estates of Oeurn Nam and Navy Yan and the personal injury claim of Bay Thai Nguyen is $2,250,000.00, minus a $750,000.00 attorney fee to Kline & Specter, P.C., minus $130,243.01 for costs. This Petition fails to set forth the net amount of the settlement for the remaining parties represented by Kline & Specter, P.C. Plaintiffs object to an Order approving a settlement that fails to accurately and completely identify the settling party and the amount of the settlement.

In addition, the Petition fails to set forth the settlement terms on behalf of the Children of Mohammed Azim, who are parties to this action. Furthermore, this Petition fails to set forth the terms of any settlement of Petitioner Tjajah Chandra, as mother and legal guardian of Lani Chandra. Plaintiffs contend that Court approval is needed for any settlement on behalf of Lani Chandra. Finally, the Petition must include signatures of all counsel for all parties moving for approval of the settlement.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny the instant Petition as filed. Plaintiffs, instead, respectfully request that the Court establish a timeline by which Petitioners must amend the Petition to provide the information necessary and relevant for this Court to make a reasoned decision upon the Petition.

Respectfully submitted,

/s/ Ian Connor Bifferato
Ian Connor Bifferato, Esquire (#3273)
Raj Srivatsan, Esquire (#4917)
Bifferato Gentilotti
800 N. King Street, 1st Floor
Wilmington, Delaware 19801
(302) 429-1900

-and-

Francis J. Deasey, Esquire
Henri Marcel, Esquire
Deasey, Mahoney & Valentini, Ltd.
1601 Market Street, Ste. 3400
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

Dated: July 31, 2008        *Attorneys for Plaintiffs*