# EXHIBIT A

**Subject:**                    FW: St. Paul v. Maly Yan

```
-----Original Message-----
From: Henri Marcel
Sent: Monday, June 30, 2008 2:39 PM
To: 'Smith, Royce'
Cc: 'Chad J. Toms'
Subject: St. Paul v. Maly Yan
```

Royce:

We received your proposed revised Petition for Approval of Settlement.
Attached please find our proposed revisions to this Petition and the related Proposed
Order.  Please advise if you are willing to withdraw the filed Petition while we continue
to discuss the appropriate revisions to this Petition.

Also attached is a revised proposed release.  As we discussed during our telephone
conversation, the revisions to the indemnification provision attempt to make it clear that
plaintiffs are simply seeking indemnification only  for claims that could be brought by
any of the parties represented in the consolidated DJ actions.

We await your thoughts.

Henri

Henri Marcel, Esq.
Deasey, Mahoney & Valentini, Ltd.
1601 Market St.
Suite 3400
Philadelphia, PA 19103
215-587-9400 ext. 173
215-587-9456 (fax)
hmarcel@dmvlawfirm.com

This message and any attachments may contain confidential or privileged information and
are only for the use of the intended recipient of this message. If you are not the
intended recipient, please notify the sender by return email, and delete or destroy this
and all copies of this message and all attachments. Any unauthorized disclosure, use,
distribution, or reproduction of this message or any attachments is prohibited and may be
unlawful.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. PAUL MERCURY INSURANCE          :
COMPANY and PACK AND                :
PROCESS, INC.                       :          Case No. 05-0022 (MPT)
                                    :          Case No. 05-00513 (MPT)
                                    :
          v.                        :          CONSOLIDATED CASES
                                    :
MALY YAN                            :
***********************************  :
YAN THOU, et al.                    :
                                    :
          v.                        :
                                    :
PACK & PROCESS, INC., et al.        :
                                    :

### PETITION TO APPROVE SETTLEMENT AND COMPROMISE OF WRONGFUL DEATH AND SURVIVAL ACTIONS AND DESIGNATION OF BENEFICIARIES

Pursuant to Pa. R.C.P. No. 2206(b)(1), Petitioner Yan Thou, acting as the Executor of the Estates of Oeurn Mam, deceased and Navy Yan, deceased; Petitioner Thorn B. Khem, acting as the Executor of the Estate of Lam Khem, deceased; Petitioner Soly Chan, acting as the Executor of the Estate of Lang Khem A/K/A Lang Chhay, deceased; Petitioners Salim Kahn and Mohammed Sardar Kahn on behalf of the Estate of Mohammed Azim, deceased and the children of Mohammed Azim; Petitioner Tjajah Chandra in her capacity as Guardian of the Person and Property of Lani Chandra, a disabled person (hereinafter "The Petitioners"), by and through their attorneys, respectfully request that this Honorable Court approve this settlement and enter an appropriate Order in the above-captioned action and, in support thereof, state the following:

1. On or about June 18, 2001, ~~Defendant~~ Charles Reistle, Sr., while acting within the course and scope of his employment with Motiva, was operating a tractor-trailer owned by Motiva with a vehicle identification number of 1XPGD09X5XD504161 [tractor-trailer] in a

northbound direction on I-495 near Wilmington, Delaware, and toward Philadelphia, Pennsylvania.

2.      On or about June 18, 2001, The Petitioners' decedents were returning from work at Plaintiff Pack &and Process, Inc. and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia, and being driven by Defendant Maly Yan, when an accident occurred between the Dodge Ram van and the aforementioned tractor-trailer.[1] the accident occurred.

3.      As a result of the June 18, 2001 motor vehicle crash, which claimed the lives of The Petitioners' decedents, litigation was instituted in the Philadelphia County Court of Common Pleas on behalf of Thou Yan, Executor of the Estate of Oeurn Mam and Navy Yan, Docket No. 030601508.

4.      After extensive investigation, discovery and numerous depositions, the production of expert reports and extensive settlement negotiations, one action against Maly Yan was never consolidated and preceded to trial on January 14, 2005, against only Defendant Maly Yan before the Honorable Sandra J. Moss, sitting without a jury. The trial was concluded on January 20, 2005, and a verdict in favor of all Plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00 which the Petitioner reached with some, but not all, of the parties in this multi-party litigation. A copy of the verdict is attached as Exhibit A.

5.      The parties to the above-captioned matters filed declaratory judgment actions that were consolidated and resulted in a The trial that Maly Yan vs. Pack & Process & St. Paul Mercury Insurance Company began on April 22, 2008 on the sole question of whether Maly Yan was an agent of Pack & Process and acting within the course and scope of her employment

---

[1] St. Paul Mercury Insurance Co. is also a plaintiff in the above-captioned matter, as the insurance carrier to Pack & Process, Inc.

when she was driving the van involved in the accident.  After one week of trial, <u>the parties</u> ~~the Defendant St. Paul Ins., Pack & Process~~ reached settlements <u>wherein Plaintiffs would pay</u> ~~with the~~ Petitioners <u>the following amounts:</u>  ~~as follows:~~

| Party | Amount | TOTAL |
|---|---|---|
| ~~Kline & Specter, P.C., for~~ <u>Yan</u> ~~Thou~~ <u>Thou</u> ~~Yan~~ <u>acting as the Executor of the Estate of Oeurn Mam and his attorney, Kline & Specter, P.C.</u> <br><br> <u>Yan Thou, acting as the Executor of the Estate of Navy Yan, deceased, and his attorney, Kline & Specter, P.C.</u> <br><br> ~~& Bay Thi Nguyen~~<u>Bay Thi Nguyen is not the administrator of an estate</u> | <u>$2,250,000.00</u>~~Correct amount for each party should be inputted~~ | <u>$4,500,000.00</u><u>The total cannot be $4,500,000.00 since this Petition seeks approval of less than the entire settlement with all parties</u> |
| Donkeo Phravichit and his attorneys, Wapner, Newman, Wigrizer and Brecher<u>; why is this party in this Petition when he is not representing an Estate?</u> | $250,000.00 | |
| Unchalee Vong and Lawrence Vong and their attorneys, Wapner, Newman, Wigrizer and Brecher<u>; why is this party in this Petition when he is not representing an Estate?</u> | $250,000.00 | |
| Khan Gul and Costigan & Costigan LLC<u>; why is this party in this Petition when he is not representing an Estate?</u> | $250,000.00 | |
| Zair Shah and Costigan & Costigan LLC<u>; why is this party in this Petition when he is not representing an Estate?</u> | $250,000.00 | |
| <u>Salim Khan and Mohammed Sardar Khan as co-Administrators of the</u> Est. of | $250,000.00 | |

Mohemmad Azim dec'd. &
Costigan & Costigan LLC

| | |
|---|---|
| Soly Chan, as Administrator of the Est. of Langm Khem dec'd & Steven M. Dranoff, Esquire | $250,000.00 |
| Thorn B. Khem as Administrator of the Est. of Lang Khem a/k/a Lang Chhay dec'd & Steven M. Dranoff, Esquire | $250,000.00 |
| Tjajah Chandra as legal guardian of Lani Chandra and her attorneys Bernhardt, Rothermel & Siegel, P.C.; | $250,000.00 |
| Kusti Leman and her attorneys Bernhardt, Rothermel & Siegel, P.C. why is this party in this Petition? Does she represent an Estate? | $250,000.00 |

6.      Petitioners, after consultation with their separate counsel, believe the above settlements with these parties are reasonable under the circumstances and will, with the approval of this Honorable Court, accept the same. Petitioners will execute have entered into pro rata joint tortfeasor releases in favor of from the settling Plaintiffs when this Court issues the Order accompanying this Petition.

