IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY and PACK AND PROCESS, INC. : : : : v. : : MALY YAN : ************************************* : YAN THOU, et al. : : v. : : PACK & PROCESS, INC., et al. : : | Case No. 05-0022 (MPT) Case No. 05-00513 (MPT) CONSOLIDATED CASES |

**PETITION TO APPROVE SETTLEMENT AND COMPROMISE OF WRONGFUL DEATH AND SURVIVAL ACTIONS AND DESIGNATION OF BENEFICIARIES**

Pursuant to Pa. R.C.P. No. 2206(b)(1), Petitioner Yan Thou, acting as the Executor of the Estates of Oeurn Mam, deceased and Navy Yan, deceased; Petitioner Thorn B. Khem, acting as the Executor of the Estate of Lam Khem, deceased; Petitioner Soly Chan, acting as the Executor of the Estate of Lang Khem A/K/A Lang Chhay, deceased; Petitioners Salim Kahn and Mohammed Sardar Kahn on behalf of the Estate of Mohammed Azim, deceased; Petitioner Tjajah Chandra in her capacity as Guardian of the Person and Property of Lani Chandra, a disabled person (hereinafter "The Petitioners"), by and through their attorneys, respectfully request that this Honorable Court approve this settlement and enter an appropriate Order in the above-captioned action and, in support thereof, state the following:

1. On or about June 18, 2001, Charles Reistle, Sr., while acting within the course and scope of his employment with Motiva, was operating a tractor-trailer owned by Motiva with a vehicle identification number of 1XPGD09X5XD504161 [tractor-trailer] in a northbound

direction on I-495 near Wilmington, Delaware, and toward Philadelphia, Pennsylvania.

2. On or about June 18, 2001, The Petitioners' decedents were returning from work at Plaintiff Pack & Process, Inc. and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia, and being driven by Defendant Maly Yan, when an accident occurred between the Dodge Ram van and the aforementioned tractor-trailer.[1]

3. The parties to the above-captioned matters filed declaratory judgment actions that were consolidated and resulted in a trial that began on April 22, 2008 on the sole question of whether Maly Yan was an agent of Pack & Process and acting within the course and scope of her employment when she was driving the van involved in the accident. After one week of trial, the parties reached settlements wherein Plaintiffs would pay Petitioners a collective amount of $4,500,000.00.

4. Petitioners, after consultation with their separate counsel, believe the above settlements are reasonable under the circumstances and will, with the approval of this Honorable Court, accept the same. Petitioners have entered into a Settlement Agreement containing pro rata joint tortfeasor releases in favor of settling Plaintiffs.

I. **YAN THOU, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATES OF OEURN MAM DECEASED AND NAVY YAN, DECEASED**

5. Petitioner, Yan Thou, is a Defendant in the above-captioned action.

6. Petitioner, Yan Thou, is the Executor of the Estate of Oeurn Mam, and Navy Yan, husband and father of the decedents.

7. The Register of Wills of Philadelphia appointed the Petitioner Executor of the Estate of Oeurn Mam on July 17, 2001and Navy Yan on July 6, 2001, Estate No. A3685 and

---

[1] St. Paul Mercury insurance Co. is also a plaintiff in the above-captioned matter, as the insurance carrier to Pack & Process, Inc.

3510-01. A copy of said documents is attached as Exhibit A.

8. At the time of the deaths on June 18, 2001, the decedents, Oeurn Mam and Navy Yan, were survived by husband and father, Yan Thou.

9. Oeurn Mam and Yan Thou, were married in 1968.

10. At the time of death, Oeurn Mam, was (53) years old and Navy Yan was (16) years old.

11. During the litigation, the Petitioner Yan Thou, Executor of the Estate of Oeurn Mam and Navy Yan, has been represented by Kline & Specter, P.C., pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $716,666.67.00.

12. The costs advanced in this case by Kline & Specter, P.C. on behalf of Yan Thou and Bay Thi Nyguen amount to $130,243.01. See summary of costs below and Spreadsheet attached as Exhibit C:

| | |
|---|---|
| **EXPERTS/OUTSIDE PROFESSIONAL SERVICE** | |
| Experts/Outside Professional Service | $ 49,354.05 |
| Total Professional Costs | **$ 49,354.05** |
| | |
| **COURT FILING AND SERVICE** | |
| Prothonotary Filing and Service | $ 3,603.40 |
| Total Court Costs | **$ 3,603.40** |
| | |
| **POSTAGE, COPYING, COURIER, FACSIMILE** | |
| Postage and Fax | $ 1,309.90 |
| Photocopying and Videocopy | $ 41,990.92 |
| Deposition and Transcript | $ 7,861.81 |
| UPS and Intercept Couriers | $ 1,858.70 |
| Total Postage/Copy/Courier, etc Costs | **$ 53,021.33** |
| | |
| **MISCELLANEOUS** | |
| Medical Records | $ 8,664.88 |
| Legal Research | $ 14,315.86 |

| | |
|---|---|
| Telephone | $   640.77 |
| Meals, Travel | $   942.78 |
| Total Miscellaneous Costs | **$ 24,564.29** |

***TOTAL KLINE & SPECTER, P.C. COSTS :***               ***$130,543.07***

13.  Between Yan Thou, Executor of the Estate of Oeurn Mam and Navy Yan, and Bay Thi Nyguen, the Estates stand to collect 96.68% of the settlement proceeds amongst the Kline & Specter clients. Thus, the apportionment of costs between the Kline & Specter clients is proportional to the division of settlement proceeds. The Estates of Oeurn Mam and Navy Yan have agreed to reimburse and are responsible for 96.68% of the costs, or $125,918.94.