## I.      YAN THOU, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATES OF OEURN MAM DECEASED AND NAVY YAN, DECEASED

7.      Petitioner, Yan Thou, is a Plaintiff in the above-captioned action.

8.      Petitioner, Yan Thou, is the Executor of the Estate of Oeurn Mam, and Navy Yan, husband and father of the decedents.

9.      The Register of Wills of Philadelphia appointed the Petitioner Executor of the Estate of Oeurn Mam on July 17, 2001and Navy Yan on July 6, 2001, Estate No. A3685 and 3510-01. A copy of said documents is attached as Exhibit AB.

10.     At the time of the deaths on June 18, 2001, the decedents, Oeurn Mam and Navy Yan, were survived by husband and father, Yan Thou.

11.    Oeurn Mam and Yan Thou, were married in 1968.

12.    At the time of death, Oeurn Mam, was (53) years old and Navy Yan was (16)

years old.

13.    During the litigation, the Petitioner has been represented by Kline & Specter,

P.C., pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-

third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the

undersigned is requesting approval to receive the total fee from all settlements in the amount of

$750,000.00.

14.    The costs advanced in this case by Kline & Specter, P.C. amount to $130,243.01.

See summary of costs below and Spreadsheet attached as Exhibit C:

| | |
|---|---|
| EXPERTS/OUTSIDE PROFESSIONAL SERVICE | |
| Experts/Outside Professional Service | $ 49,354.05 |
| Total Professional Costs | **$ 49,354.05** |
| | |
| COURT FILING AND SERVICE | |
| Prothonotary Filing and Service | $  3,603.40 |
| Total Court Costs | **$  3,603.40** |
| | |
| POSTAGE, COPYING, COURIER, FACSIMILE | |
| Postage and Fax | $  1,309.90 |
| Photocopying and Videocopy | $ 41,990.92 |
| Deposition and Transcript | $  7,861.81 |
| UPS and Intercept Couriers | $  1,858.70 |
| Total Postage/Copy/Courier, etc Costs | **$ 53,021.33** |
| | |
| MISCELLANEOUS | |
| Medical Records | $ 8,664.88 |
| Legal Research | $14,315.86 |
| Telephone | $   640.77 |
| Meals, Travel | $   942.78 |
| Total Miscellaneous Costs | **$ 24,564.29** |
| | |
| ***TOTAL KLINE & SPECTER, P.C. COSTS :*** | ***$130,543.07*** |

15.    Thus, the net amount of the settlement for the Estates of Oeurn Mam and Navy Yan and the personal injury claim of Bay Thi Nguyen is $2,250,000.00, minus the $750,000.00 attorney fee, minus $130,243.01 for costs, which equals $1,369,756.99. Paragraphs 14 and 15 need to be revised to reflect the amount of the settlements for each indidual party. St. Paul cannot agree to a Petition that sets forth that the Kline & Specter Estate representative clients will receive the entire settlement funds being paid to all the Kline and Specter clients.

15.    For this Petition, Counsel for the Estates of Oeurn Mam and Navy Yan requests that the settlement funds be held in the escrow account of Kline & Specter, P.C., provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estates were raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

16.    The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

## II.    PETITIONER THORN B. KHEM, ACTING AS THE EXECUTOR OF THE ESTATE OF LAM KHEM, DECEASED

17.    Petitioner, Thorn B. Khem, is the Executor of the Estate of Lam Khem.

18.    The Register of Wills of Philadelphia appointed the Petitioner Thorn B. Khem Executor of the Estate of Lam Khem on March 17, 2008, Estate No. A1306-2008.

19.    During the litigation, the Petitioner has been represented by Steven M. Dranoff, Esquire of Dranoff-Perlstein Associates, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in

accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

20.    The costs advanced on behalf of Thorn B. Khem Executor of the Estate of Lam Khem by Dranoff-Perlstein Associates amount to $4,203.03.

21.    Thus, the net amount of the settlement for the Estate of Lam Khem is $250,000.00, minus the $83,333.33 attorney fee, minus $4,203.03 for costs, which equals $162,463.64.

22.    For this Petition, Counsel for the Estate of Lam Khem requests that the settlement funds be held in the escrow account of Dranoff-Perlstein Associates, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

22.    The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.


III.    **PETITIONER SOLY CHAN, ACTING AS THE EXECUTOR OF THE ESTATE OF LANG KHEM A/K/A LANG CHHAY, DECEASED**

23.    Petitioner, Soly Chan, is the Executor of the Estate of Lang Khem a/k/a Lang Chhay.

24.    The Register of Wills of Philadelphia appointed the Petitioner Soly Chan Executor of the Estate of Lang Khem a/k/a Lang Chhay on June 11, 2003, Estate No. A2754-03.

25.    During the litigation, the Petitioner has been represented by Steven M. Dranoff, Esquire of Dranoff-Perlstein Associates, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

26.    The costs advanced on behalf of Soly Chan Executor of the Estate of Lang Khem a/k/a Lang Chhay by Dranoff-Perlstein Associates amount to $4,203.03.

27.    Thus, the net amount of the settlement for the Estate of Lam Khem is $250,000.00, minus the $83,333.33 attorney fee, minus $4,203.03 for costs, which equals $162,463.64.

28.    For this Petition, Counsel for the Estate of Lang Khem a/k/a Lang Chhay requests that the settlement funds be held in the escrow account of Dranoff-Perlstein Associates, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

29.    The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

IV.    **PETITIONERS SALIM KAHN AND MOHAMMED SARDAR KAHN ON BEHALF OF THE ESTATE OF MOHAMMED AZIM, DECEASED AND THE CHILDREN OF MOHAMMED AZIM**

30.    Petitioners, Salim Kahn and Mohammed Sardar Kahn, are the Executors of the Estate of Mohammed Azim.

31.    The Register of Wills of Philadelphia appointed Salim Kahn and Mohammed Sardar Kahn Executor of the Estate of Mohammed Azim on June 13, 2003, Estate No. A2789-03.