14.  Thus, the net amount of the settlement for the Estates of Oeurn Mam and Navy Yan is $2,150,000.00, minus the $716,666.67.00 attorney fee, minus $125,918.94 for costs, which equals $1,307,414.39.

15.  For this Petition, Counsel for the Estates of Oeurn Mam and Navy Yan requests that the settlement funds be held in the escrow account of Kline & Specter, P.C., provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estates were raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

16.  The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

**II.    PETITIONER THORN B. KHEM, ACTING AS THE EXECUTOR OF THE ESTATE OF LAM KHEM, DECEASED**

17. Petitioner, Thorn B. Khem, is the Executor of the Estate of Lam Khem.

18. The Register of Wills of Philadelphia appointed the Petitioner Thorn B. Khem Executor of the Estate of Lam Khem on March 17, 2008, Estate No. A1306-2008.

19. During the litigation, the Petitioner has been represented by Steven M. Dranoff, Esquire of Dranoff-Perlstein Associates, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

20. The costs advanced on behalf of Thorn B. Khem Executor of the Estate of Lam Khem by Dranoff-Perlstein Associates amount to $4,203.03.

21. Thus, the net amount of the settlement for the Estate of Lam Khem is $250,000.00, minus the $83,333.33 attorney fee, minus $4,203.03 for costs, which equals $162,463.64.

22. For this Petition, Counsel for the Estate of Lam Khem requests that the settlement funds be held in the escrow account of Dranoff-Perlstein Associates, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

23. The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and

therefore the proposed settlement is fair and reasonable.

**III.    PETITIONER SOLY CHAN, ACTING AS THE EXECUTOR OF THE ESTATE OF LANG KHEM A/K/A LANG CHHAY, DECEASED**

24.    Petitioner, Soly Chan, is the Executor of the Estate of Lang Khem a/k/a Lang Chhay.

25.    The Register of Wills of Philadelphia appointed the Petitioner Soly Chan Executor of the Estate of Lang Khem a/k/a Lang Chhay on June 11, 2003, Estate No. A2754-03.

26.    During the litigation, the Petitioner has been represented by Steven M. Dranoff, Esquire of Dranoff-Perlstein Associates, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

27.    The costs advanced on behalf of Soly Chan Executor of the Estate of Lang Khem a/k/a Lang Chhay by Dranoff-Perlstein Associates amount to $4,203.03.

28.    Thus, the net amount of the settlement for the Estate of Lam Khem is $250,000.00, minus the $83,333.33 attorney fee, minus $4,203.03 for costs, which equals $162,463.64.

29.    For this Petition, Counsel for the Estate of Lang Khem a/k/a Lang Chhay requests that the settlement funds be held in the escrow account of Dranoff-Perlstein Associates, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the

amount of funds to be distributed to the beneficiaries.

30. The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

IV. **PETITIONERS SALIM KAHN AND MOHAMMED SARDAR KAHN ON BEHALF OF THE ESTATE OF MOHAMMED AZIM, DECEASED**

31. Petitioners, Salim Kahn and Mohammed Sardar Kahn, are the Co-Administrators of the Estate of Mohammed Azim.

32. The Register of Wills of Philadelphia appointed Salim Kahn and Mohammed Sardar Kahn Co-Administrators of the Estate of Mohammed Azim on June 13, 2003, Estate No. A2789-03.

33. During the litigation, the Petitioner has been represented by Richard Costigan, Esquire of Costigan & Costigan, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

34. The costs advanced on behalf of Salim Kahn and Mohammed Sardar Kahn, as the co-administrators of the Estate of Mohammed Azim, by Costigan & Costigan amount to $1,980.00.

35. Thus, the net amount of the settlement for the Estate of Mohammed Azim is $250,000.00, minus the $83,333.33 attorney fee, minus $1,980.00 for costs, which equals $164,686.67.

36. For this Petition, Counsel for the Estate of Mohammed Azim requests that the

settlement funds be held in the escrow account of Costigan & Costigan, provided that no funds shall be distributed to the Executor or any Wrongful Death Act beneficiaries or the Survival Act beneficiaries until such time as an appropriate court in Pennsylvania, where the estate was raised, approves of the percentage of funds to be divided between the Wrongful Death Act and Survival Act and the amount of funds to be distributed to the beneficiaries.