32.    During the litigation, the Petitioner has been represented by Richard Costigan, Esquire of Costigan & Costigan, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

33.    The costs advanced on behalf of Salim Kahn and Mohammed Sardar Kahn, as the co-administrators of the Estate of Mohammed Azim, by Costigan & Costigan amount to $1,980.00.

34.    Thus, the net amount of the settlement for the Estate of Mohammed Azim is $250,000.00, minus the $83,333.33 attorney fee, minus $1,980.00 for costs, which equals $164,686.67.

35.    For this Petition, Counsel for the Estate of Mohammed Azim requests that the settlement funds be held in the escrow account of Costigan & Costigan, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

36.    The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

## V.    PETITIONER TJAJAH CHANDRA AS MOTHER AND LEGAL GUARDIAN OF LANI CHANDRA

30.    Petitioner, Tjajah Chandra is the mother and legal guardian of Lani Chandra

31.    The Register of Wills of    appointed

32.    During the litigation, the Petitioner has been represented by, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

33.    The costs advanced on behalf of amount to

34.    Thus, the net amount of the settlement for is $250,000.00, minus the $83,333.33 attorney fee, minus for costs, which equals

35.    For this Petition, Counsel for requests that the settlement funds be held in the escrow account of, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

36.    The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

**WHEREFORE,** Petitioner requests that this Honorable Court approve the proposed settlements for the wrongful death and survival actions against the settling parties.

Respectfully submitted,

*KLINE & SPECTER,*
*A PROFESSIONAL CORPORATION,*

*By:*    _____/s/ Royce W. Smith, Esquire_____
*SHANIN SPECTER, ESQUIRE*
*JONATHAN M. COHEN, ESQUIRE*
*ROYCE W. SMITH, ESQUIRE*
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
*Attorney for the Plaintiffs*

*WEISS & SAVILLE, P.A.*

*By:*    _____/s/ Yvonne Tabvorian Saville_____
**YVONNE TAKVORIAN SAVILLE, ESQUIRE**
1220 Market Street, Suite 604
P.O. Box 370
Wilmington, DE  19899
*Attorney for Plaintiffs*

*Date:*    June 26, 2008

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement by their duly authorized representatives as of the date set forth above.

<div style="margin-left: 50%;">

_____
Yan Thou, Individually and as
Administrator of the Estates of Oeurn
Mam, Deceased and Navy Yan, Deceased
Date: _____


_____
Khan Gul, Co-Administrator of the
Estate of Mohammad Azim, Deceased
Date: _____


_____
Mohammad Sardar Khan,
Co-Administrator of the Estate
of Mohammad Azim, Deceased
Date: _____


_____
Saleha Azim, Child of Mohammad
Azim
Date: _____


_____
Yasmin Azim, Child of Mohammad Azim
Date: _____

</div>

Rabia Azim, Child of Mohammad
Azim
Date:


Parvin Azim, Child of Mohammad
Azim
Date:


Ali Rahman Azim, Child of
Mohammad Azim
Date:


Shaheen Azim, Child of Mohammad Azim
Date:


Thorn Bun Khem, Individually and in
His Capacity as Administrator of the
Estate of Lam Khem, Deceased
Date:


Asan Hujani Oh
Date:


Steven Dranoff, Esquire
Dranoff Associates
121 South Broad Street, Suite 1210,
Philadelphia, PA 19107

Attorneys for Soly Chan in His Capacity as

Administrator of the Estate of Lang Khem a/k/a Lang Chhay, Deceased; and Thorn Bun Khem, in His Capacity as Administrator of the Estate of Lam Khem, Deceased

Date: _____


_____

Richard Costigan, Esquire
Costigan & Costigan LLC
1222 Spruce St.
Philadelphia, PA 19107

Attorneys for Zair Shah, Khan Gul, Salim Khan and Mohammad Sardar Khan, Co-Administrators of the Estate of Mohammad Azim, Deceased; Rahamat Pari, and Fatima Azim, Fazal Azad Azim, Fazal Rahman Azim, Fazal Subhan Azim, Ali Rahman Azim, Tasleem Azim, Shaheen Azim, Saleha Azim, Yasmin Azim, Rabia Azim, and Parvin Azim, Children of Mohammad Azim

Date: _____


_____

Yvonne Takvorian Saville, Esq.
Weiss & Saville, P.A.
1220 N. Market Street, Suite 604
Wilmington, DE 19801

Attorneys for Maly Yan, Yan Thou, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased; Chan Yan; Thua Son; Chieu Thi Huynh; and Bay Thi Nguyen

Date: _____

## SETTLEMENT AGREEMENT AND JOINT TORTFEASOR'S RELEASE

This Settlement Agreement and Joint Tortfeasor's Release (the "Agreement") is entered into this _____ day of _____, 2008, by and between Plaintiffs, as that term is defined in Paragraph 2 below (the "Plaintiffs") on one hand, and the Defendants, as that term is defined in Paragraph 3 below, (the "Defendants"). Collectively, the Plaintiffs and Defendants shall be referred to as the "Parties."

WHEREAS, on or about June 18, 2001, an accident occurred while May Yan was driving a van in which she was transporting approximately nineteen (19) people (the "Accident");

WHEREAS, on or before~~about~~ June 11~~ly 30~~, 2003, certain of the Defendants filed an action against Maly Yan in the Pennsylvania Court of Common Pleas in Philadelphia County related to the Accident, captioned as *Yan Thou individually and as administrator of the Estates of Oeurn Mam, deceased, and Navy Yan, deceased, Chan Yan and Thua Son and Chieu Thi Huynh v. Maly Yan*, C.A. No. 030601508 (the "PA Action");

WHEREAS, on or about January 20, 2005, the PA Action resulted in a judgment being entered against Maly Yan in the amount of $10,228,467.00;

WHEREAS, Maly Yan assigned her rights, interest in, entitlement and claims, if any, against Plaintiffs for indemnification, right to insurance coverage, contribution, bad faith and/or other remedies to the plaintiffs in the PA Action;

WHEREAS, on or about January 14, 2005, Plaintiffs brought an action against Maly Yan in the United States District Court for the District of Delaware, captioned as *St. Paul Mercury Insurance Company and Pack & Process, Inc. v. Maly Yan*, C.A. No. 05-22, alleging, *inter alia*, that Maly Yan was not acting within the scope of her employment with Pack & Process when the Accident occurred (the "DE Action");

WHEREAS, on or about February 23, 2005, Defendants brought an action against Plaintiffs in the United States District Court for the Eastern District of Pennsylvania, captioned as *Yan Thou individually and as administrator of the Estates of Oeurn Mam, deceased, and Navy Yan, deceased, Chan Yan and Thua Son and Chieu Thi Huynh and Bay Thi Nguyen, Unchalee Vong and Donkeo Phravichit, and Kusti Leman, Tjajah Chandra as mother and legal guardian of Lani Chandra and Lani Chandra, in her own right, Zair Shah and Khan Gul and Salim Khan, and Mohammed Sardar Khan as co-administrators of the Estate of Mohammed Azim, and Soly Chan, as administrator of the Estate of Lang Khem, deceased, a/k/a Lang Chhay and Thorn Bun Khem, as administrator of the Estate of Lam Khem, deceased, and Maly Yan v. Pack & Process, Inc., and St. Paul Mercury Insurance Company*, C.A. No. 05-832, alleging, *inter alia*, that Maly Yan was acting within the scope of her employment with Pack & Process when the Accident occurred and that Maly Yan was entitled to indemnification from Plaintiffs for the judgment entered in the PA Action (the "Eastern District Action");