37. The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

### V. PETITIONER TJAJAH CHANDRA AS MOTHER AND LEGAL GUARDIAN OF LANI CHANDRA

38. Petitioner, Tjajah Chandra is the mother and legal guardian of Lani Chandra

39. The Judge of the Court of First Instance of Bogor, Juliana Wulur, S.H., appointed Tjajah Chandra mother of Lani Chandra as legal guardian for all purposes.

40. During the litigation, the Petitioner has been represented by, pursuant to the terms of a contingent fee agreement providing for an attorney fee of one-third (33 1/3%) percent of the gross recovery and in accordance with that agreement, the undersigned is requesting approval to receive the total fee from all settlements in the amount of $83,333.33 from the $250,000 settlement.

41. The costs advanced on behalf of Tjajah Chandra, mother and legal guardian of Lani Chandra, by Bernhardt, Rothermel & Siegel, P.C. amount to $7,646.67.

42. Thus, the net amount of the settlement for is $250,000.00, minus the $83,333.33

attorney fee, minus $7,646.67 for costs, which equals $159,020.00.

43. For this Petition, Counsel for requests that the settlement funds be held in the escrow account of Bernhardt, Rothermel & Siegel, P.C. to be distributed to Tjajah Chandra, mother and legal guardian of Lani Chandra.

44. The Petitioner and counsel aver that the amount offered in compromise settlement by the settling parties is that which can be reasonably expected under the circumstances and therefore the proposed settlement is fair and reasonable.

**WHEREFORE**, Petitioners request that this Honorable Court approve the proposed settlements for the wrongful death and survival actions and guardianships against the settling parties.

**Respectfully submitted,**

KLINE & SPECTOR

/s/ Royce W. Smith
Jonathan M. Cohen, Esquire
Royce W. Smith, Esquire
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

Attorney for the Maly Yan, Yan Thou, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased; Chan Yan; Thua Son; Chieu Thi Huynh; and Bay Thi Nguyen

DRANOFF ASSOCIATES

/s/ Steven Dranoff

WEISS & SAVILLE, P.A.

/s/ Yvonne Takvorian Saville
Yvonne Takvorian Saville (DE 3430)
Weiss & Saville, P.A.
1220 N. Market Street, Suite 604
Wilmington, DE 19801

Attorney for the Maly Yan, Yan Thou, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased; Chan Yan; Thua Son; Chieu Thi Huynh; and Bay Thi Nguyen

COSTIGAN & COSTIGAN LLC

| | |
|---|---|
| Steven Dranoff, Esquire<br>121 South Broad Street, Suite 1210,<br>Philadelphia, PA 19107 | /s/ Richard Costigan<br>1222 Spruce St.<br>Philadelphia, PA 19107 |
| Attorneys for Soly Chan in His Capacity as Administrator of the Estate of Lang Khem a/k/a Lang Chhay, Deceased; and Thorn Bun Khem, in His Capacity as Administrator of the Estate of Lam Khem, Deceased | Attorneys for Salim Khan and Mohammad Sardar Khan, Co-Administrators of the Estate of Mohammad Azim, Deceased; Rahamat Pari, and Fatima Azim, Fazal Azad Azim, Fazal Rahman Azim, Fazal Subhan Azim, Ali Rahman Azim, Tasleem Azim, Shaheen Azim, Saleha Azim, Yasmin Azim, Rabia Azim, and Parvin Azim, and Children of Mohammad Azim |
| PERRY & SENSOR | BERNHARDT & ROTHERMEL |
| /s/ Michael L. Sensor<br>Michael L. Sensor, Esq. (DE 3541)<br>Perry & Sensor<br>Suite 560, First Federal Plaza<br>Wilmington, DE 19801 | /s/ Warren Siegel<br>Warren Siegel, Esquire<br>Bernhardt & Rothermel<br>1515 Market Street, Suite 1540<br>Philadelphia, PA 19102 |
| Attorneys for Unchalee Vong and Lawrence Vong, Husband and Wife; and Donkeo Phravichit; Soly Chan, Individually and in His Capacity as Administrator of the Estate of Lang Khem a/k/a Lang Chhay, Deceased; and Thorn Bun Khem, Individually and in His Capacity as Administrator of the Estate of Lam Khem, Deceased; Kusti Leman and Asan Hujani Oh, Husband and Wife; and Tjajah Chandra, as Mother and Legal Guardian of the Person and Property of Lani Chandra and Lani Chandra; Salim Khan and Mohammad Sardar Khan, Co-Administrators of the Estate of Mohammad Azim, Deceased; Rahmat Pari, and Fatima Azim, Fazal Azad Azim, Fazal Rahman Azim, Fazal Subhan Azim, Ali Rahman Azim, Tasleem Azim, Shaheen Azim, Saleha Azim, Yasmin Azim, Rabia Azim, and Parvin Azim, Children of | Attorneys for Kusti Leman and Asan Hujani Oh, Husband and Wife; and Tjajah Chandra, as Mother and Legal Guardian of the Person and Property of Lani Chandra and Lani Chandra |

Mohammad Azim

**Dated: _____**