WHEREAS, on or about May 9, 2005, the Eastern District Action was transferred to the United States District Court for the District of Delaware and consolidated with the DE Action;

WHEREAS, on or about April 26, 2006, certain of the Defendants filed two separate actions in the Superior Court of the State of Delaware in and for New Castle County, one captioned *Yan Thou individually and as administrator of the Estates of Oeurn Mam, deceased, and Navy Yan, deceased, Chan Yan and Thua Son and Chieu Thi Huynh and Bay Thi Nguyen, Vannak Yan and Maly Yan v. Motiva Enterprises, LLC, Motiva Company, Richard P. Reistle, Sr., Pack & Process, Inc., and Lam Personnel Services, Inc.*, C.A. No. 06C-04-246 MMJ, and the other captioned *Unchalee Vong and Lawrence Vong, husband and wife, Donkeo Phravichit, Zair Shah, Khan Gul, Salim Khan and Mohammad Sardar Khan in their capacities as co-*

*administrators of the Estate of Mohammed Azim, Rahamat Pari, Fatima Azim, Fazal Azad Azim, Fazal Rahman Azim, Fazal Subhan Azim, Ali Rahman Azim, Tasleem Azim, Shaheen Azim, Saleha Azim, Yasmin Azim, Rabia Azim, Parvin Azim, Soly Chan, individually and in his capacity as administrator of the Estate of Lang Khem, deceased, a/k/a Lang Chhay, Thorn Bun Khem, individually and in his capacity as administrator of the Estate of Lam Khem, deceased, Kusti Leman and Asan Hujani Oh, husband and wife, Tjajah Chandra, in her capacity as Guardian of the Person and Property of Lani Chandra, a disabled person v. Maly Yan, Pack & Process, Inc., Lam Personnel Services, Inc., Motiva Company, Motiva Enterprises LLC and Richard P. Reistle, Sr.,* C.A. 06C-04-247 FSS, seeking damages as a result of the Accident (collectively, the "DE State Court Actions");

WHEREAS, the two DE State Court Actions were consolidated into C.A. No. 06C-04-246 MMJ. Hereinafter, any references to the "Actions" shall collectively refer to the PA Action, the DE Action, the Eastern District Action and the DE State Court Actions;

WHEREAS, the Defendants represent and affirm that they have full authority to settle any and all issues and claims held by any person against Plaintiffs arising from the Accident; and,

WHEREAS, it is the desire and intention of the Plaintiffs and Defendants to settle and finally resolve any and all issues and claims between Plaintiffs and anyone arising from the Accident, or that could have arisen between Plaintiffs and anyone from the Accident and any and all issues that were raised or that could have been raised in the Actions.

NOW, THEREFORE, the Parties, in consideration of the mutual promises set forth herein, hereby agree as follows:

1.    **Incorporation of Recitals.**  The foregoing recitals are a material part of this Agreement.

2.    **Plaintiffs.**  The following persons shall constitute Plaintiffs: St. Paul Mercury Insurance Company ("St. Paul"), Pack & Process, Inc. ("Pack & Process") and their respective past and present affiliates and related companies, parent companies and subsidiaries, members, shareholders or partners, predecessors, successors, heirs, assigns, trustee and legal representatives, agents, servants, attorneys, adjusters, current and former officers, directors, employees, insurers and any professionals retained by them, in their individual and representative capacities and (individually and collectively, the "Plaintiffs")

3.    **Defendants**.  The following persons shall constitute Defendants: (1) Maly Yan; (2) Yan Thou individually and as administrator of the Estates of Oeurn Mam, deceased, and Navy Yan, deceased; (3) Chan Yan; (4) Thua Son; (5) Chieu Thi Huynh; (6) Bay Thi Nguyen; (7) Unchalee Vong and Lawrence Vong, husband and wife; (8) Donkeo Phravichit; (9) Kusti Leman and Asan Hujani Oh, husband and wife (10) Tjajah Chandra as mother and legal guardian of the person and property of Lani Chandra; (11) Lani Chandra, in her own right; (12) Zair Shah, Khan Gul, Salim Khan and Mohammed Sardar Khan as co-administrators of the Estate of Mohammed Azim, deceased; (13) Rahamat Pari; (14) Fatima Azim, Fazal Azad Azim, Fazal Rahman Azim, Fazal Subhan Azim, Ali Rahman Azim, Tasleem Azim, Shaheen Azim, Saleha Azim, Yasmin Azim, Rabia Azim, Parvin Azim, children of Mohammad Azim; (15) Soly Chan, individually and in his capacity as administrator of the Estate of Lang Khem, deceased, a/k/a Lang Chhay; (16) Thorn Bun Khem, individually and in his capacity as administrator of the Estate of Lam Khem, deceased; (17) Vannak Yan; and, (18) any known, unknown, named or unnamed persons holding any claim or cause of action as a result of the Accident, including, but

not limited to, any causes of action under the Delaware survival or wrongful death statute under 10 Del. C. §3701 *et seq.* (individually and collectively, the "Defendants").

4.    **Payment.**  Within thirty days (30) days after Plaintiffs receive a copy of this Agreement, fully executed by all Defendants and Counsel for the Defendants, and verification of Court approval pursuant to Paragraph 12 below and proof of authority pursuant to Paragraph 17 below, Plaintiffs shall transmit to the Defendants the sum of FOUR MILLION FIVE HUNDRED THOUSAND DOLLARS ($4,500,000.00) (the "Settlement Proceeds") to Kline & Specter, c/o Jonathan M. Cohen, Esquire, 1525 Locust Street, The Nineteenth Floor, Philadelphia, PA 19102.  It is agreed that Defendants and their counsel, subject to Court approval, shall be fully responsible for the determination as to division of the Settlement Proceeds and have instructed that the Settlement Proceeds be made payable as follows:

| Name | EIN# | Amount |
|---|---|---|
| Kline & Specter, P.C., for Thou Yan & Bay Thi Nguyen | 23-2830302 | $2,250,000.00 |
| Donkeo Phravichit and his attorneys, Wapner, Newman, Wigrizer and Brecher | 23-208-3614 | 250,000.00 |
| Unchalee Vong and Lawrence Vong and their attorneys, Wapner, Newman, Wigrizer and Brecher | 23-208-3614 | 250,000.00 |
| Khan Gul and Costigan & Costigan LLC | 76-073-8305 | 250,000.00 |
| Zair Shah and Costigan & Costigan LLC | 76-073-8305 | 250,000.00 |
| Est. of Mohemmad Azim dec'd. & Costigan & Costigan LLC | 76-073-8305 | 250,000.00 |
| Est. of Lam Khem dec'd & Steven M. Dranoff, Esquire | 23-213-1977 | 250,000.00 |
| Est. of Lang Khem a/k/a Lang Chhay dec'd & Steven M. Dranoff, Esquire | 23-213-1977 | 250,000.00 |
| Lani Chandra and her attorneys Bernhardt, Rothermel & Siegel, P.C. | 23-217-7296 | 250,000.00 |
| Kusti Leman and her attorneys Bernhardt, Rothermel & Siegel, P.C. | 23-217-7296 | 250,000.00 |
| | | |
| Total | | $4,500,000.00 |
| | | |
| ~~Maly Yan~~ | | |
| ~~Yan Thou, Individually~~ | | |
| ~~Yan Thou, Administrator of the Estate of Oeurn Mam, Deceased~~ | | |
| ~~Yan Thou, Administrator of the Estate Navy Yan, Deceased~~ | | |
| ~~Chan Yan~~ | | |
| ~~Thua Son~~ | | |
| ~~Chieu Thi Huynh~~ | | |
| ~~Bay Thi Nguyen~~ | | |

| | | |
|---|---|---|
| Unchalee Vong | | |
| Lawrence Vong | | |
| Donkeo Phravichit | | |
| Kusti Leman | | |
| Tjajah Chandra, as Mother and Legal Guardian of the Person and Property of Lani Chandra | | |
| Lani Chandra | | |
| Zair Shah, Khan Gul, Salim Khan and Mohammad Sardar Khan, Co-Administrators of the Estate of Mohammad Azim, Deceased | | |
| Rahamat Pari | | |
| Saleha Azim, Child of Mohammad Azim | | |
| Fatima Azim, Child of Mohammad Azim | | |
| Yasmin Azim, Child of Mohammad Azim | | |
| Fazal Azad Azim, Child of Mohammad Azim | | |
| Rabia Azim, Child of Mohammad Azim | | |
| Fazal Rahman Azim, Child of Mohammad Azim | | |
| Parvin Azim, Child of Mohammad Azim | | |
| Fazal Subhan Azim, Children of Mohammad Azim | | |
| Ali Rahman Azim, Child of Mohammad Azim | | |
| Tasleem Azim, Child of Mohammad Azim | | |
| Shaheen Azim, Child of Mohammad Azim | | |
| Soly Chan, Individually | | |
| Soly Chan, Administrator of the Estate of Lang Khem a/k/a Lang Chhay, Deceased | | |
| Thorn Bun Khem, Individually | | |
| Thorn Bun Khem, Administrator of the Estate of Lam Khem, Deceased | | |
| Vannek Yan | | |
| Asan Hujani Oh | | |
| | | |
| Total | | $4,500,000.00 |

5.    **Release of Plaintiffs.**    Defendants, for themselves, their heirs, beneficiaries, wrongful death beneficiaries, executors, administrators, successors, assigns, agents, attorneys and representatives, hereby irrevocably release, acquit and forever discharge Plaintiffs and their respective past and present affiliates and related companies, parent companies and subsidiaries, members, shareholders or partners, predecessors, successors, heirs, assigns, trustee and legal representatives, agents, servants, attorneys, adjusters, current and former officers, directors, employees, insurers and any professionals retained by them, in their individual and

representative capacities, from any and all claims, demands, actions, causes of action, suits, damages, liabilities, loss or expense of any nature whatsoever against the Plaintiffs, which the Defendants, or any of the Defendants, have or which may hereafter accrue on account of or in any way growing out of any and all known or unknown, foreseen and unforeseen bodily and personal injuries, property damage and the consequences thereof, resulting from or arising out of the Accident. This release shall include, but is not limited to claims against Plaintiffs for attorneys' fees and costs and all matters or claims raised, or that could have been raised in the Actions.

The Defendants hereby acknowledge that this Agreement resolves all claims against Plaintiffs, by any party, whether known or unknown, asserted or unasserted as a result of the Accident. The Settlement Proceeds are being paid under this Agreement to settle all potential claims against Plaintiffs by all potential claimants as a result of the Accident or the Actions. The Defendants hereby declare and represent that the injuries, damages, or claims are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite and in making this release, it is understood and agreed that the Defendants rely wholly upon the Defendants' judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefore and is made without reliance upon any statement or representation of the Plaintiffs or their representatives or by any person by them employed.

6.    **Joint Tort-Feasors Release.** The release is executed in conformity with the provisions of the Uniform Contribution Among Tort-Feasors Law, 10 *Del. C.,* §6301, *et seq.,* and shall be governed by Delaware law. If it should appear or be adjudicated in any suit, action or proceeding that the Plaintiffs were guilty of joint, or joint and several negligence, which caused the Defendants' injuries, losses or damages, in order to save said Plaintiffs, the

Defendants, as further consideration for the Settlement Proceeds, will satisfy any decree, judgment or award in which there is such finding or adjudication involving or against Plaintiffs on their behalf, to the extent of their liability for contribution in accordance with 10 *Del. C.* sections 6301, *et seq.* to the effect that the Plaintiffs will have no liability to any party. It is further understood and agreed that the total claims of the Defendants, or any of the Defendants, against all parties who may be liable therefore, is hereby reduced to the extent of the pro rata share of the Plaintiffs. Accordingly, should it be determined that any person, persons, entity or entities not released herein is jointly or severally liable to the Defendants, or any of the Defendants, with Plaintiffs, in tort or otherwise, the claim against and damages recoverable from all such other persons or entities shall be reduced by the greater of the following amounts:

    (a)    To the extent of the pro rata share of the party released hereby of liability or responsibility, if any, for such damages, or;

    (b)    The sum of FOUR MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($4,500,000.00) (See attached Illustration attached hereto as Exhibit A), or in the event that fewer than all Defendants referred to in Paragraph 3 above obtain recovery from such other persons or entities then such sum as was allocated to said recovering Defendants pursuant to Paragraph 4 above.

The foregoing is intended to comply with 10 *Del. C.* §6304(b), so as to preclude any liability of Plaintiffs to any other tort-feasors or any other person or entity, if any, for contribution or otherwise; and any language of this Agreement and release inconsistent with such intent, or with the requirements of 10 *Del. C.* §6304(b) for the execution of such intent, shall be void and of no consequence; and in place thereof, it is agreed that it shall be considered that this document contains such other language, if any, as is necessary to make effectual the expressed intent of the parties as aforesaid. No other persons, be they joint tort-feasors under 10 *Del. C.* §6301, *et seq.*, or otherwise, are in any way released by these presents other than as aforesaid.

The Defendants will indemnify and hold Plaintiffs Pack & Process and its insurer, St. Paul, harmless from and against any and all claims, liens, demands, causes of action, obligations, damages, liabilities, judgments and costs, including attorney's fees, asserted against Plaintiffs, as a result of, or in connection with: (a) <u>any claims of any lienholders arising out of</u> the Accident; (b) any action or other proceeding brought by or prosecuted for the benefit of the Defendants; or (c) by any heirs, beneficiary, wrongful death beneficiary, legal representatives, executors, administrators, beneficiaries, successors or assigns of the Defendants, or any of the Defendants, their heirs, beneficiary, wrongful death beneficiary, legal representatives, executor, administrators, beneficiaries, successors or assigns, or any of them, may have direct or indirect interest, contrary to the provisions of this Agreement.

7.    <u>**Satisfaction of the PA Action**</u>. Upon the execution of the Agreement and payment of the Settlement Proceeds, the Defendants each agree that they or their respective counsel shall file the appropriate documentation with the Pennsylvania Court of Common Pleas for Philadelphia County marking any judgment in the PA Action as satisfied. All parties shall bear their own attorneys' fees and costs with respect to the PA Action.

8.    <u>**Stipulation of Dismissal in the DE Action and Eastern District Action.**</u> Upon the execution of the Agreement and payment of the Settlement Proceeds, the undersigned each agree that they or their respective counsel shall file the appropriate documentation with the District Courts, within ten (10) days, seeking dismissal of the DE Action and the Eastern District Action with prejudice. All parties shall bear their own attorneys' fees and costs with respect to the DE Action and Eastern District Action.

9.    <u>**Stipulation of Dismissal in the DE State Court Actions.**</u> Upon the execution of the Agreement and payment of the Settlement Proceeds, the undersigned each agree that they or their respective counsel shall file the appropriate documentation with the Delaware Superior

Court seeking dismissal of Plaintiffs from the DE State Court Actions with prejudice. It shall be Defendants obligation to obtain dismissal of the Plaintiffs with prejudice. If within thirty (30) days after the execution of this Agreement and payment of the Settlement Proceeds, Defendants are unable to get agreement from all parties in the DE State Court Action to dismiss Plaintiffs with prejudice pursuant to Superior Court Civil Rule 41(a)(II), then it shall be Defendants' obligation to promptly move for dismissal of Plaintiffs with prejudice pursuant to Superior Court Civil Rule 41(a)(2). All parties shall bear their own attorneys' fees and costs with respect to the DE State Court Actions.

10. **Compromise.** It is understood and agreed by the Parties that this is a compromise settlement of disputed claims and that the furnishing of the consideration as settlement and release of all claims shall not be deemed or construed as an admission of any fact, or of liability or responsibility to anyone for any act.

11. **Governing Law and Retention of Jurisdiction.** This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of law principles. Furthermore, the parties agree that the United States District Court for the District of Delaware ("the Court") shall approve this Agreement and retain exclusive jurisdiction over approval of form and content of this Agreement and any subsequent action for enforcement of the Agreement.

12. **Court Approval of Settlement.** The undersigned counsel for Defendants recognize and acknowledge that it is their sole responsibility to allocate the Settlement Proceeds between all Defendants, whether named, unnamed, known or unknown. The undersigned counsel further acknowledge that before receiving the Settlement Proceeds, they must obtain court approval of the settlement and this Agreement as it relates to any Defendant under a

disability, including, but not limited to a disability of infancy or incompetency of mind, as those terms are used in 10 *Del. C.* § 8116. The court approval may be by any court with jurisdiction over the Defendant, including the Delaware Superior Court pursuant to Superior Court Civil Rule 133. Proof of court approval shall be provided to Plaintiffs before payment of the Settlement Proceeds are released.

13. **Indemnity.** The Defendants, and their undersigned counsel, warrant that no other persons or entity has, or has had, any interest in any claim or cause of action of any Defendant arising out of the Accident, and hereby agree to indemnify, defend and hold harmless Plaintiffs and their respective past and present affiliates and related companies, parent companies and subsidiaries, members, shareholders or partners, predecessors, successors, heirs, assigns, trustee and legal representatives, agents, servants, attorneys, adjusters, current and former officers, directors, employees, insurers and any professionals retained by them, in their individual and representative capacities, against any cause of action, loss, liability, damage, cost or expense of any nature whatsoever, whether accrued, absolute, contingent or otherwise, including, without limitation, attorney's fees and costs (whether or not suit is brought), of any Defendant arising out of or relating to the Accident or any breach of any of the representations, warranties or covenants in this Agreement. This indemnification obligation shall survive any termination of this Agreement.

14. **Translation.** The Parties agree that the Parties, at their mutual expense, will retain a translator to translate this Agreement into the Defendants' native tongues. By separate document, the translator shall represent by affidavit that she has accurately translated this Agreement and delivered a copy to each of the undersigned counsel for Defendants. The

translator affidavit shall be attached hereto as Exhibit B and is incorporated by reference as if fully set forth herein.

**15.    Acknowledgement of Receipt of Agreement.**    Each of the undersigned Defendants acknowledges receipt of a copy of this Agreement in a form and language in which they understand or alternatively that the Agreement has been translated to the undersigned Defendants to language which the undersigned Defendants understands.

**16.    Counsel.**  The Parties acknowledge and represent that each has had the benefit of counsel in connection with the negotiation and execution of this Agreement.  The undersigned counsel for Defendants represent that they have provided a copy of this Agreement to the Defendants translated into the Defendants' native tongues, explained the terms of this Agreement to the Defendants, and that said terms are fully understood and voluntarily accepted by Defendants for the purpose of making a full and final compromise, adjustment and settlement of any claims against Plaintiffs on account of the injuries and damages above-mentioned.

**17.    Due Authority.**  The undersigned counsel for Defendants represent and warrant that they are properly and fully authorized by Defendants to enter into and execute this Agreement on behalf of Defendants, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Agreement, and that the Agreement is legal, valid and binding upon Defendants.  The undersigned counsel for Defendants further represent that to the extent that any Defendants have been identified as a representative or administrator of the estate of a deceased individual upon whose behalf a claim has been made in the Actions, the undersigned counsel for Defendants will provide letters or other proof of administration to Plaintiffs within ten (10) days of the date of this Agreement. Further, the undersigned counsel for Defendants represent that to the extent any Defendant is

under a disability, including, but not limited to a disability of infancy or incompetency of mind, the undersigned counsel for Defendant will provide proof of the undersigned person's authority to sign on behalf of the incompetent person to Plaintiffs within ten (10) days of the date of this Agreement. The terms of payment on behalf of Plaintiffs herein are conditioned upon the undersigned counsel for Defendants providing such letters or other proof of administration or proof of authority on behalf of an incompetent Defendant.

18.    **Headings; Construction**. The section headings contained in this Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of this Agreement. Unless the context otherwise requires, the words "hereof," "herein," "hereunder" and words of similar import shall refer to this Agreement as a whole and not to any particular provision hereof. The term "including" shall be deemed to mean "including, without limitation." This agreement is the product of arms-length negotiations between the Parties, after consultation with their advisors, and shall not be construed for or against any particular party as the drafter.

19.    **Severability.** It is further understood and agreed by the Parties that in the event that any term of this Agreement shall be declared invalid, illegal or unenforceable, that provision shall be severed from the balance of the Agreement and the remaining provisions shall remain in full force and effect and shall not in any way be affected or impaired. Upon determination that any such term is invalid, illegal or unforeseeable, that term shall be read so as to effect the original intent of the Parties as nearly as possible.

20.    **Documentation.** It is further understood and agreed by the Parties that they shall execute such other and further documents as may be reasonably necessary to effectuate the intent of the Parties as set forth in this Agreement.

21.    **Entire Agreement.**    This Agreement incorporates the entire understanding between the Parties, and the Parties acknowledge that there are no agreements, promises, undertakings or understandings other than those set forth herein.    The Parties further acknowledge that in reaching or entering into this Agreement, they have not relied upon any representation, statement, understanding or promise except those set forth herein.

22.    **Notices.**    All notices, requests and other communications which are required or may be given under this Agreement shall be in writing and shall be forwarded by facsimile and by recognized overnight delivery service to the Parties listed below:

<div style="margin-left: 2em">

For Plaintiffs:      Francis J. Deasey, Esq.
                     Henri Marcel, Esq.
                     Deasey, Mahoney & Bender, Ltd.
                     1800 John F. Kennedy Blvd., Suite 1300
                     Philadelphia, Pennsylvania 19103-2978
                     (215) 587-9400
                     (215) 587-9456 (facsimile)

For Defendants:

</div>

| | |
|---|---|
| Jonathan M. Cohen, Esq. | Steven Dranoff, Esquire |
| Royce Smith, Esq. | Dranoff Associates |
| Kline & Specter | 121 South Broad Street, Suite 1210, |
| 1525 Locust Street, 19th Floor | Philadelphia, PA 19107 |
| Philadelphia, PA 19102 | Tel: (215) 732-3333 |
| Tel: 215-772-1000 | Fax: 215-732-8059 |
| Fax: 215-772-1359 | |
| | |
| Warren Siegel, Esquire | Richard Costigan, Esquire |
| Bernhardt & Rothermel | Costigan & Costigan LLC |
| 1515 Market Street, Suite 1540 | 1222 Spruce St. |
| Philadelphia, PA 19102 | Philadelphia, PA 19107 |
| Tel: 215-568-0100 | Tel: (215)-546-7215 |
| Fax: 215-569-0853 | Fax: 215-546-0905 |

Robert Miller, Esquire
Wapner, Newman, Wigrizer & Brecher
115 South 21st Street
Philadelphia, PA 19103
Tel: (215) 569-0900
Fax: 215-569-4621

Yvonne Takvorian Saville, Esq.
Weiss & Saville, P.A.
1220 N. Market Street, Suite 604
Wilmington, DE 19801
Tel: 302-656-0400
Fax: 302-656-5011

Michael L. Sensor, Esq.
Perry & Sensor
Suite 560, First Federal Plaza
Wilmington, DE 19801
Tel: 302-655-4482
Fax: 302-655-4043

 

**23.** **<u>Counterparts.</u>** This Agreement may be executed in one or more counterparts, including facsimile counterparts, each of which will be deemed to be an original copy and all of which, when taken together, will be deemed to constitute one and the same Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement by their duly authorized representatives as of the date set forth above.

**St. Paul Mercury Insurance Company**          **Pack & Process, Inc.**

By: _____          By: _____
Name: _____          Name: _____
Title: _____          Title: _____
Date: _____          Date: _____


_____          _____
Maly Yan          Yan Thou, Individually and as
Date:_____          Administrator of the Estates of Oeurn
          Mam, Deceased and Navy Yan, Deceased
          Date:_____


_____          _____
Chan Yan          Thua Son
Date:_____          Date:_____


_____          _____
Chieu Thi Huynh          Bay Thi Nguyen
Date:_____          Date:_____


_____          _____
Unchalee Vong          Lawrence Vong
Date:_____          Date:_____


_____          _____
Donkeo Phravichit          Kusti Leman
Date:_____          Date:_____

Tjajah Chandra, as Mother and Legal
Guardian of the Person and Property
of Lani Chandra
Date:_____

Lani Chandra
Date:_____

Zair Shah, Co-Administrator of the
Estate of Mohammad Azim, Deceased
Date:_____

Khan Gul, Co-Administrator of the
Estate of Mohammad Azim, Deceased
Date:_____

Salim Khan, Co-Administrator of the
 Estate of Mohammad Azim, Deceased
Date:_____

Mohammad Sardar Khan,
Co-Administrator of the Estate
of Mohammad Azim, Deceased
Date:_____

Rahamat Pari
Date:_____

Saleha Azim, Child of Mohammad
Azim
Date:_____

Fatima Azim, Child of Mohammad
Azim
Date:_____

Yasmin Azim, Child of Mohammad Azim
Date:_____

Fazal Azad Azim, Child of Mohammad Azim
Date:_____

Rabia Azim, Child of Mohammad
Azim
Date:_____

Fazal Rahman Azim, Child of
Mohammad Azim
Date:_____

Parvin Azim, Child of Mohammad
Azim
Date:_____

Fazal Subhan Azim, Children of
Mohammad Azim
Date:_____

Ali Rahman Azim, Child of
Mohammad Azim
Date:_____

Tasleem Azim, Child of Mohammad Azim
Date:_____

Shaheen Azim, Child of Mohammad Azim
Date:_____

Soly Chan, Individually and in His
Capacity as Administrator of the
Estate of Lang Khem a/k/a Lang Chhay,
Deceased
Date:_____

Thorn Bun Khem, Individually and in
His Capacity as Administrator of the
Estate of Lam Khem, Deceased
Date:_____

Vannek Yan
Date:_____

Asan Hujani Oh
Date:_____

Robert Miller, Esquire
Wapner, Newman, Wigrizer & Brecher
115 South 21st Street
Philadelphia, PA 19103

Attorneys for Unchalee Vong and Lawrence
Vong, Husband and Wife; and Donkeo
Phravichit

Date: _____

Steven Dranoff, Esquire
Dranoff Associates
121 South Broad Street, Suite 1210,
Philadelphia, PA 19107

Attorneys for Soly Chan, Individually and in
His Capacity as Administrator of the Estate
of Lang Khem a/k/a Lang Chhay, Deceased;
and Thorn Bun Khem, Individually and in
His Capacity as Administrator of the Estate
of Lam Khem, Deceased

Date: _____

Warren Siegel, Esquire
Bernhardt & Rothermel
1515 Market Street, Suite 1540

Richard Costigan, Esquire
Costigan & Costigan LLC
1222 Spruce St.

Philadelphia, PA 19102

Attorneys for Kusti Leman and Asan Hujani
Oh, Husband and Wife; and Tjajah Chandra, as
Mother and Legal Guardian of the Person and
Property of Lani Chandra and Lani Chandra

Date: _____

Philadelphia, PA 19107

Attorneys for Zair Shah, Khan Gul, Salim
Khan and Mohammad Sardar Khan, Co-
Administrators of the Estate of Mohammad
Azim, Deceased; Rahamat Pari, and Fatima
Azim, Fazal Azad Azim, Fazal Rahman
Azim, Fazal Subhan Azim, Ali Rahman
Azim, Tasleem Azim, Shaheen Azim, Saleha
Azim, Yasmin Azim, Rabia Azim, and
Parvin Azim, Children of Mohammad Azim

Date: _____

_____
Jonathan M. Cohen, Esq.
Royce Smith, Esq.
Kline & Specter
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

Attorneys for Maly Yan, Yan Thou,
Individually and as Administrator of the
Estates of Oeurn Mam, Deceased and Navy
Yan, Deceased; Chan Yan; Thua Son; Chieu
Thi Huynh; and Bay Thi Nguyen

Date: _____

_____
Yvonne Takvorian Saville, Esq.
Weiss & Saville, P.A.
1220 N. Market Street, Suite 604
Wilmington, DE 19801

Attorneys for Maly Yan, Yan Thou,
Individually and as Administrator of the
Estates of Oeurn Mam, Deceased and Navy
Yan, Deceased; Chan Yan; Thua Son; Chieu
Thi Huynh; and Bay Thi Nguyen

Date: _____

---

Michael L. Sensor, Esq.
Perry & Sensor
Suite 560, First Federal Plaza
Wilmington, DE 19801

Attorneys for Unchalee Vong and Lawrence
Vong, Husband and Wife; and Donkeo
Phravichit; Soly Chan, Individually and in His
Capacity as Administrator of the Estate of
Lang Khem a/k/a Lang Chhay, Deceased; and
Thorn Bun Khem, Individually and in His
Capacity as Administrator of the Estate of Lam
Khem, Deceased; Kusti Leman and Asan
Hujani Oh, Husband and Wife; and Tjajah
Chandra, as Mother and Legal Guardian of the
Person and Property of Lani Chandra and Lani
Chandra; Zair Shah, Khan Gul, Salim Khan
and Mohammad Sardar Khan, Co-
Administrators of the Estate of Mohammad
Azim, Deceased; Rahamat Pari, and Fatima
Azim, Fazal Azad Azim, Fazal Rahman Azim,
Fazal Subhan Azim, Ali Rahman Azim,
Tasleem Azim, Shaheen Azim, Saleha Azim,
Yasmin Azim, Rabia Azim, and Parvin Azim,
Children of Mohammad Azim

Date: _____

## EXHIBIT A

## ILLUSTRATION

For illustrative purposes, assuming that all personal injury/wrongful death actions pending against Pack & Process, Motiva and/or Lam in the Superior Court of the State of Delaware were consolidated and that a jury returned an aggregate verdict of $25,000,000 allocating responsibility therefor of ten percent (10%) to Motiva, five percent (5%) to Lam and eighty-five percent (85%) to Pack & Process, Defendants herein and all Plaintiffs therein, could recover $2,500,000 from Motiva (10%), $1,250,000 from Lam (5%) but Defendants herein and all Plaintiffs therein would recover nothing from Pack & Process because they have herein released and/or indemnified Pack & Process and its insurer from any further recovery.

Alternatively, under the same hypothetical, to the extent that a jury returned an aggregate verdict of $5 million, Defendants herein and all Plaintiffs therein could recover $333,333.34 from Motiva and $166,666.66 from Lam, but would not be required to refund any amount to Pack & Process and its insurer.

This same methodology would be applicable in non-consolidated trials based upon allocation of the $4,500,000 among Defendants herein and all Plaintiffs therein.

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC. | : <br> : <br> :     Case No. 05-0022 (MPT) <br> :     Case No. 05-00513 (MPT) <br> : <br> v.                   :     CONSOLIDATED CASES <br> : |

ST. PAUL MERCURY INSURANCE
COMPANY and PACK AND
PROCESS, INC.                                        :
                                                                  :                Case No. 05-0022 (MPT)
                                                                  :                Case No. 05-00513 (MPT)
                                                                  :
                    v.                                        :                CONSOLIDATED CASES
                                                                  :
MALY YAN                                            :
**********************************        :
YAN THOU, et al.                                 :
                                                                  :
                    v.                                        :
                                                                  :
PACK & PROCESS, INC., et al.            :

**ORDER APPROVING SETTLEMENT AND COMPROMISE OF WRONGFUL
DEATH AND SURVIVAL ACTIONS AND DESIGNATION OF BENEFICIARIES**

**AND NOW**, this _____ day of _____, 2008, upon consideration of the

Petition to Settle and Compromise Wrongful Death and Survival Actions and designate

beneficiaries, it is hereby **ORDERED** and **DECREED** that Petitioners are ~~is~~ authorized

to enter into settlement agreements and sign releases memorializing the terms of their

settlements ~~a settlement~~ with Plaintiffs Pack & Process, Inc. and St. Paul Mercury

Insurance Co. in the gross sum of this amount must be revised to the correct amount $4

(four) million, five hundred thousand dollars~~.~~

**IT IS FURTHER ORDERED** and **DECREED** that the settlement amounts,

costs, and distributions for the following Estates are approved and that counsel for the

parties below have authority to settle in the amounts below:

1

<u>The table below must be revised to reflect the correct parties and amounts</u>

| Party | Amount | TOTAL |
|---|---|---|
| Kline & Specter, P.C., for Thou Yan & Bay Thi Nguyen | $2,250,000.00 | $4,500,000.00 |
| Donkeo Phravichit and his attorneys, Wapner, Newman, Wigrizer and Brecher | $250,000.00 | |
| Unchalee Vong and Lawrence Vong and their attorneys, Wapner, Newman, Wigrizer and Brecher | $250,000.00 | |
| Khan Gul and Costigan & Costigan LLC | $250,000.00 | |
| Zair Shah and Costigan & Costigan LLC | $250,000.00 | |
| Est. of Mohemmad Azim dec'd. & Costigan & Costigan LLC | $250,000.00 | |
| Est. of Lam Khem dec'd & Steven M. Dranoff, Esquire | $250,000.00 | |
| Est. of Lang Khem a/k/a Lang Chhay dec'd & Steven M. Dranoff, Esquire | $250,000.00 | |
| Lani Chandra and her attorneys Bernhardt, Rothermel & Siegel, P.C. | $250,000.00 | |
| Kusti Leman and her attorneys Bernhardt, Rothermel & Siegel, P.C. | $250,000.00 | |

**IT IS FURTHER ORDERED** and **DECREED** settlement funds be held in the escrow account of the attorneys offices who represent the respective Estates, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estates were raised, approves of the percentage of funds to be

2

divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

_____
J.